Erik A. Christiansen, USB #7372
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
EChristiansen@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (pro hac vice)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for Defendant SkyWest Inflight Association*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO, SHANE PRICE, TRESA GRANGE, and BRANDON FINLEY, Plaintiffs, vs. SKYWEST, INC., SKYWEST AIRLINES, INC., and SKYWEST INFLIGHT ASSOCIATION, Defendants. | **ANSWER AND COUNTERCLAIM** Case No. 2:23-cv-00723 Magistrate Judge Dustin B. Pead |

4860-6069-7251.v2

Defendant SKYWEST INFLIGHT ASSOCIATION ("SIA") hereby answers the Complaint of ASSOCIATION OF FLIGHT ATTENDANT-CWA, AFL-CIO ("AFA"), SHANE PRICE ("Price"), TRESA GRANGE ("Grange"), and BRANDON FINLEY ("Finley"), (collectively, "Plaintiffs") as follows:

1.     The allegations of paragraph 1 appear not to be made against Defendant SIA and therefore do not require a response.  To any extent the allegations are applicable to Defendant SIA, many raise legal questions and make conclusory assertions of law to which no response is required. To the extent a response is required, Defendant SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a) Admits that the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq.*, (i) establishes and protects rights of employees in the airline and railroad industries and (ii) contains certain provisions whose terms include (but are not limited to) the quoted excerpts set forth in in paragraph 1;

(b) Denies that SIA engaged in any violation of the RLA; and

(c) Otherwise denies the allegations.

2.     Certain allegations of paragraph 2 appear not to be made against Defendant SIA and therefore do not require a response. To any extent allegations of paragraph 2 are applicable to Defendant SIA, many raise legal questions and make conclusory assertions of law to which no response is required. To the extent a response is required, Defendant SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a) Affirmatively states that:

(i) Under laws of the United States of America, SIA is the labor representative of the Fight Attendants employed by Defendant SkyWest Airlines, Inc. ("SkyWest");

(ii) SIA is legally recognized as the labor representative of its members, the Flight Attendants employed by SkyWest;

(iii) Beginning several decades ago and continuing up through the present, SIA, at all pertinent times, has functioned appropriately and effectively; and

(iv) On behalf of the Flight Attendants, SIA properly engages in collective bargaining with SkyWest and administers and enforces a labor contract ("Flight Attendant Policy Manual," or "FAPM") by and between SIA and SkyWest that establishes the Flight Attendants' wages, hours, benefits, and other terms and conditions of employment including certain related expenses;

(b) Denies that it has received any unlawful payments or support from SkyWest;

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in allegations of paragraph 2;

(d) Admits that paragraph 2 contains a partial quote of certain language that was included in a ruling issued by a federal district court in the case cited in paragraph 2, to which SIA was not a party; and

(e) Otherwise denies the allegations.

3.     The allegations of paragraph 3 do not appear to be allegations against Defendant SIA and therefore do not require a response. To any extent the allegations are applicable to

4860-6069-7251.v2

Defendant SIA, they raise legal questions and make conclusory assertions of law to which no response is required.  To the extent a response is required, Defendant SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable:

(a) Admits that SkyWest had employed Price and Grange as Flight Attendants and, in September 2023, terminated their employment after thorough investigations;

(b) Affirmatively states that:

(i) To its knowledge and belief, the reason that SkyWest terminated Price and Grange relates to a conclusion it reached that Price and Grange engaged in violations of federal criminal law and applicable policies through actions on their part that not substantially and irreversibly compromised the integrity of, and rendered non-certifiable, an internal election of SIA which had taken place from August 9-14, 2023,  in which certain Flight Attendants were candidates for positions within SIA;

(ii) On information and belief, the above-referenced actions of Price and Grange are the "voting irregularities" referred to in paragraph 3 of the Complaint; and

(ii) SIA's election was administered by an independent third-party using an online voting system;

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in allegations of paragraph 3;

(d) Otherwise denies the allegations.

4860-6069-7251.v2

4. At least certain of the allegations of paragraph 4 appear not to be made against Defendant SIA and therefore do not require a response. To the extent a response is required, Defendant SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a) Affirmatively states that:

(i) Under federal law, a labor representative, including SIA as the labor representative of SkyWest's Flight Attendants, need not be "certified" in order to be, as is SIA, the legal representative of the bargaining unit;

(ii) To its knowledge and belief, SkyWest, prior to terminating Price and Grange as referenced in SIA's answer to paragraph 3 of the Complaint, above, carried out appropriate investigations as to the conduct of Price and Grange, respectively, including through individual interviews of each of them; and

(ii) An official of SIA was physically present at each of the above-referenced interviews and appropriately represented both Price and Grange, respectively; and

(b) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in allegations of paragraph 4; and

(d) Otherwise denies the allegations.

5. At least certain of the allegations of paragraph 5 appear not to be made against Defendant SIA and therefore do not require a response. To any extent the allegations are applicable to Defendant SIA, they raise legal questions, make conclusory assertions of law and/or set forth gratuitous argumentative characterizations to which no response is required. To the extent a

4860-6069-7251.v2

response is required, Defendant SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a) Denies that it has mistreated Price and/or Grange and that its actions violated any law;

(b) Affirmatively states that:

(i) SkyWest has approximately 4,100 Flight Attendants, all represented by SIA;[1]

(ii) SIA, in all regards and at all pertinent times, has treated Price and Grange appropriately and has complied with all applicable law; and

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in allegations of paragraph 5; and

(d) Otherwise denies the allegations.

6. At least certain of the allegations of paragraph 6 are not to be made against Defendant SIA and therefore do not require a response. To any extent the allegations are applicable to Defendant SIA, they raise legal questions and make conclusory assertions of law to which no response is required. To the extent a response is required, Defendant SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

---

[1] Notwithstanding any inadvertent suggestion in this Answer to the contrary, new SkyWest employees who are training to be Flight Attendants do not become members of SIA (and represented by SIA) until they have completed an initial portion of their FAA-required learning prior to what the FAA calls their "Initial Operating Experience" in an actual airplane. There currently are approximately 500 individuals in this category, which is distinct from the 4,100 Flight Attendants who are SIA members and are represented by SIA.

4860-6069-7251.v2

(a) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in allegations of paragraph 6; and

(b) Otherwise denies the allegations.

7.       Certain of the allegations of paragraph 7 are not made against Defendant SIA and therefore do not require a response.  To any extent the allegations are applicable to Defendant SIA, they raise legal questions and make conclusory assertions of law to which no response is required. To the extent a response is required, SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a)       Denies that SIA has acted inappropriately toward Price and/or Grange and denies that it has inappropriately caused either of them any actual, cognizable, or actionable harm; and

(b)       Affirmatively states that SIA recognizes and respects the rights of all SkyWest Flight Attendants, at all times under federal law, to choose their labor representative (whether that be SIA or any other labor representative) and to do so without fear of retaliation by the employer and/or by any labor representative (including, without limitation, SIA and AFA, respectively); and

(c)       Otherwise denies the allegations.

## PARTIES

8.       Answering paragraph 8 of the Complaint, SIA incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a) Admits that AFA holds itself out as an unincorporated labor organization;

4860-6069-7251.v2

(b) Affirmatively states that AFA is a division or unit within the Communications Workers of America, AFL-CIO, which annually has income of hundreds of millions of dollars, most of which it collects from represented employees in the form of dues, fines, and/or assessments;

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in allegations of paragraph ; and

(d) Otherwise denies the allegations.

9. Answering paragraph 9 of the Complaint, SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a) Admits that SkyWest employed Price starting in 2014, and that, as of September 2023, Price was based in Salt Lake City, Utah.

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 9; and

(d) Otherwise denies the allegations.

10. Answering paragraph 10 of the Complaint, SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a) Admits that SkyWest employed Grange starting in 1999, and that, as of September 2023, Grange was based in Salt Lake City, Utah;

(b) Affirmatively states that, prior to August 2023, Grange had been a member of SIA's Board;

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 10; and

(d) Otherwise denies the allegations.

11. Answering paragraph 11 of the Complaint, SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a) Admits that SkyWest hired Finley in 2004, and that, as of August 2023, Finely was based in Seattle, Washington;

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 11; and

(d) Otherwise denies the allegations.

