SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsy@scmlaw.com
cwd@scmlaw.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-CWA, Shane Price, Tresa Grange, and Brandon Finley*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO, SHANE PRICE, TRESA GRANGE, and BRANDON FINLEY, | **ANSWER TO SKYWEST AIRLINES, INC.'S COUNTERCLAIM** |
| Plaintiffs/Counterclaim Defendants, | |
| v. | Case No. 2:23-cv-723 DBP |
| | Judge: David Barlow |
| SKYWEST AIRLINES, INC., and SKYWEST INFLIGHT ASSOCIATION, | Magistrate Judge: Dustin B. Pead |
| Defendants/Counterclaim Plaintiffs, | |

Plaintiffs and Counterclaim Defendants Shane Price and Tresa Grange, through undersigned counsel, answer Defendant and Counterclaim Plaintiff SkyWest Airlines, Inc.'s Counterclaims (Doc. 38) as follows:

The first un-numbered paragraph of the Counterclaim consists of introductory remarks and legal conclusions to which no response is required, but to the extent a response is required, Price and Grange deny the allegations.

1.      Price and Grange deny the allegations of paragraph 1.

2.      Price and Grange deny the allegations of paragraph 2.

## PARTIES

3.      Price and Grange admit the allegations of paragraph 3.

4.      Price and Grange admit the allegations of paragraph 4.

5.      Price and Grange admit the allegations of paragraph 5.

## JURISDICTION AND VENUE

6.      Price and Grange admit the allegations of paragraph 6.

7.      Price and Grange admit the allegations of paragraph 7.

8.      Price and Grange admit the allegations of paragraph 8.

## FACTS

9.      Price and Grange admit that SIA holds itself out as the representative of SkyWest Airlines Flight Attendants. Price and Grange deny the remainder of the allegations of paragraph 9.

10.     Price and Grange admit that SkyWest Airlines employs approximately 4,000 Flight Attendants, and deny the remainder of the allegations of paragraph 10.

11.     Price and Grange admit that SIA holds elections. Price and Grange lack information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 11, and therefore deny the allegations.

12.     Price and Grange admit that SIA held an election in August 2023. Price and Grange lack information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 12, and therefore deny the allegations.

13.     Price and Grange lack information sufficient to form a belief about the truth of the allegations of paragraph 13 regarding SkyWest Airlines covering the administrative costs associated with SIA's election, and therefore deny the allegations. Price and Grange admit the remainder of the allegations of paragraph 13.

14.     Price and Grange lack information sufficient to form a belief about the truth of the allegations of paragraph 14, and therefore deny the allegations.

15.     Price and Grange lack information sufficient to form a belief about the truth of the allegations of paragraph 15, and therefore deny the allegations.

16.     Price and Grange lack information sufficient to form a belief about the allegations of paragraph 16, and therefore deny the allegations.

17.     Price and Grange deny the allegations of paragraph 17.

18.     Price and Grange admit the allegations of paragraph 18.

19.     Price denies the allegations of paragraph 19. The allegations of paragraph 19 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

20.     Price denies the allegations of paragraph 20. The allegations of paragraph 20 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

21.     Price and Grange deny the allegations of paragraph 21.

22.     Price and Grange admit that a number of Flight Attendants complained of anomalies regarding the process to vote in SIA's August 2023 election. Price and Grange lack information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 22, and therefore deny the allegations.

23.     Price and Grange deny the allegations of paragraph 23.

24.     Price and Grange admit that the results of SIA's August 2023 were not certified. Price and Grange lack information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 24, and therefore deny the allegations.

25.     Price and Grange lack information sufficient to form a belief about the truth of the allegations of paragraph 25, and therefore deny the allegations.

26.     Price and Grange lack information sufficient to form a belief about the truth of the allegations of paragraph 26 regarding the actions of SkyWest Airlines' IT department, and therefore deny the allegations. Price and Grange deny the remainder of the allegations of paragraph 26.

27.     Price and Grange admit that SkyWest Airlines interviewed each of them. Price and Grange lack information sufficient to form a belief about the truth of the allegations of paragraph 27 regarding SkyWest Airlines' interview of another un-named Flight Attendant, and therefore deny those allegations. Price and Grange deny involvement in an effort to hack the website and compromise the vote.

