Gregory M. Saylin (9648)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5973
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Patricia T. Stambelos (*Pro Hac Vice Forthcoming*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com

*Attorneys for Defendant
SkyWest Airlines Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS; AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>Plaintiffs,<br><br>v.<br><br>SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>Defendants. | **SKYWEST AIRLINES INC.'S MOTION TO DISMISS COUNT 5 OF PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Pursuant to Federal Rule Civil Procedure 12(b)(6), Defendant SkyWest Airlines, Inc.

("SkyWest") hereby moves to dismiss Count 5 of Plaintiffs' First Supplemental Complaint

("FSC"). Count 5 alleges that SkyWest violated the Labor-Management Reporting Disclosure Act of 1959 (the "LMRDA") by failing to file reports disclosing payments to Defendant SkyWest InFlight Association ("SIA"), the group that represents SkyWest's flight attendants. Count 5 fails as a matter of law, because there is no private right of action to enforce the LMRDA's reporting requirements. On the contrary, the LMRDA expressly authorizes the Secretary of Labor (the "Secretary") – and only the Secretary – to sue employers who fail to file the required reports, and says nothing about private parties being permitted to do so. This, in and of itself, strongly suggests that no private right of action was ever intended, but it is far from the only factor supporting that conclusion.

Significantly, although it *does not* authorize private suits to enforce its reporting requirements, the LMRDA *does* authorize private suits to enforce other rights and obligations. This, too, indicates that Congress did not intend to provide a private right of action to enforce the LMRDA's reporting requirements. Moreover, Congress considered but ultimately rejected an earlier version of the bill that became the LMRDA that would have expressly authorized private suits to enforce the reporting requirements. The statutory language read in conjunction with the legislative history confirms that Congress neither created nor intended to create a private right of action, as every court to have considered this question has concluded. And a private right of action that was explicitly rejected by Congress cannot implicitly be created by the judiciary. Plaintiffs, as private parties, cannot sue to enforce the LMRDA's reporting requirements. The Court, therefore, should dismiss Count 5 with prejudice.

## STATEMENT OF FACTS

SkyWest provides commercial aviation services across the United States, Mexico, and the Caribbean (FSC ¶ 12),[1] serving tens of millions of passengers annually and flying to over 250 destinations. SkyWest employs approximately 4,100 flight attendants throughout the United States. (*Id.* ¶ 25.) SkyWest's flight attendants are represented by SIA. (*Id.* ¶¶ 13, 25.)

Plaintiff Association of Flight Attendants, AFL-CIO ("AFA"), is a labor union. AFA seeks to displace SIA as the representative of SkyWest's flight attendants, and is engaged in an organizing campaign for that purpose. (*Id.* ¶ 8.)

Plaintiffs Shane Price ("Price") and Tresa Grange ("Grange") are former SkyWest flight attendants who were terminated for alleged misconduct. (*Id.* ¶¶ 9-10, 37, 50-57.) Prior to their terminations, Price and Grange each supported AFA's organizing efforts, and continue to do so. (*Id.* ¶ 33.) Plaintiff Brandon Finley ("Finley"), a fellow flight attendant who likewise "has been and is an active advocate for a union representation election," is still employed by SkyWest. (*Id.* ¶ 11.)

The LMRDA requires covered employers to file reports regarding certain payments or expenditures to a labor organization. *See* 29 U.S.C. § 433(a)(1). Failing to file these reports subjects an employer to possible criminal and civil liability. *See id.* §§ 439-440. The LMRDA expressly authorizes only the Secretary to bring a civil action to enforce the law's reporting requirements. *See id.* § 440. Plaintiffs nevertheless purport to bring their own private action

---

[1] For the purposes of this Partial Motion to Dismiss only, SkyWest assumes the facts as pled in the FSC are true.

alleging that SkyWest violated the LMRDA by failing to file reports regarding payments to SIA and its representatives.  (FSC ¶¶ 79-85.)

## PROCEDURAL HISTORY

Plaintiffs filed their Complaint (ECF No. 1) on October 11, 2023, Count 5 of which Defendant moved to dismiss (ECF No. 37). Defendant's initial Motion to Dismiss was fully briefed as of April 19, 2024 (ECF No. 55). On July 1, 2024 Plaintiffs sought leave to file the FSC (ECF No. 65), and this request was granted (ECF No. 67). Plaintiffs subsequently filed their FSC (ECF No. 68), prompting the Court to deem moot Defendant's initial Motion to Dismiss (ECF No. 70).  Count 5 in Plaintiffs' FSC is identical to Count V in Plaintiffs' Initial Complaint. *Compare* ECF No. 1 to ECF No. 68.  In addition, none of the new factual allegations pertain to Count 5.  *See id.*  Defendant therefore moves to dismiss Count 5 on the same basis as before.

