Gregory M. Saylin (9648)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5973
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Patricia T. Stambelos (*Pro Hac Vice Forthcoming*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com

*Attorneys for Defendant
SkyWest Airlines Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>Plaintiffs,<br>v.<br><br>SKYWEST INC.; SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>Defendants. | **SKYWEST AIRLINES INC.'S ANSWER TO FIRST SUPPLEMENTAL COMPLAINT**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Defendant SkyWest Airlines, Inc. ("SkyWest") answers the First Supplemental

Complaint ("Complaint") filed by Plaintiffs the Association of Flight Attendants, AFL-CIO

("AFA"), Shane Price ("Price"), Tresa Grange ("Grange"), and Brandon Finley ("Finley") (collectively, "Plaintiffs") as follows:

SkyWest denies, generally and specifically, any and all allegations, averments, statements, and conclusions of law contained in the Complaint not specifically admitted in the paragraphs below. SkyWest further states that its investigation of the present matter is ongoing. Accordingly, SkyWest reserves the right to amend this Answer. In response to the numbered paragraphs in the Complaint, SkyWest states as follows:

The first, un-numbered paragraph of the Complaint consists of introductory statements and conclusions of law to which no response is required. To the extent this paragraph contains factual allegations for which a response is required, SkyWest denies the allegations.

1. Paragraph 1 of the Complaint consists of introductory statements and conclusions of law to which no response is required. To the extent that Paragraph 1 contains factual allegations for which a response is required, SkyWest denies the allegations.

2. SkyWest denies that it has ever provided funds to the SkyWest Inflight Association ("SIA"), which represents the flight attendants of SkyWest Airlines for the purposes of collective bargaining. SkyWest admits it covers flight pay loss to a few employees engaged in select SIA business and also paid vendors retained by SIA. SkyWest is without sufficient knowledge or information to form a belief as to the truth of the allegations that SIA "acknowledged in one of its Handbooks that 'SkyWest . . . funds the SkyWest InFlight Association.'" SkyWest denies the remaining allegations in Paragraph 2 of the Complaint.

3. SkyWest denies the allegations of Paragraph 3 of the Complaint, except admits that Price and Grange were employed by SkyWest as flight attendants and that they were terminated.

4. SkyWest denies the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint consists of conclusions of law to which no response is required. To the extent that Paragraph 5 contains factual allegations for which a response is required, SkyWest denies the allegations.

6. Paragraph 6 of the Complaint consists of conclusions of law to which no response is required. To the extent that Paragraph 6 contains factual allegations for which a response is required, SkyWest denies the allegations.

7. Paragraph 7 of the Complaint consists of conclusions of law to which no response is required. To the extent that Paragraph 7 contains factual allegations for which a response is required, SkyWest denies the allegations.

## PARTIES

8. SkyWest admits that AFA is a labor organization that is based in Washington, D.C. and represents flight attendants at various airlines. SkyWest is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies them.

9. SkyWest admits that Price worked for SkyWest Airlines as a flight attendant beginning in 2014 and was based in Salt Lake City at the time SkyWest Airlines terminated his employment. SkyWest is without sufficient knowledge or information to form a belief as to the

truth of and the remaining allegations in Paragraph 9 of the Complaint and, on that basis, denies them.

10. SkyWest admits that Grange worked for SkyWest Airlines as a flight attendant beginning in 1999 and was based in Salt Lake City at the time SkyWest Airlines terminated her employment. SkyWest is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and, on that basis, denies them.

11. SkyWest admits that Finley has worked for SkyWest Airlines as a flight attendant beginning in 2004 and is currently a SkyWest Airlines flight attendant based in Seattle. SkyWest is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 11 of the Complaint and, on that basis, denies them.

