SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
SPENCER FANE LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-CWA, Shane Price, Tresa Grange, and Brandon Finley*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>SKYWEST AIRLINES INC.; and SKYWEST INFLIGHT ASSOCIATION;<br><br>Defendants/Counterclaim Plaintiffs. | **ANSWER TO SKYWEST INFLIGHT ASSOCIATION'S COUNTERCLAIMS**<br><br>Case No. 2:23-cv-723-DBB-DBP<br><br>Judge: David Barlow<br>Magistrate Judge: Dustin B. Pead |

Plaintiffs and Counterclaim Defendants Shane Price and Tresa Grange, through undersigned counsel, answer Defendant and Counterclaim Plaintiff SkyWest Inflight Association's ("SIA's") Counterclaims of July 25, 2024 (Doc. 74) as follows:

The first un-numbered paragraph of the Counterclaim consists of introductory remarks and legal conclusions to which no response is required, but to the extent a response is required, Price and Grange deny the allegations.

1. Price and Grange deny the allegations of paragraph 1.

## PARTIES

2. Price and Grange admit that SkyWest Airlines employs approximately 4,100 Flight Attendants, admit that SIA is based in Utah, and admit that SIA holds itself out as the representative of SkyWest Airlines' Flight Attendants. The remainder of the allegations of paragraph 2 are legal conclusions to which no response is required, but to the extent a response is required, Price and Grange deny the allegations.

3. Price and Grange admit the allegations of paragraph 3.

4. Price and Grange admit the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. Price and Grange admit the allegations of paragraph 5.

6. The allegations of paragraph 6 are legal conclusions to which no response is required, to the extent a response is required, Price and Grange deny the allegations.

7. Price and Grange admit the allegations of paragraph 7.

## FACTS

8. Price and Grange lack information sufficient to form a belief about the truth of the allegations of paragraph 8, and therefore deny the allegations.

9. Price and Grange admit that SIA holds elections. Price and Grange lack information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 9, and therefore deny the allegations.

10. Price and Grange admit that a SIA election took place in August 2023. Price and Gange lack information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 10, and therefore deny the allegations.

11. Price and Grange lack information sufficient to form a belief about the truth of the allegations of paragraph 11, and therefore deny the allegations.

12. Price denies the allegations of paragraph 12. The allegations of paragraph 12 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

13. Price denies the allegations of paragraph 13. The allegations of paragraph 13 are not directed at Grange and therefore no response is required, to the extent a response is required Grange denies the allegations.

14. Price and Grange deny the allegations of paragraph 14.

15. Price and Grange admit that a number of Flight Attendants complained of anomalies regarding the process to vote in SIA's August 2023 election. Price and Grange lack information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 15, and therefore deny the allegations.

16. Price and Grange deny the allegations of paragraph 16.

17. Price and Grange admit that the election results were not certified. Price and Grange lack information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 17, and therefore deny the allegations.

18. Price and Grange lack information sufficient to form a belief about the truth of the allegations of paragraph 18, and therefore deny the allegations.

19. Price and Grange deny the allegations of paragraph 19.

20. Price and Grange admit that SkyWest Airlines interviewed each of them in September 2023. Price and Grange lack information sufficient to form a belief about the truth of the allegations regarding SkyWest Airlines' interview of another un-named Flight Attendant, and therefore deny the allegations. Price and Grange deny the remainder of the allegations of paragraph 20.

21. Price and Grange admit the allegations of paragraph 21.

## FIRST CAUSE OF ACTION

22. Price and Grange hereby restate their responses above regarding paragraphs 1 to 21.

23. Price and Grange deny the allegations of paragraph 23.

24. Price and Grange deny the allegations of paragraph 24.

25. Price and Grange deny the allegations of paragraph 25.

## SECOND CAUSE OF ACTION

26. Price and Grange hereby restate their responses above regarding paragraphs 1 to 25.

27. Price and Grange deny the allegations of paragraph 27.

28. Price and Grange deny the allegations of paragraph 28.

29. Price and Grange deny the allegations of paragraph 29.

30. Price and Grange deny the allegations of paragraph 30.

## THIRD CAUSE OF ACTION

31. Price and Grange hereby restate their responses above regarding paragraphs 1 to 30.

32. Price and Grange deny the allegations of paragraph 32.

33. Price and Grange deny the allegations of paragraph 33.

34. Price and Grange deny the allegations of paragraph 34.

35. Price and Grange deny the allegations of paragraph 35.

## **FOURTH CAUSE OF ACTION**

36. Price and Grange hereby restate their responses above regarding paragraphs 1 to 35.

37. Grange denies the allegations of paragraph 37. The allegations of paragraph 37 are not directed at Price and therefore no response is required, to the extent a response is required Price denies the allegations.

38. Grange denies the allegations of paragraph 38. The allegations of paragraph 38 are not directed at Price and therefore no response is required, to the extent a response is required Price denies the allegations.

39. Grange denies the allegations of paragraph 39. The allegations of paragraph 39 are not directed at Price and therefore no response is required, to the extent a response is required Price denies the allegations.

40. Grange denies the allegations of paragraph 40. The allegations of paragraph 40 are not directed at Price and therefore no response is required, to the extent a response is required Price denies the allegations.

41. Grange denies the allegations of paragraph 41. The allegations of paragraph 41 are not directed at Price and therefore no response is required, to the extent a response is required Price denies the allegations.

42. Grange denies the allegations of paragraph 42. The allegations of paragraph 42 are not directed at Price and therefore no response is required, to the extent a response is required Price denies the allegations.

43. Grange denies the allegations of paragraph 43. The allegations of paragraph 43 are not directed at Price and therefore no response is required, to the extent a response is required Price denies the allegations.

Price and Grange deny the allegations of the "PRAYER FOR RELIEF" paragraph and further deny that Counterclaim Plaintiff SIA is entitled to judgment or any recovery whatsoever in this matter.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Counterclaim Plaintiff SIA fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Counterclaim Plaintiff SIA's request for relief is barred by the equitable doctrine of unclean hands.

### Third Affirmative Defense

Counterclaim Plaintiff SIA has failed to exhaust available contractual and/or internal remedies.

### Fourth Affirmative Defense

Price and Grange shall rely upon all lawfully available proper defenses that the evidence reveals, and reserve the right to assert such additional affirmative defenses as may become apparent through discovery hereinafter.

WHEREFORE, Price and Grange respectfully request that the Court dismiss SIA's Counterclaims with prejudice, award Price and Grange their costs in this matter, and allow Price and Grange such other and further relief as this Court deems just and proper.

DATED: August 13, 2024    Respectfully submitted,

   /s/ *John J. Grunert*
JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com

*Counsel for Plaintiffs and Counterclaim Defendants*

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on August 13, 2024, I electronically filed the foregoing Answer to SkyWest Inflight Association's Counterclaims with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.

                                            Respectfully submitted,

                                            /s/ *John J. Grunert*
                                            JOHN J. GRUNERT, *pro hac vice*
                                            Guerrieri, Bartos & Roma, P.C.
                                            1717 K Street, NW, Suite 900
                                            Washington, DC 20006
                                            Telephone: (202) 624-7400
                                            Email: jgrunert@geclaw.com

                                            *Counsel for Plaintiffs and Counterclaim Defendants*