THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO, SHANE PRICE, TRESA GRANGE, and BRANDON FINLEY,<br><br>Plaintiffs,<br>v.<br><br>SKYWEST AIRLINES, INC., and SKYWEST INFLIGHT ASSOCIATION,<br><br>Defendants. | **ORDER GRANTING [72][75] DEFENDANTS' MOTIONS TO DISMISS COUNT 5 OF PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT**<br><br><br>Case Number 2:23-cv-00723<br><br>District Judge David Barlow |

Defendants SkyWest Airlines, Inc. ("SkyWest") and SkyWest Inflight Association ("SIA") (collectively, "Defendants") move to dismiss Count V of Plaintiffs' First Supplemental Complaint.[1] For the following reasons, the court grants the motions.

## BACKGROUND[2]

Plaintiffs consist of current and former flight attendants of Defendant SkyWest, as well as an unincorporated labor organization supporting a union-organizing campaign among SkyWest's flight attendants.[3] Defendant SkyWest provides commercial aviation services. Defendant SIA holds itself out to be the collective bargaining representative of all flight attendants at SkyWest.[4]

In Count V, Plaintiffs allege that SkyWest and SIA violated the reporting requirements of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA")[5] by failing to file

---

[1] SkyWest's Mot. to Dismiss ("SkyWest's Mot."), ECF No. 72, filed on July 25, 2024; SIA's Mot. to Dismiss ("SIA's Mot."), ECF No. 75, filed on July 25, 2024; First Supp. Compl., ECF No. 68, filed on July 10, 2024.
[2] At the motion to dismiss stage, the court accepts the complaint's factual allegations as true and views those facts in the light most favorable to the nonmoving party. *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006).
[3] First Supp. Compl. ¶¶ 8–12.
[4] *Id.* ¶ 13.
[5] 29 U.S.C. § 401, *et seq*.

mandatory annual reports with the U.S. Department of Labor.[6] Defendants move to dismiss Count V, arguing that it fails as a matter of law because there is no private right of action to enforce the LMRDA's reporting requirements.[7]

## LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted. Each cause of action must be supported by sufficient, well-pled facts to be plausible on its face.[8] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[9] But the court disregards "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[10]

## DISCUSSION

The LMRDA requires covered employers and collective bargaining organizations to file annual reports with the U.S. Department of Labor.[11] In these reports, labor organizations must show, among other things, "receipts of any kind and the sources thereof."[12] Employers must show "any payment . . . to any labor organization," as well as "any expenditure . . . where an object thereof, directly or indirectly, is to interfere with, restrain, or coerce employees in the exercise of the right to organize and bargain collectively through representatives of their own

---

[6] First Supp. Compl. ¶¶ 79–85; Pls.' Opp'n to Defs.' Mots. to Dismiss 2 ("Pls.' Opp'n"), ECF No. 77, filed on August 14, 2024.
[7] SkyWest's Mot. 2; SIA's Mot. 2.
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[9] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).
[11] 29 U.S.C. §§ 431, 433.
[12] *Id.* § 431(b).

2

choosing."[13] 29 U.S.C. § 440 states that upon violation of the reporting requirements, "the Secretary may bring a civil action for such relief (including injunctions) as may be appropriate." Based on this provision, Defendants argue that private parties, including Plaintiffs, are not authorized to bring an action to enforce the LMRDA's reporting requirements.

The parties agree that the LMRDA does not expressly authorize a private right of action to enforce its reporting requirements.[14] Therefore, the question before the court is whether the LMRDA implicitly creates a private right of action.

In *Cort v. Ash*,[15] the Supreme Court identified four factors relevant to determining if a statute contains an implied private right of action: (1) whether the plaintiff is "one of the class for whose especial benefit the statute was enacted"; (2) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny" such a remedy; (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff; and (4) whether "the cause of action [is] one traditionally relegated to state law." However, the Supreme Court has since clarified that these factors are "not . . . entitled to equal weight" and "[t]he central inquiry remains whether Congress intended to create . . . a private cause of action."[16] Accordingly, the Tenth Circuit recognized that "*Cort* 's four factors have been effectively condensed into one—whether Congress, expressly or by implication, intended to create a private cause of action."[17]

---

[13] *Id.* § 433(a)(1), (3).
[14] Pls.' Opp'n 4.
[15] 422 U.S. 66, 78 (1975).
[16] *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979).
[17] *Sonnenfeld v. City & Cnty. of Denver*, 100 F.3d 744, 747 (10th Cir. 1996); *see also Johnson v. Interstate Mgmt. Co., LLC*, 849 F.3d 1093, 1097–98 (D.C. Cir. 2017) (noting that Supreme Court has been "very hostile to implied causes of action" since *Cort*, because to recognize an implied cause of action, a court must "conclude that Congress *intended* to provide a cause of action even though Congress did not expressly say as much in the text of the statute") (emphasis in original).

