Gregory M. Saylin (9648)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5800
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Patricia T. Stambelos (*Admitted Pro Hac Vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com

*Attorneys for SkyWest Airlines Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>    Plaintiffs,<br>v.<br><br>SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>    Defendants. | **SHORT FORM DISCOVERY MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFFS' OBJECTIONS TO SKYWEST AIRLINE INC.'S REQUESTS FOR ADMISSION**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Plaintiffs refused to respond to RFAs, claiming they are too vague and ambiguous.[1]  But, SkyWest's definitions are based on Plaintiffs' allegations regarding the folders that Price accessed on the SIA website and the information therein.  *See* Am. Complaint, ¶¶ 43, 47. Accordingly, pursuant to Rules 36(a)(6) and 37, SkyWest seeks an order overruling Plaintiffs' objections and compelling full responses.

As the objecting parties, Plaintiffs "[have] the burden to show such vagueness or ambiguity."  *Deya v. Hiawatha Hosp. Ass'n*, 2011 U.S. Dist. LEXIS 44337, at *6-7 (D. Kan. Apr. 25, 2011).  This burden cannot be satisfied by merely arguing that a term could encompass an unknown amount of information.  *See SEC v. Goldstone*, 300 F.R.D. 505, 514-15, 525 (D.N.M. 2014).  And, importantly, an objection fails when the requesting party relies on language the objecting party used to state its claims.  *See Brentwood Equities, Inc. v. Taco Maker, Inc.*, 2015 U.S. Dist. LEXIS 138100, at *5-6 (D. Utah Oct. 7, 2015) (plaintiff "is not entitled to rely upon affirmative factual allegations," while "simultaneously refusing to admit the same allegations" as to an RFA).

Here, Plaintiffs' sole objection is that the defined terms "SIA Folders" and "SIA Member Information" are "so vague and ambiguous" that Plaintiffs are incapable of answering.

SkyWest defines SIA Folders as:

> the folders located on the SIA website and/or the Documents and information contained within those folders, ***as discussed in paragraph 43 of the Amended Complaint.***

---

[1]  *See* AFA's responses to RFA Nos. 1-12 (Exhibit A); Price's responses to RFA Nos. 1-11 (Exhibit B); Grange's responses to RFA Nos. 1-11, 13 (Exhibit C); and Finley's responses to RFA Nos. 1-11, 13 (Exhibit D).

*See* Definition at 12, attached as Exhibits E-H (emphasis added); Am. Compl. ¶ 43.

Plaintiffs object to "SIA Member Information," which is also based on Plaintiffs' language in paragraphs 43 and 47 of the Amended Complaint. *See* Definition at 12.

SkyWest's definitions are not vague or ambiguous. For example, RFA No. 5 asks if Plaintiffs accessed, or attempted to access, the at-issue folders from the SIA website – the very folders Price alleged he accessed in the Amended Complaint. Similarly, RFA No. 1 asks whether the plaintiffs received or possessed certain information Price alleged was in those folders.

Plaintiffs cannot affirmatively rely on the allegations, while contending they cannot answer discovery based on that very language. *See*, Am. Compl. ¶¶ 43, 47; *Leeling v. Walmart, Inc.*, 2021 U.S. Dist. LEXIS 103202, at *8-9 (D. Colo. June 2, 2021) (responses were "nonsensical" based on prior concessions).

Where Plaintiffs should have provided responses without requiring a motion, SkyWest seeks recovery of its fees and costs. *See* Fed. R. Civ. P. 36(a)(6); Fed. R. Civ. P. 37(a)(5). Accordingly, SkyWest requests Plaintiffs provide complete responses to each of the objected to RFAs.[2]

---

[2] On March 14 at 11:00 am, Emily Howe, counsel for SkyWest, and Jeff Bartos, counsel for Plaintiffs, conferred by telephone regarding Plaintiffs' objections to the RFAs, but despite reasonable efforts were unable to resolve the dispute.

DATED this 21st day of March, 2024.

HOLLAND & HART LLP

*/s/ Emily Howe*
Gregory M. Saylin
Emily T. Howe

JONES DAY
Douglas W. Hall
Thomas R. Chiavetta

STAMBELOS LAW OFFICE
Patricia T. Stambelos

*Attorneys for SkyWest Airlines Inc.*

34468384_v1