Gregory M. Saylin (9648)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5973
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com

Patricia T. Stambelos (*Admitted Pro Hac Vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

*Attorneys for SkyWest Airlines Inc.*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY; <br><br> Plaintiffs, <br><br> v. <br><br> SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION; <br><br> Defendants. | **DEFENDANT SKYWEST AIRLINES, INC.'S SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF BRANDON FINLEY** <br><br> Civil No. 2:23-cv-00723-DBB-DBP <br><br> Judge David Barlow <br><br> Magistrate Judge Dustin B. Pead |

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant

SkyWest Airlines, Inc. ("SkyWest") submits the following Requests for Production of

Documents, Interrogatories, and Requests for Admission (collectively, "Discovery Requests") to

**EXHIBIT
G**

Plaintiff Brandon Finley ("Finley" or "Plaintiff") to be answered in writing within 30 days of service of these Discovery Requests.

## INSTRUCTIONS

1.    Separate Responses. Each Plaintiff must respond separately to all Discovery Requests.

2.    Construction. The terms "and" and "or" shall be construed disjunctively or conjunctively so as to require the broadest possible production in response to any given request. The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive. Regardless of whether any of these Document Requests, instructions, and definitions use a term in plural or singular form, the term shall be construed in both singular and plural forms as is necessary to require the most inclusive response.

3.    Documents Requested. The requests set out herein call for all Documents and Communications in Plaintiff's actual or constructive possession, control, or care, including without limitation those Documents in the actual or constructive possession, custody, control or care of any attorney, agent, or other representative of Plaintiff. In response to these requests, Plaintiff is required to make a diligent search of all Documents, Communications, and information in Plaintiff's possession or available to Plaintiff or Plaintiff's representatives. If Plaintiff subsequently becomes aware of any Document or Communications called for by the requests set out herein, Plaintiff is requested to provide a copy of that Document or Communication to Defendant or to identify it if is it expected to be in the Defendant's possession.

2

4. <u>Documents Withheld</u>. If any Document is withheld under a claim of privilege or other protection, Plaintiffs are required to provide the following information for purposes of determining the validity of the claim of privilege.

 a. The title, heading, or caption of the Document, if any, including without limitation any identifying number(s), letter(s), or combination thereof;

 b. The identity of the Person(s) who prepared the Document, who signed the Document and/or over whose name the Document was sent or issued;

 c. The identity of the Person(s) to whom the Document was directed;

 d. A description of the general nature of the Document (e.g., whether it is a letter, memorandum, email, telephone log, etc.) and substance of the Document (with sufficient particularity to enable the Court and parties hereto to identify the Document);

 e. The date appearing on the Document or if no date appears thereon, the date or approximate date on which the Document was prepared;

 f. The identity of the Person who has custody of, or control over, the Document and each copy thereof;

 g. The identity of each Person to whom copies of the Document were furnished;

 h. The number of pages of the Document;

 i. The basis on which any privilege or other protection is claimed; and

 j. Whether any non-privileged matter is included in the Document.

5.    <u>Partial Production/ Response</u>. If Plaintiff objects to a particular request or interrogatory, or portion thereof, Plaintiff must produce all Documents called for which are not subject to that objection and respond to all portions of the interrogatory that is not subject to that objection. Similarly, whenever a Document is not produced in full for some other reason, Plaintiff must state with particularity the reason(s) it is not being produced in full, and describe, to the best of Plaintiff's knowledge, information, and belief, and with as much particularity as possible, those portions of the Document which are not produced.

6.    <u>Documents Destroyed</u>. If any Documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each Document: (1) the type of Document; (2) a description of the nature and contents of the Document; (3) the identity of the author; (4) the circumstances under which it ceased to exist; (5) and the identity of all Person(s) who had knowledge of the contents.

7.    <u>Orderly Response</u>. Please produce the Documents called for herein in such a manner as will facilitate their identification with the particular request(s) to which they are responsive.

8.    <u>Diligent Search</u>. In answering these requests, you are required to make a diligent search of your records and other papers and materials in your possession or available to you or your representative.

