Gregory M. Saylin (9648)
Jason D. Boren (7816)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5800
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com
*Attorneys for SkyWest Airlines Inc.*

Patricia T. Stambelos (*Admitted Pro Hac Vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>Plaintiffs,<br>v.<br><br>SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>Defendants. | **SHORT FORM DISCOVERY MOTION TO COMPEL ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO TO FULLY RESPOND TO INTERROGATORY NO. 6**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

AFA refused to properly respond to Interrogatory 6. SkyWest seeks an order compelling a full response.

Interrogatory 6 asks AFA to identify the devices (including computers, phones, and email addresses) AFA used to access or send the information described in the Amended Complaint,

including SIA Folders and Price's Video.  To "identify" requires providing specific information. *See* Definition §§ 11(f)-(i), attached as Exhibit A.  Through meet and confers, SkyWest excluded AFA's outside counsel from this interrogatory.  The parties are working to agree on what constitutes information described in the Amended Complaint.  But, AFA refused to provide information for the full definition of "identify" for in-house counsel only.

This information is relevant to the case and AFA has no grounds to withhold it. Information regarding devices, as opposed to communications, is not privileged.  *See United States ex rel. Dye v. ATK Launch Sys*., No. 1:06-cv-00039, 2011 U.S. Dist. LEXIS 28536, at *12-14 (D. Utah Mar. 9, 2011).[1]  Nor does AFA claim that so many AFA in-house counsel circulated Price's Video or accessed the SIA Folders that providing this information would be unduly burdensome or disproportionate.[2]

In meet and confers, AFA objected to "identify" as not being necessary or appropriate as to AFA in-house counsel.  But this information is equally relevant for AFA in-house counsel as it is for other AFA employees, nor are these valid reasons to withhold information.

Regardless, this information is necessary and appropriate.  It is undisputed that prior to the close of the SIA election, AFA employees were aware Price could access SIA Folders, SIA Member Information other than his own, and could log into the election under other's credentials.  Prior to the SIA election, an AFA employee asked Price to "quietly download" confidential information from the SIA website and send it to AFA.

---

[1]  SkyWest understands AFA will remove its privilege objection. If AFA does not, SkyWest reserves its right to file a discovery motion on these grounds.

[2]  If there was, AFA has not provided the information to support such a claim of burden, which also would be relevant.

Identification of AFA in-house counsel's devices is relevant to the case. For example, it is important to know the owner of the device to determine if AFA in-house counsel used personal devices or AFA-issued devices. It is likewise important to know the last date any device used was returned to factory settings, potentially deleting relevant information. This is particularly important here where at least one AFA employee is unsure if he received Price's Video, and no longer has access to the WhatsApp message to confirm. *See* AFA Resp. to Interrogatory 6.

Where AFA should have provided responses without requiring a motion, SkyWest seeks recovery of its fees and costs. *See* Fed. R. Civ. P. 37(a)(5). Accordingly, SkyWest requests AFA's response includes the identification of responsive AFA in-house counsel devices and addresses.[3]

DATED this 19th day of May, 2025.

HOLLAND & HART LLP

*/s/ Emily T. Howe*
Gregory M. Saylin
Jason D. Boren
Emily T. Howe

JONES DAY
Douglas W. Hall
Thomas R. Chiavetta

STAMBELOS LAW OFFICE
Patricia T. Stambelos

*Attorneys for SkyWest Airlines Inc.*

34875284_v1

---

[3] On April 9 at 1:00 pm, Emily Howe and John Grunert conferred by telephone, and exchanged subsequent written correspondences, but despite reasonable efforts were unable to resolve the dispute.