## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>   Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>SKYWEST AIRLINES, INC.; and SKYWEST INFLIGHT ASSOCIATION,<br><br>   Defendants/Counterclaim Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:23-cv-00723-DBB-DBP<br><br>Judge: David Barlow<br>Magistrate Judge: Dustin B. Pead |

### PLAINTIFF AFA'S RESPONSES AND OBJECTIONS TO DEFENDANT SKYWEST AIRLINES' SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff the Association of Flight Attendants-CWA, AFL-CIO ("AFA"), hereby provides the following Responses and Objections to SkyWest Airlines, Inc.'s ("SkyWest") Second Set of Interrogatories, dated January 24, 2025.

### ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 6:** Identify all computers, laptops, tablets, phones, cellular phones, or other similar device(s), email addresses, and social media platforms, AFA used to access, create, send, forward, post, share, communicate, or transmit the information described in the Amended Complaint, including without limitation the SIA Folders, Price's Video, or any Communications relating to the same.

> **RESPONSE:**  The AFA objects to Interrogatory No. 6 as overbroad, unduly burdensome, and/or irrelevant to the extent it seeks the identification of all "or any Communications relating to" the information described in the Complaint, the SIA Folders or Price's Video. The AFA also objects to the scope of information included in the definition of "Identify" in this respect as overly broad, unduly burdensome and disproportionate to the needs of the case. The AFA objects to the term "SIA Folders" as defined as vague and ambiguous. The

EXHIBIT B

AFA also objects on the ground that the Interrogatory seeks information covered by the attorney client privilege or work product doctrine. Notwithstanding the foregoing objections, then AFA Consultant and current AFA Campaign Representative Gailen David received Price's Video by WhatsApp message. Mr. David used his personal cell phone to access the WhatsApp application. To the best of his recollection, AFA Strategic Campaign Lead Steve Ekerberg may have received Price's Video by WhatsApp message. Mr. Ekerberg uses his personal cell phone to access the WhatsApp application.

**INTERROGATORY NO. 7:** Identify all persons who viewed, accessed, or received Price's Video, and the date(s) when and means by which they viewed, accessed, and/or received it, and/or it was sent to their email or other messaging account.

> **RESPONSE:** The AFA lacks knowledge or information sufficient to identify "all persons" who may have viewed, accessed, or received Price's Video. Upon information and belief, Ms. Grange received, accessed, and viewed Price's Video on August 14 and August 15, 2023 by WhatsApp message. Gailen David received Price's Video by WhatsApp message on August 14 and August 15, 2023. Mr. David did not access or view Price's video, except for in preparation of discovery responses in this action in late 2024. To the best of his recollection, Steve Ekerberg may have received Price's Video by WhatsApp message on August 14 and August 15, 2023. Mr. Ekerberg has not accessed or viewed Price's Video.

**INTERROGATORY NO. 8:** Identify all persons to whom AFA sent, showed, or gave access to Price's Video, including without limitation any employees, officers, and/or agents of AFA.

> **RESPONSE:** The AFA objects to Interrogatory No. 8 as seeking information protected by the attorney-client privilege and attorney work product doctrine. Other than persons whose identity is covered by that that objection, AFA states that there is no such person.

**INTERROGATORY NO. 9:** Identify every website and social media platform on which AFA posted, shared, or sent Price's Video.

> **RESPONSE:** There is no such website or platform.

**INTERROGATORY NO. 10:** For all persons, websites, and/or platforms identified in response to Interrogatory Nos. 8 and 9, identify the date(s) on which AFA showed, sent, or posted Price's Video, the specific AFA individual that showed, sent or posted same, and the means by which they did so.

**RESPONSE:**  *See* the AFA's responses to Interrogatories No. 8 and 9.

**INTERROGATORY NO. 11:** Identify all persons who received SIA Member Information, whether or not through accessing the SIA Folders or otherwise, including without limitation any employees, officers, and/or agents of AFA.

> **RESPONSE:**  The AFA objects to Interrogatory No. 11 as seeking information protected by the attorney-client privilege and attorney work produce doctrine. The AFA objects to the terms "SIA Folders" and "SIA Member Information" as defined as vague and ambiguous. The AFA lacks knowledge or information sufficient to identify "all persons" who may have received "SIA Member Information". Upon information and belief, the Video and/or screenshots were received by Shane Price, Tresa Grange, Brandon Finlay, Jacque Crossley, Kelly Frieders, Sam Hensley, Gailen David, Debbie Burt, and Jenny Nicolay. To the best of his recollection, Steve Ekerberg may have also received the Video and screenshots.

**INTERROGATORY NO. 12:** For each person identified in response to Interrogatory No. 11, identify how they used and/or what they did with SIA Member Information, including without limitation how they viewed it, where they stored it, and if they deleted it, when the deletion took place.

