Gregory M. Saylin (9648)
Jason D. Boren (7816)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5800
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com
*Attorneys for SkyWest Airlines Inc.*

Patricia T. Stambelos (*Admitted Pro Hac Vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY; <br><br> Plaintiffs, <br> v. <br><br> SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION; <br><br> Defendants. | **SHORT FORM DISCOVERY MOTION TO COMPEL ASSOCIATION OF FLIGHT ATTENDANTS-CWA TO PROPERLY LOG ATTORNEY CLIENT PRIVILEGED AND WORK PRODUCT DOCUMENTS, COMMUNICATIONS, AND INFORMATION** <br><br> Civil No. 2:23-cv-00723-DBB-DBP <br><br> Judge David Barlow <br> Magistrate Judge Dustin B. Pead |

AFA rejected SkyWest's proposal regarding what to include on a privilege log for attorney client and/or work product information and documents. SkyWest seeks an order compelling AFA to comply with its proposal below.

"When a party withholds information" as privileged it must "expressly make the claim" and describe the withheld information or documents "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

This case raises complex attorney client privilege issues. The individual Plaintiffs are not members or employees of AFA, making any claimed privilege between AFA in-house counsel and individual Plaintiffs doubtful. AFA associate general counsel John Morse withdrew as counsel, and AFA has not clarified whether he still represents the individual Plaintiffs.[1] Where there would be no privilege between any AFA attorney and the individual Plaintiffs absent the individual Plaintiffs retaining such attorney, the temporal scope of the privilege log is critical. Further, given Price's and Grange's related criminal actions, the crime fraud exception may apply to communications, necessitating a fulsome privilege log.

SkyWest proposed Plaintiffs log all responsive documents and information that Plaintiffs claim are privileged attorney client communications or work product that occur between:

- Price and his attorney(s) prior to the later of, October 11, 2023 (the date of Plaintiffs' Complaint) or engagement by Price;[2]

- Price, Grange, and/or Finley and any AFA counsel, for any time frame, except for attorneys at Guerrieri, Bartos & Roma; Spencer Fane; and Bredhoff & Kaiser after October 11, 2023.

AFA agreed to provide a privilege log, but declined to comply with this procedure. Specifically, AFA objects to the time identified in the first bullet – communications/ information that occur before *the later of* October 11, 2023 or the date of engagement of counsel by the

---

[1] If he does not, any current communications would not be privileged.

[2] SkyWest proposed the same for Gange, Finley, and AFA and their respective attorneys.

Plaintiff.  AFA contends it should be the *earlier of* October 11, 2023 or engagement of counsel.

AFA's proposal could prevent SkyWest from assessing entries that may be subject to the crime

fraud exception.  While SkyWest does not dispute that, in some instances, information may be

privileged prior to officially engaging counsel, that doesn't excuse AFA from putting it on a log.

If any Plaintiff officially engaged any counsel after the filing of the complaint, and is

withholding information on the grounds of privilege, SkyWest is entitled to a log of this

information to make an appropriate assessment.

SkyWest's proposal is reasonable and required under Rule 26.  AFA should have agreed

without a motion, thus SkyWest seeks recovery of its fees and costs.  *See* Fed. R. Civ. P.

37(a)(5).  SkyWest requests AFA's forthcoming privilege log comply with the scope proposed

for attorney client and/or work product information, communications, and documents.[3]

DATED this 19th day of May, 2025.

HOLLAND & HART LLP

*/s/ Emily T. Howe*

Gregory M. Saylin
Jason D. Boren
Emily T. Howe

JONES DAY
Douglas W. Hall
Thomas R. Chiavetta

STAMBELOS LAW OFFICE
Patricia T. Stambelos

*Attorneys for SkyWest Airlines Inc.*

34874035_v1

---

[3] On April 9 at 1 pm, Emily Howe and John Grunert conferred by telephone, and exchanged written correspondences, but despite reasonable efforts were unable to resolve the dispute.