# Exhibit F



201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Main  801.532.1234
Fax  801.536.6111

A Professional
Law Corporation

Sarah Jenkins Dewey
Attorney at Law
Direct  801.536.6982
SDewey@parsonsbehle.com

April 7, 2025

**VIA EMAIL**

Scott Young
Christopher W. Droubay
SPENCER FANE LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
rsyoung@spencerfane.com
cdroubay@spencerfane.com

Jeffrey A. Bartos
John J. Grunert
GUERRIERI, BARTOS & ROMA
1717 K Street, NW, Suite 900
Washington DC 20006
jbartos@geclaw.com
jgrunert@geclaw.com

Re:   Request to Meet and Confer Regarding Plaintiffs' Discovery Responses

Dear Counsel,

We are writing pursuant to Federal Rule of Civil Procedure 37 and Local Rule DUCiv 37-1, as well as Section E of the Standard Protective Order ("SPO") entered by the Court on July 11, 2024. *See* Dkt. 71. Defendant SkyWest InFlight Association ("SIA") believes that the documents produced by Plaintiffs as AFA004879–AFA004979 are improperly designated as CONFIDENTIAL under the SPO.

The SPO states that a party may designate documents as CONFIDENTIAL "when they in good faith believe" those documents contain "trade secrets or nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information." SPO, section (A)(1).

The information produced as AFA004879–AFA004979 does not contain trade secrets or proprietary confidential technical, scientific, financial, business, health, or medical information. The information produced as AFA004879–AFA004979 instead contains conversations between Plaintiffs Shane Price, Tresa Grange, and other SkyWest flight attendants and/or AFA employees.

April 7, 2025
Page Two

      To the extent that you claim the information produced as AFA004879–AFA004979 is "protected activity" under Section Two, 3 and 4 of the Railway Labor Act, "protected activity" of this nature is not considered by the SPO or case law as a basis for designating information confidential. *See Degrandis v. Children's Hosp. Bos.*, 203 F. Supp. 3d 193, 199–200 (D. Mass. 2016) ("Congress has never acted to establish a labor relations privilege, and no federal court has ever recognized it. In fact, several federal courts have expressly rejected such a privilege."); *Hernandez v. Off. of the Comm'r of Baseball*, 331 F.R.D. 474, 478 (S.D.N.Y. 2019) ("In sum, to the extent that a union relations privilege has been recognized under the federal common law, it covers only communications made in the context of representation by a union representative during disciplinary proceedings.").

      Nothing herein should be construed as a waiver of SIA's right to raise additional issues with Plaintiffs' responses to SIA's discovery requests. SIA provides this letter as a useful starting point from which to discuss Plaintiffs' designations in a telephonic meet and confer. We look forward to scheduling a call within the next few business days to discuss this designation and avoid the need for a short-form discovery motion. Christina Jepson and I are available for a call on Wednesday, Thursday, or Friday of this week. Please email me at your convenience to discuss a mutually agreeable time to meet and confer.

      Sincerely,

      PARSONS BEHLE & LATIMER

      */s/ Sarah Jenkins Dewey*

      Sarah Jenkins Dewey

CC:    Erik Christiansen
         Christina M. Jepson
         Gregg Formella

4920-7265-0545.v1