SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

JOSHUA SHIFFRIN, *pro hac vice*
GRACE RYBAK, *pro hac vice*
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
grybak@bredhoff.com

*Counsel for Association of Flight Attendants-CWA, Shane Price, Tresa Grange, and Brandon Finley*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>Plaintiffs,<br><br>v.<br><br>SKYWEST AIRLINES, INC.; and SKYWEST INFLIGHT ASSOCIATION;<br><br>Defendants. | **PLAINTIFF AFA'S OPPOSITION TO DEFENDANT SKYWEST AIRLINES, INC.'S SHORT FORM DISCOVERY MOTION TO COMPEL ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO TO FULLY RESPOND TO INTERROGATORY NO. 6**<br><br>Case No.2:23-cv-00723-DBB-DBP<br>Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

SkyWest has failed to demonstrate that it has any need for detailed information regarding

the computer hardware and software used by AFA in-house counsel, who previously was also

counsel for all the Plaintiffs herein. SkyWest has not shown, as it must under Rule 26(b)(1), Fed. R. Civ. P., that the requested information from counsel is "relevant to any party's claim or defense." The motion should therefore be denied.

Interrogatory 6 asks for the identification of computers, phones, and email addresses used for the transmittal of certain information. It defines "identify" to include the provision of a host of details such as service providers, model numbers, internet providers, and carriers. *See* Mot. Exh. A, Section 11(f)-(i) (detailing the information sought in the "identification"). Regarding counsel for the parties, the underlying communications are all privileged and will be identified on a privilege log per agreement of the parties. SkyWest has acknowledged that it does not need the granular identification of hardware and software from outside counsel to Plaintiffs, Mot. 2, but persists in demanding these details with regard to AFA counsel and former litigation counsel John Morse. There is no rationale for this intrusive demand, particularly where the underlying communications are privileged as a matter of law, *Upjohn Co. v. United States*, 449 U.S. 383, 394-95 (1981).

SkyWest asserts that this information from attorney Morse is "necessary and appropriate," and "relevant," but gives no coherent reason for these conclusions. It points to a communication produced in discovery regarding whether certain information could be downloaded from a SIA website, Mot. 2, but this communication is not alleged to, and did not, involve Mr. Morse.[1] It states that "it is important to know" if Mr. Morse used "personal devices or AFA-issued devices," Mot. 3, but does not explain why this fact would be important. Nor does SkyWest address the relevance or importance of the myriad other device details it seeks to be "identified."

---

[1] The communication at issue is reproduced in SIA's proposed Amended Counterclaims. Doc. 103-2, para. 26.

SkyWest properly agreed to drop its demand for this information regarding privileged communications involving outside counsel, but has wrongly persisted in seeking, and is now moving to compel, this information from in-house counsel. While such factual detail is not in itself privileged, the burden of the intrusion on counsel is not outweighed by *any* showing of true relevance which would warrant compelled production. *See Broessel v. Triad Guar. Ins. Corp.,* 238 F.R.D. 215, 218 (W.D. Ky. 2006) (joint defense agreement, while not privileged, was not relevant and therefore not discoverable); *Rayman v. Am. Charter Fed. Sav. & Loan Ass'n,* 148 F.R.D. 647, 660 (D. Neb. 1993) (billing statements, while not privileged, were not relevant and therefore not discoverable).

SkyWest's motion should be denied.

Dated: May 27, 2025   /s/ *John J. Grunert*

John J. Grunert, *pro hac vice*
Jeffrey A. Bartos, *pro hac vice*
Guerrieri, Bartos & Roma, PC
1717 K Street, NW, Suite 900
Washington, DC  20006
(202) 624-7400
jgrunert@geclaw.com
jbartos@geclaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on May 27, 2025, I electronically filed the foregoing Opposition to Defendant SkyWest's Short Form Discovery Motion with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.


 /s/ *John J. Grunert*
John J. Grunert, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
(202) 624-7400
jgrunert@geclaw.com

*Counsel for Plaintiffs*