IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS AFL-CIO, SHANE PRICE, TRESA GRANGE and BRANDON FINLEY,<br><br>        Plaintiffs,<br><br>vs.<br><br>SKYWEST AIRLINES INC, and SKYWEST INFLIGHT ASSOCIATION,<br><br>        Defendants. | **RULING & ORDER DENYING DEFENDANT'S SHORT FORM DISCOVERY MOTION**<br><br>**Case No. 2:23-cv-00723**<br><br>**United States District Judge David Barlow**<br><br>**Magistrate Judge Dustin B. Pead** |

This matter is referred to Magistrate Judge Dustin B. Pead by District Court Judge David Barlow pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Currently before the court is Defendant SkyWest Airlines Inc.'s ("Defendant" or "SkyWest") Short Form Discovery Motion ("Motion") to Compel Plaintiff Association of Flight Attendants AFL-CIO ("Plaintiff" or "AFA") to fully respond to Interrogatory 6.[2]

---

[1] ECF No. 44, Notice of Non-Consent.

[2] ECF No. 101, Defendant SkyWest Airline's Short Form Discovery Motion. SkyWest indicates it met and conferred with AFA's counsel on April 9, 2025, but was unable to resolve the dispute. *See* DUCivR 37(1)(b)(2) (short form meet and confer requirements).

-1-

## **INTERROGATORY**

On January 24, 2025, SkyWest provided its second set of discovery requests to Plaintiff.[3]

Specifically, Interrogatory No. 6 requests AFA to :

> Identify all computers, laptops, tables, phones, cellular phones, or other similar device(s), email addresses, and social media platforms, AFA used to access, create, send, forward, post, share, communicate, or transmit the information describe in the Amended Complaint, including without limitation the SIA Folders, Price's Video, or any Communications relation to the same.[4]

As defined in the requests, the term "identify" incorporates different types of information based on the mode of communication involved and includes, but is not limited to, identification of service providers, model numbers, internet providers and mobile phone carriers.[5] SkyWest does not seek information responsive to Interrogatory 6 from outside counsel, but does seek responsive information from AFA's in-house counsel and AFA's former litigation counsel, Mr. John Morse.[6]

In response, AFA objects to Interrogatory 6 and the SkyWest's definition of the term "identify" as overbroad, unduly burdensome and irrelevant to the extent that they broadly seek "identification of all 'or any Communications relating to' the information described in the Complaint, the SIA Folders or Price's Video."[7]

---

[3] ECF No. 101-1, SkyWest Airlines Inc.'s Second Set of Discovery Requests to Plaintiff Association of Flight Attendants-CWA AFL-CIO.

[4] *Id.* at 13.

[5] *Id.* at 9-10 (f)-(i).

[6] ECF No. 101; ECF No. 105.

[7] ECF No. 101-2, Plaintiff AFA's Responses and Objections to Defendant SkyWest Airlines' Second Set of Interrogatories.

## **DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) governs discovery in this litigation.[8] This Rule

outlines the boundaries of discovery and provides for discovery of

> Any nonprivileged matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed discovery outweigh its
> likely benefit. Information within this scope of discovery need not be admissible in
> evidence to be discoverable.[9]

Courts broadly construe relevance, and a discovery request is considered if there is, "any

possibility" that the information sought may be relevant to the claim or defense of any party.[10]

In the instant motion, SkyWest seeks identification of computers, phones and email

addresses used by AFA's in-house counsel for the transmittal of information. SkyWest contends

the information is relevant because it is important to know if Plaintiff's in-house counsel utilized

"personal devices or AFA issued devices" and to "know the last date any device used was

returned to factory settings."[11] While such factual detail is not *per se* privileged, the burden

imposed by SkyWest's request is not outweighed by any clear showing of relevance. In the

context of the amended complaint and the requisite relevance to a party's claim or defense,

whether personal or AFA issued devices were used or the importance of the myriad other device

details which SkyWest seeks remains unclear and, absent additional information, does not

---

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Id.*

[10] *See, e.g., Sheldon v. Vermonty,* 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[11] ECF No. 101 at 3.

warrant compelled production. Simply stating that information is relevant does not make it so, and SkyWest has not met its burden.[12]

Accordingly, SkyWest's Short Form Motion to Compel and request for attorney fees and costs is DENIED.[13]

Dated this 29th day of May 2025.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge

---

[12] *Johnson v. Kraft Foods N. Am., Inc.,* 238 F.R.D. 648, 653 (D. Kan. 2006) (if relevance of discovery request is not obvious, it is the party seeking to compel discovery who bears the burden of establishing relevance).

[13] ECF No. 101.