SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA SHIFFRIN, *pro hac vice*
GRACE RYBAK, *pro hac vice*
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone:  (202) 842-2600
jshiffrin@bredhoff.com
grybak@bredhoff.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-CWA, Shane Price, Tresa Grange, and Brandon Finley*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

|  |  |  |
|---|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY; <br><br> Plaintiffs, <br><br> v. <br><br> SKYWEST AIRLINES, INC.; and SKYWEST INFLIGHT ASSOCIATION; <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **PLAINTIFFS' OPPOSITION TO MOTION TO AMEND COUNTERCLAIMS AND JOIN ADDITIONAL PARTIES** <br><br><br> Case No.2:23-cv-00723-DBB-DBP <br> Judge David Barlow <br> Magistrate Judge Dustin B. Pead |

Plaintiffs the Association of Flight Attendants, Shane Price, Tresa Grange and Brandon Finley respectfully oppose the motion of the SkyWest Inflight Association ("SIA") to expand (and thereby prolong) this litigation by adding new parties as counterclaim defendants. Plaintiffs do not oppose SIA's Motion to the extent it seeks to amend its counterclaims against the *existing* parties,[1] but do oppose the effort to now bring in two individual counterclaim defendants who reside in other jurisdictions and whose involvement with the key claims are tangential, at best. The Court has substantial discretion in ruling on this belated request, and a balancing of the relevant factors counsels strongly against granting the motion in this regard.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this action to address fundamental illegalities in the operations of SkyWest Airlines and SIA, the organization SkyWest created, controls and funds as the supposed representative of SkyWest Flight Attendants. Under the guise of "recognizing" SIA as a collective bargaining representative, SkyWest seeks to deter its Flight Attendants from organizing their own autonomous collective bargaining representative and seeking competitive wages and benefits, as well as fair work rules and job protection. When SkyWest Flight Attendants Shane Price and Tresa Grange blew the whistle on an internal SIA election which, by SIA's belated admission, was corrupted by the actions of a recent SIA Vice President who was

---

[1] Although Plaintiffs do not oppose SIA's motion with respect to the proposed claims against the existing Plaintiffs, Plaintiffs expect to demonstrate in a forthcoming motion to dismiss that those claims fail to state claims for relief or otherwise are due to be dismissed as a matter of law.

casting hundreds of fraudulent votes in an attempt to secure her return to office, they were fired by SkyWest and abandoned by SIA in violation of its federal duty of fair representation.[2]

In response to the filing of this lawsuit, and funded completely by SkyWest Airlines, SIA has asserted counterclaims against its own former members claiming that they have violated state and federal laws in exposing the corrupted election, in a transparent attempt to defeat the ongoing efforts of SkyWest flight attendants to seek a federally supervised union representation election. SIA boasts that Plaintiffs Shane Price and Tresa Grange were criminally charged with respect to the conduct alleged in this case, ECF No. 103-1 at ¶ 4, but the criminal charges have since been dismissed with prejudice after investigation by the office of the Utah Attorney General, who concluded that there was "insufficient evidence" for the charges. See Exhibits A (Motions to Dismiss) and B (Orders of Dismissal).

Now, well over a year into this litigation, SIA moves the Court to add two new parties to the case–flight attendant Jacque Crossley, and AFA representative Gailen David. Ms. Crossley, who lives in California, is principally alleged to have sent and received a few text messages which, in SIA's telling, constituted a conspiracy as well as substantive violations of federal and state law. And Mr. David, who lives in Florida, is alleged–at most–to have over two days in

---

[2] In related litigation pending in this Court, the United States Secretary of Labor has filed two lawsuits against SIA related to its elections. One alleges that SIA has violated the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA) by disqualifying a member from running in the September 2024 election without providing proper notice or due process. *Chavez-DeRemer v. SkyWest Inflight Ass'n*, Case No. 2:24-cv-956 (D. Utah). The other alleges that SIA has violated the LMRDA by providing inadequate safeguards for its elections, failing to hold elections every three years, failing to follow its bylaws governing candidate nominations, improperly disqualifying candidates, and providing inadequate election notice. *Chavez-DeRemer v. SkyWest Inflight Ass'n*, Case No. 2:24-cv-492 (D. Utah).

