Erik A. Christiansen, USB #7372
Christina M. Jepson, USB #7301
Sarah Jenkins Dewey, USB #15640
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
EChristiansen@parsonsbehle.com
CJepson@parsonsbehle.com
SDewey@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (pro hac vice)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for Defendant SkyWest InFlight
Association*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY,<br><br>      Plaintiffs,<br><br>vs.<br><br>SKYWEST INC.; SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION,<br><br>      Defendants. | **REPLY IN SUPPORT OF SKYWEST INFLIGHT ASSOCIATION'S MOTION TO AMEND COUNTERCLAIMS AND JOIN ADDITIONAL PARTIES**<br><br>Case No. 2:23-cv-723-DBB-DBP<br><br>The Honorable David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs do not oppose—and the Court should therefore grant—SIA's request to add new counterclaims against the existing Plaintiffs. Plaintiffs do oppose SIA's request to add two counterclaim defendants, both of whom have engaged in conduct with or closely associated with the existing Plaintiffs/Counterclaim Defendants and their actions that helped undermine SIA's August 2023 election. They are: (1) Gailen David, AFA's so-called Mobilization Coordinator; and (2) Jacque Crossley, a SkyWest Flight Attendant and SIA member who actively supports AFA's "campaign" to unseat and replace SIA as the labor representative of SkyWest's Flight Attendants.[1] Plaintiffs' Opposition tries to minimize David and Crossley's involvement and misconduct. But ignoring the proposed Amended Complaint's allegations and using flowery adjectives does not negate David and Crossley's wrongdoing.

Plaintiffs try to characterize David as having been a "silent member of a group chat" who did little else after sending two emails in April 2023. Opp'n at 3–4. But this ignores the significance of those two recently produced emails. In those emails, David asked Price to "quietly download" SIA's confidential member information on a monthly basis and then forwarded that information to others at AFA to help AFA's efforts to displace and replace SIA. *See* ECF No. 103-1, Proposed Am. Countercl. at ¶¶ 26–28. Plaintiffs then erroneously characterize Crossley as having taken no action herself, instead only "recev[ing] messages" and "communicate[ing] her desire" to expose alleged flaws in SIA's election process. Opp'n at 3. This ignores the allegations and recently

---

[1] The circumstances in which this litigation has arisen—i.e., AFA's ongoing "campaign" to unseat and replace SIA—counsels the Court to closely scrutinize AFA's positions (and that of their co-Plaintiffs) in this case. *See N.L.R.B. v. Homemaker Shops, Inc.*, 724 F.2d 535, 547 (6th Cir. 1984) ("Particularly where . . . the outside union has brought" an action "seeking to displace an existing [labor organization] at the same time as it seeks to become the bargaining representative for the same employees, the reviewing court must carefully scrutinize the evidence." (citation omitted)).

1

4933-5831-5085.v7

produced documentary evidence showing that Crossley took a leading role in coordinating the conspiracy (Proposed Am. Countercl. at ¶¶ 39, 47), directed her co-conspirators' actions (at ¶ 40), and gave her co-conspirators the names of AFA members to "check" if they had voted (at ¶ 41). The ongoing discovery process may well produce additional evidence of similar wrongdoing. Plaintiffs similarly try to downplay their own culpability by pointing to the State of Utah's dismissal of Price and Grange's criminal charges because of insufficient evidence. *See* ECF No. 107-1. The dismissal of criminal charges requiring proof beyond a reasonable doubt does little to disprove separate civil claims subject to lower standards of proof. That criminal charges were filed at all is far more telling. Plaintiffs' attempt to minimize this wrongdoing ultimately falls flat. Their legal arguments fare no better.

Plaintiffs spend most of their Opposition arguing that "prejudice" and "delay" should prevent David and Crossley's joinder under Rules 16 and 20. But prejudice and delay are not the focus of those rules. Rather, the central inquiry is "good cause," which Plaintiffs largely ignore. Plaintiffs in any case fail to show any cognizable prejudice, and SIA's Motion provides an explanation for the Motion's timing (new evidence recently produced by Plaintiffs) that the Tenth Circuit has recognized as sufficient. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). The Court should grant SIA's Motion.

