# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS AFL-CIO, SHANE PRICE, TRESA GRANGE and BRANDON FINLEY,<br><br>      Plaintiffs,<br><br>vs.<br><br>SKYWEST INFLIGHT ASSOCIATION, and SKYWEST AIRLINES INC.,<br><br>      Defendants. | RULING & ORDER GRANTING DEFENDANT SKYWEST INFLIGHT ASSOCIATION'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS AND JOIN NEW PARTIES<br><br>Case No. 2:23-cv-00723<br><br>United States District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to Magistrate Judge Dustin B. Pead by District Court Judge David Barlow pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 44, Notice of Non-Consent). Currently before the court is Defendant's Motion to Amend Counterclaims and Join Additional Parties ("Motion"). (ECF No. 103). Plaintiffs stipulate to amendment of Defendant's counterclaims, but oppose joinder of new Counterclaim Defendants. (ECF No. 107, Plaintiffs' Opposition to Amend Counterclaims and Join New Parties). For the reasons set forth herein, the court GRANTS Defendant's Motion.

## BACKGROUND

On October 11, 2023, Plaintiffs Association of Flight Attendants ("AFA"), Shane Price ("Price"), Tresa Grange ("Grange") and Brandon Finley ("Finley") (collectively, "Plaintiffs") filed their action against Defendants SkyWest Airlines Inc. and SkyWest Inflight Association ("SIA") (collectively, "Defendants"). Plaintiffs claim Defendants engaged in "extraordinary

-1-

violations" of the Railway Labor Act (45 U.S.C. § 151), the Labor Management Reporting and Disclosure Act ( 29 U.S.C. § 401) and have interfered with their right to seek collective bargaining representation. (ECF No. 1 at 2, Complaint).

The court entered a Scheduling Order setting July 1, 2024 as the deadline for the parties to move to amend pleadings and add parties. (ECF No. 64 at ¶ 3(a)(b), Scheduling Order). Plaintiffs filed a Supplemental Complaint on July 10, 2024, after which the parties stipulated to amend the Scheduling Order. (ECF No. 68, First Supplemental Complaint; ECF No. 88, Amended Scheduling Order). Since the deadline had already passed, the amended Scheduling Order kept the July 1, 2024 deadline to amend and add parties, but extended the close of fact and expert discovery until August 7 and December 8, 2025, respectively.

On July 25, 2024, SIA filed its Answer to the Supplemental Complaint, asserting counterclaims against Price and Grange for breach of contract and violations of the Stored Communications Act (18 U.S.C. §§ 2701-2713), Computer Fraud and Abuse Act (18 U.S.C. § 1030) and Computer Abuse and Data Recovery Act (UCA § 63D-3-101 *et. seq.*).[1]

On May 20, 2025, SIA filed its currently pending Motion seeking to add counterclaims for conversion, trespass to chattels, civil conspiracy and tortious interference with contract, include AFA as a Defendant to SIA's original counterclaims for violation of the Computer Fraud and Abuse Act and tortious interference and join Gailen David ("David") and Jacque Crossley ("Crossley") as Counterclaim Defendants (collectively, "Counterclaim Defendants"). (ECF No. 103, SIA's Motion to Amend). Based on Plaintiffs' agreement to allow for amendment of

---

[1] SIA's breach of contract counterclaim is only asserted against Defendant Tresa Grange.

counterclaims, the only remaining issue is whether David and Crossley may be properly joined as Counterclaim Defendants.

## STANDARD OF REVIEW

If a scheduling order deadline for joining parties has passed, a party seeking leave to amend must not only satisfy the Rule 15(a) standard, but must also demonstrate good cause for seeking modification under Fed. R. Civ. P. 16(b)(4). *Gorsuch, Ltd., B.C. v. Wells Fargo National Bank Ass'n.*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16(b)(4) states "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish good cause "the moving party must show the deadline could not have been met even if it had acted with due diligence." *Kennedy v. Mutual of Omaha*, 2025 U.S. Dist. LEXIS 81476 at, *3-4 (D.N.M. April 29, 2025) (citing *Martley v. City of Basehor Kan.*, 2021 U.S. Dist. LEXIS 62153, at *8 (D. Kan. Mar. 31, 2021). Movant carries the burden and the court enjoys "considerable discretion" in determining whether the moving party has made a sufficient showing of good cause. *Tesone v. Empire Mktg. Strategies,* 942 F.3d 979, 988 (10th Cir. 2019) (quotation marks and citation omitted).

