Erik A. Christiansen, USB #7372
Christina M. Jepson, USB #7301
Sarah Jenkins Dewey, USB #15640
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
EChristiansen@parsonsbehle.com
CJepson@parsonsbehle.com
SDewey@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (pro hac vice)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for Defendant SkyWest InFlight Association*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, ALF-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY,<br><br>        Plaintiffs,<br><br>v.<br><br>SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION,<br><br>        Defendants. | **SIA'S SHORT FORM DISCOVERY MOTION REGARDING PLAINTIFFS' WITHHOLDING OF DISCOVERY BASED ON ALLEGED "PROTECTED ACTIVITY" PRIVILEGE**<br><br>Case No. 2:23-cv-723-DBB-DBP<br><br>The Honorable David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

4920-4529-2631.v1

SKYWEST INFLIGHT ASSOCIATION,

      Counterclaimant,

v.

ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; JACQUE CROSSLEY; and GAILEN DAVID,

      Counterclaim Defendants.

SIA moves under F.R.C.P. 37(a) and DUCivR 37-1 to compel Plaintiffs to produce materials being withheld based on an alleged "protected activity" privilege under Section 2, Third and Fourth, of the Railway Labor Act, 45 U.S.C. §152.

## ARGUMENT

The Court should order Plaintiffs to produce materials being withheld based on a purported "protected activity" privilege because there is no such recognized privilege and sensitive documents can be addressed through a protective order, if needed. Federal law governs. *See* F.R.E. 501; *OL Priv. Couns., LLC v. Olson*, No. 2:21-CV-00455, 2023 WL 8792569, at *2 (D. Utah Dec. 19, 2023) (citation omitted). To start, "[e]videntiary privileges are disfavored," and "are not lightly created nor expansively construed." *Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, No. 11-CV-02007-MSK-KLM, 2012 WL 1801979, at *5 (D. Colo. May 16, 2012); *see also N.L.R.B. v. Homemaker Shops, Inc.*, 724 F.2d 535, 547 (6th Cir. 1984) (courts should "carefully scrutinize the evidence" where outside union seeks to replace existing union (citation omitted)). Plaintiffs bear a heavy burden to show this alleged privilege should be recognized and applies here. *See Hydro Eng'g, Inc. v. Petter Invs., Inc.*, No. 2:11-CV-00139-RJS, 2013 WL 6635163, at *2 (D.

2

Utah Dec. 17, 2013) (citations omitted). Plaintiffs have not cited authority recognizing this privilege, nor can they show it should be newly recognized. Federal courts typically decline to recognize union privileges, except for narrow circumstances not present here. *See, e.g.*, *Frontier*, 2012 WL 1801979, at *5 (citations omitted); *Hernandez v. Off. of the Comm'r of Baseball*, 331 F.R.D. 474, 478 (S.D.N.Y. 2019) (citations omitted).

Even if this privilege existed, Plaintiffs waived the right to invoke it. Plaintiffs' lawsuit put this information at issue. *See Peterson v. Avalon Care Ctr.-Va Payson, LLC*, No. 2:15-CV-671, 2016 WL 5852470, at *4 (D. Utah Oct. 6, 2016) (citation omitted). Plaintiffs allege SIA interfered with and retaliated against individuals for engaging in protected activity. *E.g.*, ECF No. 68 at ¶¶ 32–33, 50–59, 78. This information is also relevant to SIA's "unclean hands" defense (and counterclaims) based on Plaintiffs' misappropriation and misuse of SIA's confidential information. *See id.* ¶ 43, 47–48; ECF No. 74 at 46; ECF No. 110. SIA is entitled to investigate the alleged "protected activities," including communications involving Price, Grange and other co-conspirators. Plaintiffs also waived any potential protection because they already produced communications reflecting these activities. *See, e.g.*, ECF No. 103 at 4–6; *Burke v. Regalado*, 935 F.3d 960, 1023 (10th Cir. 2019) (citations omitted). Plaintiffs' privilege log provides no helpful description of the withheld documents nor any explanation why these communications differ from those they produced. This inadequacy also effects waiver. *See Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-CV-00512, 2021 WL 673195, at *2 (D. Utah Feb. 22, 2021) (citations omitted).

## <u>CERTIFICATION</u>

The parties made reasonable efforts to resolve this dispute on April 29, 2025, via Teams (video call). For SIA: Christina Jepson and Sarah Jenkins Dewey. For Plaintiffs: John Grunert.

4920-4529-2631.v1

DATED July 25, 2025.

/s/ Christina M. Jepson
Erik A. Christiansen
Christina M. Jepson
Sarah Jenkins Dewey
PARSONS BEHLE & LATIMER

Gregg M. Formella
GREGG M. FORMELLA JD

*Attorneys for Defendant SkyWest InFlight Association*

4

4920-4529-2631.v1

**CERTIFICATE OF SERVICE**

I certify that on July 25, 2025, I caused a true and correct copy of the foregoing **SIA's Short Form Discovery Motion Regarding Plaintiffs' Withholding of Discovery Based on Alleged "Protected Activity" Privilege** to be filed using the Court's CM/ECF system which sent a copy to all counsel of record appearing thereon.

/s/ Sarah Jenkins Dewey

4920-4529-2631.v1