# EXHIBIT A

# (Disputed Requests and Responses)

**Interrogatory Nos. 9, 10, 12, 13, 14**

**Request for Production of Documents Nos. 1, 6, 13, 14, 15, 16, 19, 20, 21**

**Plaintiffs' Privilege & Redaction Log, Entry Nos. 2, 4, 6, 7, 8.**

4900-3768-3025.v2

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

9.    For the period from January 1, 2021 up to and including the present, identify all SkyWest flight attendants and/or AFA Representatives who are, or were, in any way involved with or supportive of AFA's plan, efforts, activities and/or campaign to displace and/or replace SIA as the bargaining unit for SkyWest flight attendants, for each individual providing, without limitation, the time period, nature, and substance of such involvement.

> **RESPONSE**:  Plaintiffs object to Interrogatory No. 9 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is also objectionable because it seeks total disclosure of employee participation in the AFA's organizing campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

10.  For the period from January 1, 2021 up to and include the present, identify each and every individual who, while employed as a SkyWest Flight Attendant, is known by any of the Plaintiffs to have (a) requested, obtained, or held any form of membership in AFA or (b) been in any way involved with AFA or efforts to displace or replace SIA as the labor representative of SkyWest's Flight Attendants (e.g., including, without limitation, as an employee, paid consultant or volunteer for AFA or any other entity or person).

> **RESPONSE**: Plaintiffs object to Interrogatory No. 10 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is also objectionable because it seeks total disclosure of employee participation in the AFA's organizing campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

4900-3768-3025.v2

12.  Identify the number of AFA authorization cards signed by SkyWest flight attendants before August 9, 2023.

    **RESPONSE**: Plaintiffs object to Interrogatory No. 12 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is objectionable because it seeks the disclosure of information regarding signed union authorization cards, the solicitation of union authorization cards, and/or AFA strategy for the unionization campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

13.  Identify the number of AFA authorization cards signed by SkyWest flight attendants after August 9, 2023.

    **RESPONSE**:  Plaintiffs object to Interrogatory No. 13 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is objectionable because it seeks the disclosure of information regarding signed union authorization cards, the solicitation of union authorization cards, and/or AFA strategy for the unionization campaign at SkyWest Airlines which would interfere with the exercise of

    rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

3

14. Identify and describe all payments and expenditures, including obligations or debts incurred, made by or on behalf of AFA in its campaign to displace and/or replace SIA as the labor representative for SkyWest flight attendants.

**RESPONSE**: Plaintiffs object to Interrogatory No. 14 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is also objectionable because it seeks total disclosure of the AFA's finances and strategy regarding the organizing campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all communications between, among or including AFA and the Plaintiff Flight Attendants (Mr. Price, Ms. Grange, and Mr. Finley), from January 2021 through the present.

**RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs object to the Request for "all communications between, among or including" Plaintiffs for over a four year period as it would require a burdensome and disproportionate search of all means of communication. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by

Section 2, Third and Fourth of the Railway Labor Act. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act.

4

6. Produce all documents relating to any and all contemplated, planned, promised and/or actual support and/or promotion of the AFA by any of the Flight Attendant Plaintiffs since January 2021 and up through the present.

**RESPONSE**: Plaintiffs object to the Request as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks documents covered by the attorney client privilege or work product doctrine. Plaintiffs further objects to the Request as vague and ambiguous. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Request is also objectionable because it seeks all documents relating to Plaintiff Finley, Grange, or Price's support for the AFA's organizing campaign at SkyWest Airlines without any limitations as to time or specificity, and because the disclosure of signed union authorization cards, documents relating to the solicitation of union authorization cards, documents regarding AFA strategy for the union campaign, and documents revealing associated activity would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act.

5

13. For the period from January 2021 to the present, produce all documents in the custody, control or possession of any and all Plaintiffs that relate in any way to SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's organizing campaign among the Flight Attendants of SkyWest Airlines (including without limitation any communication between, by or among any of the Plaintiffs and /or with any third party – e.g., without limitation, the U.S. Department of Labor, the Office of Labor Management Relations, the National Mediation Board, and any political or elected official of the U.S. Government) concerning any of the foregoing subjects.

> **RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Further, the Request encompasses all documents Plaintiffs Finley, Grange, and Price received in the ordinary course of their employment at SkyWest which relate to SIA and are therefore more easily obtainable from Defendants. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1 and 6.

14. For the period January 2021 and up the present, produce each document and communication made by, received by, or involving AFA President Sara Nelson that in any way references or concerns SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's actions and efforts to replace SIA as the labor representative of its Members at SkyWest Airlines.

> **RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1, 6, and 13.

6

15. For the period beginning January 1, 2021 to the present, produce all Documents and Communications related to AFA's plan and/or campaign to replace SIA as the bargaining unit for SkyWest flight attendants, including, but not limited to

    a.    Communications between Plaintiffs

    b.    Communications between AFA Representatives

    c.    Communications between Plaintiffs and SIA Board Members

    d.    Communications between AFA Representatives and SIA Board Members

    e.    Communications between AFA Representatives and SkyWest flight attendants

    f.    Communications between Plaintiffs, AFA Representatives and the US

Department of Labor and/or Office of Labor-Management Standards.

**RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Request is objectionable because it seeks all documents relating to the AFA's organizing campaign at SkyWest Airlines without any limitations as to time or specificity, and because the disclosure of signed union authorization cards, documents relating to the solicitation of union authorization cards, documents regarding AFA strategy for the union campaign, and documents revealing associated activity would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 003510-3520, 003526-003559, and 010630-010885.

16. Produce all Documents and Communications between Plaintiffs (individually or collectively), including any AFA Representative, and the Department of Labor ("DOL") or Office of Labor-Management Standards ("OLMS") regarding SIA from 2021 to the present.

**RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. The Request seeks documents regarding potential or actual DOL investigations or complaints which are not part of this action. To the extent there exists a separate DOL investigation or case regarding Defendant SIA, such documents are more appropriately obtained through the DOL itself. Plaintiffs further object to the Request to the extent disclosure of such documents would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 010924-010926.

7

4900-3768-3025.v2

19.  Produce all Documents and Communications relating to any strategy, plan, and/or campaign to inform SkyWest Flight Attendants about AFA, to advertise or promote AFA to SkyWest Flight Attendants, to create or improve an image of AFA in the eyes of SkyWest's Flight Attendants, and/or to improve AFA's prospects in its campaign to displace and replace SIA.

> **RESPONSE**: Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. The production of non-public material regarding any strategy, plan, and/or campaign to unionize the SkyWest Flight Attendants would interfere with protected activity under Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 003510-3520, 003526-003559, and 010630-010885.

20.  Produce all Documents and Communications relating to any AFA efforts or activities to become the exclusive labor representative of SkyWest's Flight Attendants including, but not limited to, the posting of Mr. Price's "How to Hack the Election" video and/or related information on social media (whether before or after that occurred), and postings at any time on the website www.ooitstime.com.

> **RESPONSE**: Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. The production of non-public material regarding any strategy, plan, and/or campaign to unionize the SkyWest Flight Attendants would interfere with protected activity under Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs object to the use of the term "'How to Hack the Election' video" as vague and ambiguous. Plaintiffs object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 003510-3520, 003526-003559, and 010630-010885.

8

21. Produce all Communications and related Documents from Plaintiffs to DOL or OLMS regarding complaints against SIA, possible or actual DOL investigation(s) of SIA, including in regard to interviews requested or conducted by DOL in connection with any possible or actual DOL investigation(s) of SIA.

**RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. The Request seeks documents regarding potential or actual DOL investigations or complaints which are not part of this action. To the extent there exists a separate DOL investigation or case regarding Defendant SIA, such documents are more appropriately obtained through the DOL itself. Plaintiffs further object to the Request to the extent disclosure of such documents would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 010924-010926.

9

4900-3768-3025.v2

**<u>Plaintiffs' Privilege and Redaction Log</u>**

March 28, 2025

| # | AUTHOR(S) | RECIPIENT(S) | COPIED | DATE(S) | DOCUMENT TITLE/TYPE | PRIVILEGE/ REDACTION | BATES # |
|---|---|---|---|---|---|---|---|
| 1. | SIA Representatives | Tresa Grange | | 06/12/2018 | Personal Checks | Bank Account and Routing Numbers Redacted. | 000221 |
| 2. | Shane Price, Tresa Grange | Shane Price, Tresa Grange | | 08/11/2023 | Text Messages | Protected activity under Section 2, Third and Fourth of the Railway Labor Act ("RLA"). 45 U.S.C. 152, Third and Fourth. | 004895 |
| 3. | Shane Price | Tresa Grange | | 09/03/2023 | Text Messages | Unredacted copy will be produced. | 004898 |
| 4. | Shane Price, Tresa Grange | Shane Price, Tresa Grange | | 04/19/2023- 04/20/2023 | WhatsApp Messages | Protected activity under Section 2, Third and Fourth of the Railway Labor Act ("RLA"). 45 U.S.C. 152, Third and Fourth. | 004899 |
| 5. | Shane Price, Tresa Grange | Shane Price, Tresa Grange | | 09/13/2023- 09/14/2023 | WhatsApp Messages | Unredacted copy will be produced. | 004901 |
| 6. | Shane Price, Tresa Grange, Jacque Crossley | Shane Price, Tresa Grange, Jacque Crossley | | 07/22/2023 | Text Messages | Protected activity under Section 2, Third and Fourth of the Railway Labor Act ("RLA"). 45 U.S.C. 152, Third and Fourth; nonresponsive. | 004902 |
| 7. | Tresa Grange, Jacque Crossley | Shane Price, Tresa Grange, Jacque Crossley | | 08/16/2023 | Text Messages | Protected activity under Section 2, Third and Fourth of the Railway Labor Act ("RLA"). 45 U.S.C. 152, Third and Fourth. | 004916 |

| 8. | Tresa Grange | Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, Kelly Frieders, Gailen David | | 08/13/2023 | WhatsApp Messages | Protected activity under Section 2, Third and Fourth of the Railway Labor Act ("RLA"). 45 U.S.C. 152, Third and Fourth. | 004917 |
|---|---|---|---|---|---|---|---|
| 9. | Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, Kelly Frieders | Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, Kelly Frieders, Gailen David | | 08/17/2023 | WhatsApp Messages | Unredacted copy will be produced. | 004979 |
| 10. | Brandon Finley | John Grunert | | 11/20/2023 | Email | Attorney-Client Privilege. | 010927 |
| 11. | Tresa Grange | John Grunert | | 03/19/2025 | Email | Attorney-Client Privilege. | 010931 |

2