SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA B. SHIFFRIN, *pro hac vice*
GRACE RYBAK, *pro hac vice*
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
grybak@bredhoff.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-
CWA, Shane Price, Tresa Grange, Brandon
Finley, Jacque Crossley, and Gailen David*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY; <br><br> Plaintiffs, <br><br> v. <br><br> SKYWEST AIRLINES, INC.; and SKYWEST INFLIGHT ASSOCIATION; <br><br> Defendants. | **PLAINTIFFS' OPPOSITION TO SIA'S SHORT FORM DISCOVERY MOTION, DOC. NO. 118** <br><br><br><br><br> Case No. 2:23-cv-00723-DBB-DBP <br> Judge David Barlow <br> Magistrate Judge Dustin B. Pead |

SIA's Motion is untimely under Rule 37-1, as it was filed more than 45 days after the parties' April 29, 2025 meet-and-confer, and after a June 27, 2025 deadline agreed to by the parties. SIA's late filing is prejudicial, as Plaintiffs have subsequently engaged in document review under the belief that any dispute had been resolved.

SIA mischaracterizes the scope of material withheld. As to documents, the *only* information Plaintiffs have withheld (through redaction) is names and other identifiers of flight attendants who have been contacted by Plaintiff Association of Flight Attendants (AFA) or who support AFA in nonpublic ways. As to Plaintiffs' interrogatory responses, Plaintiffs have likewise only withheld the names of AFA supporters, the number of AFA union authorization cards signed by SkyWest flight attendants, and certain financial information regarding AFA's campaign to represent SkyWest flight attendants.

SIA has no legitimate interest in this specific information, as none of it is relevant to any claim or defense at issue here. Tellingly, SIA does not argue that this specific withheld information is relevant. The individual Plaintiffs' names appear unredacted throughout Plaintiffs' document production, as do names of other public AFA supporters.

Further, even if the information was arguably relevant, Plaintiffs' withholding was justified because the information is sensitive "confidential … commercial information" eligible for protection from disclosure under F.R.C.P. 26(c)(1)(G).[1] *See Ivanti, Inc. v. Staylinked Corp.*, 2021 WL 3406391 at *1 (D. Utah 2021). Courts have applied this rule, or have otherwise entered protective orders, to protect information sensitive to unions from disclosure. *See Kerns v.*

---

[1]    If the Court would like additional briefing, Plaintiffs are prepared to file a motion for a protective order. Alternatively, Plaintiffs request extended briefing.

*Caterpillar, Inc.*, 2008 WL 351233, at \*4 (M.D. Tenn. Feb. 7, 2008) (bargaining strategy); *Bonin v. World Umpires Ass'n*, 204 F.R.D. 67, 70 (E.D. Pa. 2001) (union financial information); *cf. Raymond v. Spirit AeroSystems Holdings, Inc.*, 2017 WL 6524841, at \*4 (D. Kan. 2017) ("[R]equiring the union to open its files to the employer 'would be inconsistent with and subversive of the very essence of collective bargaining and the quasi-fiduciary relationship between a union and its members.'") (quoting *Berbiglia, Inc.*, 233 NLRB 1476, 1495 (1977)).

Disclosure of the specific information withheld by Plaintiffs pertaining to AFA's organizing efforts would cause competitive harm to AFA and its supporters that far outweighs any probative value. *See Bonin*, 204 F.R.D. at 70; *Ivanti*, 2021 WL 3406391, at \*3. Further, any interest that SIA may claim in seeking the names of nonpublic AFA supporters—and other flight attendants contacted by Plaintiffs—is outweighed by those flight attendants' privacy interests. Disclosure would have a chilling effect on future communications with flight attendants, *see Raymond*, 2017 WL 6524841 at \*4, as they would reasonably be concerned about retaliation by SIA. Indeed, SIA has admittedly disqualified an AFA supporter from running for SIA office due to "disloyalty." *Chavez-Deremer v. SIA*, Case No. 2:24-cv-956 (D. Utah), Dkt. 21, ¶ 21.

For these reasons, SIA's Motion should be denied.

Dated: August 1, 2025

/s/Joshua B. Shiffrin
Joshua B. Shiffrin, pro hac vice
Grace Rybak, pro hac vice
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW
Suite 1000
Washington, D.C. 20005
(202) 842-2600
jshiffrin@bredhoff.com
grybak@bredhoff.com

John J. Grunert, pro hac vice
Jeffrey A. Bartos, pro hac vice
Guerrieri, Bartos & Roma, PC
1717 K Street, NW, Suite 900
Washington, DC  20006
(202) 624-7400
jgrunert@geclaw.com
jbartos@geclaw.com

*Counsel for Plaintiffs Association of Flight Attendants-CWA, Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, and Gailen David*