# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | | |
|---|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY; | ) ) ) ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) ) | |
| v. | ) ) | Case No. 2:23-cv-00723-DBB-DBP |
| SKYWEST AIRLINES, INC.; and SKYWEST INFLIGHT ASSOCIATION, | ) ) ) | Judge: David Barlow Magistrate Judge: Dustin B. Pead |
| Defendants/Counterclaim Plaintiffs. | ) ) ) ) | |

---

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT SIA'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Association of Flight

Attendants-CWA, AFL-CIO ("AFA"), Shane Price, Tresa Grange, and Brandon Finley,

collectively "Plaintiffs", hereby provide the following Responses and Objections to SkyWest

Inflight Association's ("SIA") First Set of Requests for Production, dated December 23, 2024.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all communications between, among or including AFA and the Plaintiff Flight Attendants (Mr. Price, Ms. Grange, and Mr. Finley), from January 2021 through the present.

> **RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs object to the Request for "all communications between, among or including" Plaintiffs for over a four year period as it would require a burdensome and disproportionate search of all means of communication. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by

Section 2, Third and Fourth of the Railway Labor Act. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act.

2. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Mr. Price and/or between Mr. Price and anyone on AFA's behalf or in its stead, from January 2021 through the present.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs are reviewing their records and responsive documents outside the scope of the objection will be produced.

3. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Ms. Grange, and/or between Ms. Grange and anyone on AFA's behalf or in its stead, from January 2021 through the present.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs are reviewing their records and responsive documents outside the scope of the objection will be produced.

4. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Mr. Finley, and/or between Mr. Finley and anyone acting on AFA's behalf or in its stead, from January 2021 through to the present.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs are reviewing their records and responsive documents outside the scope of the objection will be produced.

5. Produce all communications to, from, between and/or among any of the Plaintiffs regarding SIA's website (including, without limitation, any of its webpages, content, functions, functionality, technical aspects, security features, perceived security vulnerability, etc.) in August 2023 and/or its current website including, without limitation, all such communications

2

referring to or involving any aspects, features, content, or ability to access any part of such website or any webpage thereof.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks documents covered by the attorney client privilege or work product doctrine. Plaintiffs object to the Request to the extent it concerns SIA's current website as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. The access of or status of SIA's website outside of a specific period in 2023 is irrelevant to any claim or counterclaim. Responsive documents outside the scope of the objections will be produced. See AFA 003626 and 004881-004980.

6. Produce all documents relating to any and all contemplated, planned, promised and/or actual support and/or promotion of the AFA by any of the Flight Attendant Plaintiffs since January 2021 and up through the present.

**RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks documents covered by the attorney client privilege or work product doctrine. Plaintiffs further objects to the Request as vague and ambiguous. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Request is also objectionable because it seeks all documents relating to Plaintiff Finley, Grange, or Price's support for the AFA's organizing campaign at SkyWest Airlines without any limitations as to time or specificity, and because the disclosure of signed union authorization cards, documents relating to the solicitation of union authorization cards, documents regarding AFA strategy for the union campaign, and documents revealing associated activity would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act.

7. Produce all documents and information regarding (a) Mr. Price's discovery or awareness of folders, files, partitions, pages and/or data (including, without limitation, PII of SkyWest Flight Attendants) contained within SIA's website as alleged in Complaint ¶ 43; (b) his discovery or awareness of any technical vulnerabilities concerning the security of such folders, files, partitions, pages and/or data; (c) his actions in regard to accessing of such folders, files, partitions, pages and/or data; (d) his actions in regard to recording, copying or procuring such folders, files, partitions and/or data; and (e) his actions in regard to providing, sharing or disseminating to anyone (including, without limitation, Ms. Grange).

3

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 003636, 003649-004880, and 004894-004978.

8. Produce all documents related to Mr. Price seeking or obtaining access to, and/or use or manipulation of any functionality of, any VoteNow platform, system, folder, as alleged in Complaint ¶ 47.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 003626, 003649-004878, and 004980.

9. Produce all documents related to AFA's knowledge of or involvement in Mr. Price and Ms. Grange's conduct as alleged in Complaint ¶¶ 47–48.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 004917-004979.

10. Produce a copy of the video (referenced in Complaint ¶ 47) including but not limited to the full video before it was edited for posting, as well as all materials produced as a result of the video containing, referencing or using any of its contents.

**RESPONSE:** Responsive documents will be produced. See AFA 003636, 004881-004892, 004894, 004899-004901, and 004917-004980.

11. Produce all documents related to AFA's knowledge of or involvement in Ms. Grange's conduct as alleged in Complaint ¶ 48.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 003636 and 004917-004980.

12. Produce all documents related to the organizing campaign in crew rooms as set forth in Complaint ¶ 60 and any alleged unfair, unequal or discriminatory conduct regarding use of crew rooms.

