# EXHIBIT D

**From:** John Grunert <jgrunert@geclaw.com>
**Sent:** Thursday, August 14, 2025 2:56 PM
**To:** Christina M. Jepson <CJepson@parsonsbehle.com>; Sarah Jenkins Dewey <SDewey@parsonsbehle.com>; Greg Formella (Gregg.Formella@gmail.com) <gregg.formella@gmail.com>; Emily T. Howe <ethowe@hollandhart.com>; Chiavetta, Thomas R. <tchiavetta@jonesday.com>; Hall, Douglas W. <dwhall@jonesday.com>; patricia@patriciastambelos.com; Erik A. Christiansen <EChristiansen@parsonsbehle.com>; Greg Saylin <gmsaylin@hollandhart.com>; Jason D. Boren <jdboren@hollandhart.com>; Zach T. Burford <ztburford@hollandhart.com>
**Cc:** Jeff Bartos <jbartos@geclaw.com>; Joshua Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>; Eric Johnson <EJohnson@parsonsbehle.com>
**Subject:** RE: Proposal for Protective Order

**This Message Is From an External Sender**
This message came from outside your organization.

Report Suspicious

Counsel,

In an effort to resolve or narrow the issues raised in SIA's discovery motion of July 25, I will attempt to clarify the points in my earlier email and status of our discovery responses.

The *only* documents or information that have been withheld or redacted on the basis of the objections based on the RLA are the three categories previously mentioned:

- The names and personal identifying information of SkyWest Flight Attendants who have non-publicly supported or contacted the AFA.
- AFA authorization cards, and related information as to the collection of cards, signatories of cards, and the total number of cards.
- AFA financial information outside the scope of the AFA's LM Reports or financial support for the Plaintiffs.

These objections (related to activity protected under the RLA) are reflected in Plaintiffs' prior written discovery responses. We maintain that these categories of information are protected from disclosure pursuant to F.R.C.P 26(c)(1)(G) and otherwise are irrelevant to any claim or defense in this case.

Supplemental responses by Plaintiffs to current discovery requests will also withhold or redact information or documents covered by these three categories, consistent with our practice to date.

We are considering your comments on each of the three categories, including by conferring with our clients, and are willing to meet and confer with you on these points on Friday or early next week.

I realize that SIA's motion is due tomorrow, therefore we would be agreeable to a brief extension for additional time to meet and confer and would join in a motion to that effect if you believe warranted.

As to the Amended Responses to Interrogatories, these are being produced herewith.

As to the Amended Responses to Requests for Document Production, a written response will be produced shortly and will identify which Requests Plaintiffs' more recent productions of April-August 2025 are responsive to, including Requests identified in SIA's motion of July 25. To be clear, this is in reference to documents already produced. Subsequently, a further supplemental document production will be forthcoming, but will not contain information or documents from the above three categories.

As to the Privilege Log, the log states which previously redacted documents have now been produced in full by listing the corresponding Bates Nos. A further updated Privilege Log will be forthcoming, with entries covering the redactions in Plaintiffs' production through the present.

Finally, we are also soliciting SkyWest's position on a protective order for these topics and have not yet received a response.

-John

John Grunert
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC  20006
Main: (202) 624-7400
Direct: (202) 787-5879
jgrunert@geclaw.com

*This e-mail may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system, including any attachments, without copying it and notify sender by reply e-mail, so that our records can be corrected.*

**From:** Christina M. Jepson <CJepson@parsonsbehle.com>
**Sent:** Wednesday, August 13, 2025 4:37 PM
**To:** John Grunert <jgrunert@geclaw.com>; Sarah Jenkins Dewey <SDewey@parsonsbehle.com>; Greg Formella (Gregg.Formella@gmail.com) <gregg.formella@gmail.com>; Emily T. Howe <ethowe@hollandhart.com>; Chiavetta, Thomas R. <tchiavetta@jonesday.com>; Hall, Douglas W. <dwhall@jonesday.com>; patricia@patriciastambelos.com; Erik A. Christiansen <EChristiansen@parsonsbehle.com>; Greg Saylin <gmsaylin@hollandhart.com>; Jason D. Boren <jdboren@hollandhart.com>; Zach T. Burford <ztburford@hollandhart.com>
**Cc:** Jeff Bartos <jbartos@geclaw.com>; Joshua Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>; Eric Johnson <EJohnson@parsonsbehle.com>
**Subject:** RE: Proposal for Protective Order

John,

Thank you for your message. If we can narrow the disputes remaining for the Court to decide, we should of course do so. To that end, we would appreciate it if you would provide some additional information and clarify a few points.

