# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*,      Plaintiffs/Counterclaim Defendants, v. SKYWEST AIRLINES, INC., *et al.*,      Defendants/Counterclaim Plaintiffs. | Case No.2:23-cv-00723-DBB-DBP Judge David Barlow Magistrate Judge Dustin B. Pead |

### PLAINTIFFS' AMENDED RESPONSES TO DEFENDANT SIA'S
### SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Association of Flight Attendants-CWA, AFL-CIO ("AFA"), Shane Price, Tresa Grange, and Brandon Finley, collectively "Plaintiffs", hereby provide the following Amended Responses and Objections to the SkyWest Inflight Association's ("SIA") Second Set of Interrogatories, Nos. 6-14, dated February 18, 2025.

### AMENDED ANSWERS AND OBJECTIONS TO INTERROGATORIES

6.    Identify all AFA Representatives who had knowledge of the plans or actions of Mr. Price to access personal identifying information of SkyWest Flight Attendants from a SIA website and/or to create and/or distribute the "How to Hack the Election" video, including, for each such AFA Representative: (a) the dates on which they attained such knowledge or information and (b) the knowledge or information they attained on said date(s).

**RESPONSE:** Plaintiffs object to Interrogatory No. 6 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Plaintiffs object to the use of the terms "knowledge of the plans", "personal identifying information", and "the 'How to Hack the Election' video" as vague and ambiguous. Plaintiffs object to the scope of the Interrogatory as unlimited in time and as including any and all AFA Representatives who obtained "knowledge or information" of such actions at later dates, including after the Complaint was filed. Notwithstanding the foregoing objections, as to Interrogatory 6(a), AFA Campaign Representative Gailen David was on constructive notice that Mr. Price created a video regarding publicly

accessible information from SIA's website as of August 14, 2023. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will answer 6(b) by specifying records from Plaintiffs' document production. See AFA 004917-004978.

7.   Identify all AFA Representatives who had knowledge of the plan or actions of Ms. Grange to post Mr. Price's "How to Hack the Election" video and/or related information on social media, whether before or after the video was posted, including, for each such AFA Representative:(a) the dates on which they attained such knowledge or information and (b) the knowledge or information they attained on said date(s).

> **RESPONSE:** Plaintiffs object to Interrogatory No. 7 to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Plaintiffs object to the use of the terms "knowledge of the plan" and "'How to Hack the Election' video" as vague and ambiguous. Plaintiffs object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Plaintiffs object to the scope of the Interrogatory as unlimited in time and as including any and all AFA Representatives who obtained "knowledge or information" of such actions at later dates, including after the Complaint was filed. Notwithstanding the foregoing objections, as to Interrogatory 7(a), AFA Campaign Representative Gailen David was on constructive notice that Ms. Grange planned to post and/or posted information on social media regarding the integrity of SIA's August 2023 election as of August 14, 2023. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will answer 7(b) by specifying records from Plaintiffs' document production. See AFA 004917-004978.

8.   From 2021 to the present, identify each instance where AFA has investigated and/or taken disciplinary action or other action against any member for allegedly engaging in misconduct prohibited by a provision in an applicable AFA constitution or bylaw or other policy including, without limitation, misconduct in the nature of disloyalty to the organization by supporting an actual or potential labor organization over or against AFA as well as misconduct involving activities that, in AFA's view, could have compromised (or did compromise) the security of an AFA election.

> **RESPONSE:** Plaintiffs object to Interrogatory No. 8 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. The Interrogatory is also objectionable in that it seeks identification of all investigations and/or disciplines of any AFA member at any carrier for over four years. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

9.   For the period from January 1, 2021 up to and including the present, identify all SkyWest flight attendants and/or AFA Representatives who are, or were, in any way involved with or supportive of AFA's plan, efforts, activities and/or campaign to displace and/or replace SIA as the bargaining unit for SkyWest flight attendants, for each individual providing, without

2

limitation, the time period, nature, and substance of such involvement.

> **AMENDED RESPONSE:** Plaintiffs object to Interrogatory No. 9 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is also objectionable because it seeks total disclosure of employee participation in the AFA's organizing campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Plaintiffs also object that this Requests calls for confidential business information protected from disclosure under F.R.C.P. 26(c)(1)(G).

> Notwithstanding the foregoing objections, Plaintiffs identify the following SkyWest Flight Attendants as having publicly supported the AFA within the period January 1, 2021 to the present: Tresa Grange, Shane Price, Brandon Finley, Jacque Crossley, Kelly Frieders, John McCraney, Keith MacKinnon, Sam Hensley, Michelle Miller-White, Tad Solomon, and Erin Wood. Plaintiffs or Counterclaim Defendants lack knowledge of each and every independent effort or activity that these or other individuals may have engaged in that was supportive of the AFA.

