# EXHIBIT B

Erik A. Christiansen, USB 7372
Christina M. Jepson, USB 7301
Sarah Jenkins Dewey, USB 15640
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
cjepson@parsonsbehle.com
sdewey@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (*pro hac vice*)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for Defendant SkyWest InFlight Association*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO, SHANE PRICE, TRESA GRANGE, and BRANDON FINLEY, <br> Plaintiffs, <br> vs. <br><br> SKYWEST, INC., SKYWEST AIRLINES, INC., and SKYWEST INFLIGHT ASSOCIATION, Defendants. | **DEFENDANT SKYWEST INFLIGHT ASSOCIATION'S SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFFS** <br><br> Case No. 2:23-cv-00723 <br><br> Judge: Hon. David Barlow |

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant

SkyWest InFlight Association ("Defendant" or "SIA") hereby submits the following

4935-2725-1738.v4

Interrogatories and Requests for Production of Documents (collectively "Discovery Requests") to

Plaintiffs to be answered in writing within 30 days of service of these Discovery Requests.

<strong>DEFINITIONS AND INSTRUCTIONS</strong>

The following definitions and instructions shall govern the Discovery Requests hereafter,

absent clear indication to the contrary.

a.      The term "AFA" shall refer to and mean Plaintiff Association of Flight Attendants-CWA, AFL-CIO (including, without limitation, its affiliated and subsidiary labor organizations) as well as any director, officer, employee, representative, agent, or other entity or person authorized to act for or on behalf of AFA, and its legal representatives.

b.      The term "AFA Representative" shall refer to and mean any person authorized to act for or on behalf of AFA including, without limitation, any representative, agent, employee or other person authorized to act for or on behalf of AFA.

c.      The term "Mr. Price" shall refer to and mean Plaintiff Shane Price, as well as any representative, agent, or other authorized person to act for or on behalf of Mr. Price.

d.      The term "Ms. Grange" shall refer to and mean Plaintiff Tresa Grange, as well as any representative, agent, or other authorized person to act for or on behalf of Ms. Grange.

e.      The term "Mr. Finley" shall refer to and mean Plaintiff Brandon Finley, as well as any representative, agent, or other authorized person to act for or on behalf of Mr. Finley.

f.      The term "Flight Attendant Plaintiffs" or "FA Plaintiffs" shall refer to and mean Mr. Price, Ms. Grange, and Mr. Finley.

g.      The term "SIA" shall refer to and mean Defendant SkyWest InFlight Association as well as any representative, agent, or other authorized to act for or on behalf of SIA.

h.      The term "SkyWest" shall refer to and mean Defendant SkyWest Airlines, Inc., as well as any employee, representative, agent, or other authorized to act for or on behalf of SkyWest.

i.      The term "SIA Member" shall refer to and mean a SkyWest Flight Attendant currently on the seniority list who has successfully completed an FAA-required operating experience and who is therefore a member of the Flight Attendant "Craft or Class."

j.      The term "SIA Membership" shall refer to and mean all of SIA's Members, as defined above.

2

k.      The term "Action" shall refer to and mean the above-entitled lawsuit.

l.      The term "Complaint" shall refer to and mean the First Supplemental Complaint filed in this Action by Plaintiffs.

m.      The term "and" shall mean "or," and "or" shall mean "and," as necessary to call for the broadest possible answer.

n.      The terms "document" and/or "Documents" as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include, but are not limited to, drawings, graphs, charts, photographs, tapes, videotapes, phono-records, correspondence, letters, e-mail, texts, electronically stored information, memoranda, notes, notations, papers, transcripts, minutes, reports, recordings of telephone or other conversations, or of interviews, conferences or other meetings, affidavits, statements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, computer printouts, or any other item of a similar nature, including all originals, drafts and non-identical copies, in the possession, custody or control of Plaintiffs, or known by Plaintiffs to exist, and include copies or reproductions of the foregoing if the original is no longer available to Plaintiffs, or where the copy or reproduction contains any entry or notation not present on the original or otherwise differs from the original. The term documents shall also include any data, information or communications however stored and retained, including, but not limited to, electronically stored information.