12. Answering paragraph 12 of the Complaint: The allegations do not pertain SIA, and therefore no response is required.

13. Answering paragraph 13 of the Complaint: SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a) Admits that it is based in this judicial district, that it is a labor organization, and that, under the RLA, it is the collective bargaining representative of the Flight Attendants employed

by SkyWest, Inc. And/or SkyWest Airlines, Inc. (individually and collectively, "SkyWest" or "SkyWest Airlines");

(b) Affirmatively states that:

(i) On information and belief, SIA was elected by SkyWest's Flight Attendants to be their (exclusive) labor representative under the RLA;

(ii) SIA has been duly chosen by SkyWest's Flight Attendants as, and is duly recognized as, their (exclusive) labor representative under the RLA;

(iii) Under the RLA, in order for an organization, including SIA, to serve as the (exclusive) labor representative of a given group of employees, the organization does not need have been formally voted in by the employees; and

(iv) Under the RLA, in order for a labor organization, including SIA, to serve as the (exclusive) labor representative of a given group of employees, the organization does not need to be formally certified by the National Mediation Board; and

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 13; and

(d) Otherwise denies the allegations.

**JURISDICTION AND VENUE**

14. Answering paragraph 14 of the Complaint:  The allegations raise legal questions and make conclusory assertions of law to which no response is required.  To the extent a response is

10

required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits the allegations.

STATUTORY FRAMEWORK

**The Railway Labor Act.**

15.     Answering paragraph 15 of the Complaint:  The allegations raise legal questions and make conclusory assertions of law to which no response is required.  To the extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits the allegations.

16.     Answering paragraph 16 of the Complaint:  The allegations raise legal questions and make conclusory assertions of law to which no response is required.  To the extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits the allegations.

17.  Answering paragraph 17 of the Complaint:  The allegations raise legal questions and make conclusory assertions of law to which no response is required.  To the extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits the allegations.

18.  Answering paragraph 18 of the Complaint:  The allegations raise legal questions and make conclusory assertions of law to which no response is required.  To the extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits the allegations.

19.  Answering paragraph 19 of the Complaint:  At least certain of the allegations of paragraph 19 raise legal questions and make conclusory assertions of law to which no response is

required.  To the extent a response is required, SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a)  Denies that 45 U.S.C. § 184 uses the term "final and binding arbitration by a neutral" or requires "final and binding arbitration by a neutral arbitrator";

(b) Affirmatively states that (i) 45 U.S.C. § 184 specifies a requirement for "boards of adjustment" to address and resolve issues arising out of labor contracts and work rules, including terminations; and (ii) such a board of adjustment is provided for through the labor contract between SkyWest and SIA covering SkyWest's Flight Attendants; and

(c) Otherwise denies the allegations.

**The Labor Management Reporting and Disclosure Act.**

20.  Answering paragraph 20 of the Complaint:  At least certain of the allegations of paragraph 20 do not apply to SIA and do not require a response.  In addition, the allegations raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterization to which no response is required.  To the extent a response is required, SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a)  Objects to, and reserves all rights and defenses as to, the Plaintiffs' assertion of this purported cause of action, because the law in question, the Labor Management Reporting and Disclosure Act ("LMRDA") 29 U.S.C.  § 401 et seq., does not provide a private right action and therefore none of the Plaintiffs can rightfully assert or pursue this purported cause of action;

4860-6069-7251.v2

(b) Admits that the LMRDA places certain obligations on statutory labor organizations, such as SIA as representative of SkyWest's Flight Attendants;

(c) Affirmatively states that:

(i)    SIA was recently informed by DOL that, in December 2023, it officially determined that SIA is a labor organization under the LMRDA;  and

(ii)    As a labor organization, SIA is committed to fully complying with any and all established requirements known and applicable to it; and

(d)  Otherwise denies the allegations.

21.    Answering paragraph 21 of the Complaint:  At least certain of the allegations of paragraph 21 do not apply to SIA and do not require a response.  In addition, the allegations raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required.  To the extent a response is required, SIA hereby incorporates into its answer to this paragraph of the Complaint its answers to the other paragraphs of the Complaint as applicable and:

(a)  Objects to, and reserves all rights and defenses as to, the Plaintiffs' assertion of this purported cause of action, because the LMRDA does not provide a private right action and therefore none of the Plaintiffs can rightfully assert or pursue this purported cause of action;

(b) Admits that the LMRDA places certain obligations on statutory labor organizations, including, if required, in regard to filing periodic reports with the U.S. Department of Labor ("DOL");

(c) Affirmatively states that:

4860-6069-7251.v2

(iii)   SIA was recently informed by DOL that, in December 2023, SIA was officially determined to be a labor organization under the LMRDA;

(iv)   As a labor organization, SIA is committed to fully complying with any and all established requirements known and applicable to it, including as to filing reports;

(v)   To SIA's knowledge and belief,  DOL is not requiring SIA to file any reports with DOL at the present time; and

(vi)   Nevertheless, SIA, with appreciation to DOL for its formal recognition of SIA as a labor organization, voluntarily intends to file certain reports with DOL in the relatively short term; and

(d)  Otherwise denies the allegations.

22.   Answering paragraph 22 of the Complaint:  The allegations of paragraph 22 raise legal questions and make conclusory assertions of law to which no response is required.  To the extent a response is required, SIA hereby:

(a) Incorporates herein its answers to the other paragraphs of the Complaint as applicable;

(b) Objects to, and reserves all rights and defenses as to, the Plaintiffs' assertion of this purported cause of action under the LMRDA, because the LMRDA does not provide a private right action and therefore none of the Plaintiffs can rightfully assert or pursue this purported cause of action; and

(c) Admits that the LMRDA has provisions from which the quoted language in the allegations is excerpted;  and

(d) Otherwise denies the allegations.

14

4860-6069-7251.v2

23.     Answering paragraph 23 of the Complaint:  The allegations of paragraph 23 raise legal questions and make conclusory assertions of law to which no response is required.  To the extent a response is required, SIA hereby:

(a) Incorporates herein its answers to the other paragraphs of the Complaint as applicable;

(b) Objects to, and reserves all rights and defenses as to, the Plaintiffs' assertion of this purported cause of action under the LMRDA, because LMRDA does not provide a private right action and therefore none of the Plaintiffs can rightfully assert or pursue this purported cause of action;

(c) Admits that the LMRDA has provisions from which the quoted language in the allegations is excerpted; and

(d) Otherwise denies the allegations.

24.     Answering paragraph 24 of the Complaint:  The allegations of paragraph 24 raise legal questions and make conclusory assertions of law to which no response is required.  To the extent a response is required, SIA hereby:

(a) Incorporates herein its answers to the other paragraphs of the Complaint as applicable;

(b) Objects to, and reserves all rights and defenses as to, the Plaintiffs' assertion of this purported cause of action under the LMRDA, because the LMRDA does not provide a private right action and therefore none of the Plaintiffs can rightfully assert or pursue this purported cause of action;

(c) Admits that the LMRDA has provisions from which the quoted language in the allegations is excerpted; and

(d) Otherwise denies the allegations.

4860-6069-7251.v2

## ALLEGATIONS

**SIA - The "Company Union" at SkyWest.[2]**

25.       Answering paragraph 25 of the Complaint:  Certain of the allegations of paragraph 25 are not made against SIA and do not require a response.  To any extent the allegations are applicable to Defendant SIA, they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

(a) Objects to, and reserves all rights and defenses as to, the Plaintiffs' assertion of any purported cause of action under the LMRDA,  because the LMRDA does not provide a private right action and therefore none of the Plaintiffs can rightfully assert or pursue this purported cause of action; and

(b) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 24; and

(c) Otherwise denies the allegations.

26.       Answering paragraph 26 of the Complaint:  Certain allegations of paragraph 26  are not made against SIA and do not require a response.  To any extent the allegations are applicable to Defendant SIA, many raise legal questions, make conclusory assertions of law, and/or set forth

---

[2] To the extent headings in the Complaint such as this one and others would purport to be allegations,  they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required.  To the extent a response is required, Defendant SIA hereby denies such would-be allegations.