28.     Price and Grange deny the allegations of paragraph 28.

29.     Price and Grange deny the allegations of paragraph 29.

30.  Price and Grange admit that Grange obtained a video from Price regarding the login process for SIA's election and that Grange posted it on Facebook. Price and Grange deny the remainder of the allegations of paragraph 30.

31.  Price and Grange admit the allegations of paragraph 31.

### FIRST CAUSE OF ACTION

32.  Price and Grange hereby restate their responses above regarding paragraphs 1 to 31.

33.  Price denies the allegations of paragraph 33. The allegations of paragraph 33 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

34.  Price denies the allegations of paragraph 34. The allegations of paragraph 34 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

35.  Price denies the allegations of paragraph 35. The allegations of paragraph 35 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

### SECOND CAUSE OF ACTION

36.  Price and Grange hereby restate their responses above regarding paragraphs 1 to 35.

37.  Price denies the allegations of paragraph 37. The allegations of paragraph 37 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

38. Price denies the allegations of paragraph 38. The allegations of paragraph 38 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

39. Price denies the allegations of paragraph 39. The allegations of paragraph 39 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

## **THIRD CAUSE OF ACTION**

40. Price and Grange hereby restate their responses above regarding paragraphs 1 to 39.

41. Price denies the allegations of paragraph 41. The allegations of paragraph 41 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

42. Price denies the allegations of paragraph 42. The allegations of paragraph 42 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

43. Price denies the allegations of paragraph 43. The allegations of paragraph 43 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

44. Price denies the allegations of paragraph 44. The allegations of paragraph 44 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

45.     Price denies the allegations of paragraph 45. The allegations of paragraph 45 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

## FOURTH CAUSE OF ACTION

46.     Price and Grange hereby restate their responses above regarding paragraphs 1 to 45.

47.     Price and Grange admit that they signed confidentiality agreements with SkyWest Airlines. Price and Grange deny the remainder of the allegations of paragraph 47.

48.     The allegations of paragraph 48 are legal conclusions to which no response is required, to the extent a response is required, Price and Grange deny the allegations.

49.     Price and Grange deny the allegations of paragraph 49.

50.     Price and Grange deny the allegations of paragraph 50.

51.     Price and Grange deny the allegations of paragraph 51.

52.     Price and Grange deny the allegations of paragraph 52.

53.     Price and Grange deny the allegations of paragraph 53.

54.     Price and Grange deny the allegations of paragraph 54.

55.     Price and Grange deny the allegations of paragraph 55.

Price and Grange deny the allegations of the "PRAYER FOR RELIEF" paragraph and further deny that Counterclaim Plaintiff SkyWest Airlines is entitled to judgment or any recovery whatsoever in this matter.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Counterclaim Plaintiff SkyWest Airlines fails to state a claim upon which relief can be granted.

7

## **Second Affirmative Defense**

Counterclaim Plaintiff SkyWest Airlines' request for relief is barred by the equitable doctrine of

unclean hands.

## **Third Affirmative Defense**

Counterclaim Plaintiff SkyWest Airlines has failed to exhaust available contractual and/or

internal remedies.

## **Fourth Affirmative Defense**

Price and Grange shall rely upon all lawfully available proper defenses that the evidence

reveals, and reserve the right to assert such additional affirmative defenses as may become

apparent through discovery hereinafter.

WHEREFORE, Price and Grange respectfully request that the Court dismiss SkyWest

Airlines' Counterclaims with prejudice, award Price and Grange their costs in this matter, and

allow Price and Grange such other and further relief as this Court deems just and proper.

DATED: February 27, 2024                    Respectfully submitted,


 /s/ *John J. Grunert*
JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Telephone: (202) 624-7400
Fax: (202) 624-7420
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com

*Counsel for Plaintiffs and Counterclaim Defendants*

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on February 27, 2024, I electronically filed the foregoing Answer to SkyWest Airlines, Inc.'s Counterclaims with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.

Respectfully submitted,

 /s/ *John J. Grunert*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Telephone: (202) 624-7400
Fax: (202) 624-7420
Email: jgrunert@geclaw.com

*Counsel for Plaintiffs and Counterclaim Defendants*