## ARGUMENT

Claims brought under statutes that do not create a private right of action fail as a matter of law and can and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *See, e.g.*, *Dillard v. Bank of N.Y.*, 476 F. App'x 690, 691 (10th Cir. 2012) (affirming 12(b)(6) dismissal of claim on grounds that statute did not create a private right of action); *Sw. Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1166 (10th Cir. 2001) (same).  Count 5 of Plaintiffs' FSC – which alleges that SkyWest violated the LMRDA by failing to file reports regarding payments to SIA – is precisely such a claim.

I. **COUNT 5 MUST BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO ENFORCE THE LMRDA'S REPORTING REQUIREMENTS**

It is axiomatic that a private right of action to enforce a statute does not exist unless Congress created one.  *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive

federal law itself, private rights of action to enforce federal law must be created by Congress."); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979) (remedies available are those "that Congress enacted into law"). Accordingly, as a threshold matter, the court must assess whether the LMRDA "displays an intent to create not just a private right but also a private remedy." *Alexander*, 532 U.S. at 286. Absent such intent, "a cause of action does not exist and courts may not create one, no matter how desirable that may be as a policy matter, or how compatible with the statute." *Id.* at 286-87.

A private right of action can be express or implicit. In this case, however, the LMRDA neither expressly nor implicitly creates a private right of action to enforce the law's reporting requirements. Count 5 should therefore be dismissed.

### A.     The LMRDA Does Not Expressly Create a Private Right of Action

The LMRDA requires employers who made certain types of payments or expenditures within the past fiscal year to disclose them in an annual report. Failing to file these reports, if required to do so, has consequences. The LMRDA provides that "[a]ny person who willfully violates [the reporting requirements] shall be fined not more than $10,000 or imprisoned for not more than one year, or both." 29 U.S.C. § 439(a). In addition to these criminal penalties, the LMRDA contains a civil enforcement provision. *See id.* § 440. However, that provision authorizes suits only by the Secretary; it does not authorize suits by private parties. *Id.* There is no express private right of action to enforce the LMRDA's reporting requirements. *See, e.g.*, *UAW v. Nat'l Right to Work Legal Def. & Educ. Found., Inc.*, 590 F.2d 1139, 1153 (D.C. Cir. 1978) ("[O]n its face, the LMRDA provides solely for public enforcement of [29 U.S.C. § 433(b)(1)] by the Secretary of Labor."); *UAW v. Brock*, 783 F.3d 237, 241 (D.C. Cir. 1986)

("Enforcement of the [LMRDA's reporting requirements] rests exclusively in the hands of the Secretary of Labor.").

### B. The LMRDA Does Not Implicitly Create a Private Right of Action

Just as it does not expressly create a private right of action, the LMRDA does not implicitly do so either.

In *Cort v. Ash*, 422 U.S. 66, 78 (1975), the Supreme Court identified four factors relevant in determining whether a court may find an implied private right of action to enforce a statute that does not expressly provide for one: (1) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny" such a remedy; (2) whether the plaintiff is "one of the class for whose especial benefit the statute was enacted"; (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff; and (4) whether "the cause of action [is] one traditionally relegated to state law." However, the Supreme Court has since clarified that these four factors are "not . . . entitled to equal weight," and that the "central inquiry" is "whether Congress intended to create . . . a private right of action." *Touche Ross*, 442 U.S. at 575; *see also Suter v. Artist M.*, 503 U.S. 347, 364 (1992) ("[t]he most important inquiry . . . is whether Congress intended to create the private remedy sought by the plaintiffs"); *Sonnenfeld v. City & County of Denver*, 100 F.3d 744, 747 (10th Cir. 1996) ("*Cort*'s four factors have been effectively condensed into one – whether Congress, expressly or by implication, intended to create a private cause of action."); *see also Johnson v. Interstate Mgmt. Co., LLC*, 849 F.3d 1093, 1097-98 (D.C. Cir. 2017) (noting that Supreme Court has been "very hostile to implied causes of action" since *Cort*, because to recognize an implied cause of action, a court must "conclude that Congress *intended* to provide a

6

cause of action even though Congress did not expressly say as much in the text of the statute")

(emphasis in original).  As the Tenth Circuit has stated:

> In determining Congressional intent under this newer standard, we examine the statute for "rights-creating language"—that which "explicitly confers a right directly on a class of persons that includes the plaintiff"—and language identifying "the class for whose *especial* benefit the statute was enacted."  We also consider the relation between the specific provision at issue and the related statutory scheme.