12. SkyWest admits the allegations in Paragraph 12 of the Complaint.[1]

13. SkyWest denies the allegations in Paragraph 13 of the Complaint, except admits that SIA represents SkyWest Airlines' flight attendants for the purposes of collective bargaining, that SIA has not been certified by the National Mediation Board (which is not a requirement under the Railway Labor Act). SkyWest is without sufficient knowledge or information to form a belief as to which jurisdictional district SIA is based and, on that basis, denies said allegation.

## JURISDICTION AND VENUE

14. In response to Paragraph 14 of the Complaint, SkyWest states that whether jurisdiction and venue is proper is a legal conclusion to which no response is required. To the

---

[1] SkyWest admits the allegations in footnote 1 of the Complaint.

extent Paragraph 14 contains factual allegations to which a response is required, SkyWest admits that it conducts business in this district and that venue in this Court is proper.

## STATUTORY FRAMEWORK

**The Railway Labor Act.**

15.  Paragraph 15 of the Complaint consists of conclusions of law to which no response is required.

16.  Paragraph 16 of the Complaint consists of conclusions of law to which no response is required.

17.  Paragraph 17 of the Complaint consists of conclusions of law to which no response is required.

18.  Paragraph 18 of the Complaint consists of conclusions of law to which no response is required.

19.  Paragraph 19 of the Complaint consists of conclusions of law to which no response is required.

**The Labor Management Reporting and Disclosure Act.**

20.  The allegations in Paragraph 20 of the Complaint relate to Count 5, which SkyWest has moved to dismiss. Thus, no response is required to Paragraph 20.

21.  The allegations in Paragraph 21 of the Complaint relate to Count 5, which SkyWest has moved to dismiss. Thus, no response is required to Paragraph 21.

22.  The allegations in Paragraph 22 of the Complaint relate to Count 5, which SkyWest has moved to dismiss. Thus, no response is required to Paragraph 22.

23. The allegations in Paragraph 23 of the Complaint relate to Count 5, which SkyWest has moved to dismiss. Thus, no response is required to Paragraph 23.

24. The allegations in Paragraph 24 of the Complaint relate to Count 5, which SkyWest has moved to dismiss. Thus, no response is required to Paragraph 24.

## ALLEGATIONS

**SIA – The "Company Union" at SkyWest.**[2]

25. SkyWest denies the allegations of Paragraph 25 of the Complaint, except admits that it employs approximately 4,000 flight attendants, who work from various bases in the United States; that SkyWest recognizes SIA as the exclusive collective bargaining representative of its Flight Attendants; and that SIA has not been certified by the National Mediation Board.

26. The allegations in Paragraph 26 of the Complaint relate to Count 5, which SkyWest has moved to dismiss. Thus, no response is required to Paragraph 26.

27. SkyWest denies the allegations in Paragraph 27 of the Complaint.

28. SkyWest admits that the top three SIA officers receive per diem expense coverage and that SkyWest has covered the cost of certain SIA expenditures, including website and email domain fees, the cost of SIA pins, and costs associated with SIA elections. SkyWest is without sufficient knowledge or information to form a belief as to the truth of the allegation that SkyWest funds all of SIA's expenditures and denies said allegation on that basis. SkyWest denies all remaining allegations in Paragraph 28 of the Complaint.

---

[2] The first unnumbered paragraph that precedes Paragraph 25 constitutes a heading for the purposes of organization that requires no response. To the extent that a response is required, SkyWest denies the allegations therein.

29. SkyWest denies the allegations in Paragraph 29 of the Complaint, except admits that SIA has invited SkyWest management team members to attend some SIA meetings and that upon SIA's request, SkyWest's legal department gave SIA input regarding the amendment of its Bylaws.

30. SkyWest denies the allegations in Paragraph 30 of the Complaint, except admits that SkyWest Airlines has regularly and repeatedly engaged in collective bargaining negotiations with SIA for over 30 years regarding the terms and conditions of SkyWest Airlines flight attendants' employment.