3

I. **Whether Congress Intended to Create a Private Right of Action to Enforce the LMRDA's Reporting Requirements**

"In the absence of an express private right of action in a given statute, there is a presumption that Congress did not intend to confer one."[18] This is because "where Congress has specifically stated 'one method of enforcing a substantive rule,' it 'suggests that Congress intended to preclude others.'"[19] Further, "[w]hen Congress includes particular language in one section of a statute but omits it from a neighbor, the [Supreme] Court normally understand[s] that difference in language to convey a difference in meaning . . . ."[20]

As stated above, the LMRDA expressly authorizes only the Secretary of Labor to enforce the LMRDA's reporting requirements, with no mention of private parties.[21] The LMRDA contains seven separate titles,[22] six of which have their own separate enforcement provision.[23] Several of these titles expressly authorize a private right of action,[24] suggesting that Congress's failure to do so regarding the LMRDA's reporting requirements was not an oversight.

---

[18] *Deem v. Baron*, No. 2:15-cv-00755-DS, 2020 WL 114138, at *19 (D. Utah Jan. 10, 2020); *see also Walton v. U.S. Bank*, No. 2:09-cv-931, 2010 WL 3928507, at *3 (D. Utah Oct. 4, 2010) ("[C]ourts rarely impute to Congress an intent to create a private right of action where a statute does not include explicit right- or duty-creating language.") (citing *Gonzaga University v. Doe*, 536 U.S. 273, 284 n.3 (2002)).

[19] *Moomey v. Express Messenger Sys., Inc.*, No. 2:21-cv-00575-DAK-JCB, 2022 WL 1785520, at *8 (D. Utah May 9, 2022) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001)), *report and recommendation adopted*, No. 2:21-CV-575-DAK-JCB, 2022 WL 1773018 (D. Utah June 1, 2022); *see also Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974) (conclusion that private suit was foreclosed was "clearly compel[led]" by the fact that the Amtrak Act "create[d] a public cause of action for the enforcement of its provisions and a private cause of action only under very limited circumstances"); *Dial A Car v. Transportation, Inc.*, 132 F.3d 743, 745 (D.C. Cir. 1998) ("a provision for public enforcement is a good indication that the [legislature] did not by its silence intend to create a parallel private right of action").

[20] *Bittner v. United States*, 598 U.S. 85, 94 (2023).

[21] 29 U.S.C. § 440.

[22] Title VII of the LMRDA consists solely of amendments to the National Labor Relations Act. *See* Pub. L. No. 86-257, 73 Stat. 519-46 (1959).

[23] *See* 29 U.S.C. §§ 412, 440, 464(a), 482, 501(b), 521(a).

[24] *See, e.g., id.* §§ 412 ("any person . . . may bring a civil action"), 464(a) ("[a]ny member . . . may bring a civil action"), 501(b) ("member may sue").

4

Additionally, an earlier version of the LMRDA would have expressly authorized both the Secretary and members of a labor organization to enforce its reporting requirements.[25] As the D.C. Circuit has noted, this version was not enacted, suggesting that Congress specifically considered and decided against allowing for a private right of action to enforce the LMRDA's reporting requirements.[26] As such, in holding that Congress did not intend to create a private right of action to enforce the LMRDA's reporting requirements, the D.C. Circuit reasoned, "[t]he particular consideration given by Congress to who should enforce the different provisions of the LMRDA leads us to the conclusion that Congress quite clearly decided that only the Secretary of Labor should be able to enforce" the LMRDA's reporting requirements.[27] Several other courts have come to the same conclusion.[28]

Plaintiffs' attempt to factually distinguish these cases is unavailing.[29] Plaintiffs correctly point out, for example, that the parties in *UAW v. National Right to Work*[30] had no employee-employer, union-employer, or member-union relationship. And other cases cited by Defendants did not involve any report filing with the Department of Labor.[31] However, these cases did not turn on or rely on these factual distinctions; they interpreted the LMRDA—specifically 29 U.S.C. § 440—and concluded that Congress did not intend to create a private right of action. Notably, Plaintiffs cite no case that has found a private right of action to enforce the LMRDA's reporting requirements.