9.    <u>Continuing Response</u>. These are continuing requests to the fullest extent provided for by Rule 26 of the Federal Rules of Civil Procedure. If, after answering these requests and before the completion of the trial of this matter, information or Documents are discovered by you, becomes known to you, or otherwise come into your possession, custody, or control that

would change or add to the answers or responses given any way, you shall supplement your previous answers or responses with such information or Document immediately upon any such matter coming to the attention of counsel without delay.

## DEFINITIONS

For purposes of these requests, the following terms have the meanings set forth below, irrespective of capitalization.

1. The term "all" shall refer to the whole quantity or extent of a particular group or thing, the greatest possible amount, and shall be used interchangeably with "any."

2. Any request for "all Documents" is meant to include all Documents in your possession, custody, or control, whether the Documents were compiled by you or by any other person for any reason.

3. "AFA" shall refer to Plaintiff Association of Flight Attendants-CWA, AFL-CIO and each of its officers, directors, members, employees, contractors, predecessors, subsidiaries, divisions, agents, attorneys, and representatives and any person or entity acting or purporting to act on its behalf, including without limitation Sara Nelson, Gailen David, and Steve Ekerberg.

4. "Amended Complaint" shall refer to Plaintiffs' First Supplemental Complaint that was filed by Plaintiffs on July 10, 2024, in the United States District Court for the District of Utah, bearing Case Number 2:23-cv-00723-DBB-DBP.

5. The term "any" shall mean one or more and is to be used interchangeably with "all."

6. "Communication" shall refer to and include any contact between two or more persons or entities, or a person and a file, including without limitation, any written or oral

5

expression, statement, or utterance of any nature whatsoever, including without limitation correspondence, conversations, letters, memoranda, emails, iMessages, chat, postings, social media messages, internet communications, direct messages, SMS text messages, tweets, or facsimile, other electronic messages, and oral contact by such means as face-to-face meetings, telecommunications, voicemail, and electronic Communications.

7.    "Document" shall mean a writing, as defined in Federal Rule of Civil Procedure 34(a), and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of Communication or representation, including without limitation letters, words, pictures, sounds or symbols, or combinations of them. The term "Document" means both internal and external documents. The term "Document" is not limited to paper Documents but includes electronically stored information ("ESI"), including without limitation all Communications transmitted by electronic mail, iMessage, chat, postings, internet Communications, direct messages, SMS text messages, social media messages, tweets, or facsimile, and includes every other means of recording upon any tangible thing, regardless of the manner in which the record has been stored, and all corresponding metadata. Without limiting the scope of the foregoing, the word "Document" shall include all originals, copies and drafts of all notes, memoranda, correspondence, advertisements, affidavits, agreements, bills, books, brochures, business records, cables, calendars, checks, contracts, catalogs, circulars, Communications, data compilations, desk calendars, diaries, diagnoses, drawings, emails, evaluations, expense accounts, invoices, journals, letters, ledgers, microfilm prints, minutes, manuals, notebooks, orders, periodicals, pictures, price lists, photographs, prescriptions,

publications, recordings, records, reports, receipts, schedules, statements, studies, summaries, tapes, telegrams, teletypes, telephone slips, time sheets, transcripts of records and recordings, transcripts, video or audiotapes, working papers, memoranda of telephone or other conversations by or with any Person(s), or any other written, recorded, transcribed, typed, or photographic matter, however produced or reproduced, translated if necessary through detection devices into reasonably usable form, and any other pertinent information set forth in written language or any electronic or magnetic representation thereof.  A non-identical draft or a copy altered in any way is a separate "Document" within the meaning of this term.

8.      "ESI" or "electronically stored information" shall mean and refer to all Documents, Communications, information, or other records available through any electronic platform, service, outlet, website, or application associated in any way with social media, internet-based or cloud storage, forums or message boards, listing services, website comment sections, or any other electronic system of Communication, including without limitation any real-time text, audio, picture, or video transmissions through the internet as well as any text, audio, picture, or video transmissions between mobile phones and/or fixed or portable devices, including without limitation server, network, desktop, laptop, or tablet computers whether private or public, and all corresponding metadata.  ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and ESI responsive to these Requests in your possession, custody, or control must be produced regardless of its origin, source, and/or past or present location.