> **RESPONSE:**  The AFA objects to Interrogatory No. 12 as seeking information protected by the attorney-client privilege and attorney work produce doctrine. The AFA objects to the term "SIA Member Information" as defined as vague and ambiguous. The AFA lacks knowledge or information sufficient to identify how, or if, any individual who is not a Plaintiff or an agent of the AFA used, viewed, stored, or deleted any "SIA Member Information". The AFA states that Mr. Price recorded Price's Video and sent the video to Ms. Grange by WhatsApp message. Ms. Grange posted Price's Video on the SIA Facebook Group, the SkyWest 2.0 Facebook Group, and the SkyWest Online Forum. Gailen David and Brandon Finley received certain information as maintained on SIA's website in 2023, in the form of the Video and screenshots by WhatsApp message. They did not use such information. To the best of his recollection, Mr. Ekerberg may have received the Video and screenshots by WhatsApp message. He did not use any such information.

**INTERROGATORY NO. 13:** For each person identified in response to Interrogatory No. 11, identify what specific SIA Member Information they obtained, accessed, and/or received.

> **RESPONSE:**  The AFA objects to Interrogatory No. 13 as seeking information protected by the attorney-client privilege and attorney work produce doctrine. The AFA objects to

3

the term "SIA Member Information" as defined as vague and ambiguous. The AFA lacks knowledge or information sufficient to identify how, or if, any individual who is not a Plaintiff or an agent of the AFA obtained, accessed, and/or received "SIA Member Information". Upon information and belief Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, Kelly Frieders, and Sam Hensley received Price's Video, two screenshots of portions of the video, and one screenshot of a portion of information as maintained on SIA's website in 2023, by WhatsApp message. Upon information and belief, Debbie Burt and Jenny Nicolay received Price's Video by WhatsApp message. Gailen David received Price's Video, two screenshots of portions of the video, and one screenshot of a portion of information as maintained on SIA's website in 2023. To the best of his recollection, Steve Ekerberg may have received Price's Video, two screenshots of portions of the video, and one screenshot of a portion of information as maintained on SIA's website in 2023.

**INTERROGATORY NO. 14:** Identify all persons, who accessed the SIA Folders, including without limitation any employees, officers, and/or agents of AFA.

**RESPONSE:** The AFA lacks knowledge or information sufficient to identify "all persons" who may have accessed the SIA Folders. The AFA objects to the term "SIA Folders" as defined as vague and ambiguous. To the AFA's knowledge and belief, Mr. Price accessed SIA's website as maintained in 2023.

**INTERROGATORY NO. 15:** Identify all persons who knew that Price was able to access the SIA Folders, that Price had obtained SIA Member Information, that Price and/or Grange in fact accessed such information, and/or that any person, including without limitation Price and/or Grange had used, published or shared such information.

**RESPONSE:** The AFA objects to Interrogatory No. 15 to the extent it calls for the mental impressions of unnamed persons. The AFA objects to Interrogatory No. 15 as overbroad, unduly burdensome, and irrelevant to the extent it is unlimited in time and/or encompasses any time after the August 15, 2023 posting of Price's Video. The AFA objects to the terms "SIA Folders" and "SIA Member Information" as defined as vague and ambiguous. The AFA lacks knowledge or information sufficient to form a belief as to what "all persons" "knew" about the access of "SIA Member Information". Upon information and belief, Ms. Grange knew that Mr. Price accessed the SIA website as maintained in 2023 and that he had recorded the Video. Upon information and belief, Brandon Finlay, Jacque Crossley, Kelly Frieders, Sam Hensley, and Gailen David were on notice that Mr. Price had accessed public portions of SIA's website, that Mr. Price had recorded Price's Video, that he shared the video on WhatsApp, and that Ms. Grange posted Price's Video on the SIA Facebook Group, the SkyWest 2.0 Facebook Group, and the SkyWest Online Forum. Upon information and belief, Debbie Burt and Jenny Nicolay were on notice that Ms. Grange had sent Price's Video to each of them.

4

**INTERROGATORY NO. 16:**  Identify all persons and entities AFA told that Price was able to access the SIA folders, that Price had obtained SIA Member Information, that Price and/or Grange had accessed such information, and/or that any person, including without limitation Price and/or Grange had used, published, or shared such information.

> **RESPONSE:**  The AFA objects to Interrogatory No. 16 as seeking information protected by the attorney client privilege or work product doctrine. The AFA objects to the terms "SIA Folders" and "SIA Member Information" as defined as vague and ambiguous. Subject to such objections, the AFA is not aware of any such person or entity.

AS TO ANSWERS to Interrogatories directed at Plaintiff AFA,

I hereby declare under penalty of perjury that the foregoing answers are true and correct.

DATED:  February 24, 2025

/s/ *John H. Morse*
John H. Morse III, Esq.
Associate General Counsel
Association of Flight Attendants-CWA
Electronic signature added by permission of John H. Morse III.

AS TO OBJECTIONS,

DATED: February 24, 2025

/s/ *John J. Grunert*
JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com

5