April 2023 encouraged or suggested to others that they might download information which SIA claims to be confidential.

A review of the Proposed Amended Counterclaim ("PAC"), ECF No. 103-2, reveals that the allegations against both Ms. Crossley and Mr. Price are vanishingly scant.

A.    With respect to Ms. Crossley, SIA alleges that she received messages from Mr. Price showing that he could access SIA member information and had made a video of how that information could be used in the election process, and communicated her desire that the flaws in SIA's election process should be "expose[d]."  PAC ¶¶ 23-24, 37, 39, 41, 43.  She inquired of others "how should we use this information" regarding the election process, but is not alleged to have directed or taken any action herself.  *Id.* ¶ 47.

Based on these slender reeds, SIA seeks to add Ms. Crossley to this lawsuit and to assert claims for violations of the federal Computer Fraud and Abuse Act (for her "support and encouragement" of Mr. Price), *id.* at ¶ 86; for "conspiracy to unlawfully obtain SIA's Confidential Member Information," ¶ 121; and for Tortious Interference with SIA's contractual relationship with its members by taking action to "undermine and compromise SIA's August 2023 Election," *id.* at ¶¶ 126-128.

B.    With respect to Mr. David (who is not a SkyWest Flight Attendant), SIA identifies him as an AFA agent who lives in Florida and has supported AFA's SkyWest organizing drive. PAC ¶ 10.  SIA alleges that on April 13-14, 2023, after learning from Mr. Price that certain information about SkyWest flight attendants was available, he asked Price if "[c]an we quietly download this information every month" and also asked others within AFA if the information may be useful "for compiling data on SkyWest."  *Id.* at ¶¶ 23-24, 26, 28.  Mr. David is not

alleged to have taken any action after those two April 2023 emails, nor is he alleged to have himself improperly accessed or used any information.  He is not alleged to have done anything with respect to SIA's August 2023 election, but only to have been a silent member of a group chat in which others were discussing the election and what to do about the corruption of that process.  *Id.* at ¶¶ 44, 57, 65.

Based on these allegations, SIA seeks to add Mr. David to this lawsuit and to assert the same three claims it seeks to assert against Ms. Crossley (federal Computer Fraud and Abuse Act claim for his "support and encouragement" of Mr. Price, *id.* at ¶ 86; conspiracy "to unlawfully to obtain SIA's Confidential Member Information," ¶ 121; and Tortious Interference with SIA's contractual relationship with its members by taking action to "undermine and compromise SIA's August 2023 Election," *id.* at ¶¶ 126-128).  In addition, SIA would assert a Utah claim of "Trespass to Chattels" based on his having "encouraged Price to access SIA's Confidential Member information and website and to steal such information."  *Id.* at ¶ 117.

**LEGAL STANDARD**

To join Gailen David and Jacque Crossley as counterclaim defendants, SIA must satisfy the requirements of two rules.  First, under Federal Rule of Civil Procedure 16, "parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014); *Kernen v. Casillas Operating, LLC*, No. CIV-18-00107-JD, 2020 WL 12787581, at *4-5 (W.D. Okla. May 4, 2020) (applying good cause standard to amendments to join parties); *see* Fed. R. Civ. P. 16(b)(4).  This Court has "considerable discretion" in deciding whether SIA has made a sufficient showing of good cause.  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988

4

(10th Cir. 2019) (quoting 3 James Wm. Moore, *Moore's Federal Practice* § 16.14 (3d ed. 2019)). The factors that the Court may consider include (1) the "relative diligence of the lawyer . . . who seek[s] the change," (2) whether "refusing to grant the continuance would create a substantial risk of unfairness to" the party seeking modification; and (3) "possible prejudice to the party opposing the modification." *Id.* (quoting *Moore's Federal Practice* § 16.14, then quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

Second, after showing good cause for modifying the scheduling order, SIA must show that joinder is appropriate under either Federal Rule of Civil Procedure 19 or Federal Rule of Civil Procedure 20. Under the relevant portion of Rule 19, a party is "necessary to a suit if: (1) 'in that person's absence, the court cannot accord complete relief among the existing parties.'" *Alabama-Quassarte Tribal Town v. United States*, 899 F.3d 1121, 1123 (10th Cir. 2018) (quoting Fed. R. Civ. P. 19). That inquiry turns on whether, in the absence of the purportedly necessary parties, SIA could achieve its requested relief. *See Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001).