ARGUMENT

## I. PLAINTIFFS' FOCUS ON "PREJUDICE" AND "DELAY" IS MISPLACED

Plaintiffs' main argument is that the "core factors" that "drive the Rule 16 and Rule 20 inquiries" are "prejudice and delay." Opp'n at 6. This is incorrect. "Delay" itself is not listed as a factor in Rule 16's "good cause" inquiry. *See, e.g.*, *Tesone v. Empire Mktg. Strategies*, 942 F.3d

2

979, 988 (10th Cir. 2019) (citations omitted). And prejudice is at most a potentially relevant but non-dispositive factor in Rule 16's "good cause" inquiry. *See* Mot. at 9 n.4 (citations omitted).[2] Rather, Rule 16's focus is on the movant's explanation for why they could not meet the relevant deadline. *See Tesone*, 942 F.3d at 988 (citations omitted). Rule 20's inquiry also does not turn on prejudice or delay. It turns primarily on whether joinder would promote trial convenience, expedite a ruling, and prevent multiple lawsuits. *See* Charles Alan Wright & Arthur R. Miller ("Wright & Miller"), *Federal Practice & Procedure* § 1652 (3d ed.) (citations omitted). Prejudice and delay may instead be factors justifying a refusal to join parties "if [the court] determines that the addition of the party . . . will not foster" efficiency. *See id.* (citations omitted). Even if prejudice and delay were the driving factors behind these rules (which they are not), joinder would still be appropriate because there is no risk of undue prejudice and SIA has acted with appropriate diligence with its investigation and after receiving damning new evidence from the Plaintiffs.

## II.    JOINING DAVID AND CROSSLEY WOULD NOT IMPOSE ANY UNDUE PREJUDICE

### A.    Plaintiffs may not raise arguments on behalf of third parties

Although Plaintiffs cite prejudice as their main argument against joining David and Crossley, they do not identify any prejudice that Plaintiffs themselves might suffer. *See, e.g.*,

---

[2] Prejudice is a key factor under Rule 15(a). But the type of prejudice that rule is concerned with requires non-movants to show they would be unfairly prejudiced in the preparation of the defenses. *See* Mot. at 11–12 (citing, *inter alia*, *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207–08 (10th Cir. 2006) (citations omitted)). Plaintiffs do not contend that they (or anyone else) would be prejudiced in this way. And while "undue delay" is a factor under Rule 15(a), lateness alone does not justify denial of amendment; rather, the focus is on the reasons for the delay. *See Minter*, 451 F.3d at 1205–06. As explained, SIA has valid and compelling reasons for the timing of its Motion.

4933-5831-5085.v7

Opp'n at 7.[3] Instead, Plaintiffs contend that **David and Crossley** would suffer prejudice. *See id.* at

6–7. This argument is unpersuasive for several reasons. Chief among them is that Plaintiffs lack

standing to raise arguments on behalf of David and Crossley. *See, e.g.*, *Sun Prods. Corp. v. Lock*

*& Load Indus. LLC*, No. 2:11-CV-316-CW-PMW, 2012 WL 293397, at *2 ("'A party must have

standing to raise objections to particular issues.'" (citation omitted)); *Powers v. Ohio*, 499 U.S.

400, 410 (1991) ("[A] litigant must assert his or her own legal rights and interests, and cannot rest

a claim to relief on the legal rights or interests of third parties." (citations omitted)). Indeed, courts

have found the arguments Plaintiffs try to raise here to be the type that a party cannot raise on

behalf of another.

For example, Plaintiffs contend it would be unfair to require David and Crossley to bear

the burden of defending themselves in Utah since David and Crossley reside in Florida and

California, respectively. *See* Opp'n at 2, 7. This effectively raises a question of personal

jurisdiction and constitutional due process. *See, e.g.*, *Great Bowery v. Best Little Sites*, 609 F. Supp.