In terms of amendment, Rule 15 of the Federal Rules of Civil Procedure requires the court to "freely give leave [to amend] when justice so requires." Fed. R Civ. P. 15(a)(2). Refusing leave to amend under Rule 15 is "generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. June 23, 2009) (citation omitted). Leave to amend falls directly within

the trial court's discretion. *See Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006).

Finally, Federal Rule 13(h) permits joinder of additional parties and states "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h).[2] Rule 19 requires joinder of persons who are "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" if the person to be joined is necessary for the court to "accord complete relief among existing parties[s]" Fed. R. Civ. P 19(a)(1). Under Rule 20, parties may be joined if a "right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all [counterclaim] defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[W]hether to allow such joinder is left to the discretion of the trial judge." *Hefley v. Textron, Inc.,* 713 F.2d 1487, 1499 (10th Cir. 1983).

## DISCUSSION

"When a court is faced with a motion to amend seeking to join [ ] additional part[ies], the Court must consider not only the amendment provisions of Rule 15(a), but also the joinder

---

[2] Federal Rule 13 "authorizes the court to join additional persons in order to adjudicate a counterclaim" that is "before the court" and "involve[s] at least one existing party." §1435 Joinder of Additional Parties---Who May Be Added, 6 Fed. Practice & Procedure Civ. §1435 (3d ed.). Courts typically construe 13(h) "liberally in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy." §1434 Joinder of Additional Parties---In General, 6 Fed. Practice & Procedure Civ. §1434 (3d ed.). "Stated in general terms, the main purpose of Rule 13(h) is to dispose of an action in its entirety and to grant complete relief to all the concerned parties." *Id.*

provisions of Rules 19 and 20." *Craig v. Topeka Raintree Apartments, LLC*, 2025 U.S. Dist. LEXIS 105939, at \*4 (D. Kan. June 4, 2025).

Thus, to review SIA's Motion, this court must consider several legal standards. First, because SIA seeks to add additional parties after the time to do so has passed, the court must consider both the standard for amendment under Rule 15 and whether SIA can demonstrate "good cause" for modification of the Scheduling Order under Rule 16. *See* Fed. R. Civ. P. 15; Fed. R. Civ. P. 16(b)(4).[3] Second, the court must consider the standards under Fed. R. Civ. P. 19 and Fed. R. Civ. P. 20 to determine if joinder of proposed Counterclaim Defendants is required or permitted. *See* Fed. R. Civ. P. 19; Fed. R. Civ. P. 20. Each legal standard is addressed below.

### 1.  Good Cause Exists To Modify The Scheduling Order

At the first step the court must determine "whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify [modifying the scheduling order] to allow[ ] the untimely motion." *Total Quality Systems v. Universal Synaptics Corp.,* 2025 U.S. Dist. LEXIS 10691, at \*5-6 (D. Utah Jan. 21, 2025).

The parties' Scheduling Order set July 1, 2024, as the deadline for amendment of pleadings and joinder of parties. (ECF No. 64, Scheduling Order). SIA did not file its instant Motion to join parties until May 20, 2025---over a year after the deadline expired. Nonetheless,

---

[3] Because the "good cause" standard requires "a greater showing than 'excusable neglect'" the court does not address Rule 6's excusable neglect standard. *J White L.C. v. Wiseman,* 2020 U.S. Dist. LEXIS 133664, at \*8 (D. Utah July 27, 2020) (citing *Broitman v. Kirkland* (*In re Kirkland*)*,* 86 F. 3d 172, 175 (10th Cir. June 12, 1996); *see also Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. Nov. 23, 1987) ("Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require *at least* as much as would be required to show excusable neglect") (emphasis in original).

SIA contends there is good cause to modify the Scheduling Order because SIA only recently obtained information about Counterclaim Defendants through the discovery process. Specifically, SIA asserts it did not receive the documents that serve as the basis for joinder of Counterclaim Defendants until March and April of 2025. Plaintiffs, on the other hand, argue good cause does not exist because SIA delayed and showed a lack of diligence in bringing its Motion. (ECF No. 107 at 11-12, Plaintiffs' Opposition to Motion to Amend).