**RESPONSE:**  Plaintiffs object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Responsive documents outside the scope of the objections will be produced. See AFA 003521-003525.

13. For the period from January 2021 to the present, produce all documents in the custody, control or possession of any and all Plaintiffs that relate in any way to SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's organizing campaign among the Flight Attendants of SkyWest Airlines (including without limitation any communication between, by or among any of the Plaintiffs and /or with any third party – e.g., without limitation, the U.S. Department of Labor, the Office of Labor Management Relations, the National Mediation Board, and any political or elected official of the U.S. Government) concerning any of the foregoing subjects.

**RESPONSE:**  Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Further, the Request encompasses all documents Plaintiffs Finley, Grange, and Price received in the ordinary course of their employment at SkyWest which relate to SIA and are therefore more easily obtainable from Defendants. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1 and 6.

14. For the period January 2021 and up the present, produce each document and communication made by, received by, or involving AFA President Sara Nelson that in any way references or concerns SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's actions and efforts to replace SIA as the labor representative of its Members at SkyWest Airlines.

**RESPONSE:**  Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1, 6, and 13.

5

DATED: March 14, 2025             /s/ *John J. Grunert*

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>      Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>SKYWEST AIRLINES, INC.; and SKYWEST INFLIGHT ASSOCIATION,<br><br>      Defendants/Counterclaim Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:23-cv-00723-DBB-DBP<br><br>Judge: David Barlow<br>Magistrate Judge: Dustin B. Pead |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANT SIA'S SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Association of Flight Attendants-CWA, AFL-CIO ("AFA"), Shane Price, Tresa Grange, and Brandon Finley, collectively "Plaintiffs", hereby provide the following Responses and Objections to SkyWest Inflight Association's ("SIA") Second Set of Requests for Production, Nos. 15-21, dated February 18, 2025.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

15. For the period beginning January 1, 2021 to the present, produce all Documents and Communications related to AFA's plan and/or campaign to replace SIA as the bargaining unit for SkyWest flight attendants, including, but not limited to

        a.     Communications between Plaintiffs
        b.     Communications between AFA Representatives
        c.     Communications between Plaintiffs and SIA Board Members
        d.     Communications between AFA Representatives and SIA Board Members
        e.     Communications between AFA Representatives and SkyWest flight attendants
        f.     Communications between Plaintiffs, AFA Representatives and the US

Department of Labor and/or Office of Labor-Management Standards.

**RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Request is objectionable because it seeks all documents relating to the AFA's organizing campaign at SkyWest Airlines without any limitations as to time or specificity, and because the disclosure of signed union authorization cards, documents relating to the solicitation of union authorization cards, documents regarding AFA strategy for the union campaign, and documents revealing associated activity would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 003510-3520, 003526-003559, and 010630-010885.

16. Produce all Documents and Communications between Plaintiffs (individually or collectively), including any AFA Representative, and the Department of Labor ("DOL") or Office of Labor-Management Standards ("OLMS") regarding SIA from 2021 to the present.

**RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. The Request seeks documents regarding potential or actual DOL investigations or complaints which are not part of this action. To the extent there exists a separate DOL investigation or case regarding Defendant SIA, such documents are more appropriately obtained through the DOL itself. Plaintiffs further object to the Request to the extent disclosure of such documents would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 010924-010926.

17. Produce all Documents and Communications relating to any plan or action by any of the Plaintiffs to embarrass, discredit, or undermine SIA's position with the SkyWest flight attendants by posting Mr. Price's "How to Hack the Election" video and/or related information on social media, whether before or after that occurred.

**RESPONSE:** Plaintiffs object to the use of the term "'How to Hack the Election' video" as vague and ambiguous. Notwithstanding the foregoing objection, Plaintiffs do not possess any responsive documents.

2

18.  Produce all Documents and Communications relating to any plan to improve AFA's position with the SkyWest flight attendants by posting Mr. Price's "How to Hack the Election" video and related information on social media, whether before or after that occurred.

> **RESPONSE:** Plaintiffs object to the use of the term "'How to Hack the Election' video" as vague and ambiguous. Notwithstanding the foregoing objection, Plaintiffs do not possess any responsive documents.

19.  Produce all Documents and Communications relating to any strategy, plan, and/or campaign to inform SkyWest Flight Attendants about AFA, to advertise or promote AFA to SkyWest Flight Attendants, to create or improve an image of AFA in the eyes of SkyWest's Flight Attendants, and/or to improve AFA's prospects in its campaign to displace and replace SIA.

> **RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. The production of non-public material regarding any strategy, plan, and/or campaign to unionize the SkyWest Flight Attendants would interfere with protected activity under Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 003510-3520, 003526-003559, and 010630-010885.