You state that the scope of material Plaintiffs are withholding is narrower than what SIA understands it to be and that Plaintiffs will update their written discovery responses to reflect "the actual scope of information withheld based on objections." We have not, however, received these supplemental responses from you yet, nor does your email specify what information and materials Plaintiffs are continuing to withhold.

Your email also states that unredacted versions of documents that were previously produced with redactions "have been or are being produced." While your email attaches one apparently unredacted chat exchange

(AFA012979-012982), we have received no other documents from you, nor does your email specify which previously redacted/withheld documents you now intend to produce in full.

Without the supplemental responses and all the unredacted documents you say are forthcoming, SIA cannot evaluate whether or to what extent these supplemental responses and productions narrow the issues remaining in dispute. This is particularly problematic as SIA's motion is due this Friday. Please send us the supplemental responses and all additional documents you intend to produce as soon as possible.

In the interest of moving this discussion forward in the meantime, are Plaintiffs withholding any documents—whether on the basis of "confidentiality under the Railway Labor Act" or any other grounds—that are not listed on the privilege log attached to your email? In addition, what do Plaintiffs mean by "confidentiality under the Railway Labor Act"? Also, your email notes three categories of information:

- The names and personal identifying information of SkyWest Flight Attendants who have non-publicly supported or contacted the AFA.
- AFA authorization cards, and related information as to the collection of cards, signatories of cards, and the total number of cards.
- AFA financial information outside the scope of the AFA's LM Reports or financial support for the Plaintiffs.

Are Plaintiffs withholding any documents or information outside of these three categories?

Next, your email contends that the three above-bulleted categories of information should be covered by a protective order. Your email does not, however, clarify whether the protective order you envision would preclude disclosure of these three categories entirely or instead simply limit the use and disclosure of the information in these three categories (e.g., AEO designation, etc.). Please clarify. While we disagree about the applicability of Rule 26(c)(1)(G), in the interest of trying to resolve and narrow the issues as much as possible, we propose the following (in bold):

- The names and personal identifying information of SkyWest Flight Attendants who have non-publicly supported or contacted the AFA. **Plaintiffs produce information relating to any person who is listed on any party's initial disclosures as this is relevant to witness bias.**

- AFA authorization cards, and related information as to the collection of cards, signatories of cards, and the total number of cards. (**Note: We understand the cards in question to look substantially similar to the attached. If the authorization cards relevant here differ in any substantive way, please let us know.**)

  -**AFA authorization cards and related information for persons who checked "public supporter" box to be produced without redaction**

  **- AFA authorization cards and related information for persons who did not check the "public supporter" box to be produced with name, contact information, and employee # etc. redacted but the date shall not be redacted.**

  **-AFA authorization cards and related information for persons who are listed on any party's initial disclosures will be produced without redaction, regardless of whether the "public supporter" box is checked or not.**

  **-The names and AFA authorization cards will be designated as Attorneys' Eyes Only, except for persons listed on any party's initial disclosures and those who checked the "public supporter" box.**

  **-AFA to provide information about the total numbers of cards.**

3

- AFA financial information outside the scope of the AFA's LM Reports or financial support for the Plaintiffs. **With respect to this category, it would be helpful to better understand in general terms what this information looks like. However, as a starting point for discussion, we propose AFA produce financial information relating to (1) support for the Plaintiffs, and (2) financial information specific to AFA's "campaign" and efforts to become the bargaining agent for SkyWest Flight Attendants and/or to displace SIA. SIA does not seek information about AFA's finances generally. We are willing to discuss additional protections for this information, e.g., AEO designation.**

With respect to the privilege log, we will need additional time to review Plaintiffs' updated privilege log and whatever additional documents Plaintiffs produce.

Note that SIA reserves all rights and waives nothing through this email and proposal. In addition, this proposal is subject to an understanding that these issues would be revisited if a need for additional information arises as the case develops.

Finally, we maintain that SIA's discovery motion was timely filed in accordance with the parties' agreement.