> Notwithstanding the foregoing objections, Plaintiffs identify the following individuals as the principal AFA Representatives involved with the AFA campaign at SkyWest during times from January 1, 2021 to the present: Gailen David and Steve Ekerberg.

10. For the period from January 1, 2021 up to and include the present, identify each and every individual who, while employed as a SkyWest Flight Attendant, is known by any of the Plaintiffs to have (a) requested, obtained, or held any form of membership in AFA or (b) been in any way involved with AFA or efforts to displace or replace SIA as the labor representative of SkyWest's Flight Attendants (e.g., including, without limitation, as an employee, paid consultant or volunteer for AFA or any other entity or person).

> **AMENDED RESPONSE:** Plaintiffs object to Interrogatory No. 10 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is also objectionable because it seeks total disclosure of employee participation in the AFA's

3

organizing campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

Without waiving the foregoing objections, as to Interrogatory 10(a), upon reasonable investigation, the AFA is not aware of any past or present SkyWest Flight Attendant who requested, obtained, or held AFA membership while employed as a SkyWest Flight Attendant.

11.  For the period from January 1, 2021 to the present, identify all payments or benefits of any kind, including but not limited to cash, loan, in-kind-payment, administrative or logistical assistance, products or services (such as, e.g., free or reduced cost transportation), flight pay loss, and parking benefits provided to or for AFA by employers of individuals represented by AFA. For each, provide the name and location of each employer, the nature of each payment or benefit, the value of each payment or benefit, and the date each payment or benefit was received.

**AMENDED RESPONSE:** Plaintiffs object to Interrogatory No. 11 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. Notwithstanding the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Plaintiff AFA will answer Interrogatory No. 11 by specifying records from Plaintiffs' document production, consisting of the AFA's current collective bargaining agreements ("CBAs") with air carriers and the LM Reports for the AFA's Master Executive Councils ("MECs") and Local Executive Councils ("LECs") for 2022-2024. See AFA 005024-010393.

*See also* the LM Reports for the AFA at AFA010394-010629.

12.  Identify the number of AFA authorization cards signed by SkyWest flight attendants before August 9, 2023.

**RESPONSE:** Plaintiffs object to Interrogatory No. 12 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is objectionable because it seeks the disclosure of information regarding signed union authorization cards, the solicitation of union authorization cards, and/or AFA strategy for the unionization campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The

4

Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

13.  Identify the number of AFA authorization cards signed by SkyWest flight attendants after August 9, 2023.

**RESPONSE:** Plaintiffs object to Interrogatory No. 13 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is objectionable because it seeks the disclosure of information regarding signed union authorization cards, the solicitation of union authorization cards, and/or AFA strategy for the unionization campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

14.  Identify and describe all payments and expenditures, including obligations or debts incurred, made by or on behalf of AFA in its campaign to displace and/or replace SIA as the labor representative for SkyWest flight attendants.

**AMENDED RESPONSE:** Plaintiffs object to Interrogatory No. 14 as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Interrogatory is also objectionable because it seeks total disclosure of the AFA's finances and strategy regarding the organizing campaign at SkyWest Airlines which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. The Interrogatory is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine.

Without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), the AFA responds by specifying records from Plaintiffs' document production, consisting of the LM Reports for the AFA, for the AFA Master Executive Councils ("MECs"), and for

the AFA Local Executive Councils ("LECs") for 2022-2024. *See* AFA008156-010393 and AFA010394-010629.

AS TO ANSWERS to Interrogatories directed at Plaintiff AFA,

I hereby declare under penalty of perjury that the foregoing answers are true and correct.

DATED:  August 14, 2025            /s/ *John H. Morse III*
                                   John H. Morse III, Esq.
                                   Associate General Counsel
                                   Association of Flight Attendants-CWA
                                   Electronic signature added by permission of John H. Morse III.

AS TO ANSWERS to Interrogatories directed at Plaintiff Shane Price,

I hereby declare under penalty of perjury that the foregoing answers are true and correct.

DATED:  August 14, 2025            /s/ *Shane Price*
                                   Shane Price
                                   Electronic signature added by permission of Shane Price.

AS TO ANSWERS to Interrogatories directed at Plaintiff Tresa Grange,

I hereby declare under penalty of perjury that the foregoing answers are true and correct.

DATED:  August 14, 2025            /s/ *Tresa Grange*
                                   Tresa Grange
                                   Electronic signature added by permission of Tresa Grange.

AS TO ANSWERS to Interrogatories directed at Plaintiff Brandon Finley,

I hereby declare under penalty of perjury that the foregoing answers are true and correct.

DATED:  August 14, 2025            /s/ *Brandon Finley*
                                   Brandon Finley
                                   Electronic signature added by permission of Brandon Finley.

AS TO OBJECTIONS,

DATED: August 14, 2025             /s/ *John J. Grunert*
                                   JEFFREY A. BARTOS, *pro hac vice*

6

JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com