o.      The terms "Communicate" and/or "Communication" shall mean every manner or means of disclosure, transfer or exchange of information whether orally, by document or otherwise, and whether face-to-face, by telephone, telegraph, email, text message, or other electronic media, mail, personal delivery or otherwise.

p.      The term "person" shall mean any natural person and any firm, corporation, association, partnership, or other legal or business entity.

q.      The terms "identify" or "identity," when used in reference to a person, should mean that person's: (a) full name; (b) present home and/or business address (including city street name and number, city or town and state); and, (c) present business affiliation and present position held therein, if applicable.

r.      The term "identify" when used in reference to a document means to state the following, as applicable and as necessary to identify the document:

1.      The full name of the person who prepared the document and his or her last known address;

2.      The nature and substance of the document with sufficient particularity to enable the document to be identified;

3.      Title and number of pages of the document;

3

4935-2725-1738.v4

4.    The date or, if the document bears no date, the approximate date when the document was prepared; and

5.    The physical location and the name and address of the document's custodian. (In lieu of itemization of the information called for by subparagraphs (a)-(e) of this Interrogatory, copies of documents, the identification of which are sought, may be attached to the response to these Interrogatories or produced at the time and in the manner specified in First Request for Production of Documents, served herewith; provided that such documents are segregated in the manner required by Federal Rule of Civil Procedure 34).

s.    The term "identify" when used with reference to a communication, shall mean to state with respect to each such communication:

1.    the date it occurred;

2.    the location and means of communication;

3.    the identities of the parties and witnesses to the communication;

4.    the substance of the statements made by each person engaging in the communication; and

5.    all documents, information, records, emails, letters, text messages, or other writings (electronic or otherwise), evidencing, referring to, relating to, or arising out of the communication(s) being identified.

t.    When an Interrogatory requests Plaintiffs to identify and explain something or to state the bases of a claim, answer, allegation, contention or defense, Plaintiffs are instructed to provide reasonable answers setting forth the material or principal facts, information, and matters presently available to Plaintiffs, including but not limited to relevant dates, times, places, the identity of parties to a transaction, event, conversation, or occurrence, the identity of the individual or individuals who participated or were involved therein, the substance thereof, and the principals for whom such individual or individuals purported to act.

u.    The singular number and the masculine or feminine gender as used in these Interrogatories and Requests shall embrace, and be read and applied as, the plural or the neutral, as circumstances may make appropriate and in order to obtain the broadest answer.

v.    If Plaintiffs object to a portion of any Interrogatory, Request for Admission, or Request for Production, they must still answer or respond to the remainder in accordance with Federal Rule of Civil Procedure 33, 34, and 36.

4

4935-2725-1738.v4

w.      If a privilege is claimed with respect to any Document, Communication, or information, Plaintiffs are instructed to provide a privilege log stating in reasonable detail the basis for that claim, and describing the nature of the Document, Communication, or information being withheld from production, with sufficient detail so as to permit SIA to evaluate the claim, in accordance with Federal Rule of Civil Procedure 26(b)(8).

## **INTERROGATORIES**

6.      Identify all AFA Representatives who had knowledge of the plans or actions of Mr. Price to access personal identifying information of SkyWest Flight Attendants from a SIA website and/or to create and/or distribute the "How to Hack the Election" video, including, for each such AFA Representative: (a) the dates on which they attained such knowledge or information and (b) the knowledge or information they attained on said date(s).

7.      Identify all AFA Representatives who had knowledge of the plan or actions of Ms. Grange to post Mr. Price's "How to Hack the Election" video and/or related information on social media, whether before or after the video was posted, including, for each such AFA Representative: (a) the dates on which they attained such knowledge or information and (b) the knowledge or information they attained on said date(s).

8.      From 2021 to the present, identify each instance where AFA has investigated and/or taken disciplinary action or other action against any member for allegedly engaging in misconduct prohibited by a provision in an applicable AFA constitution or bylaw or other policy including, without limitation, misconduct in the nature of disloyalty to the organization by supporting an actual or potential labor organization over or against AFA as well as misconduct involving activities that, in AFA's view, could have compromised (or did compromise) the security of an AFA election.