4860-6069-7251.v2

gratuitous argumentative characterizations to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

(a) Admits that voluntary recognized organizations that are not formally certified can serve as a labor representative;

(b) Affirmatively states that DOL has recently made an official determination that SIA is a labor organization under the LMRDA;

(c) Admits that the LMRDA applies to SIA, and that SIA complies with all federal laws known by SIA to apply to labor organizations including SIA;

(d) Admits that the OLMS website does not show SIA as having filed reports under the LMRDA prior to recently having been officially determined by DOL to be a labor organization;

(e) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 26;

(f) Otherwise denies the allegations.

27.    Answering paragraph 27 of the Complaint:  Certain allegations of paragraph 27 are not made against SIA and do not require a response.  To any extent the allegations are applicable to Defendant SIA, they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

4860-6069-7251.v2

(a) Admits that a labor organization that is not formally certified can serve as a labor representative;

(b) Affirmatively states that DOL has recently made an official determination that SIA is a labor organization under the LMRDA, that the LMRDA applies to SIA, and that SIA endeavors to be, and to always remain, fully in compliance with applicable laws;

(c) Denies (i) that SIA is, or operates as, an extension of SkyWest management and (ii) that SIA does not provide SkyWest's Flight Attendants representation in terms of wages, hours, and working conditions;

(d) Affirmatively states that SIA at all pertinent times has provided and continues to provide SkyWest's Flight Attendants with full and robust representation as terms of wages, hours, and working conditions;

(e) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 27;  and

(f) Otherwise denies the allegations.

28.	Answering paragraph 28 of the Complaint:  Certain allegations of paragraph 28 are not made against SIA and do not require a response.  To any extent the allegations are applicable to Defendant SIA, many of them raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

4860-6069-7251.v2

(a) Denies that it has received any unlawful payments from SkyWest;

(b) Denies that any officers of SIA constantly receive *per diem* compensation;

(c) Affirmatively states that, like all Flight Attendants, SIA officers can receive *per diem* compensation for performing flight attendant duties on SkyWest flights;

(d) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in allegations of paragraph 27; and

(e) Otherwise denies the allegations.

29.     Answering paragraph 29 of the Complaint:  Certain allegations of paragraph 29 are not made against SIA and do not require a response.  To any extent the allegations are applicable to Defendant SIA, many of them raise legal questions or make conclusory assertions of law.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

(a) Denies that SkyWest management regularly meets with SIA except in the context of SkyWest and SIA engaging in collective bargaining or activities related to administering and enforcing their labor contract;

(b) Denies that SkyWest's legal department has provided any improper support or assistance to SIA;

(c) Affirmatively states, based on information and belief, there may have been an occurrence in which SkyWest, without providing any support or assistance to SIA, merely stated an observation regarding a certain part of SIA's bylaws; and

19

4860-6069-7251.v2

(d) Otherwise denies the allegations.

30. Answering paragraph 30 of the Complaint:  To any extent the allegations of paragraph 30 are applicable to Defendant SIA, they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

  (a) Denies that it is only from "time to time" that SIA engages in negotiations with SkyWest regarding Flight Attendants' terms and conditions of employment;

  (b) Affirmatively states that such negotiations, for the past several decades and up through the present, take place regularly, to the full extent required by the Railway Labor Act and as otherwise appropriate;

  (c) Denies that its negotiations with SkyWest consist of SkyWest management instructing SIA in any regard having to do with the strategy, content, conduct, tactics or any other aspect of SIA's negotiations with SkyWest;

  (d) Affirmatively states that SIA independently determines its own course in its labor negotiations with SkyWest including in regard to strategy, content, conduct, tactics and all other aspects the negotiations;

  (e) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in allegations of paragraph 27; and

  (f) Otherwise denies the allegations.

4860-6069-7251.v2

31. Answering paragraph 31 of the Complaint:  To any extent the allegations of paragraph 31 are applicable to Defendant SIA, they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required.  To the extent an answer is required, SIA hereby incorporates its responses to the other paragraphs of the Complaint as applicable and:

(a) Affirmatively states that SIA meets all the legal perquisites for being, and in fact is, a labor organization under the LMRDA the RLA;

(b) Affirmatively states that SIA is, and appropriately performs its role as, the lawful and exclusive labor representative for SkyWest's Flight Attendants;

(c) Affirmatively states that, consistent with the RLA, the labor contract between SIA and SkyWest is a collective bargaining agreement which each of them has executed and which often is referred to as the "Flight Attendant Policy Manual";

(d) Admit that both a lower court and a court of appeals in California have found that SIA is a labor organization under the RLA (See *FitzGerald v. SkyWest Airlines, Inc.*, No 01129514, 2005 WL 3118764, at *1-2 (Cal. Sup. Ct., Oct. 13, 2005), *aff'd*, 65 Cal Rptr. 3d 913 (Ct. App. 2007);

(e) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 31; and

(f) Otherwise denies the allegations.

4860-6069-7251.v2

**Flight Attendant Opposition to the Company Union.[3]**

32. Answering paragraph 32 of the Complaint:  To any extent the allegations of paragraph 32 are applicable to Defendant SIA, they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

   (a) Denies that SIA engages or participates in any sham representation;

   (b) Affirmatively states that SIA recognizes and respects the right of all Flight Attendants to make their own choices in regard to a labor representative

   (c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 32; and

   (d) Otherwise denies the allegations.

33. Answering paragraph 33 of the Complaint:  To any extent the allegations of paragraph 33 are applicable to Defendant SIA, they raise legal questions and make conclusory assertions of law to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

   (a) Denies that whatever such organizing effort may have existed or may exist is well known to SIA;

---

[3] To the extent headings in the Complaint such as this one and others would purport to be allegations, they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required. To the extent a response is required, Defendant SIA hereby denies such would-be allegations.

4860-6069-7251.v2

(b) Affirmatively states that, at all times, SIA recognizes and respects the rights of SkyWest's Flight Attendants including, without limitation, their right to choose their labor representative;

(c) Affirmatively states that, for the past several decades and up through the present, the Flight Attendants have, of their own free will and for what they see are good reasons, have chosen to have SIA as their labor representative and have chosen not to have AFA as their labor representative;

(d) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 33; and

(e) Otherwise denies the allegations.

34.     Answering paragraph 34 of the Complaint:  No allegations in paragraph 34 are made against Defendant SIA, and therefore no response is required.  To any extent the allegations of paragraph 34 are applicable to SIA, some may raise legal questions and make conclusory assertions of law to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

(a) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 34; and

(b) Otherwise denies the allegations.

35.     Answering paragraph 35 of the Complaint:  No allegations in paragraph 35 are made against Defendant SIA, and therefore no response is required.  To any extent the allegations

4860-6069-7251.v2

of paragraph 35 are applicable to SIA, some may raise legal questions and make conclusory assertions of law to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

(a) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 35; and

(b) Otherwise denies the allegations.

36.        Answering paragraph 36 of the Complaint:  No allegations in paragraph 36 are made against Defendant SIA, and therefore no response is required.  To any extent the allegations of paragraph 36 are applicable to SIA, some may raise legal questions and make conclusory assertions of law to which no response is required.  To the extent an answer is required, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and:

(a) Affirmatively allege that, although "lead" Flight Attendants are determined by SkyWest, such Flight Attendants are non-management employees who are Flight Attendants and thus are members of and represent4d by SIA;

(b) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 36; and

(c) Otherwise denies the allegations.

37.  SIA admits the allegations of paragraph 37 of the Complaint.

38.  Answering paragraph 38 of the Complaint:  To any extent the allegations of paragraph 38 are applicable to SIA, SIA hereby incorporates herein its responses to the other paragraphs of the

24

4860-6069-7251.v2

Complaint as applicable and:

(a) Admits that Grange served in various roles with SIA and affirmatively states that she eventually violated a Non-Disclosure Agreement she had signed;

(b) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 38; and

(c) Otherwise denies the allegations.

39. Answering paragraph 39 of the Complaint: To any extent the allegations of paragraph 39 are applicable to SIA, they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required. To any extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and:

(a) Admits that applicable law generally establishes that employees have rights in regard to, among other things, the wearing of a pin of a labor organization while working, passing out representation cards among co-workers, and engaging in public advocacy at airport locations, subject to certain lawful conditions and limitations as applicable, including, without limitation, the carrying out such activities in ways that do not improperly interfere with or threaten other persons or violate any laws such as those requiring persons who engage in public advocacy at airports to comply with legitimate permitting and other requirements of the airport authorities;

(b) Affirmatively states that SIA recognizes and respects such rights of employees;

4860-6069-7251.v2

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 39; and

(d) Otherwise denies the allegations.