*Boswell v. SkyWest Airlines, Inc.*, 361 F.3d 1263, 1267-68 (10th Cir. 2004) (internal citations omitted); *see also Deem v. Baron*, No. 2:15-cv-755, 2020 WL 114138, at *19 (D. Utah Jan 10, 2020) ("In the absence of an express private right of action in a given statute, there is a presumption that Congress did not intend to confer one.").

Applying these principles, courts have consistently held that there is no private right of action to enforce the LMRDA's reporting requirements.  *See, e.g.*, *UAW v. Nat'l Right to Work*, 590 F.2d at 1154-55 (no private right of action to sue over employer's alleged failure to file reports required by LMRDA); *UAW v. Brock*, 783 F.3d at 241 (same); *Phadnis v. Tata Am. Int'l Corp.*, No. 20-cv-6657, 2021 WL 3374542, at *2 (S.D.N.Y. Aug. 3, 2021) ("there is no private right of action under the LMRDA"); *Hussein v. Hotel Emps. and Rest. Union*, No. 98-cv-9017, 1999 WL 767429, at *4 ("Given that Congress expressly enacted a provision providing that the Secretary of Labor shall have the power to enforce Title II of the LMRDA, . . . [private parties] may not sue under [29 U.S.C. § 439]"); *Engleman v. Knudsen Corp.*, No. 89-cv-965, 1991 WL 352521, at *12 (D. Haw. Oct. 30, 1991) ("a violation of [the LMRDA's] reporting requirements creates a cause of action solely in the Secretary of Labor").  This Court should do the same.

### 1. The LMRDA's text and legislative history demonstrate that Congress did not intend to create a private right of action to enforce the LMRDA's reporting requirements

"When Congress includes particular language in one section of a statute but omits it from a neighbor, [the Supreme Court] normally understand[s] that difference in language to convey a difference in meaning . . . ." *Bittner v. United States*, 598 U.S. 85, 94 (2023). Accordingly, by expressly authorizing certain types of remedies, a statute is ordinarily read to implicitly foreclose others. *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) (conclusion that private suit was foreclosed was "clearly compel[led]" by the fact that the Amtrak Act "create[d] a public cause of action for the enforcement of its provisions and a private cause of action only under very limited circumstances"); *Dial A Car v. Transportation, Inc.*, 132 F.3d 743, 745 (D.C. Cir. 1998) ("a provision for public enforcement is a good indication that the [legislature] did not by its silence intend to create a parallel private right of action").

While expressly authorizing suits by the Secretary to enforce the Act's reporting requirements, the LMRDA says nothing about such suits by private parties. This is a strong indication that private suits were never intended. *See, e.g.*, *Bittner*, 598 U.S. at 94; *Dial A Car*, 132 F.3d at 745; *UAW v. Nat'l Right to Work*, 590 F.2d at 1154 ("an express statutory provision for enforcement . . . at the behest of a public official ordinarily implies that no other means of enforcement was intended"); *Hussein*, 1999 WL 767429, at *4 ("Given that Congress expressly enacted a provision providing that the Secretary of Labor shall have the power to enforce Title II of the LMRDA, . . . [the private plaintiff] may not sue under . . . 29 U.S.C. § 439."). And, in fact, other factors confirm that conclusion.

The LMRDA as originally enacted consisted of seven separate titles.[2] *See* Labor-Management Reporting and Disclosure Act of 1959, Pub. L. No. 86-257, 73 Stat. 519-46 (1959). Title II establishes the reporting requirements; other rights and obligations are established elsewhere. *See, e.g.*, 29 U.S.C. § 411 (Title I) (establishing a "Bill of Rights" for members of a labor organization); *id.* § 461 (Title III) (establishing requirements of labor organizations which have assumed a trusteeship over subordinate labor organizations); *id.* § 481 (Title IV) (establishing union election rules and procedures); *id.* § 501 (Title V) (bestowing fiduciary duties on representatives of a labor organization); *id.* § 529 (Title VI) (prohibiting labor organizations from disciplining members for exercising LMRDA-protected rights).