31. SkyWest denies the allegations in Paragraph 31 of the Complaint, except admits that SkyWest Airlines has recognized SIA as the exclusive bargaining representative for the SkyWest Airlines flight attendants for over 30 years; that the SkyWest Flight Attendant Policy Manuals ("Policy Manuals") entered into between SkyWest Airlines and SIA since 1995 are collective bargaining agreements under the RLA; that SkyWest has taken the position that the Policy Manuals are collective bargaining agreements in prior and pending litigation; and that at least one court has held that SIA is in fact the collective bargaining representative of the SkyWest Airlines Flight Attendants under the RLA. *See Fitz-Gerald v. SkyWest, Inc.*, 155 Cal. App. 4th 411, 415, 65 Cal. Rptr. 3d 913, 915 (2007), *as modified on denial of reh'g* (Oct. 16, 2007).

**Flight Attendant Opposition to the Company Union.**[3]

32. SkyWest denies that SIA amounts to a "sham representation." SkyWest is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Complaint and, on that basis, denies them.

33. SkyWest denies that it operates SIA, and further denies that Price and Grange's alleged "support of AFA and opposition to SkyWest's operation of SIA was well known" to SkyWest. SkyWest is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 33 of the Complaint and, on that basis, denies them.

34. SkyWest admits that Price has engaged in AFA union organizing. SkyWest is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 34 of the Complaint and, on that basis, denies them.

35. SkyWest is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and, on that basis, denies them.

36. In response to Paragraph 36 of the Complaint, SkyWest admits that Lead Flight Attendants are selected by SkyWest management. SkyWest denies that Lead Flight Attendants are trained by management. SkyWest is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 36 and, on that basis, denies them.

37. SkyWest admits the allegations in Paragraph 37.

---

[3] The first unnumbered paragraph that precedes Paragraph 32 constitutes a heading for the purposes of organization that requires no response. To the extent that a response is required, SkyWest denies the allegations therein.

38.     SkyWest denies that Grange was recognized by SkyWest management as a model flight attendant.  SkyWest admits that Grange served as a service instructor and new hire instructor, that she served in various roles with SIA, and that she discontinued her role as a SIA representative at some time during her employment. SkyWest is without sufficient knowledge or information to form a belief as to the truth of remaining allegations of Paragraph 38 and, on that basis, denies them.

39.     SkyWest is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

**Whistleblowers Expose the SIA "Election" of 2023 as Deeply Flawed.**[4]

40.     SkyWest admits that SIA conducts periodic elections for certain positions, which are conducted by third party vendors.  SkyWest is without sufficient knowledge or information to form a belief as to the truth of remaining allegations of Paragraph 40 and, on that basis, denies them.

41.     SkyWest admits that "Vote Now" was contracted to run the August 2023 SIA election and SkyWest paid for Vote Now to run the election.  SkyWest denies that "SkyWest management" paid for "Vote Now" to run the election.

42.     SkyWest denies the allegations in Paragraph 42 of the Complaint, except admits that the August 2023 election procedure provided for flight attendants to vote over a one week

---

[4] The first unnumbered paragraph that precedes Paragraph 40 constitutes a heading for the purposes of organization that requires no response.  To the extent that a response is required, SkyWest denies the allegations therein.

period, and that eligible voters received unique voting credentials for the purposes of voting through the Vote-Now website

43. SkyWest denies that the SIA website or its folders were publicly accessible. SkyWest admits that, several months prior to the election, Mr. Price improperly accessed documents listing all SkyWest flight attendants and the numerical codes that each flight attendant would need to use in order to vote in the SIA election.

44. On information and belief, SkyWest admits the allegations in Paragraph 44 of the Complaint.

45. SkyWest denies the allegations in Paragraph 45 of the Complaint.

46. SkyWest admits the allegations in Paragraph 46 of the Complaint.

47. SkyWest denies the allegations in Paragraph 47 of the Complaint, except admits, on information and belief, that Price unlawfully and without authorization accessed the Vote Now site and/or exceeded his lawful and authorized access to the Vote Now site, that he made a video regarding his unlawful accessing of the site, and that SIA extended the voting period.