---

[25] *See UAW v. Nat'l Right to Work Legal Def. & Educ. Found., Inc.*, 590 F.2d 1139, 1154 (D.C. Cir. 1978).
[26] *Id.* at 1155.
[27] *Id.*
[28] *See, e.g., UAW v. Brock*, 783 F.2d 237, 241 (D.C. Cir. 1986); *Phadnis v. Tata Am. Int'l Corp.*, No. 20-cv-6657 (VEC), 2021 WL 3374542, at *2 (S.D.N.Y. Aug. 3, 2021); *Hussein v. Hotel Emps. & Rest. Union Loc. 6*, No. 98-cv-9017-SAS, 1999 WL 767429, at *4 (S.D.N.Y. Sept. 28, 1999); *Engelmann v. Knudsen Corp.*, No. 89-cv-965-ACK, 1991 WL 352521, at *12 (D. Haw. Oct. 30, 1991).
[29] *See* Pls.' Opp'n 12–13.
[30] 590 F.2d 1139, 1154 (D.C. Cir. 1978).
[31] *See* Pls.' Opp'n 13.

Aside from attempting to distinguish these cases, Plaintiffs do not directly address any of the above.[32] Instead, they make two principal arguments.[33] First, Plaintiffs point to 29 U.S.C. § 431(c), which provides:

> Every labor organization required to submit a report under this title shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization . . . in the district court of the United States . . . to permit such member for just cause to examine any books, records, and accounts necessary to verify such report.

Because members of labor unions can sue to compel the production of "books, records, and accounts necessary to verify such report," Plaintiffs reason that one can infer that Congress intended the right to bring suit to also include the right to establish the obligation to file a report in the first instance.[34] However, if Congress intended to allow Plaintiffs to bring suit to enforce the LMRDA's reporting requirements, Congress easily could have included this language in § 440, as it did in some other sections. After all, "when Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."[35] That Congress did not so is much better evidence of its intent than an inference based on another section.

Second, Plaintiffs point to 29 U.S.C. § 501(b), which provides that when a representative of a labor union violates their fiduciary duties and the labor union or officers fail to sue within a reasonable time after being requested to do so by any member of the union, "such member may

---

[32] *See id.* 9–13.
[33] Plaintiffs also argue that the Court should infer a private right of action because doing so is consistent with the LMRDA's underlying purposes. Pls.' Opp'n 12. However, the critical question is not whether a cause of action is consistent with a statute's purpose but rather whether Congress intended to create it.
[34] Pls.' Opp'n 10.
[35] *Collins v. Yellen*, 594 U.S. 220, 248 (2021).

6

sue such officer . . . in any district court." Plaintiffs argue that while this section expressly creates the right of union members to sue, some courts have interpreted this section to also imply a private right of action for unions themselves.[36] Plaintiffs also acknowledge that other courts have interpreted § 501(b) to only allow suit by individual union members.[37]

Unlike § 440, § 501(b) explicitly refers to the possibility of a lawsuit by a labor union, as § 501(b) only affords individual members the right to sue if "the labor union . . . fail[s] to sue within a reasonable time . . . ." Moreover, § 501(b) expressly allows for a private right of action, while § 440 only mentions suit by the Secretary. "Where a statute provides an administrative enforcement mechanism, the presumption is that no private cause of action is intended."[38]

For the foregoing reasons, it seems clear that Congress did not intend to imply a private right of action to enforce § 440. As the Supreme Court has instructed, "[s]ometimes the suggestion [that the express provision of one method of enforcing a rule suggests Congress intended to preclude others] is so strong that it precludes a finding of congressional intent to create a private right of action, even though other aspects of the statute (such as language making the would-be plaintiff 'a member of the class for whose benefit the statute was enacted') suggest the contrary."[39] Such is the case here. Accordingly, the court need not analyze whether the statute was enacted for the "especial benefit" of Plaintiffs. The analysis could not change the result. Put differently, "[i]n light of the evidence of legislative intent to provide for enforcement

---

[36] Pls.' Opp'n 10–12.
[37] *Id.* at 11 n.4.
[38] *L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992); *UAW v. Nat'l Right to Work*, 590 F.2d at 1154 ("an express statutory provision for enforcement . . . at the behest of a public official ordinarily implies that no other means of enforcement was intended").
[39] *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001) (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145 (1985)).

only by the Secretary of Labor, it is unnecessary to determine whether the unions are within the class of those the statute was designed to protect."[40]

For all of the foregoing reasons, the court finds that 29 U.S.C. § 440 does not imply a private right of action.

## ORDER

The court GRANTS Defendants' motions to dismiss[41] Count V of Plaintiffs' First Supplemental Complaint with prejudice.[42]

DATED: January 29, 2025

BY THE COURT

_____
David Barlow
United States District Judge

---

[40] *See UAW v. Nat'l Right to Work*, 590 F.2d at 1155.
[41] SkyWest's Mot., ECF No. 72; SIA's Mot., ECF No. 75.
[42] First Supp. Compl., ECF No. 68.