9.     "Finley" shall refer to Plaintiff Brandon Finley and any person or entity acting or purporting to act on his behalf.

10.     "Grange" shall refer to Plaintiff Tresa Grange and any person or entity acting or purporting to act on her behalf.

11.     The term "identify" shall mean:

a.     With respect to a person or persons, to state (a) full name; (b) occupation, title or job description and date(s) of employment; (c) present or last known business and home addresses and telephone numbers; (d) personal and business e-mail address(es) and (e) when identifying a person or persons with respect to a specific act, state the relevant date(s) on which, and mean(s) by which, that specific act occurred;

b.     With respect to a corporation or other entity, to state its (a) full name; (b) form of entity (i.e., corporation, partnership, etc.); (c) type of business engaged in; (d) present business address and telephone number; (e) any website, email address or other electronic means you used to communicate with it; and (f) when identifying a corporation or other entity with respect to a specific act, state the relevant date(s) on which, and mean(s) by which, that specific act occurred;

c.     With respect to a Document, to state (a) the date and type of Document; (b) the identity of each author and each recipient; (c) the identity of each person or entity having custody of the Document; (d) the identity of each

person having knowledge of the Document's contents; and (e) a description of the Document's contents;

d.      With respect to an oral Communication or representation, to state (a) the time and place of the Communication or representation; (b) the identity of the person or entity making the Communication or representation; (c) the identity of each person or entity present at the time the Communication or representation was made; (d) a description of the substance of the Communication or representation; and (e) the identity of any Document reflecting, referring or relating to the Communication or representation;

e.      With respect to any other act, transaction or meeting, to state (a) the date and place where the act, transaction or meeting took place; (b) the identity of each person present or participating in it; and (c) a description of its substance;

f.      With respect to any email account or telephone number, to state (a) the name of the company providing the service; (b) the company's present business address and telephone number; and (c) any website, email address or other electronic means you used to communicate with the company;

g.      With respect to a computer, tablet, laptop, or similar device, to state (a) the type, model name, model number, and year of the device; (b) the owner of the device, (c) who is in possession of the device; (d) the internet

provider(s) utilized with the device, and (e) the last date the device was restored to factory settings and by whom;

h.  With respect to a phone, cellular phone, mobile device, or other similar device, to state (a) the type, model name, model number, and year of the device; (b) the owner of the device, (c) who is in possession of the device, (d) the carrier; (e) all phone numbers associated with the device, and (f) the last date the device was restored to factory settings and by whom; and

i.  With respect to a website, social media platform, or other similar medium, to state (a) the name of the site; (b) the specific page; (c) the uniform resource locator ("URL"); (d) the internet protocol address ("IP address") used to access the site; (e) the virtual private network ("VPN") used to access the site, if any, (f) the date(s) accessed; (g) any user name and/or account name used on the social media platform; and (h) the means by which the site was accessed; and

j.  With respect to any information not included in (a) through (i) above, to describe it with particularity, providing all facts and information about it that relate to the subject matter of the Interrogatory.

12.  "Lawsuit" shall refer to the action filed by Plaintiffs in the United States District Court for the District of Utah, bearing the case number 2:23-cv-00723-DBB-DBP, including without limitation all claims and counterclaims and as amended.

13.  The term "person" shall mean any and all individuals, corporations, proprietorships, partnerships, associations, limited liability companies, governmental bodies,

governmental agencies, and other public or private entities, and shall include the plural as well as the singular.

14.     "Plaintiff" or "Plaintiffs" shall refer to the Plaintiffs in this Lawsuit – Price, Grange, Finley, and AFA – collectively and individually.

15.     "Price" shall refer to Plaintiff Shane Price and any person or entity acting or purporting to act on his behalf.