Under Rule 20, parties may be joined as defendants—or here, counterclaim defendants— if a "right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all [counterclaim] defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). But this Court has "broad discretion to join parties or not," *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017), arising from the Court's inherent authority to manage its docket, *Dietz v. Bouldin*, 579 U.S. 40, 47-48 (2016). Even where additional defendants "meet[] the technical requirements of Rule 20, 'district courts have the discretion to refuse joinder in the interest of

5

avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'" *Mehdiyev v. Qatar Nat'l Tourism Council*, 532 F. Supp. 3d 1065, 1069 (D. Colo. 2021) (quoting *Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 202 (5th Cir. 2017)); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008); *see also* 7 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1652 (4th ed. 2025) (A district court "has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay."). That ample discretion allows district courts to make Rule 20 decisions that "comport with 'the principles of fundamental fairness.'" *Ghaly v. USDA*, 228 F. Supp. 2d 283, 293 (S.D.N.Y. 2002) (quoting *Shaw v. Munford,* 526 F. Supp. 1209, 1213 (S.D.N.Y. 1981)).

## ARGUMENT

Two core factors drive the Rule 16 and Rule 20 inquiries: prejudice and delay. Both factors weigh heavily against joining David and Crossley as counterclaim defendants. SIA fails to link David and Crossley to its alleged injuries while simultaneously declining to join the one flight attendant who, by its own admission, cast fraudulent votes in its election (and who had nothing to do with AFA or the representation campaign). The deficiencies in its allegations render the burdens of joinder on David and Crossley unjustified and unfair. In addition, SIA waited too long to add two new counterclaim defendants to counterclaims filed in February 2024. And SIA's reliance on Rule 19 for joinder is misplaced–neither David nor Crossley are "necessary parties" under that rule.

## I.      Joining David and Crossley Would Impose Unfair Prejudice.

This Court should deny joinder of David and Crossley based on the "principles of fundamental fairness." *See Mehdiyev*, 532 F. Supp. 3d at 1069 (quoting *Fed. Ins. Co.*, 850 F.3d at 202); *Ghaly*, 228 F. Supp. 2d at 293; 7 Wright, § 1652. Dragging out-of-state individuals David and Crossley into this suit would impose substantial burdens on them, and those burdens are unjustified: SIA has alleged only tangential connections between David and Crossley and its alleged injuries, and SIA is able to obtain complete relief against the existing parties in the case.

SIA's Proposed Amended Complaint fails to connect David and Crossley to its alleged harms. SIA alleges that David asked Price to download information in April, PAC ¶ 24, but fails to draw any links between that April request and its claimed election damages, PAC ¶¶ 82, 87, 119, 123. SIA also fails to allege how David's participation in a WhatsApp thread, which SIA itself characterizes as "passive," ECF No. 103 at 15, caused any harm to SIA. *See* PAC ¶¶ 44, 57, 65. The allegations against Crossley are even more threadbare. SIA alleges that Crossley received an email and messages from Price about the SIA website, sent a message asking how the information could be used, and expressed a wish to "expose[]" problems with flight attendant voting in the SIA election. PAC ¶¶ 23-24, 39-41, 43, 47.

These allegations do not assert any claim that either David or Crossley caused any of the alleged injuries to SIA that are identified in the Proposed Amended Counterclaims. Further, SIA does not articulate any basis on which these sparse allegations state a claim against either David or Crossley individually on a theory of vicarious liability or any other theory under which a party can be held liable for the acts of another. Thus, there is no reasoned basis for naming these individuals as defendants in this matter at this juncture.