---

[3] The only place where Plaintiffs allege they might themselves suffer any potential prejudice is in their argument that SIA allegedly unduly delayed seeking to join David and Crossley. Opp'n at 10. Plaintiffs there argue that allowing joinder at this stage would "expand[] the scope of the litigation burden on the existing parties and the Court." *Id.* As the Motion explains (at 12–13), this does not suffice. *See Bylin v. Billings*, 568 F.3d 1224, 1230–31 ("[T]ime, money, and effort alone is not grounds for a finding of prejudice." (citations omitted)); *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc.*, No. 19-CV-4007-HLT-TJJ, 2021 WL 2515025, at *4 (D. Kan. June 18, 2021) ("That Defendant may have more claims to defend does not establish the requisite prejudice."); *Hydro Eng'g, Inc. v. Petter Invs., Inc.*, No. 2:11-CV-139 TS, 2012 WL 2872628, at *3 (D. Utah July 12, 2012) ("The Court's focus is not on whether amendment would be inconvenient, but whether there is any *undue* prejudice to Defendant if amendment were allowed."). In addition, Plaintiffs consented to the addition of new counterclaims against them; any additional discovery or "litigation burden" on the existing Plaintiffs based on the joinder of David and Crossley to those same counterclaims would be minimal. Ultimately, Plaintiffs fail to identify any potential prejudice to them or anyone else beyond the inconvenience that always accompanies amendment and the joinder of additional parties. That does not suffice. *See Hydro*, 2021 WL 2515025, at *3.

4933-5831-5085.v7

3d 1240, 1252–53 (D. Utah 2022) ("The burden on the defendant of litigating the case in a foreign forum is not dispositive but is the 'primary concern' in determining the reasonableness of personal jurisdiction." (citation omitted)). This is a waivable personal defense which "may not be raised by another on behalf of a party." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986); *see also Sun Prods.*, 2012 WL 293397, at \*2 (citations omitted). Plaintiffs in any case fail to make a convincing argument on this point. *See Great Bowery*, 609 F. Supp. 3d at 1252–55 (discussing factors for evaluating whether jurisdiction is reasonable).

Plaintiffs next argue prejudice to David and Crossley on the grounds that SIA's proposed Amended Counterclaims allegedly fail to state viable claims against David and Crossley. *See* Opp'n at 7. But Plaintiffs may not raise futility arguments on behalf of non-parties. *See, e.g.*, *Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 379–83 (D.N.J. 2023) (finding that current party may not raise futility arguments on behalf of proposed new party). Even if Plaintiffs could properly make such an argument, Plaintiffs' Opposition—which does not even purport to address the legal standards applicable to SIA's claims—fails to show that SIA's claims are not viable. Indeed, Plaintiffs deferred raising their own futility arguments in favor of a separate motion to dismiss. Opp'n at 1 n.1. And while Plaintiffs couch this argument under their broader prejudice argument against joinder, they do not argue, much less show, that futility is a proper consideration when a court is deciding whether to join new parties as counterclaim defendants. *See Hoffman v. Wisner Classic Mfg. Co.*, 927 F. Supp. 67, 74 (E.D.N.Y. 1996) ("The standard for a motion to add a counterclaim defendant does not speak to the merits of the cause of action alleged.").

5

**B.**    **SIA does not need to show it will suffer prejudice without joinder**

Plaintiffs next argue that SIA has not shown it will suffer undue prejudice if David and Crossley are not joined. *See* Opp'n at 8–9. Plaintiffs do not specify the basis for this purported requirement. *See id.* It appears, however, that Plaintiffs make this argument under Rule 16's rubric, since they contend one of the factors the Court may consider in evaluating good cause under Rule 16 is "whether 'refusing to grant the continuance would create a substantial risk of unfairness to' the party seeking modification." Opp'n at 5 (citing *Tesone*, 942 F.3d at 988). Plaintiffs' argument is unconvincing.

Joinder of David and Crossley does not require SIA to show that SIA will suffer prejudice without their joinder. The Tenth Circuit has recognized that "'[g]ood cause' *is likely to be found* when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Tesone*, 942 F.3d at 988 (quotation marks and citation omitted) (emphasis added). This does not require SIA to show it will suffer prejudice in the absence of joinder. *See id.* Plaintiffs' argument confuses a scenario recognized as normally being sufficient for joinder with what is required for joinder. The Tenth Circuit instructs that what is required for joinder is "good cause," that is, an adequate explanation for the moving party's delay. *See Tesone*, 942 F.3d at 988 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." (quotation marks and citation omitted)). As explained, SIA has shown "good cause," and Plaintiffs do little to argue otherwise. *See, e.g.*, Mot. at 8–10.