The focus of any Rule 16 inquiry is on the movant's explanation as to why the relevant deadline could not be met. *See Strope v. Collins,* 315 Fed. Appx. 57, 61 (10th Cir. 2009). The rule "requires diligence" such that a party "cannot establish good cause if [it] knew of the underlying conduct but simply failed to raise its claims." *Total Quality Systems,* at *5 (quoting *Huskey Ventures, Inc. v. B55 Invs., Ltd.,* 911 F.3d 1000, 1020 (10th Cir. 2018)). Such is not the case here. SIA did not know of the underlying conduct, but once SIA received the new documents, e-mails and WhatsApp messages, during discovery in March and April of 2025, SIA quickly reviewed the productions, challenged Plaintiffs' "confidential" designations and filed its Motion to Amend. *Gorsuch,* 771 F.3d at 1240 ("Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through [the] discovery [process] or if the underlying law has changed."); *Pumpco, Inc., the Concrete Pumping Co. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668-69 (D. Colo. Dec. 18, 2001) (finding good cause where "a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend."). Further, SIA's Motion specifically identifies the new information acquired through the 2025 productions thereby supporting its diligence in moving to amend once the information was obtained. *See Smith v. Wyndham Vacation Ownership Inc.,* 2025 U.S. Dist. LEXIS 115836, at *6

(D. Utah June 17, 2025) (conclusory and non-specific claims that a party "discovered new information after the Scheduling Order deadline for amending pleadings passed are insufficient to establish good cause."). As a result, SIA acted diligently and there is good cause for modification of the Scheduling Order.

## 2. The Standard For Amendment Under Rule 15 Is Satisfied

Once good cause is established, the court's analysis "proceed[s] to determine if the more liberal Rule 15(a) standard for amendment has been satisfied." *StorageCraft Tech. Corp. v. Persistent Telecom Solutions, Inc.,* 2016 U.S. Dist. LEXIS 79394, at *26 (D. Utah June 17, 2016) (citation omitted); *see also Total Quality Systems*, at *6 (D. Utah Jan. 21, 2025) (noting Rule 16 "contains a more stringent standard" than Rule 15).[4]

Rule 15 does not "enumerate permissible bases for amendment, [and] courts frequently allow amendment for myriad reasons." *McArtor v. Valsoft Corp., Inc.* 2025 U.S. Dist. LEXIS 13161, at *5 (D. Wyo. Jan. 31, 2025). In general, Rule 15 facilitates amendment of pleadings "except where prejudice to the opposing party would result." *Bylin,* 568 F.3d at 1229.[5] Typically,

---

[4] If a party cannot establish good cause under Rule 16(b)(4), the Court should deny the motion for amendment and need not consider the second step of the analysis—whether to permit amendment under Rule 15. *Tesone*, 942 F.3d at 990 ; *see also Gorsuch*, 771 F.3d at 1241 (characterizing the showing of good cause as "the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed."); *Waterman v. Harred,* 2024 U.S. Dist. LEXIS 229704, at *15-16 (D. Kan. Dec. 19, 2024).

[5] Untimeliness in and of itself is insufficient to deny leave to amend under Rule 15 unless the party seeking to amend knew or should have known of the facts upon which they seek amendment. *See State v. Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984). Here, as discussed in conjunction with the court's Rule 16 analysis, amendment is not untimely because the court concludes

courts will only find prejudice if "an amendment unfairly affects non-movants in terms of preparing their [response] to the amendment." *Id.* (internal quotation and citation omitted).

In challenging the addition of new parties, Plaintiffs argue amendment is prejudicial to David and Crossley because they reside outside the state of Utah and have only "tangential connections" to SIA's alleged injuries. (ECF No. 107 at 12). However, parties must raise their own legal rights and Plaintiffs lack standing to vicariously raise claims of prejudice, futility or violation of due process on behalf of proposed Counterclaim Defendants. *Lexmark Intern. Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 134 S. Ct. 1377, 1386-1388, 188 L. Ed. 2d 392 (2014) (standing bars a party from "raising another person's legal rights."); *see also Silva v. Ekis,* 2017 U.S. Dist. LEXIS 187543, at *3 (D. Kan. Nov. 14, 2017) (current parties "do not have standing to assert claims of futility on behalf of proposed defendants."). Further, setting aside the issue of standing, any assertion of futility stemming from the alleged infirmity of the counterclaims raised against David and Crossley is more properly addressed in the context of a dispositive motion. *Lambe v. Sundance Mt. Resort,* 2018 U.S. Dist. LEXIS 162268, at *7-8 (D. Utah Sept. 21, 2018) (unpublished) (declining futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment.").