20.  Produce all Documents and Communications relating to any AFA efforts or activities to become the exclusive labor representative of SkyWest's Flight Attendants including, but not limited to, the posting of Mr. Price's "How to Hack the Election" video and/or related information on social media (whether before or after that occurred), and postings at any time on the website www.ooitstime.com.

> **RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. The production of non-public material regarding any strategy, plan, and/or campaign to unionize the SkyWest Flight Attendants would interfere with protected activity under Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs object to the use of the term "'How to Hack the Election' video" as vague and ambiguous. Plaintiffs object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 003510-3520, 003526-003559, and 010630-010885.

21. Produce all Communications and related Documents from Plaintiffs to DOL or OLMS regarding complaints against SIA, possible or actual DOL investigation(s) of SIA, including in regard to interviews requested or conducted by DOL in connection with any possible or actual DOL investigation(s) of SIA.

**RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. The Request seeks documents regarding potential or actual DOL investigations or complaints which are not part of this action. To the extent there exists a separate DOL investigation or case regarding Defendant SIA, such documents are more appropriately obtained through the DOL itself. Plaintiffs further object to the Request to the extent disclosure of such documents would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 010924-010926.

DATED: March 20, 2025

/s/ *John J. Grunert*
JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com

4

JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>SKYWEST AIRLINES, INC.; and SKYWEST INFLIGHT ASSOCIATION,<br><br>    Defendants/Counterclaim Plaintiffs. | Case No. 2:23-cv-00723-DBB-DBP<br><br>Judge: David Barlow<br>Magistrate Judge: Dustin B. Pead |

### PLAINTIFFS' ANSWERS TO DEFENDANT SIA'S
### SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Association of Flight Attendants-CWA, AFL-CIO ("AFA"), Shane Price, Tresa Grange, and Brandon Finley, collectively "Plaintiffs", hereby provide the following Responses and Objections to the SkyWest Inflight Association's ("SIA") Second Set of Interrogatories, Nos. 6-14, dated February 18, 2025.

### ANSWERS AND OBJECTIONS TO INTERROGATORIES

6.   Identify all AFA Representatives who had knowledge of the plans or actions of Mr. Price to access personal identifying information of SkyWest Flight Attendants from a SIA website and/or to create and/or distribute the "How to Hack the Election" video, including, for each such AFA Representative: (a) the dates on which they attained such knowledge or information and (b) the knowledge or information they attained on said date(s).

> **RESPONSE:** Plaintiffs object to Interrogatory No. 6 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Plaintiffs object to the use of the terms "knowledge of the plans", "personal identifying information", and "the 'How to Hack the Election' video" as vague and ambiguous.

Plaintiffs object to the scope of the Interrogatory as unlimited in time and as including any and all AFA Representatives who obtained "knowledge or information" of such actions at later dates, including after the Complaint was filed. Notwithstanding the foregoing objections, as to Interrogatory 6(a), AFA Campaign Representative Gailen David was on constructive notice that Mr. Price created a video regarding publicly accessible information from SIA's website as of August 14, 2023. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will answer 6(b) by specifying records from Plaintiffs' document production. See AFA 004917-004978.

7.    Identify all AFA Representatives who had knowledge of the plan or actions of Ms. Grange to post Mr. Price's "How to Hack the Election" video and/or related information on social media, whether before or after the video was posted, including, for each such AFA Representative:(a) the dates on which they attained such knowledge or information and (b) the knowledge or information they attained on said date(s).

**RESPONSE:** Plaintiffs object to Interrogatory No. 7 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Plaintiffs object to the use of the terms "knowledge of the plan" and "'How to Hack the Election' video" as vague and ambiguous. Plaintiffs object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Plaintiffs object to the scope of the Interrogatory as unlimited in time and as including any and all AFA Representatives who obtained "knowledge or information" of such actions at later dates, including after the Complaint was filed. Notwithstanding the foregoing objections, as to Interrogatory 7(a), AFA Campaign Representative Gailen David was on constructive notice that Ms. Grange planned to post and/or posted information on social media regarding the integrity of SIA's August 2023 election as of August 14, 2023. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will answer 7(b) by specifying records from Plaintiffs' document production. See AFA 004917-004978.

8.    From 2021 to the present, identify each instance where AFA has investigated and/or taken disciplinary action or other action against any member for allegedly engaging in misconduct prohibited by a provision in an applicable AFA constitution or bylaw or other policy including, without limitation, misconduct in the nature of disloyalty to the organization by supporting an actual or potential labor organization over or against AFA as well as misconduct involving activities that, in AFA's view, could have compromised (or did compromise) the security of an AFA election.

**RESPONSE:** Plaintiffs object to Interrogatory No. 8 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. The Interrogatory is also objectionable in that it seeks identification of all investigations and/or disciplines of any AFA member at any carrier for over four years. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

2

9.    For the period from January 1, 2021 up to and including the present, identify all SkyWest flight attendants and/or AFA Representatives who are, or were, in any way involved with or supportive of AFA's plan, efforts, activities and/or campaign to displace and/or replace SIA as the bargaining unit for SkyWest flight attendants, for each individual providing, without limitation, the time period, nature, and substance of such involvement.

**RESPONSE:**  Plaintiffs object to Interrogatory No. 9 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is also objectionable because it seeks total disclosure of employee participation in the AFA's organizing campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

10.   For the period from January 1, 2021 up to and include the present, identify each and every individual who, while employed as a SkyWest Flight Attendant, is known by any of the Plaintiffs to have (a) requested, obtained, or held any form of membership in AFA or (b) been in any way involved with AFA or efforts to displace or replace SIA as the labor representative of SkyWest's Flight Attendants (e.g., including, without limitation, as an employee, paid consultant or volunteer for AFA or any other entity or person).

**RESPONSE:** Plaintiffs object to Interrogatory No. 10 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is also objectionable because it seeks total disclosure of employee participation in the AFA's organizing campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

11.  For the period from January 1, 2021 to the present, identify all payments or benefits of any kind, including but not limited to cash, loan, in-kind-payment, administrative or logistical assistance, products or services (such as, e.g., free or reduced cost transportation), flight pay loss, and parking benefits provided to or for AFA by employers of individuals represented by

3

AFA. For each, provide the name and location of each employer, the nature of each payment or benefit, the value of each payment or benefit, and the date each payment or benefit was received.

> **RESPONSE:** Plaintiffs object to Interrogatory No. 11 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. Notwithstanding the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Plaintiff AFA will answer Interrogatory No. 11 by specifying records from Plaintiffs' document production, consisting of the AFA's current collective bargaining agreements ("CBAs") with air carriers and the LM Reports for the AFA's Master Executive Councils ("MECs") and Local Executive Councils ("LECs") for 2022-2024. See AFA 005024-010393.

12. Identify the number of AFA authorization cards signed by SkyWest flight attendants before August 9, 2023.

> **RESPONSE:** Plaintiffs object to Interrogatory No. 12 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is objectionable because it seeks the disclosure of information regarding signed union authorization cards, the solicitation of union authorization cards, and/or AFA strategy for the unionization campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

13. Identify the number of AFA authorization cards signed by SkyWest flight attendants after August 9, 2023.

> **RESPONSE:** Plaintiffs object to Interrogatory No. 13 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is objectionable because it seeks the disclosure of information regarding signed union authorization cards, the solicitation of union authorization cards, and/or AFA strategy for the unionization campaign at SkyWest Airlines which would interfere with the exercise of

4

rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

14.   Identify and describe all payments and expenditures, including obligations or debts incurred, made by or on behalf of AFA in its campaign to displace and/or replace SIA as the labor representative for SkyWest flight attendants.

**RESPONSE:**  Plaintiffs object to Interrogatory No. 14 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is also objectionable because it seeks total disclosure of the AFA's finances and strategy regarding the organizing campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

AS TO ANSWERS to Interrogatories directed at Plaintiff AFA,

I hereby declare under penalty of perjury that the foregoing answers are true and correct.

DATED:  March 20, 2025          /s/ *John H. Morse III*
                                John H. Morse III, Esq.
                                Associate General Counsel
                                Association of Flight Attendants-CWA
                                Electronic signature added by permission of John H. Morse III.

AS TO ANSWERS to Interrogatories directed at Plaintiff Shane Price,

I hereby declare under penalty of perjury that the foregoing answers are true and correct.

DATED:  March 20, 2025          /s/ *Shane Price*
                                Shane Price
                                Electronic signature added by permission of Shane Price.

AS TO ANSWERS to Interrogatories directed at Plaintiff Tresa Grange,

I hereby declare under penalty of perjury that the foregoing answers are true and correct.


DATED:  March 20, 2025                             /s/ *Tresa Grange*
                                                   Tresa Grange
                                                   Electronic signature added by permission of Tresa Grange.

AS TO ANSWERS to Interrogatories directed at Plaintiff Brandon Finley,

I hereby declare under penalty of perjury that the foregoing answers are true and correct.


DATED:  March 20, 2025                             /s/ *Brandon Finley*
                                                   Brandon Finley
                                                   Electronic signature added by permission of Brandon Finley.



AS TO OBJECTIONS,

DATED: March 20, 2025                              /s/ *John J. Grunert*
                                                   JEFFREY A. BARTOS, *pro hac vice*
                                                   JOHN J. GRUNERT, *pro hac vice*
                                                   Guerrieri, Bartos & Roma, P.C.
                                                   1717 K Street, NW, Suite 900
                                                   Washington, DC 20006
                                                   Telephone: (202) 624-7400
                                                   Email: jbartos@geclaw.com
                                                   Email: jgrunert@geclaw.com

6