Please provide us with the information requested and let us know your position regarding our proposal as soon as possible. If you would like to discuss any of this further, please provide your availability for a meet-and-confer call at your earliest convenience.

Thank you,

Christina



**PARSONS BEHLE & LATIMER**

A Professional Law Corporation

**Christina M. Jepson**
Shareholder, Employment Law
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800  •  Salt Lake City, Utah 84111
Main +1 801.532.1234  •  Direct +1 801.536.6820  •  Fax +1 801.536.6111

parsonsbehle.com  •  CJepson@parsonsbehle.com  •  vCard

**CONFIDENTIALITY NOTICE:**  This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product.  The message is intended only for the use of the addressee.  If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at +1 801.532.1234, and delete this original message.

**From:** John Grunert <jgrunert@geclaw.com>
**Sent:** Monday, August 11, 2025 3:56 PM
**To:** Sarah Jenkins Dewey <SDewey@parsonsbehle.com>; Greg Formella (Gregg.Formella@gmail.com) <gregg.formella@gmail.com>; Christina M. Jepson <CJepson@parsonsbehle.com>; Emily T. Howe <ethowe@hollandhart.com>; Chiavetta, Thomas R. <tchiavetta@jonesday.com>; Hall, Douglas W. <dwhall@jonesday.com>; patricia@patriciastambelos.com; Erik A. Christiansen <EChristiansen@parsonsbehle.com>; Greg Saylin <gmsaylin@hollandhart.com>; Jason D. Boren <jdboren@hollandhart.com>; Zach T. Burford <ztburford@hollandhart.com>

**Cc:** Jeff Bartos <jbartos@geclaw.com>; Joshua Shiffrin <jshiffrin@bredhoff.com>; Grace Rybak <grybak@bredhoff.com>
**Subject:** Proposal for Protective Order

Counsel,

In view of the Court's Order for full briefing (Dkt. 127), we would like to clarify the scope of material that Plaintiffs have redacted or withheld on the basis of confidentiality under the Railway Labor Act, as asserted in our Responses of March 13 and March 20, 2025. We believe this information should be protected from disclosure under Fed. R. Civ. P. 26(c)(1)(G).

Importantly, the scope of material being withheld pursuant to Plaintiffs' objections is narrower than suggested in SIA's Short Form Discovery Motion (Dkt. 118). As you are aware, since March 2025, Plaintiffs have made substantial further productions, AFA010933-012978, which include, for instance, communications among Plaintiffs, as requested in various forms in SIA's Requests for Production No. 1, 6, 13, 15, 19, and 20. Plaintiffs will update our written discovery responses shortly to reflect the subsequent production and the actual scope of information withheld based on objections.

Still, Plaintiffs view certain material as subject to protection under Fed R. Civ. P. 26(c)(1)(G) (besides being objectionable as not relevant and on the other grounds asserted), and we therefore intend to file a motion for a protective order covering the following topics:

- The names and personal identifying information of SkyWest Flight Attendants who have non-publicly supported or contacted the AFA.
- AFA authorization cards, and related information as to the collection of cards, signatories of cards, and the total number of cards.
- AFA financial information outside the scope of the AFA's LM Reports or financial support for the Plaintiffs.

To be clear – Plaintiffs do not consider as within the scope of the foregoing topics any documents or information relating to Price's discovery of the SIA website folders, Price's Video, SIA membership information obtained from the SIA website folders, SIA's August 2023 election, or Price and Grange's terminations, and are not withholding any documents or information relating to same.

As to the privilege log, an updated version of the March 28, 2025 log is being produced herewith. Plaintiffs have reevaluated the entries on that log, and unredacted versions of documents that were previously produced have been or are being produced. We intend to share a fully updated privilege log, to reflect our most recent productions, soon.

In view of the above, please let us know your position on a protective order covering the topics listed. I am available to meet and confer further if necessary.

The foregoing is an attempt to clarify the scope of Plaintiffs' objections and Plaintiffs do not waive or withdraw any objections previously asserted. Finally, while we believe there is an issue as to the timeliness of SIA's discovery motion, and perhaps a misunderstanding by SIA, we prefer to address this issue on the merits.

Regards, -John

John Grunert
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC  20006
Main: (202) 624-7400
Direct: (202) 787-5879
jgrunert@geclaw.com

*This e-mail may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system, including any attachments, without copying it and notify sender by reply e-mail, so that our records can be corrected.*