5

4935-2725-1738.v4

9.      For the period from January 1, 2021 up to and including the present, identify all SkyWest flight attendants and/or AFA Representatives who are, or were, in any way involved with or supportive of AFA's plan, efforts, activities and/or campaign to displace and/or replace SIA as the bargaining unit for SkyWest flight attendants, for each individual providing, without limitation, the time period, nature, and substance of such involvement.

10.     For the period from January 1, 2021 up to and include the present, identify each and every individual who, while employed as a SkyWest Flight Attendant, is known by any of the Plaintiffs to have (a) requested, obtained, or held any form of membership in AFA or (b) been in any way involved with AFA or efforts to displace or replace SIA as the labor representative of SkyWest's Flight Attendants (e.g., including, without limitation, as an employee, paid consultant or volunteer for AFA or any other entity or person).

11.     For the period from January 1, 2021 to the present, identify all payments or benefits of any kind, including but not limited to cash, loan, in-kind-payment, administrative or logistical assistance, products or services (such as, e.g., free or reduced cost transportation), flight pay loss, and parking benefits provided to or for AFA by employers of individuals represented by AFA. For each, provide the name and location of each employer, the nature of each payment or benefit, the value of each payment or benefit, and the date each payment or benefit was received.

12.     Identify the number of AFA authorization cards signed by SkyWest flight attendants before August 9, 2023.

13.     Identify the number of AFA authorization cards signed by SkyWest flight attendants after August 9, 2023.

6

4935-2725-1738.v4

14.     Identify and describe all payments and expenditures, including obligations or debts incurred, made by or on behalf of AFA in its campaign to displace and/or replace SIA as the labor representative for SkyWest flight attendants.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

15.     For the period beginning January 1, 2021 to the present, produce all Documents and Communications related to AFA's plan and/or campaign to replace SIA as the bargaining unit for SkyWest flight attendants, including, but not limited to

a.     Communications between Plaintiffs

b.     Communications between AFA Representatives

c.     Communications between Plaintiffs and SIA Board Members

d.     Communications between AFA Representatives and SIA Board Members

e.     Communications between AFA Representatives and SkyWest flight attendants

f.     Communications between Plaintiffs, AFA Representatives and the US Department of Labor and/or Office of Labor-Management Standards.

16.     Produce all Documents and Communications between Plaintiffs (individually or collectively), including any AFA Representative, and the Department of Labor ("DOL") or Office of Labor-Management Standards ("OLMS") regarding SIA from 2021 to the present.

17.     Produce all Documents and Communications relating to any plan or action by any of the Plaintiffs to embarrass, discredit, or undermine SIA's position with the SkyWest flight attendants by posting Mr. Price's "How to Hack the Election" video and/or related information on social media, whether before or after that occurred.

7

4935-2725-1738.v4

18.    Produce all Documents and Communications relating to any plan to improve AFA's position with the SkyWest flight attendants by posting Mr. Price's "How to Hack the Election" video and related information on social media, whether before or after that occurred.

19.    Produce all Documents and Communications relating to any strategy, plan, and/or campaign to inform SkyWest Flight Attendants about AFA, to advertise or promote AFA to SkyWest Flight Attendants, to create or improve an image of AFA in the eyes of SkyWest's Flight Attendants, and/or to improve AFA's prospects in its campaign to displace and replace SIA.

20.    Produce all Documents and Communications relating to any AFA efforts or activities to become the exclusive labor representative of SkyWest's Flight Attendants including, but not limited to, the posting of Mr. Price's "How to Hack the Election" video and/or related information on social media (whether before or after that occurred), and postings at any time on the website www.ooitstime.com.

21.    Produce all Communications and related Documents from Plaintiffs to DOL or OLMS regarding complaints against SIA, possible or actual DOL investigation(s) of SIA, including in regard to interviews requested or conducted by DOL in connection with any possible or actual DOL investigation(s) of SIA.

DATED February 18, 2025.

/s/ *Christina M. Jepson*
Erik A. Christiansen
Christina M. Jepson
Sarah Jenkins Dewey
PARSONS BEHLE & LATIMER
Attorneys for Defendant SkyWest InFlight Association

Gregg M. Formella
GREGG M. FORMELLA, JD

8

4935-2725-1738.v4