**Whistleblowers Expose the SIA "Election" of 2023 as Deeply Flawed. [4]**

40.     Answering paragraph 40 of the Complaint:  The allegations of paragraph 40 raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is require.  To any extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and:

(a) Admits that SIA has bylaws that (i) generally provide for internal elections on periodic bases, such as three years for some positions and four years for other positions and (ii) provide for elections to be conducted through a neutral and independent outside vendor;

(b) Affirmatively alleges that, to SIA's knowledge and belief, SIA's elections and ratification votes prior to August 2023, as well as in 2024 to date, have proceeded smoothly and produced results determined by a majority vote of those Flight Attendants who, to their credit, chose to exercise their right to cast their ballot;

(c) Lacks knowledge or information sufficient to form a belief as to certain allegations and/or as to the particular meaning that Plaintiffs intend to apply to certain terms contained in the allegations of paragraph 40; and

---

[4] To the extent headings in the Complaint such as this one and others would purport to be allegations, they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required.  To the extent a response is required, Defendant SIA hereby denies such would-be allegations.

4860-6069-7251.v2

(d) Otherwise denies the allegations.

41.    Answering paragraph 41 of the Complaint: To the extent that allegations of paragraph 41 raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations, no response is required.  To any extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and:

(a) Denies that the most recent SIA election took place in August 2023;

(b) Affirmatively states that the most recent SIA election took place in January 2024, and that it was carried out in order to rectify the fact that the August 2023 election was not able to be certified by the neutral and independent election vendor ("Vote-Now") due to what SIA came to learn and believes was fraudulent online conduct by Price, Grange, and perhaps others, that irreversibly corrupted the August 2023 election process;

(c) Denies that SkyWest paid Vote-Now to conduct the August 2023 election;

(d) Affirmatively states that Vote-Now had also conducted prior elections for SIA, none of which is believed to have involved any such fraudulent conduct the likes of which SIA came to learn and believes Price, Grange, and perhaps others, engaged in in the August 2023 election;

(e) Affirmatively states that, following the August 2023 election, third parties, including an independent computer forensics expert which SIA engaged through an outside law firm, conducted extensive investigations into the August 2023 election the results of which led them to the conclusion that, among other things, Price and Grange in fact had engaged in fraudulent online conduct as referenced above so as to irreversibly corrupt the election process and render the election non-certifiable;

4860-6069-7251.v2

(f) Denies that SkyWest paid Vote-Now to, e.g., conduct SIA's August 2023 election

(g) Affirmatively states that SIA, for its January 2024 election, used an independent and neutral third-party election vendor other than Vote-Now, and that, in the absence of Price and Grange from the employ of SkyWest, the January 2024 election proceeded uneventfully and its results were certified by the election vendor; and

(h)      Otherwise denies the allegations.

42.      Answer to paragraph 42 of the Complaint:  SIA, understanding the allegations of paragraph 42 to apply only to SIA's August 2023 election, and hereby incorporating herein its answers to the other paragraphs of the Complaint as applicable, generally admits the allegations of paragraph 42 but denies that the vote took place over a seven-day period.  In addition, SIA affirmatively states that (a) there was nothing inappropriate about Flight Attendants' use of SkyWest's website to receive voting credentials and be redirected to Vote-Now's website to cast their ballot and (b) the same system and process has been used in numerous other SIA elections without any issue or problem occurring.

43.      Answering paragraph 43 of the Complaint:  SIA, understanding the allegations of paragraph 43 to pertain to the August 2023 election, and hereby incorporating herein its answers to the other paragraphs of the Complaint as applicable, is without knowledge or information to form a belief, e.g., as to when Price may have made such a discovery or as to its actual substance. SIA affirmatively states that (a) SIA officials had been unaware of any public accessibility to its website and also unaware of any public accessibility to information on its website; (b) Price, at all pertinent times, improperly withheld from SIA officials any information about these matters; (c) SIA ultimately came to learn that, during the August 2023 election, Price himself (i) had

4860-6069-7251.v2

improperly accessed SIA's website and information, (ii) proceeded to wrongfully publish online instructions (including via a video he created) about how to publicly access SIA's website and information, and (iii) apparently cast numerous fraudulent votes in the ongoing election; and (d) on information and belief, at least some such actions by Price were unlawful.

44. Answering paragraph 44 of the Complaint: SIA is without knowledge or information to form a belief as to the allegations of paragraph 44 and therefore no response is required. To the extent any response is required, SIA, hereby incorporating herein its answers to the other paragraphs of the Complaint as applicable, denies this paragraph's allegations.

45. Answering paragraph 45 of the Complaint: SIA is without knowledge or information to form a belief as to the allegations of paragraph 45 and therefore no response is required. To the extent any response is required, SIA hereby incorporates its answers to the other paragraphs of the Complaint as applicable and denies this paragraph's allegations.

46. Answering paragraph 46 of the Complaint: SIA is without knowledge or information to form a belief as to allegations of paragraph 46 and therefore no response is required as to such allegations. In addition, SIA, hereby incorporating herein its answers to the other paragraphs of the Complaint as applicable, admits and affirmatively states that: (a) the election was scheduled to close on August 14, 2023, at 9:00am, Mountain Time; (b) prior to the closing of the election, several Flight Attendants, including a senior SIA official (Loretta France), discovered and reported to SIA that they found that the voting technology inexplicably was not allowing them to cast their votes; (c) based on the limited information SIA had been provided up to that point, SIA perceived there to be only isolated anomalies in the voting technology; (d) Vote-Now was informed and re-set its system so that that all Flight Attendants would be able to vote;

and (e) SIA proceeded to extended the voting window by several hours and informed all Flight Attendants of the situation in order to ensure that those who had yet to cast their vote would have additional time to do so.  SIA denies all other allegations of paragraph 46.

47.    Answering paragraph 47 of the Complaint:  SIA is without knowledge or information to form a belief as to allegations of paragraph 47 and therefore no response is required as to such allegations.  In addition, SIA, hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and affirmatively states that: (a) to the extent Price "took it upon himself" to access or otherwise accessed the Vote-Now website and "explored" for possible ways to fraudulently cast ballots using the voting credentials of other Flight Attendants, his actions were completely unauthorized and inappropriate; (b) Price never requested, and never was granted, permission to engage in any such conduct; and (c) a thorough post-election investigation conducted by an independent forensic expert engaged by a law firm for SIA determined that Price had improperly attempted to cast tens of fraudulent votes.  SIA denies all other allegations of paragraph 47.

48.  Answering paragraph 48 of the Complaint:  SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits the allegation to the extent it asserts that Grange was instrumental in the posting of Price's video on social media, which was unauthorized and inappropriate.  SIA affirmatively alleges that the actions of Price and Granger in these matters were not only inappropriate but also unlawful.  SIA otherwise is without sufficient knowledge or information to form a belief as to specifics of the allegation.

49.    Answering paragraph 49 of the Complaint:  SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits that, based on what it

4860-6069-7251.v2

learned was the inappropriate actions of Price, Grange, and perhaps others in regard to their online hacking, unauthorized use of information, and effective corruption of the integrity of the August 2023 election process: (a) the election could not be, and was not, certified by Vote-Now; (b) SIA proceeded to take measures to prevent any recurrence of such a situation, including by preventing any further access to its website. Any remaining allegations of paragraph 49 are denied.

**SIA Collaborates with SkyWest to Terminate the Whistleblowers.[5]**

50. Answering paragraph 50 of the Complaint: On information and belief, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits that, on or about September 13, 2023, SkyWest met with Price at the Salt Lake City airport and ultimately terminated him. SIA is without knowledge or information to form a belief as to particular details alleged in paragraph 50 and therefore no further response is required.

51. Answering paragraph 51 of the Complaint: On information and belief, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits that Price admitted to having engaged in what amounted to unlawful and improper conduct involving online hacking, accessing and downloading of data that he had no right to access or download, and unauthorized and inappropriate publication of information (in the form of the video he created and posted online) showing how others could likewise engage in such improper conduct. As to the remaining allegations of paragraph 51, SIA lacks knowledge or information sufficient to state a belief and therefore denies the allegations.

---

[5] To the extent headings in the Complaint such as this one and others would purport to be allegations, they raise legal questions, make conclusory assertions of law, and/or set forth gratuitous argumentative characterizations to which no response is required. To the extent a response is required, Defendant SIA hereby denies such would-be allegations.

31

52. Answering paragraph 52 of the Complaint: SIA, hereby incorporating herein its answers to the other paragraphs of the Complaint as applicable, is without particularized knowledge of paragraph 52's putative facts and denies the paragraph's allegations.

53. Answering paragraph 53 of the Complaint: SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits: (a) that DeeAnn Woods was SIA's Secretary in September 2023; (b) that she was physically present for and represented Price at the meeting with SkyWest management on or about September 13, 2023; (b) that there was a pause in the meeting during which SkyWest managers were gone from the meeting room; and (c) that during the pause in the meeting Price and Woods proceeded to briefly talk about what Price had indicated was his interest in campaigning for AFA. SIA affirmatively states: (a) that at all times when SkyWest management was present, Woods in good faith represented and advocated for Price to the best of her ability; and (b) that, earlier in the summer of 2023, SkyWest was about to be terminate for unrelated misconduct on his part but Woods intervened on behalf of Price and saved him from termination. SIA denies paragraph 53's remaining allegations.

54. Answering paragraph 54 of the Complaint: SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and affirmatively states that SkyWest terminated Price for misconduct. SIA denies the remaining allegations of paragraph 54.

55. Answering paragraph 55 of the Complaint: SIA (a) hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable, (b) affirmatively states that Grange was terminated for misconduct, and (c) denies having any knowledge of, and denies the substance of, the remaining allegations of paragraph 55.

56. Answering paragraph 56 of the Complaint: SIA hereby incorporates herein its

4860-6069-7251.v2

answers to the other paragraphs of the Complaint as applicable and admits that Woods was physically present for and represented Grange at a meeting in which SkyWest discussed her misconduct and ultimately terminated her.  SIA affirmatively states that Woods in good faith represented and advocated for Grange to the best of her ability.  SIA denies having any knowledge of, and denies the substance of, the remaining allegations of paragraph 56.

57.    Answering paragraph 57 of the Complaint:  SIA, hereby incorporating its answers to the other paragraphs of the Complaint as applicable, admits that SkyWest obtained certain information also obtained by SIA.  SIA denies the remaining allegations of paragraph 57.

58.    Answering paragraph 58 of the Complaint:  SIA, hereby incorporating its answers to the other paragraphs of the Complaint as applicable, admits that Price and Grange took certain steps to appeal their misconduct terminations.  SIA affirmatively states that a certain stage in the appeal process is currently subject to being scheduled.   SIA otherwise denies the allegations of paragraph 58.

59.    Answering paragraph 59 of the Complaint:  SIA, hereby incorporating herein its answers to the other paragraphs of the Complaint as applicable, admits that Price and Grange took certain steps to appeal their misconduct terminations. SIA affirmatively states that a certain stage in the appeal process is currently subject to being scheduled.  SIA denies the remaining allegations of paragraph 59.

4860-6069-7251.v2

**COUNT 1**
**VIOLATION OF RAILWAY LABOR ACT**
**SKYWEST FUNDING AND CONTROL OF SIA**
**(ALL PLAINTIFFS v. SKYWEST CORPORATE DEFENDANTS)**

60.     Answering paragraph 60 of the Complaint:  SIA is not a Defendant as to Count 1 and therefore need not respond to its allegations.  To the extent that SIA is required to respond, it hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable.

61.     Answering Paragraph 61 of the Complaint:  SIA is not a Defendant as to Count 1 and therefore need not respond to its allegations.  Furthermore, this paragraph simply asserts legal conclusions and does not require admission or denial.  However, to the extent admission or denial is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and denies this paragraph's allegations.

62. Answering Paragraph 62 of the Complaint:  SIA is not a Defendant as to Count 1 and therefore need not respond to its allegations.  Furthermore, this paragraph simply asserts legal conclusions and does not require admission or denial.  However, to the extent admission or denial is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and denies this paragraph's allegations.

63.     Answering Paragraph 63 of the Complaint:  SIA is not a Defendant as to Count 1 and therefore need not respond to its allegations.  Furthermore, this paragraph simply asserts legal conclusions and does not require admission or denial.  However, to the extent admission or denial is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and denies this paragraph's allegations.

64.     Answering paragraph 64 of the Complaint:  SIA is not a Defendant as to Count 1 and therefore need not respond to its allegations.  Furthermore, this paragraph simply asserts legal

4860-6069-7251.v2

conclusions and does not require admission or denial. However, to the extent admission or denial is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and denies the paragraph's assertions and allegations.

## COUNT 2
### VIOLATION OF RAILWAY LABOR ACT
### TERMINATIONS OF SHANE PRICE AND TRESA GRANGE
### (ALL PLAINTIFFS v. SKYWEST CORPORATE DEFENDANTS)

65. Answering paragraph 65 of the Complaint: SIA is not a Defendant as to Count 2 and therefore need not respond to its allegations. To the extent that SIA is required to respond, it hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable.

66. Answering paragraph 66 of the Complaint: SIA is not a Defendant as to Count 2 and therefore need not respond to its allegations. Furthermore, this paragraph simply asserts legal conclusions and does not require admission or denial. However, to the extent admission or denial is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and denies this paragraph's assertions and allegations.

## COUNT 3
### VIOLATION OF RAILWAY LABOR ACT
### FAILURE TO PROVIDE FOR BINDING ARBITRATION
### (MR. PRICE, MS. GRANGE and MR. FINLEY v. SKYWEST AIRLINES AND SIA)

67. Answering paragraph 67 of the Complaint, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable.

68. Answering paragraph 68 of the Complaint: This paragraph simply asserts legal conclusions and does not require admission or denial. However, to the extent admission or denial is required, SIA hereby incorporates its answers to the other paragraphs of the Complaint as applicable and denies paragraph's the allegations.

35

69.     Answering paragraph 69 of the Complaint:  This paragraph simply asserts legal conclusions and does not require admission or denial.  However, to the extent admission or denial is required, SIA hereby incorporates its answers to the other paragraphs of the Complaint as applicable and denies paragraph's the allegations.

70.     Answering paragraph 70 of the Complaint:  To the extent the paragraph simply asserts legal conclusions, it does not require admission or denial.  However, to the extent an admission or denial is required as to any part of this paragraph, SIA hereby incorporates its answers to the other paragraphs of the Complaint as applicable and denies this paragraph's allegations, except that:  (a) SIA admits that, under the Railway Labor Act, a collective bargaining agreement (i.e., the FAPM) is in effect between SIA and SkyWest; and (b) SIA affirmatively states that the FAPM meets the requirements of the RLA, which does not actually mandate "arbitration" but does mandate a system board process such as is incorporated in the FAPM.

71.     Answering paragraph 71 of the Complaint:  To the extent the paragraph simply asserts legal conclusions, it does not require admission or denial.  However, to the extent an admission or denial is required as to any part of this paragraph, SIA hereby (a) incorporates herein its answers to the other paragraphs of the Complaint as applicable and (b) denies this paragraph's allegations.

## COUNT 4
## BREACH OF DUTY OF FAIR REPRESENTATION
## (MR. PRICE AND MS. GRANGE v. SIA)

72. Answering paragraph 72 of the Complaint, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable.

73.     Answering paragraph 73 of the Complaint:  To the extent the paragraph simply

36

asserts legal conclusions, it does not require admission or denial. To the extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and admits and affirmatively states that: (a) it is the exclusive collective bargaining representative for the Flight Attendants of SkyWest; (b) it is party to an enforceable labor contract (the FAPM) with SkyWest; (c) no collective bargaining agreement-based rights of Price and Grange were violated, whether in connection with their terminations or otherwise, including because (i) the FAPM, by reference to SkyWest's Corrective Action Policy, establishes that that SkyWest has a right to terminate an employee based on, for example, the employee having inappropriately used or stolen the property of the Company or of another employee without permission, including property in the nature of another employee's personal information; situations in which, for example, and (ii) the unlawful and improper actions of Price and Grange gave rise to and unfortunately warranted their terminations; and (3) SIA has a duty of fair representation toward SkyWest's Flight Attendants under federal law. SIA denies any remaining allegations of paragraph 73.

74. Answering paragraph 74 of the Complaint: To the extent the paragraph simply asserts legal conclusions, it does not require admission or denial. To the extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and: (a) admits that, in accord with the duty of fair representation, there is a duty to refrain from conduct that is arbitrary, discriminatory, or in bad faith in connection with any representational functions; and (b) denies (i) that it is SIA that made SkyWest aware of the misconduct of Price and Grange that led to their termination, (ii) that SIA brought about or caused any harm to Price or Grange, and (iii) that SIA breached any applicable duty to Price, Grange, or anyone.

4860-6069-7251.v2

75. Answering paragraph 75 of the Complaint:  To the extent the paragraph simply asserts legal conclusions, it does not require admission or denial.  To the extent a response is required, SIA hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable and:  (a) denies that it had a purpose or intent to retaliate against Price and Grange; (b) denies that it retaliated against Price and Grange; (c) denies that it was motivated by any unlawful consideration or disposition; (d) denies that it acted discriminatorily or in bad faith; (e ) denies that it violated the duty of fair representation; and (e) denies any remaining allegations of paragraph 75.  In addition, SIA affirmatively asserts that its actions as to Price and Grange were reasonable and appropriate and that it fully complied with the duty it owed to Price and Grange as their labor representative.

**COUNT 5**
**VIOLATIONS OF LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT (ALL PLAINTIFFS v. ALL DEFENDANTS)**

76. Answering paragraph 76 of the Complaint, SIA hereby incorporates herein its responses to the other paragraphs of the Complaint as applicable and specifically objects as to, and reserves all rights and defenses as to, the fact that the LMRDA does not provide a private right of action.

77. Answering paragraph 77 of the Complaint:  To the extent the paragraph simply asserts legal conclusions, it does not require admission or denial.  To the extent a response is required, SIA (a) hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable (including, without limitation, its answers to paragraphs 21 and 26 of the Complaint), (b) admits that it is a labor organization subject to the LMRDA, and (c) denies that it has violated any applicable law.

78. Answering paragraph 78 of the Complaint:  To the extent the paragraph simply asserts

38

legal conclusions, it does not require admission or denial.  To the extent a response is required, SIA (a) hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable (including, without limitation, its answers to paragraphs 21 and 26 of the Complaint), (b) admits that it is a labor organization subject to the LMRDA, and (c) denies that it has violated any applicable law.

79. Answering paragraph 79 of the Complaint:  To the extent the paragraph simply asserts legal conclusions, it does not require admission or denial.  To the extent a response is required, SIA (a) hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable (including, without limitation, its answers to paragraphs 21 and 26 of the Complaint), (b) admits that it is a labor organization subject to the LMRDA, and (c) denies that it has violated any applicable law.

80. Answering paragraph 80 of the Complaint:  To the extent the paragraph simply asserts legal conclusions, it does not require admission or denial.  To the extent a response is required, SIA (a) hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable (including, without limitation, its answers to paragraphs 21 and 26 of the Complaint), (b) admits that it is a labor organization subject to the LMRDA, and (c) denies that it has violated any applicable law.

81. Answering paragraph 81 of the Complaint:  To the extent the paragraph simply asserts legal conclusions, it does not require admission or denial.  To the extent a response is required, SIA (a) hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable (including, without limitation, its answers to paragraphs 21 and 26 of the Complaint), (b) admits that it is a labor organization subject to the LMRDA, and (c) denies that it has violated

any applicable law.

82. Answering paragraph 82 of the Complaint: To the extent the paragraph simply asserts legal conclusions, it does not require admission or denial. To the extent a response is required, SIA (a) hereby incorporates herein its answers to the other paragraphs of the Complaint as applicable (including, without limitation, its answers to paragraphs 21 and 26 of the Complaint), (b) admits that it is a labor organization subject to the LMRDA, and (c) denies that it has violated any applicable law. SIA further asserts that there is not a private right of action under the LMRDA and

(i)      SIA was recently informed by DOL that, in December 2023, SIA was officially determined to be a labor organization under the LMRDA;

(ii)      As a labor organization, SIA is committed to fully complying with any and all established requirements known and applicable to it, including as to filing reports;

(iii)      To SIA's knowledge and belief, DOL is not requiring SIA to file any reports with DOL at the present time;

(iv)      Nevertheless, SIA, with appreciation to DOL for its formal recognition of SIA as a labor organization, voluntarily intends to file certain reports with DOL in the relatively short term; and

(d) Otherwise denies the allegations.

## PRAYER FOR RELIEF

WHEREFORE, AFA, Shane Price, Tresa Grange, and Brandon Finley respectfully request that this Court provide the following relief:

(1) SIA denies that Plaintiffs are entitled to any of the Relief requested in their Prayer for Relief, including in this paragraph 1 of the Prayer for Relief, and SIA further denies

40

4860-6069-7251.v2

that Plaintiffs are entitled to any relief whatsoever.

(2) SIA denies that Plaintiffs are entitled to any of the Relief requested in their Prayer for Relief, including in this paragraph 2 of the Prayer for Relief, and SIA further denies that Plaintiffs are entitled to any relief whatsoever.

(3) SIA denies that Plaintiffs are entitled to any of the Relief requested in their Prayer for Relief, including in this paragraph 3 of the Prayer for Relief, and SIA further denies that Plaintiffs are entitled to any relief whatsoever.

(4) SIA denies that Plaintiffs are entitled to any of the Relief requested in their Prayer for Relief, including in this paragraph 4 of the Prayer for Relief, and SIA further denies that Plaintiffs are entitled to any relief whatsoever.

(5) SIA denies that Plaintiffs are entitled to any of the Relief requested in their Prayer for Relief, including in this paragraph 5 of the Prayer for Relief, and SIA further denies that Plaintiffs are entitled to any relief whatsoever.

(6) SIA denies that Plaintiffs are entitled to any of the Relief requested in their Prayer for Relief, including in this paragraph 6 of the Prayer for Relief, and SIA further denies that Plaintiffs are entitled to any relief whatsoever.

(7) SIA denies that Plaintiffs are entitled to any of the Relief requested in their Prayer for Relief, including in this paragraph 7 of the Prayer for Relief, and SIA further denies that Plaintiffs are entitled to any relief whatsoever.

(8) SIA denies that Plaintiffs are entitled to any of the Relief requested in their Prayer for Relief, including in this paragraph 8 of the Prayer for Relief, and SIA further denies that Plaintiffs are entitled to any relief whatsoever.

4860-6069-7251.v2

**SKYWEST INFLIGHT ASSOCIATION'S AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint, other than those already admitted, SkyWest InFlight Association ("SIA") hereby sets forth separate and additional defenses to the Complaint, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden of proof not otherwise assigned to it by law. Further, all such defenses are pled in the alternative and do not constitute an admission of liability or an admission that Plaintiffs (or any of them) are entitled to any relief as requested, or in any amounts, or at all. SIA may have additional defenses of which it currently is not fully aware and reserves the right to assert additional defenses after they are appreciably ascertained.

**FIRST DEFENSE**
(Failure to State a Claim)

1.      The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**
(Waiver, Release, Acquiescence, and/or Estoppel)

2.      Plaintiffs' claims are barred, in whole in part, by the doctrines of waiver, release, acquiescence, and/or estoppel.

**THIRD DEFENSE**
(Laches)

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**FOURTH DEFENSE**
(Unclean Hands)

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH DEFENSE**
(Nullification of Contract)

5.      The Complaint, including each and every of action or claim alleged therein, is

42

4860-6069-7251.v2

barred to the extent it seeks to nullify a contractual agreement(s) that was voluntarily and knowingly entered into, with consideration, and without duress.

### SIXTH DEFENSE
(Setoff, Recoupment, Failure to Mitigate Damages)

6.      SIA is entitled to setoff and/or to recoup any monies paid to Plaintiffs; and some or all of Plaintiffs' claims are barred, in whole or in part, by exclusions, exceptions, or credits under applicable federal and state law and Plaintiffs' failure to mitigate damages.

### SEVENTH DEFENSE
(Adequate Remedy at Law)

7.      Plaintiffs are not entitled to equitable relief insofar as they have adequate remedies at law.

### EIGHTH DEFENSE
(Attorneys' Fees Not Recoverable)

8.      Attorneys' fees are not recoverable under the facts and circumstances of this case.

### NINTH DEFENSE
(No Willfulness)

9.      Plaintiffs are not entitled to some or all of the relief requested through the Complaint because, even if unlawful actions occurred, which SIA denies, such conduct was not committed, countenance, ratified, or approved by SIA's managing agents and/or was undertaken for legitimate purposes and in good faith compliance with law or inadvertent non-compliance.

### TENTH DEFENSE
(Lack of Irreparable Harm)

10.      Plaintiffs are not entitled to injunctive or declaratory relief, including because they will not suffer any irreparable injury if injunctive of declaratory relief is declined, and for the reason that Plaintiffs cannot show any irreparable injury.

**ELEVENTH DEFENSE**
(Statute of Limitations)

11.    SIA alleges that Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

**TWELFTH DEFENSE**
(Appropriate Motive)

12.    SIA has not acted, even in part, in an arbitrary manner, a discriminatory manner, in bad faith, or otherwise based on an improper motive; but even assuming, *arguendo,* the existence of such an improper factor, SIA would have taken the same action even in the absence of such factor and for solely lawful reasons.

**THIRTEENTH DEFENSE**
(Compliance With/No Violation of Collective Bargaining Agreement)

13.    SIA in all regards acted in compliance with its labor agreement (the FAPM) with SkyWest, and the FAPM was not violated.

**FOURTEENTH DEFENSE**
(Preemption)

14.    Certain claims of the plaintiffs may require interpretation of the labor agreement (the FAPM) and thus may be preempted under federal law including the Railway Labor Act.

**FIFTEENTH DEFENSE**

15.    Plaintiffs are not entitled to relief under the LMRDA because it does not provide for a private right of action.

**RESERVATION OF RIGHTS**

SIA has not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert and rely on such other applicable affirmative defenses as may later

4860-6069-7251.v2

become available or apparent. SIA further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to withdraw affirmative defenses that it determines are not applicable during the course of discovery or otherwise.  Nothing stated herein constitutes a concession as to whether or not Plaintiffs bear the burden of proof on any issue.

## PRAYER FOR RELIEF

WHEREFORE, SIA prays as follows:

1.  That Plaintiffs take nothing by reason of the Complaint;

2.  That Plaintiffs not be awarded attorneys' fees at all;

3.  That the Complaint be dismissed in its entirety, with prejudice;

4.  That judgment be entered for SIA;

5.  That SIA shall recover all costs of suit and reasonable attorneys' fees incurred herein; and

6.  For such other relief as the Court deems just and proper.

4860-6069-7251.v2

## COUNTERCLAIMS

SkyWest InFlight Association ("SIA") hereby asserts counterclaims against Shane Price ("Price") and Tresa Grange ("Grange") for violation the federal Stored Communications Act ("SCA") (18 U.S.C. §§ 2701-2713) violation of the federal Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030); violation the State of Utah's Computer Abuse and Data Recovery Act (Utah Code § 63D-3-101 *et seq.*); and a counterclaim against Grange for breach of contract.

1.      Price, who had no right or authorization to access a certain non-public area of SIA's website, nevertheless hacked into it in order to obtain confidential information about the Fight Attendants represented by SIA, including as to (a) the "employee numbers" assigned to them by their employer, SkyWest Airlines ("SkyWest") and (b) individualized codes assigned to each Flight Attendant for the purpose of enabling them to cast secret ballots in an internal SIA leadership election hosted at a separate website owned and operated by a neutral third-party online voting vendor. On information and belief, Grange, a former SIA elected official, encouraged and facilitated Price, including by leveraging to his benefit her inside knowledge of SIA and its operations. Price then used the confidential information that he had improperly obtained and appropriated in order to secretly use the voting credentials of tens of Flight Attendants who had yet to cast their ballots. The effect was to corrupt the balloting process and irreversibly compromise the integrity of the election. But Price did not stop there: he proceeded to create a detailed video demonstrating to others how they could also hack SIA's website. On information and belief, Grange supported and acted to further Price's nefarious conduct; and in return, Price shared his video with Grange. Grange then publicly posted the video only with a link to Flight Attendants'

46

employee numbers and other confidential information. Both Price and Grange thereby acted unlawfully, and their actions caused SIA to suffer significant harm.

## PARTIES

2.      SIA is a labor organization and, with respect to federal law, is the exclusive labor representative of the approximately 4,100 Flight Attendants employed by SkyWest.[6] SIA is based in Utah.

3.      Price is a former SkyWest Flight Attendant. Price has asserted that he resides in Utah.

4.      Grange is a former SkyWest Flight Attendant and, for several years during her employment with SkyWest, she was a member of SIA's Board and held special appointments. Grange has asserted that she resides in Utah.

## JURISDICTION AND VENUE

5.      Pertinent acts that are alleged herein occurred in Utah.

6.      This Court has jurisdiction, including pursuant to 28 U.S.C. §§ 1331 and 1367.  The claims are pled under CFAA and the SCA  and are interrelated with the purported federal claims set forth in Plaintiffs' Complaint. Furthermore, this Court has supplemental jurisdiction over SIA's state law claims – violation of the Utah Computer Abuse and Data Recovery Act and breach of

---

[6] Notwithstanding any inadvertent suggestion in this Counterclaim to the contrary, new SkyWest employees who are training to be Flight Attendants do not become members of SIA (and represented by SIA) until they have completed an initial portion of their FAA-required learning prior to what the FAA calls their "Initial Operating Experience" in an actual airplane. There currently are approximately 500 individuals in this category, which is distinct from the 4,100 Flight Attendants who are SIA members and are represented by SIA.

4860-6069-7251.v2

contract – because, as with SIA's federal claims, its state law claims are closely connected with the federal claims alleged in Plaintiffs' Complaint.

7.      Venue is proper under 28 U.S.C. § 1391(b) given that the parties to the Counterclaim reside in, or previously presided in and otherwise have close connections with, this District. In addition, numerous and significant actions and events upon which the Counterclaims are based took place in or otherwise have close connections to this District.

## FACTS

8.      SIA is comprised entirely of the Flight Attendants employed by SkyWest, all of whom are SIA members. For several decades, SIA has been the exclusive labor representative for the Flight Attendants, negotiating on their behalf with SkyWest for terms and conditions of employment including wages, hours, and benefits, etc.  SIA and SkyWest are parties to a collective bargaining agreement that applies to the entire complement of SkyWest's 4,100 flight attendants.

9.      On a regular basis, SIA, in accord with its bylaws, holds secret-ballot elections in which each Flight Attendant is able to freely express their choice in regard to electing peers to serve as SIA representatives and Board.

10.      One such SIA election took place on or about August 9–14, 2023 (the "August 2023 Election"). For the voting process, SIA utilized a third-party vendor Vote-Now, which operates an online web-based balloting system, Vote-Now, to administer the August 2023 Election virtually. The system was password-protected, and all ballots cast through the system were to remain secured and confidential within Vote-Now.  For purposes of voting, Flight Attendants had to log into Vote-Now's website using their own individualized and unique credentials; thereafter, they could secretly cast their individual ballots.

4860-6069-7251.v2

11.     In advance of the August 2023 Election, SkyWest Airlines provided to SIA a list of all current Flight Attendants and each attendant's unique employee number. SIA also was provided unique credentials for each Flight Attendant to use in order to cast their secret ballot. This "Confidential Employee Information" (or "CEI") was stored on SIA's website, which is password-protected and not accessible to the public.  Specifically, the CEI was placed within what was set up as a confidential partition within the website.  This partition was set up so as not to be accessible to even SIA members without specific permission from an administrator.

12.     On information and belief, Price could not have accessed the data without manipulating the website's URL and/or reading the website's underlying code. However, unbeknownst to SIA, in approximately June 2023—i.e., around two months before the August 2023 Election—Price evidently somehow was led to or stumbled upon what he realized was a security gap within SIA's website. In particular, he learned that by manipulating the website's URL, he could access data including the names, employee identification numbers, and voting credentials for each and every Flight Attendant.

13.     The appropriate thing for Price to have done would have to inform SIA.  However, he chose not to do so and ultimately engaged in additional inappropriate conduct – using the CEI he had unlawfully accessed and obtained at SIA's website to log into Vote-Now's voting system multiple times, using the employee login credentials to view the ballots submitted by various Fight Attendants and apparently cast votes on behalf of Flight Attendants who had to vote.

14.     At some point, Price created a video that showed the steps he took to log into Vote-Now's voting system using the Flight Attendant credentials he had improperly obtained in what

49

was to be a confidential partition within SIA's website. Evidently, Price gave his video this title: "How to Hack the Election."

15.    On or around August 14, 2023, Vote-Now reported to SIA that it had discovered there were suspicious voting patterns. Around the same time, a number of individual Flight Attendants complained that they had recently tried to log into Vote-Now's website to vote but were unable to do so—instead of being given access to the voting system, they reported seeing a message pop up that indicated that they had already voted.

16.    On or around August 15, 2023, Grange, who had been provided a copy of Price's election-hacking video, posted the video on Facebook along with a link to access files holding the names and CEI of all of SkyWest's approximately 4,000 flight attendants.

17.    Because it appeared that the integrity of the election had been compromised, Vote-Now was unable to certify the election results.

18.    Subsequently, SIA arranged for a forensic investigation, assisted by experts from SkyWest's Human Resources and Information Technology ("IT") departments.

19.    Analyzing IP addresses, the technical team determined that Price and another now-former flight attendant had fraudulently utilized other flight attendants' login credentials to access and/or cast ballots on Vote-Now.

20.    In addition, SkyWest interviewed Price, Grange, and the other now-former flight attendant regarding their knowledge, roles and involvement in regard to (1) the hack of the confidential partition within SIA's password-protected website and (2) the ensuing corruption of the balloting.  Price admitted that he had found and taken the CEI from SIA's website, and he also acknowledged that he had logged into the Vote-Now website—using the stolen CEI—multiple

50

times and sought to cast tens of fraudulent votes.  Price admitted that he did not have necessary permissions to be in possession of or use anyone's CEI on Vote-Now's system.

21.     SkyWest terminated the employment of Grange and Price effective September 14, 2023.

### FIRST CAUSE OF ACTION
(Computer Fraud and Abuse Act -- Price and Grange)

22.     SIA incorporates by reference all other paragraphs of this Counterclaim.

23.     Price, presumably with the support and encouragement of Grange, knowingly and intentionally—and without any authorization or right to do so—logged into SIA's password-protected website and, using hacking techniques, accessed the confidential partition containing each Flight Attendant's CEI.

24.     Using the CEI he had stolen, Price logged into Vote-Now's secured voting system and then proceed to access Flight Attendants' ballots. The end result was that the election was rendered invalid, and a second election had to be conducted.

25.     As a result, SIA has incurred more than $5,000 in losses.

### SECOND CAUSE OF ACTION
(Stored Communications Act – Price and Grange)

26.     SIA hereby incorporates by reference all other paragraphs of this Counterclaim.

27.     Price, in somehow accessing SIA's password-protected website without any permission or right to do so, in then hacking into the confidential partition where SIA had stored the CEI from SkyWest, and then in appropriating unto himself and stealing the CEI, acted knowingly, willingly, wrongfully and with contempt for SIA, the 4,100 Flight Attendants

employed by SkyWest whom SIA represents, and individual Flight Attendants' rights and dignity as worthy voters entitled to cast a vote—a legitimate and meaningful vote—in SIA's election.

28.     On information and belief, Grange, intentionally and with little if any compunction, encouraged and facilitated such actions by Price.

29.     The end result—Price's unauthorized and improper use of other Flight Attendants' CEI at Vote-Now's password-protected website and, in particular, his efforts to fraudulently cast votes on behalf of numerous unsuspecting Flight Attendants—effectively prevented the election from being certified and resulted in a need for a subsequent vote to be scheduled.

30.     As a result of Price's improper accessing, misappropriation and unauthorized use of CEI, SIA, all of SIA's 4,100 members as a group, and numerous individual Flight Attendants suffered a variety of significant harms and damages.

## THIRD CAUSE OF ACTION
(Computer Abuse and Data Recovery Act, Utah Code Ann. --  against Price and Grange)

31.     SIA hereby incorporates by reference all other paragraphs of this Counterclaim.

32.     Price knowingly, intentionally, and without permission to do so, logged into SIA's password-protected website with an objective of hacking into the special partial containing the CEI that had been provided by SkyWest. Successful in efforts, he wrongfully proceeded to what he chose as his next appropriate unto himself and abscond with the CEI, so that he could proceed to the Vote-Now voting system and wrongfully use the CEI there.  On information and belief, at various points Grange supported and encouraged Price in these regards. In the end, he accomplished what he set out to do:  indulging himself in using numerous other Flight Attendants' CEI in devious efforts to cast *their* votes in SIA's election, he violated their rights and corrupted the election.

52

33.     Upon information and belief, in stealing and then brazenly using numerous other Flight Attendants' CEI at Vote-Now's website, Price acted with intent to both seize and then use up the intrinsic value of the CEI for his own selfish ends while apparently unconcerned that his intrusion into Flight Attendants' right to case their own votes amounted to a violation of them and their rights.

34.     Price well knew that Flight Attendant CEI is personal and confidential information that is not publicly available—and not otherwise available without authorization or right that Price did not have.

35.     Price's actions as referenced above caused SIA—institutionally and as comprised of the 4,100 Flight Attendants of SkyWest who are SIA's members—as well as individual Flight Attendants to suffer various significant harms and damages.

### FOURTH CAUSE OF ACTION
(Breach of Contract – against  Grange)

36.     SIA incorporates by reference all other paragraphs of this Counterclaim.

37.     In 2015, Grange signed a confidentiality agreement ("Confidentiality Agreement") with SIA, in connection with what, until several years ago, had been her official role with the organization. The Confidentiality Agreement requires, among other things, that Grange not disclose or use confidential information of SIA "DURING OR SUBSEQUENT TO MY SERVICE AS A SIA REPRESENTATIVE" (emphasis in original).

38.     The Confidentiality Agreement is a legally binding contract, and it is evergreen— it has no expiration date.

4860-6069-7251.v2

39.     Pursuant to the Confidentiality Agreement, Grange agreed to not disclose, divulge, or otherwise communicate confidential employee data.  She also agreed not to use confidential employee data for her own purposes, other than in connection with an authorized use.

40.     SIA, at all relevant times, has appropriately performed its obligations under the Confidentiality Agreement.

41.     On information and belief, Grange breached her Confidentiality Agreement by, among other things, encouraging and facilitating Price in regard to inappropriate and nefarious actions on his part as described above which themselves destroyed the confidentiality of SIA information. Grange further breached her Confidentiality Agreement to the extent that she publicly posted online—or coordinated with Price for him to post online on her behalf—Price's election-hacking and a link to files containing CEI.

42.     SIA did not authorize Price's or Grange's use or disclosures of the CEI, and neither Price nor Grange had any right to use or disclose any CEI.

43.     As a result of Grange's actions in violation of her Confidentiality Agreement with SIA, SIA suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

Wherefore, SIA demands a trial by jury and prays for relief against Price and Grange, respectively, as follows:

1.     For damages in an amount to be proven at trial;

2.     For such injunctive relief or other equitable relief as the Court deems just and proper;

3.     For punitive damages under 18 U.S.C. § 2707;

4860-6069-7251.v2

4.    For SIA's attorneys' fees and costs incurred in this matter; and

5.    For such other and further relief as the Court deems just and appropriate under the circumstances.

DATED February 6, 2024.

/s/ *Erik A. Christiansen*

Erik A. Christiansen
PARSONS BEHLE & LATIMER
Attorneys for Defendant SkyWest Inflight Association

4860-6069-7251.v2

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 6, 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record in this matter.


*/s/ Erik A. Christiansen*

4860-6069-7251.v2