Each of the LMRDA's first six titles has its own separate enforcement provision.[3] *See id.* § 412 (Title I); *id.* §§ 439-40 (Title II); *id.* § 464 (Title III); *id.* § 482 (Title IV); *id.* § 501(b) (Title V); *id.* § 521(a) (Title VI). Significantly, unlike Title II's enforcement provision, most of the other provisions expressly authorize suits by private parties to enforce their terms. *See, e.g., id.* § 412 (Title I) ("Any person whose rights . . . have been infringed by any violation of [Title I] may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate"); *id.* § 464 (Title III) ("Any member . . . of a labor organization affected by any violation of [Title III] . . . may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including

---

[2] These titles have been codified into separate subchapters. *See* 29 U.S.C. § 401 *et seq.* Title II of the LMRDA is now contained in Subchapter III of Title 29 of the U.S. Code. *See id.* §§ 431- 441.

[3] Title VII of the LMRDA consists solely of amendments to the National Labor Relations Act. *See* 73 Stat. at 541-46.

9

injunctions) as may be appropriate."); *id.* § 482 (Title IV) (authorizing "[a] member of a labor organization" to file complaints with the Secretary of Labor regarding alleged violations of union election procedures); *id.* § 501(b) (Title V) (authorizing members of labor organizations under certain circumstances to sue in district court for breach of fiduciary duties).

This is powerful evidence that Congress' failure to provide a private right of action to enforce the reporting requirements in Title II was not an oversight. To the contrary, the legislative history demonstrates that "particular consideration [was] given by Congress to who should enforce the different provisions of the LMRDA . . . ." *UAW v. Nat'l Right to Work*, 590 F.2d at 1155. Congress considered – but rejected – an earlier version of the bill that would have expressly authorized private suits to enforce the reporting requirements. *See id.* at 1154 (Senate bill authorizing members of a labor organization to sue to enforce reporting requirements was never reported out of committee). In other words, the legislative history makes explicit that which the statutory text itself strongly implies: Congress never intended to create a private right of action to enforce the LMRDA's reporting requirements. This fact alone is grounds to dismiss the LMRDA claims.

In *UAW v. Nat'l Right to Work*, various national and local labor organizations sued The National Right to Work Foundation alleging that the Foundation violated the LMRDA by failing to disclose agreements with employers whose unions the Foundation was allegedly working to undermine. *See* 590 F.2d at 1144-45. The provision of the LMRDA requiring such reports – 29 U.S.C. § 433(b)(1) – is part of the same section of the LMRDA that requires employers to disclose payments to labor organizations (29 U.S.C. § 433(a)), and both requirements are enforced by the same provision. *See* 29 U.S.C. § 440. The district court "held [that] the

[LMRDA's reporting provisions] could not be enforced through a civil action brought by the unions, and that only the Secretary of Labor could enforce the statute under [29 U.S.C. § 440] of the LMRDA." 590 F.2d at 1147.

The D.C. Circuit affirmed. After noting that, "on its face, the LMRDA provides solely for public enforcement of [29 U.S.C. § 433(b)(1)] by the Secretary of Labor," it proceeded to examine whether there was any evidence of legislative intent to create a private right of action. *Id.* at 1153. The court found no such evidence. *See id.* at 1154-55. Instead, the court's "examination of the second criteria" set forth in *Cort v. Ash* – whether there was "any indication of legislative intent, explicit or implicit," either to create or deny a private right of action – "convince[d] [the Court] that a cause of action in favor of the unions should not be implied." *Id.* at 1154. In particular, the court noted that Congress had expressly authorized the Secretary to enforce the reporting requirements – something that "ordinarily implie[d] that no other means of enforcement was intended" – and that, while debating the LMRDA, Congress considered but ultimately rejected earlier-proposed legislation expressly authorizing private suits to enforce the reporting requirements. *Id.* at 1154-55. This evidence led the D.C. Circuit to conclude that "Congress quite clearly decided that only the Secretary of Labor should be able to enforce [29 U.S.C. § 433(b)(1)] of the Act." *Id.* at 1155. *Accord UAW v. Brock*, 783 F.3d at 241. And, because Section 433(b)(1) is subject to the same enforcement provision as Section 433(a) – the section which Plaintiffs claim was violated by SkyWest – the exact same analysis applies to AFA's lawsuit.

### 2. The LMRDA's reporting requirements do not exist for Plaintiffs' "especial benefit"

In determining whether a law creates an implied private right of action, courts may also consider whether "plaintiff [is] one of the class for whose especial benefit the statute was enacted." *Cort*, 422 U.S. at 78. This factor, too, weighs against an implied private right of action here.

Laws which serve dual purposes – both to benefit the general public and to benefit a specific class – were not passed for any particular group's "especial benefit." *See, e.g.*, *Dial A Car*, 132 F.3d at 745 (law passed not only to benefit certain companies but also the general public was not enacted for the "especial benefit" of those companies); *Am. Tel. & Tel. Co. v. M/V Cape Fear*, 967 F.2d 864, 870 (3d Cir. 1992) (no private right of action found in law which could be read "as benefitting all consumers of telecommunication services, *i.e.*, the general public"); *Bonano v. E. Caribbean Airline Corp.*, 365 F.3d 81, 85 (1st Cir. 2004) ("When Congress designs regulatory legislation to benefit the general public, rather than any particular class, that configuration suggests that the legislation is likely to be infertile territory for the implication of a private right of action.").

In *Dial A Car*, for example, a taxicab company sued two of its competitors, alleging that they were operating in the District of Columbia without the requisite license. *See* 132 F.3d at 743. The law at issue authorized the D.C. Taxicab Commission to fine unlicensed operators but did not expressly authorize suits by private parties. *Id.* The threshold question was therefore whether the law created an implied private right of action. *Id.* at 744. In analyzing that issue, the D.C. Circuit noted that the law had dual purposes: (1) to ensure that properly-licensed taxicab

companies received "just compensation"; and (2) to benefit the general public. *Id.* at 745. "In light of these mixed motives," the court wrote, "we cannot conclude that the [D.C.] Council intended taxicab regulation for the 'especial benefit' of industry members . . . ." *Id.* No private right of action was implied. *Id.* at 746.

Like the law at issue in *Dial A Car*, the LMRDA was passed not only to protect the rights and interests of employees but also "the public generally." 29 U.S.C. § 401(b); *see also id.* § 401(a) ("The Congress finds that, **in the public interest**, it continues to be the responsibility of the Federal Government to protect employees' rights to organize, choose their own representatives, bargain collectively, and otherwise engage in concerted activities[.]") (emphasis added); *id.* (Act passed "in order to accomplish the objective of a free flow of commerce"); *id.* § 401(c) (Act "is necessary to eliminate or prevent improper practices which . . . have the tendency or necessary effect of burdening or obstructing commerce"). To that end, the reports required by the Act are available to the general public; they are not restricted to employees. *See id.* § 435(a) ("The contents of the reports . . . filed with the Secretary . . . pursuant to sections . . . 433     shall be public information"); *id.* § 435(b) (authorizing "any person" to inspect and examine reports filed by employers).

As a labor organization which seeks to (but does not) represent any of SkyWest's employees, AFA has no special right to the reports which it says SkyWest should be filing. The LMRDA was not passed in order to benefit competing labor organizations. And, although it did (and does) aim to benefit employees, the LMRDA was also passed in order to benefit the general public. In light of these "mixed motives," it cannot be said that the LMRDA was passed for the "especial benefit" of any of the individually-named Plaintiffs. *Cf. Dial A Car*, 132 F.3d at 745.

### 3. Implying a private right of action is inconsistent with the legislative scheme

Finally, in discerning whether a private right of action is implied, courts may consider whether such a remedy is "consistent with the underlying purposes of the legislative scheme." *Cort*, 422 U.S. at 78. In this case, such a remedy is inconsistent with the statutory scheme.

In addition to expressly authorizing the Secretary to sue to enforce the LMRDA's reporting requirements, the LMRDA authorizes the Secretary to conduct investigations to determine whether the LMRDA was violated. *See* 29 U.S.C. § 521(a). At the conclusion of such investigations, the Secretary "may" – but is not required to – report the results to "interested persons or officials." *See id.* The LMRDA thus clearly contemplates that enforcement of its provisions is best left to the discretion of the Secretary. This decision is entirely rational. Because of her much broader constituency, the Secretary is far better-suited than private parties to advance the public interests for which the law was passed. The mere fact that a private party might disagree with the Secretary's enforcement decisions "provides no basis . . . for implying a cause of action . . . in their favor." *UAW v. Nat'l Right to Work*, 590 F.2d at 1155. Indeed, doing so in this case would be inconsistent with clear Congressional intent.

### CONCLUSION

In enacting the LMRDA, Congress clearly intended that the Secretary of Labor – and only the Secretary of Labor – be empowered to enforce the Act's reporting requirements. The LMRDA neither expressly nor implicitly creates a private right of action to do so. Count 5 of the FSC should therefore be dismissed with prejudice.

DATED this 25th day of July, 2024.

        HOLLAND & HART LLP

        */s/ Gregory M. Saylin*
        Gregory M. Saylin
        Emily T. Howe

        Douglas W. Hall
        Thomas R. Chiavetta
        JONES DAY

        Patricia T. Stambelos
        STAMBELOS LAW OFFICE

        *Attorneys for Defendant SkyWest Airlines Inc.*

32482135_v1