48. On information and belief, SkyWest admits the allegations in Paragraph 48 of the Complaint.

49. SkyWest admits the allegations in Paragraph 49 of the Complaint.

**SIA Collaborates with SkyWest to Terminate the Whistleblowers.**[5]

50. SkyWest denies the allegations in Paragraph 50 of the Complaint, except admits that SkyWest Airlines management met with Price on September 13, 2023 in Salt Lake City to investigate his role in the compromised SIA election.

51. In response to Paragraph 51 of the Complaint, SkyWest admits that, during SkyWest Airlines' investigation, Price admitted that he had made a video documenting his hacking of SIA's website, his manipulation of the code of that website, and his unlawful and unauthorized access to flight attendants' names, employee numbers, and voting credentials, and that he admitted that he had logged into Vote-Now with voting credentials that he had stolen. SkyWest denies the remaining allegations in Paragraph 51.

52. SkyWest denies the allegations in Paragraph 52 of the Complaint.

53. In response to Paragraph 53 of the Complaint, SkyWest admits that SIA Secretary DeeAnn Woods was present at the investigatory meeting to represent Price at his request. SkyWest denies that, "[i]n a transparently pre-arranged process, the two [SkyWest] managers left the room for approximately 45 minutes leaving Ms. Woods alone with Mr. Price." SkyWest is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 53 and, on this basis, denies them.

---

[5] The first unnumbered paragraph that precedes Paragraph 50 constitutes a heading for the purposes of organization that requires no response. To the extent that a response is required, SkyWest denies the allegations therein.

54. In response to Paragraph 54 of the Complaint, SkyWest states that SkyWest Airlines discharged Price effective September 14, 2023. SkyWest denies the remaining allegations in Paragraph 54.

55. In response to Paragraph 55 of the Complaint, SkyWest admits that SkyWest Airlines discharged Grange. SkyWest denies the remaining allegations in Paragraph 55.

56. SkyWest admits that SIA Secretary Woods was present for Grange's meeting at Grange's request with SkyWest Airlines management. SkyWest denies the remaining allegations in Paragraph 56.

57. SkyWest denies the allegations in Paragraph 57 of the Complaint.

58. SkyWest denies the allegations in Paragraph 58 of the Complaint, except admits that Grange and Price have followed the internal appeal steps available to them under the Flight Attendant Policy Manual, that the Review Board can make a finding in favor of the company or the flight attendant, whose findings are subject to review by management, and that the Policy Manual does not include a provision for arbitration before a neutral arbitrator.

59. SkyWest denies the allegations in Paragraph 59 of the Complaint, except admits that Grange and Price have followed the internal appeal steps available to them under the Flight Attendant Policy Manual.

**SkyWest's Interference with AFA Communications and Promotion of SIA.**[6]

60. SkyWest admits that SkyWest flight attendants have on occasion engaged in the distribution of literature and solicitation of employees on SkyWest property at various airports. SkyWest denies all other allegations in Paragraph 60 of the Complaint.

61. SkyWest admits that it did tell flight attendants that they could not display AFA signage, literature, or other promotional material, including displaying such material on SkyWest tabletops, which is consistent with SkyWest policies for all companies. SkyWest denies all other allegations in Paragraph 61 of the Complaint.

62. SkyWest denies the allegations in Paragraph 62 of the Complaint.

63. SkyWest is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding "signage," because it is not clear what Plaintiffs mean by that term, and thus denies those allegations on that basis. SkyWest admits that a SkyWest webpage contains information expressing the view that employees should not sign union authorization cards. SkyWest denies any and all remaining allegations in Paragraph 63 of the Complaint.

64. SkyWest denies the allegations in Paragraph 64 of the Complaint.

### COUNT 1
### VIOLATION OF RAILWAY LABOR ACT-SKYWEST FUNDING AND CONTROL OF SIA
### (ALL PLAINTIFFS V. SKYWEST CORPORATE DEFENDANTS)

65. SkyWest restates and incorporates its responses to the allegations contained in the above paragraphs as if fully set forth herein.

---

[6] The first unnumbered paragraph that precedes Paragraph 60 constitutes a heading for the purposes of organization that requires no response. To the extent that a response is required, SkyWest denies the allegations therein.

66. Paragraph 66 of the Complaint consists of conclusions of law to which no response is required.

67. Paragraph 67 of the Complaint consists of conclusions of law to which no response is required.

68. SkyWest denies the allegations in Paragraph 68 of the Complaint.

### COUNT 2
### VIOLATION OF RAILWAY LABOR ACT-
### TERMINATIONS OF SHANE PRICE AND TRESA GRANGE
### (ALL PLAINTIFFS V. SKYWEST CORPORATE DEFENDANTS)

69. SkyWest restates and incorporates its responses to the allegations contained in the above paragraphs as if fully set forth herein.

70. SkyWest denies the allegations in Paragraph 70 of the Complaint.

### COUNT 3
### VIOLATION OF RAILWAY LABOR ACT-
### FAILURE TO PROVIDE FOR BINDING ARBITRATION
### (MR. PRICE, MS. GRANGE AND MR. FINLEY V. SKYWEST AIRLINES AND SIA)

71. SkyWest restates and incorporates its responses to the allegations contained in the above paragraphs as if fully set forth herein.

72. Paragraph 72 of the Complaint consists of conclusions of law to which no response is required.

73. Paragraph 73 of the Complaint consists of conclusions of law to which no response is required.

74. SkyWest denies the allegations in Paragraph 74 of the Complaint, except admits that the Policy Manual is a collective bargaining agreement under the RLA.

75. SkyWest denies the allegations in Paragraph 75 of the Complaint.

## COUNT 4
### BREACH OF DUTY OF FAIR REPRESENTATION
### (MR. PRICE AND MS. GRANGE V. SIA)

76. Count 4 is not addressed to SkyWest and contains no allegations relating to SkyWest, and thus no response is required of SkyWest to Paragraph 76 of the Complaint.

77. Count 4 is not addressed to SkyWest and contains no allegations relating to SkyWest, and thus no response is required of SkyWest to Paragraph 77 of the Complaint.

78. Count 4 is not addressed to SkyWest and contains no allegations relating to SkyWest, and thus no response is required of SkyWest to Paragraph 78 of the Complaint.

## COUNT 5
### VIOLATIONS OF LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT
### (ALL PLAINTIFFS V. ALL DEFENDANTS)

79. Count 5 is the subject of a motion to dismiss to be filed by SkyWest and thus no response is required of SkyWest to Paragraph 79 of the Complaint.

80. Count 5 is the subject of a motion to dismiss to be filed by SkyWest and thus no response is required of SkyWest to Paragraph 80 of the Complaint.

81. Count 5 is the subject of a motion to dismiss to be filed by SkyWest and thus no response is required of SkyWest to Paragraph 81 of the Complaint.

82. Count 5 is the subject of a motion to dismiss to be filed by SkyWest and thus no response is required of SkyWest to Paragraph 82 of the Complaint.

83. Count 5 is the subject of a motion to dismiss to be filed by SkyWest and thus no response is required of SkyWest to Paragraph 83 of the Complaint.

84. Count 5 is the subject of a motion to dismiss to be filed by SkyWest and thus no response is required of SkyWest to Paragraph 84 of the Complaint.

85. Count 5 is the subject of a motion to dismiss to be filed by SkyWest and thus no response is required of SkyWest to Paragraph 85 of the Complaint.

## COUNT 6
## VIOLATIONS OF RAILWAY LABOR ACT –
## INTERFERENCE WITH ORGANIZING AND CHOICE OF REPRSENTATIVE
## (ALL PLAINTIFFS V. ALL DEFENDANTS)

86. SkyWest restates and incorporates its responses to the allegations contained in the above paragraphs as if fully set forth herein.

87. Paragraph 87 of the Complaint consists of conclusions of law to which no response is required. To the extent a response is required, SkyWest denies the allegations.

## PRAYER FOR RELIEF

SkyWest admits that Plaintiffs have requested the Court enter judgment against SkyWest. SkyWest denies that Plaintiffs are entitled to any relief of any nature, under any theory whatsoever or in any manner prayed for in the Complaint.  Except as specifically admitted, SkyWest denies, generally and specifically, each and every allegation contained therein and demands strict proof of Plaintiff's allegations. SkyWest specifically denies that Plaintiffs are entitled to wages, compensation, other economic benefits, special or general damages, pecuniary or non-pecuniary losses, attorney's fees, costs, punitive damages, liquidated damages, prejudgment or post-judgment interest, or any other order or relief.  SkyWest reserves the right to amend this Answer as provided for in the Federal Rules of Civil Procedure and local rules of this Court.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, SkyWest hereby sets forth the separate and additional defenses to the Complaint, and each and every cause of action or claim

alleged therein, without assuming or undertaking any burden of proof not otherwise assigned to it by law.  Further, all such defenses are pled in the alternative and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief as requested, or in any amounts, or at all.  SkyWest may have additional defenses of which they are not currently fully aware and reserve the right to assert additional defenses after they are ascertained.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted, including, without limitation, with respect to any wages, compensation, other economic benefits, special or general damages, pecuniary or non-pecuniary losses, attorney's fees, costs, punitive damages, liquidated damages, or prejudgment or post-judgment interest.

**SECOND AFFIRMATIVE DEFENSE**
**(Railway Labor Act Preemption)**

Plaintiffs' claims are preempted by the Railway Labor Act to the extent that resolving them requires this Court to interpret the parties' collective bargaining agreements.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Any recovery on Plaintiffs' Complaint, and/or each purported claim are barred, in whole or in part, to the extent Plaintiffs failed to mitigate their damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Plaintiffs' claims fail, in whole or in part, because they lack standing to bring a claim against SkyWest.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Any recovery on Plaintiffs' Complaint, and/or each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Any recovery sought by Plaintiffs' Complaint, and/or each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (After Acquired Evidence)

Any recovery on Plaintiffs' Complaint, and/or each purported cause of action alleged therein, should be denied and/or limited, in whole or in part, under the after-acquired evidence doctrine.

## RESERVATION OF RIGHTS

SkyWest has not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent.  SkyWest further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.  Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

## COUNTERCLAIMS

SkyWest already pled its counterclaims against Shane Price and Tresa Grange. (Dkt. 38). Price and Grange answered those counterclaims. (Dkt. 46).

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant SkyWest prays as follows:

1. That Plaintiffs take nothing by reason of the Complaint;

2. That no declaratory judgment shall issue as requested by Plaintiffs;

3. That no attorneys' fees be awarded to Plaintiffs;

4. That the Complaint be dismissed in its entirety with prejudice;

5. That judgment be entered for SkyWest;

6. That SkyWest shall recover all costs of suit and reasonable attorneys' fees incurred herein; and

7. For such other and further relief as the Court deems just and proper.

DATED this 25th day of July, 2024.

                                                  HOLLAND & HART LLP

                                                  */s/ Emily T. Howe*
                                                  Gregory M. Saylin
                                                  Emily T. Howe

                                                  Douglas W. Hall
                                                  Thomas R. Chiavetta
                                                  JONES DAY

                                                  Patricia T. Stambelos
                                                  STAMBELOS LAW OFFICE

                                                  *Attorneys for Defendant*
                                                  *SkyWest Airlines Inc.*

32495762_v1