16.     "Price's Video" shall refer to the video and/or screen recording referred to in paragraph 47 of the Amended Complaint, including without limitation any videos, images, recordings, files, or data that include any portion thereof.

17.     "Received" means to be given, presented with, and/or sent, whether or not what was received was actually accessed, opened, or/or kept by the person in receipt.

18.     The terms "relating to," or "relate to," "regarding," or "evidencing"  means, without limitation, referring to, alluding to, responding to, arising out of, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, or pertaining to, directly or indirectly, in whole or in part, in the broadest possible sense.

19.     "SIA" shall refer to Defendant SkyWest Inflight Association and each of its officers, directors, members, predecessors, subsidiaries, divisions, agents, attorneys, organizers, and representatives.

20.     "SIA Election" shall refer to the August 2023 SIA election referred to in paragraph 41 of the Amended Complaint.

11

21.     "SIA Folders" means the folders located on the SIA website and/or the Documents and information contained within those folders, as discussed in paragraph 43 of the Amended Complaint.

22.     "SIA Member Information" means information regarding SIA members, that was located in the SIA Folders, including without limitation SkyWest flight attendant names and corresponding employee numbers, voting credentials, voting identification numbers, any codes used to vote on the VoteNow website, and/or other unique numerical codes, including without limitation the data referred to in paragraph 43 and/or paragraph 47 of the Amended Complaint.

23.     "SkyWest" shall refer to Defendant SkyWest Airlines, Inc., and each of its officers, directors, shareholders, employees, predecessors, subsidiaries, divisions, agents, attorneys, and representatives.

24.     The terms "you," and/or "your" shall mean the individual or entity to which these requests are directed, and any entity or person acting or purporting to act on his/her/its behalf.

25.     "VoteNow" shall refer to the third-party vendor used in the SIA Election, referenced in Paragraph 41 of the Amended Complaint.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 19:**  All Documents, including without limitation Communications, on which any of your responses to the Requests for Admission and/or Interrogatories are based.

**REQUEST FOR PRODUCTION NO. 20:**  All agreements related to this Lawsuit, including without limitation joint defense agreements, common interest agreements, and engagement agreements.

12

**REQUEST FOR PRODUCTION NO. 21:**  All Documents, including without limitation Communications, sent or created prior to October 11, 2023, between you and any in-house attorney and/or outside counsel for AFA, including without limitation John H. Morse III.

**REQUEST FOR PRODUCTION NO. 22:**  All Documents, including without limitation Communications, related to your membership and/or other relationship with AFA, including without limitation those related to your becoming an AFA member.

**INTERROGATORIES**

**INTERROGATORY NO. 4:** Identify all computers, laptops, tablets, phones, cellular phones, or other similar device(s), email addresses, and social media platforms you used to access, create, send, forward, post, share, communicate, or transmit the information described in the Amended Complaint, including without limitation the SIA Folders, Price's Video, or any Communications relating to the same.

**INTERROGATORY NO. 5:**  Identify all persons paying or contributing to any of your legal fees, including without limitation attorneys' fees and costs related to the Lawsuit.

**INTERROGATORY NO. 6:** Identify the date(s) and means by which you and AFA communicated about the ability to access the SIA Folders, including without limitation the information contained in the SIA Folders, Grange and/or Price's access of the SIA Folders without limitation the information contained therein, and/or that any person, including without limitation Grange and/or Price had, or planned to, use, publish, or share such information.

**INTERROGATORY NO. 7:** Identify all date(s) and means by which you accessed any of the SIA Folders, including without limitation identifying all computers, laptops, tablets, phones, cellular phones, or other similar device(s) used for such access.

**INTERROGATORY NO. 8:**  Identify all persons to whom you sent or showed Price's Video, and all websites and social media sites on which you posted Price's Video.

**INTERROGATORY NO. 9**: For each individual and website listed in response to Interrogatory No. 8, identify the date(s) on which you sent the video or posted the video and the means by which you did so.

**INTERROGATORY NO. 10:** Identify and itemize all money paid and/or reimbursed to you by AFA, including without limitation, each amount paid, what the payment or reimbursement is for, and the corresponding date(s) upon which payment was received or is anticipated to be received.

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that you were in possession or receipt of SIA Member Information other than your own prior to August 14, 2023.

**REQUEST FOR ADMISSION NO. 2:**  Admit that you were in possession or receipt of SIA Member Information other than your own prior to August 15, 2023.

**REQUEST FOR ADMISSION NO. 3:**  Admit that you were in possession or receipt of SIA Member Information other than your own prior to August 16, 2023.

**REQUEST FOR ADMISSION NO. 4:**  Admit that you were in possession or receipt of SIA Member Information other than your own prior to October 11, 2023.

**REQUEST FOR ADMISSION NO. 5:**  Admit that you accessed, or attempted to access, one or more of the SIA Folders.

14

**REQUEST FOR ADMISSION NO. 6:**  Admit that, at the time you accessed, or attempted to access one or more of the SIA Folders, you did not have authorization from SIA to access any of the SIA Folders.

**REQUEST FOR ADMISSION NO. 7:**  Admit that you accessed SIA Member Information other than your own through one or more of the SIA Folders.

**REQUEST FOR ADMISSION NO. 8:**  Admit that you obtained and/or possessed one or more documents, images, videos, data files, or electronic medium containing SIA Member Information other than your own prior to October 11, 2023.

**REQUEST FOR ADMISSION NO. 9:**  Admit that, other than your own, at the time you obtained and/or possessed one or more documents, images, videos, data files, or electronic medium containing SIA Member Information prior to October 11, 2023, you knew you were not entitled or authorized by SIA to obtain or possess the same.

**REQUEST FOR ADMISSION NO. 10:**  Admit that you currently are in possession of SIA Member Information other than your own.

**REQUEST FOR ADMISSION NO. 11:**  Admit that, for the SIA Member Information that you have or had in your possession, you did not and do not have permission from every corresponding SkyWest employee to possess and/or obtain their SIA Member Information.

**REQUEST FOR ADMISSION NO. 12**:  Admit that you sent Price's Video to AFA before Grange posted Price's Video on any social media page.

**REQUEST FOR ADMISSION NO. 13:** Admit that you knew prior to August 7, 2023, that Price had the ability to access SIA Member Information through one or more of the SIA Folders.

15

**REQUEST FOR ADMISSION NO. 14**:  Admit that you accessed or Received one or more numerical voting codes and/or voter identification numbers, other than your own, discussed in paragraphs 43 and 47 of the Amended Complaint.

**REQUEST FOR ADMISSION NO. 15:**  Admit that AFA is paying for, funding, covering, or otherwise contributing to your legal costs and expenses, or a portion thereof, related to this Lawsuit, including without limitation your attorneys' fees.

DATED this 31st day of January, 2025.

HOLLAND & HART LLP

*/s/ Emily Howe*
Gregory M. Saylin
Emily T. Howe

Douglas W. Hall
Thomas R. Chiavetta
JONES DAY

Patricia T. Stambelos
STAMBELOS LAW OFFICE

*Attorneys for SkyWest Airlines Inc.*

16

**CERTIFICATE OF SERVICE**

On the 31st day of January, 2025, a copy of the foregoing DEFENDANT SKYWEST

AIRLINES, INC'S SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF BRANDON

FINLEY was served via email on counsel as follows:

John J. Grunert,
Jeffrey A. Bartos
GUERRIERI, BARTOS & ROMA, PC
1717 K Street, NW, Suite 900
Washington, DC 20006
jgrunert@geclaw.com
jbartos@geclaw.com

R. Scott Young
Christopher W. Droubay
SPENCER FANE LLP
10 Exchange Place 11th Floor
PO Box 45000
Salt Lake City, UT 84145-5000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

Gregg M. Formella
GREGG M. FORMELLA JD
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

Erik A. Christiansen
Christina M. Jepson
Sarah Jenkins Dewey
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
EChristiansen@parsonsbehle.com
cjepson@parsonsbehle.com
sdewey@parsonsbehle.com

*/s/ Emily Howe*

17

34134873_v1