On the other side of the ledger, denying joinder would not impose unfairness on SIA. SIA is able to seek complete relief against the existing parties. Under SIA's own theory of the case, David was an agent of AFA, ECF No. 103 at 15, rendering AFA's presence in the case sufficient for relief. In an attempt to shore up its weak claims against David and Crossley, SIA argues that they are "necessary" parties under Rule 19. That rule is plainly inapplicable here. *See Alabama-Quassarte Tribal Town* , 899 F.3d at 1123 (setting out the factors for identifying a necessary party under Rule 19). Under the portion of Rule 19(a) relevant here, the inquiry "is whether, in the absence of [David and Crossley], complete relief could be accorded among the persons already parties to the action." *Sac & Fox Nation of Mo.*, 240 F.3d at 1258. The answer is yes. SIA requests damages and unspecified injunctive relief. PAC, *Prayer for Relief*. Under SIA's own theory, David was an agent of AFA and Crossley was a co-conspirator. ECF No. 103 at 15; PAC ¶¶ 117, 121. "[I]t has long been established that under federal law, neither joint tortfeasors nor co-conspirators are indispensable parties." *La. Mgmt. Co., LLC v. City of Saratoga Springs*, 24-cv-1017, 2025 WL 915753, at *4 (N.D.N.Y. Mar. 26, 2025) (collecting cases). In David and Crossley's absence, SIA can seek its requested relief against the existing parties: David's employer and alleged principal, AFA, as well as David and Crossley's alleged co-conspirators, Price and Grange.

Ironically, SIA's Proposed Alleged Complaint points squarely to unique injuries inflicted on SIA by a different flight attendant—one that SIA has not deigned to name as a defendant in any of its counterclaims. The Proposed Amended Complaint states that numerous flight attendants "reported seeing a message pop up that indicated that they had already voted" and "[t]his was happening because a then Flight Attendant and candidate in the election, Erika

Robertson (or someone using her IP address), was voting multiple times for Robertson using other Flight Attendants' credentials."  PAC ¶ 34.  Despite tracing its damages to the need to run a new election, PAC ¶¶ 82, 87, 119, 123, SIA does not seek to join Robertson to this suit.  As master of its counterclaims, SIA is entitled to choose the parties against whom it brings claims.  But its attempt to join David for sending an email and Crossley for sending several WhatsApp messages, while ignoring a flight attendant who actually cast fraudulent votes, underscores the lack of a valid reason underlying the proposed joinder at issue here.

The broad discretion afforded to this Court under Rule 20 permits the consideration of equitable factors.  *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018); *Vanover*, 857 F.3d at 839; *Fed. Ins. Co.*, 850 F.3d at 202; *Mehdiyev*, 532 F. Supp. 3d at 1069.  The prejudice to David and Crossley, the lack of prejudice to SIA, and the apparent bad faith decision to join individuals associated with AFA rather than Robertson all counsel against allowing joinder here.

## II.   SIA Unduly Delayed the Proposed Joinder.

"[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004)); *see also Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) ("[U]ntimeliness alone may be a sufficient basis for denial of leave to amend.") (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).  The Tenth Circuit has held that "denial of leave to amend is appropriate 'when the party filing the motion

has no adequate explanation for the delay.'" *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. W.,* 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

SIA failed to act with appropriate diligence in pursuing counterclaims against David and Crossley. SIA filed its original counterclaim in February 2024. ECF No. 40. Fact discovery is set to close on August 7, 2025, and the parties have already exchanged multiple rounds of interrogatories, document productions, and responses to requests for admission. By SIA's own admission, SIA stopped investigating its August 2023 election when this lawsuit was filed in October 2023. ECF No. 103 at 9. But the filing of this suit had no bearing on whether or not SIA could investigate any other persons or entities regarding its election.

SIA's attempt to add David and Crossley at this late stage of discovery unnecessarily increases the burden on those proposed counterclaim defendants and expands the scope of the litigation burden on the existing parties and the Court. The unjustified delay is an additional equitable factor weighing against joinder.

## CONCLUSION

For the foregoing reasons, this Court should deny SIA's motion to join Gailen David and Jacque Crossley as counterclaim defendants.

Dated: June 3, 2025

      /s/ *John J. Grunert*
John J. Grunert, *pro hac vice*
Jeffrey A. Bartos, *pro hac vice*
Guerrieri, Bartos & Roma, PC
1717 K Street, NW, Suite 900
Washington, DC  20006
(202) 624-7400
jgrunert@geclaw.com
jbartos@geclaw.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

THIS CERTIFIES that on June 3, 2025, I electronically filed the foregoing Opposition to Defendant SIA's Motion to Amend Counterclaims and Join Additional Parties with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.

 /s/ *John J. Grunert*
John J. Grunert, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400