Although not required, SIA has shown a substantial risk of unfairness in the absence of joinder. This includes, for example, that refusal to join David and Crossley would require SIA to

6

file a separate case or cases, resulting in substantial and unnecessary delay and duplicative costs, as well as a significant and avoidable waste of judicial resources. *Id.* at 10; *see also* Fed. R. Civ. P. 1. Plaintiffs do not dispute this. Instead, they argue that David and Crossley are not necessary parties for SIA to obtain "complete relief." *See* Opp'n at 8. But Plaintiffs cite no authority stating that the absence of "complete relief" in the context of Rule 19 provides the only cognizable form of harm for purposes of Rules 16 and 20. And as discussed below, David and Crossley in any case are necessary parties under Rule 19. *See infra* at 10.

### III. SIA HAS ACTED WITH APPROPRIATE DILIGENCE AND TIMELY SOUGHT JOINDER, FOR WHICH "GOOD CAUSE" IS CLEAR

Plaintiffs also argue that SIA's request to amend is untimely.[4] *See* Opp'n at 9–10. Not so. What matters is not the length of delay but the movant's diligence and explanation for the timing of their motion. *See Tesone*, 942 F.3d at 988 (citations omitted); *Minter*, 451 F.3d at 1205–06 & n.4 (citations omitted). Plaintiffs' emphasis on the date SIA filed its original counterclaims and the date when discovery is set to close is therefore misplaced. *See* Opp'n at 10. Plaintiffs' contention that SIA allegedly "stopped investigating" because of this lawsuit also misses the mark. *See id.*

SIA began investigating in August 2023 after Grange posted a video showing how to access SIA members' confidential voting passwords, and through that investigation SIA learned that Price improperly accessed and utilized SIA's confidential member information. *See* Mot. at 2. When Grange, Price, and the other Plaintiffs filed this lawsuit in October 2023, SIA's investigation necessarily transitioned to discovery under the Federal Rules of Civil Procedure within the context of this lawsuit and the burdens that entails. *See id.* at 3. SIA learned the facts underlying its

---

[4] It is not at all clear Plaintiffs have standing to raise these arguments either. *See supra* at 3–5.

proposed Amended Complaint through discovery SIA timely served within the (still open) fact discovery period. *See* ECF No. 88. Once SIA received the documents revealing the factual basis for SIA's proposed new counterclaims—emails and WhatsApp messages in Plaintiffs' (and David's and Crossley's) possession and control, which Plaintiffs produced after months of delay— SIA filed its Motion roughly two months later, after conferring with Plaintiffs about Plaintiffs' baseless designation of these documents as confidential. *See id.* at 6–7. Rules 15 and 16 do not require lightning-fast precision; they require only an "adequate explanation," *Minter*, 451 F.3d at 1205 n.4, 1206 (citations omitted), and that the movant have been "generally diligent," *Tesone*, 942 F.3d at 988 (citation omitted). As explained, SIA more than meets these standards.

## IV.    DAVID AND CROSSLEY MAY PROPERLY BE JOINED UNDER RULE 20

Plaintiffs do not dispute that the proposed counterclaims against David and Crossley arise from the same transaction or occurrence and that a common question of law or fact will arise in this action. *Compare* Mot. at 16–18 *with* Opp'n. Plaintiffs thus concede that Rule 20(a)'s basic requirements are satisfied. *See* Fed. R. Civ. P. 20(a); *see also Storey v. Seipel*, No. 2:22-CV-00486-RJS-DAO, 2024 WL 4436609, at *3 (D. Utah Oct. 24, 2024) (citations omitted). The only arguments Plaintiffs apparently make against permissive joinder—alleging prejudice (Opp'n at 7), delay (at 9–10), and bad faith (at 9)—fall within the discretionary factors courts may consider in deciding whether to join parties under Rule 20. *See, e.g.*, Wright & Miller, § 1652 (citations omitted). These discretionary factors do not weigh against joinder.

As explained, Plaintiffs' arguments about prejudice are ineffective, and SIA has shown diligence and an appropriate explanation for the timing of its Motion. Plaintiffs allege bad faith because SIA has sought to join David and Crossley but not Erika Robertson, a former Flight

Attendant who also improperly accessed SIA's confidential member information. *See* Opp'n at 9. This does not show bad faith. Unlike David and Crossley, Robertson apparently acted on her own in an effort to win election to SIA's leadership. She was not part of a conspiracy with Plaintiffs to misappropriate and misuse SIA's confidential member information in furtherance of AFA's efforts to displace and replace SIA. Robertson was not a participant in the recently produced communications revealing David and Crossley's conspiracy with Plaintiffs. *See, e.g.*, Mot. at 4, 6. Plaintiffs do not contend Robertson's actions arose from a common transaction or occurrence or that there would be any common questions of law or fact at issue. *See* Fed. R. Civ. P. 20(a). SIA's decision not to bring claims against Robertson does not show bad faith. As Plaintiffs note, "SIA is entitled to choose the parties against whom it brings claims." Opp'n at 9. This concession alone sinks Plaintiffs' argument. Here, Plaintiffs chose to sue SIA and SIA counterclaimed and seeks to bring claims against co-conspirators. Robertson did not sue SIA and is part of different bad acts.

In sum, permissive joinder under Rule 20(a) is warranted here. Plaintiffs do not dispute that Rule 20(a)'s requirements are satisfied, and none of the discretionary factors weigh against joinder. On the other hand, a refusal to join David and Crossley can reasonably be expected to result in the filing of additional lawsuits and inflict needless delay and expense on SIA as well waste judicial resources. The Court should join David and Crossley under Rule 20(a). *See* Wright & Miller, § 1652 ("The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." (citations omitted)); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (stating joinder "is strongly encouraged").

4933-5831-5085.v7

## V.       DAVID AND CROSSLEY ARE NECESSARY PARTIES UNDER RULE 19

Because David and Crossley may be joined as permissive parties under Rule 20(a), the Court does not need to decide whether they also qualify as necessary parties under Rule 19(a). *See, e.g.*, *SourceRock Energy Partners, LP v. Redhawk Advisors, LLC*, No. 21-1299-TC-ADM, 2022 WL 1125565, at *2 (D. Kan. Apr. 15, 2022) (citations omitted). Nevertheless, David and Crossley also qualify as necessary parties.

Plaintiffs argue that SIA can obtain complete relief because David was an agent of AFA and that join tortfeasors and co-conspirators are not indispensable parties. *See* Opp'n at 8 (citations omitted). However, courts have recognized joint tortfeasors and co-conspirators as necessary parties when they are integral to the underlying claims. *See Laker Airways, Inc. v. Brit. Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999); *Burns v. Femiani*, 786 F. App'x 375, 379–80 (3d Cir. 2019). David and Crossley meet this standard. As explained (and as the recently produced documents reflect), Crossley took a leading role in the conspiracy to steal and misuse SIA's confidential member information for AFA's benefit, and David was the connection point between the other co-conspirators and AFA. In addition, SIA also seeks injunctive relief. *See* proposed Am. Compl. at 28, ECF No. 103-1; *Int'l Outsourcing Servs., LLC v. Blistex, Inc.*, 420 F. Supp. 2d 860, 866 (N.D. Ill. 2006) (ordering joinder where complaint alleged misconduct by the non-party and sought injunctive relief). The Court should join David and Crossley as necessary parties.

## CONCLUSION

For the reasons set forth here and in SIA's Motion, the Court should grant SIA's Motion and allow SIA to file its proposed Amended Counterclaims and join David and Crossley as Counterclaim Defendants.

10

4933-5831-5085.v7

DATED June 17, 2025.

/s/ Christina M. Jepson

Erik A. Christiansen
Christina M. Jepson
Sarah Jenkins Dewey
PARSONS BEHLE & LATIMER

Gregg M. Formella
GREGG M. FORMELLA JD

*Attorneys for Defendant SkyWest InFlight Association*

11

4933-5831-5085.v7

## CERTIFICATE OF SERVICE

I certify that on June 17, 2025, I caused a true and correct copy of the foregoing REPLY IN SUPPORT OF SKYWEST INFLIGHT ASSOCIATION'S MOTION TO AMEND COUNTERCLAIMS AND JOIN ADDITIONAL PARTIES to be filed using the Court's CM/ECF system, which provided notice to all counsel of record appearing thereon.

/s/ Christina M. Jepson

12

4933-5831-5085.v7