Finally, to the extent Plaintiffs argue they will suffer prejudice because joinder expands "the scope of the litigation burden on the existing parties[,]" the court is unpersuaded. (ECF No. 107 at 10). Indeed, "time, money, and effort alone" do not provide sufficient grounds, *Bylin,* 568

---

that SIA did not know of the underlying facts until they were produced as part of discovery in March and April of 2025.

F.3d at 1230-31, and simply having "more claims to defend" does not establish prejudice. *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc.,* 2021 U.S. Dist. LEXIS 114180, at \*9 (D. Kan. June 18, 2021).

The proposed amendment will not unduly prejudice Plaintiffs and the requirements for amendment under Rule 15 are met.

### 3. David And Crossley May Be Joined

When a defendant seeks to add "a person as a party to a counterclaim" Federal Rule of Civil Procedure 13(h) directs defendant to the joinder provisions of Federal Rule 19 and Federal Rule 20 govern. Rule 19 addresses the joinder of parties who "must be joined" *i.e.* "required joinder," while Rule 20 discusses the joinder of parties who "may be joined" *i.e.* "permissive joinder". *SourceRock Energy Partners, LP v. Redhawk Advisors, LLC,* 2022 U.S. Dist. LEXIS 70166, at

\*4-5 (D. Kan Apr. 15, 2022). Because the court finds permissive joinder of Counterclaim Defendants David and Crossley is appropriate under Rule 20, it "need not consider the applicability of required joinder under Rule 19." [6] *Id.,* at \*5.

---

[6] Under Rule 19, a party's joinder is mandatory when the party "is subject to service of process[;]" "joinder will not deprive the court of subject-matter jurisdiction[;]" and the party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

**Federal Rule of Civil Procedure 20: Permissive Joinder**

Under Rule 20(a)(2) parties may be permissively joined if: (1) the claims against them arise "out of the same transaction or occurrence, or series of transactions or occurrences;" and (2) there are questions of law and fact common to all defendants. Fed. R. Civ. P. 20(a)(2)(A)(B). There is no generalized test for determining whether claims arise out of the same transaction or occurrence, but courts interpret the requirement flexibly. *Sprint Communications Co., L.P. v. Theglobe,com, Inc.,* 233 F.R.D. 615, 617 (D. Kan. 2006). The court has "discretion to permit joinder" and issues for the court to consider include "whether joinder would prejudice any party, would cause needless delay, or would offend notions of judicial economy and efficiency." *Fido TV Channel, Inc., v. Inspirational Network, Inc.,* 2019 U.S. Dist. LEXIS 1144555, at *7 (D. Colo. April 29, 2019). Here, SIA meets the requirements of Rule 20(a)(2) and permissive joinder of the Counterclaim Defendants David and Crossley is appropriate.

SIA's counterclaims against David and Crossley arise out of the same events and transactions as asserted against existing Counterclaim Defendants; namely, an alleged conspiracy to secretly download SIA Confidential Member Information, undermine an internal SIA election and promote AFA's campaign. *See* (ECF No. 103-1, SIA's Proposed Amended Counterclaims). Commonality between all the parties with respect to these occurrences is highlighted by SIA's counterclaim for civil conspiracy (against AFA, David, Price and Crossley), which in and of itself implies a group of individuals working together for a common purpose or goal. *See e.g., id.* at ¶¶ 3-4, ¶¶120-123. Further, given the like nature of the claims, common questions of fact and law exist and this is not a situation where SIA seeks to join "different actions against different parties which present entirely different factual and legal issues." *Snavely v. Kansas Department*

*of Corrections,* 2010 U.S. Dist. LEXIS 103724 at *19 (D. Kan. Sept. 30, 2010) (citation omitted).While Plaintiffs oppose joinder on the grounds of prejudice and delay, given the nature of the claims it is actually David and Crossley's omission that could unnecessarily complicate the case, result in the filing of additional lawsuits and cause unnecessary delay. Overall, joinder of parties is "strongly encouraged" and allowing joinder of Crossclaim Defendants will expedite resolution of the case and eliminate unnecessary litigation. *Craig*, at *5.

## CONCLUSION

There is good cause to amend the Scheduling Order, amendment will not cause undue prejudice and the requirements for permissive joinder are met. Accordingly SIA's Motion to Amend is GRANTED. (ECF No. 103).

It is hereby ordered within fourteen (14) days of the date of this Order, SIA shall file its Amended Counterclaim and serve Counterclaim Defendants David and Crossley with a copy of the same pursuant to the Federal Rule of Civil Procedure.

Dated this 25th day of June 2025.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge