# EXHIBIT C

Gregory M. Saylin (9648)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5973
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com

Patricia T. Stambelos (*Admitted Pro Hac Vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

*Attorneys for SkyWest Airlines Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>      Plaintiffs,<br><br>v.<br><br>SKYWEST INC.; SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>      Defendants. | **DEFENDANT SKYWEST AIRLINES, INC.'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFFS**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant SkyWest

Airlines, Inc. ("SkyWest") submits the following Requests for Production of Documents and

Interrogatories (collectively, "Discovery Requests") to Plaintiffs to be answered in writing within 30 days of service of these Discovery Requests.

**INSTRUCTIONS**

1.      Separate Responses. Each Plaintiff must respond separately to all Discovery Requests, unless otherwise noted.

2.      Construction. The terms "and" and "or" shall be construed disjunctively or conjunctively so as to require the broadest possible production in response to any given request. The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive. Regardless of whether any of these Document Requests, instructions, and definitions use a term in plural or singular form, the term shall be construed in both singular and plural forms as is necessary to require the most inclusive response.

3.      Documents Requested. The requests set out herein call for all Documents and Communications in Plaintiffs' actual or constructive possession, control, or care, including but not limited to those Documents in the actual or constructive possession, custody, control or care of any attorney, agent, or other representative of Plaintiffs. In response to these requests, Plaintiffs are required to make a diligent search of all Documents, Communications, and information in Plaintiffs' possession or available to Plaintiffs or Plaintiffs' representatives. If Plaintiffs subsequently become aware of any Document or Communications called for by the requests set out herein, Plaintiffs are requested to provide a copy of that Document or Communication to Defendant or to identify it if is it expected to be in the Defendant's possession.

4.      Documents Withheld. If any Document is withheld under a claim of privilege or other protection, Plaintiffs are required to provide the following information for purposes of determining the validity of the claim of privilege.

a.      The title, heading, or caption of the Document, if any, including any identifying number(s), letter(s), or combination thereof;

b.      The identity of the Person(s) who prepared the Document, who signed the Document and/or over whose name the Document was sent or issued;

c.      The identity of the Person(s) to whom the Document was directed;

d.      A description of the general nature of the Document (e.g., whether it is a letter, memorandum, email, telephone log, etc.) and substance of the Document (with sufficient particularity to enable the Court and parties hereto to identify the Document);

e.      The date appearing on the Document or if no date appears thereon, the date or approximate date on which the Document was prepared;

f.      The identity of the Person who has custody of, or control over, the Document and each copy thereof;

g.      The identity of each Person to whom copies of the Document were furnished;

h.      The number of pages of the Document;

i.      The basis on which any privilege or other protection is claimed; and

j.      Whether any non-privileged matter is included in the Document.

3

5.      <u>Partial Production/ Response</u>. If Plaintiffs object to a particular request or interrogatory, or portion thereof, Plaintiffs must produce all Documents called for which are not subject to that objection and respond to all portions of the interrogatory that is not subject to that objection. Similarly, whenever a Document is not produced in full for some other reason, Plaintiffs must state with particularity the reason(s) it is not being produced in full, and describe, to the best of Plaintiffs' knowledge, information, and belief, and with as much particularity as possible, those portions of the Document which are not produced.

6.      <u>Documents Destroyed</u>. If any Documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each Document: (1) the type of Document; (2) a description of the nature and contents of the Document; (3) the identity of the author; (4) the circumstances under which it ceased to exist; (5) and the identity of all Person(s) who had knowledge of the contents.

7.      <u>Orderly Response</u>. Please produce the Documents called for herein in such a manner as will facilitate their identification with the particular request(s) to which they are responsive.

8.      <u>Diligent Search</u>. In answering these requests, you are required to make a diligent search of your records and other papers and materials in your possession or available to you or your representative.

9.      <u>Continuing Response</u>. These are continuing requests to the fullest extent provided for by Rule 26 of the Federal Rules of Civil Procedure. If, after answering these requests and before the completion of the trial of this matter, information or Documents are discovered by you, becomes known to you, or otherwise come into your possession, custody, or control that

4

would change or add to the answers or responses given any way, you shall supplement your previous answers or responses with such information or Document immediately upon any such matter coming to the attention of counsel without delay.

## DEFINITIONS

For purposes of these requests, the following terms have the meanings set forth below, irrespective of capitalization.

1. The term "all" shall refer to the whole quantity or extent of a particular group or thing, the greatest possible amount, and shall be used interchangeably with "any."

2. Any request for "all Documents" is meant to include all Documents in your possession, custody, or control, whether the Documents were compiled by you or by any other person for any reason.

3. "AFA" shall refer to Plaintiff Association of Flight Attendants-CWA, AFL-CIO and each of its officers, directors, members, predecessors, subsidiaries, divisions, agents, and representatives and any person or entity acting or purporting to act on its behalf.

4. "Amended Complaint" shall refer to Plaintiffs' First Supplemental Complaint that was filed by Plaintiffs on July 10, 2024, in the United States District Court for the District of Utah, bearing Case Number 2:23-cv-00723-DBB-DBP.

5. The term "any" shall mean one or more and is to be used interchangeably with "all."

6. "Communication" shall refer to and include any contact between two or more persons or entities, or a person and a file, including without limitation, any written or oral expression, statement, or utterance of any nature whatsoever, including without limitation

5

correspondence, conversations, letters, memoranda, emails, iMessages, chat, postings, social media messages, internet communications, direct messages, SMS text messages, tweets, or facsimile, other electronic messages, and oral contact by such means as face-to-face meetings, telecommunications, voicemail, and electronic communications.

7.     "Document" shall mean a writing, as defined in Federal Rule of Civil Procedure 34(a), and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of Communication or representation, including letters, words, pictures, sounds or symbols, or combinations of them. The term "Document" means both internal and external documents. The term "Document" is not limited to paper Documents but includes electronically stored information ("ESI"), including without limitation all Communications transmitted by electronic mail, iMessage, chat, postings, internet communications, direct messages, SMS text messages, social media messages, tweets, or facsimile, and includes every other means of recording upon any tangible thing, regardless of the manner in which the record has been stored. Without limiting the scope of the foregoing, the word "Document" shall include all originals, copies and drafts of all notes, memoranda, correspondence, advertisements, affidavits, agreements, bills, books, brochures, business records, cables, calendars, checks, contracts, catalogs, circulars, communications, data compilations, desk calendars, diaries, diagnoses, drawings, emails, evaluations, expense accounts, invoices, journals, letters, ledgers, microfilm prints, minutes, manuals, notebooks, orders, periodicals, pictures, price lists, photographs, prescriptions, publications, recordings, records, reports, receipts, schedules, statements, studies, summaries, tapes, telegrams, teletypes, telephone slips, time sheets,

transcripts of records and recordings, transcripts, video or audiotapes, working papers, memoranda of telephone or other conversations by or with any Person(s), or any other written, recorded, transcribed, typed, or photographic matter, however produced or reproduced, translated if necessary through detection devices into reasonably usable form, and any other pertinent information set forth in written language or any electronic or magnetic representation thereof.  A non-identical draft or a copy altered in any way is a separate "Document" within the meaning of this term.

8.      "ESI" or "electronically stored information" shall mean and refer to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application associated in any way with social media, internet-based or cloud storage, forums or message boards, listing services, website comment sections, or any other electronic system of communication, including any real-time text, audio, picture, or video transmissions through the internet as well as any text, audio, picture, or video transmissions between mobile phones and/or fixed or portable devices, including server, network, desktop, laptop, or tablet computers whether private or public.  ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and ESI responsive to these Requests in your possession, custody, or control must be produced regardless of its origin, source, and/or past or present location.

9.      "Finley" shall refer to Plaintiff Brandon Finley and any person or entity acting or purporting to act on his behalf.

10.     "Grange" shall refer to Plaintiff Tresa Grange and any person or entity acting or purporting to act on her behalf.

11.     The term "identify" shall mean:

    a.     With respect to a person or persons, to state (a) full name; (b) occupation, title or job description and date(s) of employment; (c) present or last known business and home addresses and telephone numbers; and (d) personal and business e-mail address(es);

    b.     With respect to a corporation or other entity, to state its (a) full name; (b) form of entity (i.e., corporation, partnership, etc.); (c) type of business engaged in; (d) present business address and telephone number; and (e) any website, email address or other electronic means you used to communicate with it.

    c.     With respect to a document, to state (a) the date and type of document; (b) the identity of each author and each recipient; (c) the identity of each person or entity having custody of the document; (d) the identity of each person having knowledge of the document's contents; and (e) a description of the document's contents;

    d.     With respect to an oral communication or representation, to state (a) the time and place of the communication or representation; (b) the identity of the person or entity making the communication or representation; (c) the identity of each person or entity present at the time the communication or representation was made; (d) a description of the substance of the

8

communication or representation; and (e) the identity of any document reflecting, referring or relating to the communication or representation;

e.    With respect to any other act, transaction or meeting, to state (a) the date and place where the act, transaction or meeting took place; (b) the identity of each person present or participating in it; and (c) a description of its substance;

f.    With respect to any email account or telephone number, to state (a) the name of the company providing the service; (b) the company's present business address and telephone number; and (c) any website, email address or other electronic means you used to communicate with the company; and

g.    With respect to any information not included in (a) through (f) above, to describe it with particularity, providing all facts and information about it that relate to the subject matter of the Interrogatory.

12.    "Lawsuit" shall refer to the action filed by Plaintiffs in the United States District Court for the District of Utah, bearing the case number 2:23-cv-00723-DBB-DBP.

13.    The term "person" shall mean any and all individuals, corporations, proprietorships, partnerships, associations, limited liability companies, governmental bodies, governmental agencies, and other public or private entities, and shall include the plural as well as the singular.

14.    "Plaintiff" or "Plaintiffs" shall refer to the Plaintiffs in this Lawsuit – Price, Grange, Finley, and AFA – collectively and individually.

9

15. "Price" shall refer to Plaintiff Shane Price and any person or entity acting or purporting to act on his behalf.

16. "Price's Video" shall refer to the video and/or screen recording referred to in paragraph 47 of the Amended Complaint.

17. The terms "relating to," or "relate to," "regarding," or "evidencing" means, without limitation, referring to, alluding to, responding to, arising out of, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, or pertaining to, directly or indirectly, in whole or in part, in the broadest possible sense.

18. "SIA" shall refer to Defendant SkyWest Inflight Association and each of its officers, directors, members, predecessors, subsidiaries, divisions, agents, and representatives.

19. "SIA Election" shall refer to the August 2023 SIA election for positions on SIA's board.

20. "SkyWest" shall refer to Defendant SkyWest Airlines, Inc., and each of its officers, directors, shareholders, predecessors, subsidiaries, divisions, agents, and representatives.

21. The terms "you," and/or "your" shall mean the individual or entity that these requests are directed to, and any entity or person acting or purporting to act on his/her/its behalf.

22. "VoteNow" shall refer to the third-party vendor used in the SIA Election as referenced in Paragraph 41 of the Amended Complaint.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  All Documents relating to any alleged interference by SkyWest in AFA's campaign to displace SIA as the representative of SkyWest's flight attendants.

**REQUEST FOR PRODUCTION NO. 2:**  All Documents relating to Plaintiffs' claim that SIA "operates as an extension of SkyWest management" or is otherwise a "sham representative."

**REQUEST FOR PRODUCTION NO. 3:**  All Documents relating to meetings and/or bargaining negotiations between SIA and SkyWest.

**REQUEST FOR PRODUCTION NO. 4:**  All Documents relating to Grange's service as a SIA representative and/or board member.

**REQUEST FOR PRODUCTION NO. 5:**  All Documents relating to the use or potential use of SkyWest crew rooms to advocate on behalf of AFA, and/or to SkyWest's response to any effort to use SkyWest crew rooms to advocate on behalf of AFA, including without limitation the "promotional literature or other materials" which AFA and/or advocates for AFA allegedly sought to distribute in SkyWest crew rooms.

**REQUEST FOR PRODUCTION NO. 6:**  All Documents relating to the "SIA or pro-SIA signage, literature, and promotional materials" which Plaintiffs claim was allowed by SkyWest to be displayed in SkyWest crew rooms.

**REQUEST FOR PRODUCTION NO. 7:**  All Documents relating to efforts to displace SIA as the representative of SkyWest's flight attendants.

11

**REQUEST FOR PRODUCTION NO. 8:** All Documents relating to efforts to elect or appoint pro-AFA flight attendants to SIA, including as representatives or in board positions.

**REQUEST FOR PRODUCTION NO. 9:** All Communications relating to this Lawsuit and/or the filing of it.

**REQUEST FOR PRODUCTION NO. 10:** All Documents containing or relating to Communications between or including any of the Plaintiffs regarding SIA.

**REQUEST FOR PRODUCTION NO. 11:** All Documents, including without limitation Communications, relating to Price's and/or Grange's termination of employment from SkyWest.

**REQUEST FOR PRODUCTION NO. 12:** All Documents, including without limitation Communications and/or AFA's internal Documents, relating to the SIA Election, including but not limited to, the security and validity of the election, voting in the election, Plaintiffs' involvement with the SIA Election, the Vote Now website and/or voting platform, and SkyWest's investigation of Plaintiffs' involvement with the election.

**REQUEST FOR PRODUCTION NO. 13:** All Documents, including without limitation Communications, relating to Price's access of folders on SIA's website, as alleged in paragraph 43 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 14:** For the time period of January 1, 2023 to the present, all Documents, including without limitation Communications, relating to any Plaintiff's use of the VoteNow website and/or voting platform.

**REQUEST FOR PRODUCTION NO. 15:** For the time period of January 1, 2023 to the present, all Documents, including without limitation Communications, relating to the viewing

12

of, use of, or access to SkyWest flight attendants' personal information, including but not limited to lists of flight attendants by name or employee number, flight attendants' contact information, identification numbers, voting credentials, and any login information including but not limited to usernames, passwords, codes, for any website, portal, or voting platform for SkyWest, SIA, and/or VoteNow.

**REQUEST FOR PRODUCTION NO. 16:**  All Documents, including without limitation Communications, relating to Price's Video.

**REQUEST FOR PRODUCTION NO. 17:**  All Documents that support your claims of damage.

**REQUEST FOR PRODUCTION NO. 18:**  All Documents, including without limitation Communications, that support your affirmative defenses including without limitation your third affirmative defense that SkyWest failed to exhaust available contractual and/or internal remedies.

**Directed To and To Be Answered By AFA Only**:

**REQUEST FOR PRODUCTION NO. 19:**  All existing collective bargaining agreements between AFA and any carrier whose flight attendants are represented by AFA.

**REQUEST FOR PRODUCTION NO. 20:**  All LMRDA-required filings made by AFA or any of its MECs or LECs in the past five years.

**REQUEST FOR PRODUCTION NO. 21:**  All agreements authorizing or providing for any of the payments identified in response to Interrogatory No. 4.

**Directed To and To Be Answered By Grange and Price, Separately, Only:**

**REQUEST FOR PRODUCTION NO. 22:** From the time period of September 1, 2020 to the present, excluding those from SkyWest, produce all Documents relating to any salary, wages, compensation, fringe benefits, and any monetary or other benefit you have received for any work, as well as any efforts by you to secure new employment.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify each and every one of the "former SIA insiders" referenced in Paragraph 30 of the Amended Complaint.

**INTERROGATORY NO. 2:** Identify and describe in detail the "SIA or pro-SIA signage, literature, and promotional materials" which Plaintiffs contend was displayed or permitted to be displayed in airport crew rooms.

**INTERROGATORY NO. 3:** Identify all individuals referred to in paragraph 44 of the Amended Complaint.

**Directed To and To Be Answered By AFA Only:**

**INTERROGATORY NO. 4:** Identify any payments made by air carriers to or on behalf of AFA or any of its officers in any of the past five years for which AFA has not reimbursed the carrier, and for each such payment identify (a) the carrier making the payment; (b) the date of the payment; (c) the identity of the entity or individual receiving the payment; (d) the reason for the payment; (e) the amount of the payment; and (f) whether the payment was pursuant to a written or oral agreement.

**INTERROGATORY NO. 5:** Identify any carriers who have one or more craft or classes of employees represented by AFA, and for each such carrier indicate (1) the date on which AFA

14

became the representative of such employees; (2) the means by which AFA became the representative of such employees (i.e., whether by election or voluntary recognition); and (3) whether AFA has ever been certified as the representative of such employees and, if so, when.

**Directed To and To Be Answered By Grange and Price, Separately, Only:**

**INTERROGATORY NO. 6:** For the time period from September 1, 2020 to the present, excluding SkyWest, identify all work you have had, including but not limited to as an employee, independent contractor, or consultant, regardless of length, including the person/ entity worked for, the position, the dates of work, and all compensation, including benefits, received from the work, as well as all potential work you have sought, including without limitation, the position applied for, how you learned of the position, whether you interviewed for the position, and whether you were hired.

**INTERROGATORY NO. 7:** Identify all individuals to whom you sent or showed Price's Video and all websites or social media sites on which you posted Price's Video.

DATED this 24th day of September, 2024.

HOLLAND & HART LLP

*/s/ Emily T. Howe*
Gregory M. Saylin
Emily T. Howe

Douglas W. Hall
Thomas R. Chiavetta
JONES DAY

Patricia T. Stambelos
STAMBELOS LAW OFFICE

*Attorneys for SkyWest Airlines Inc.*

15

## CERTIFICATE OF SERVICE

On the 24th day of September, 2024, a copy of the foregoing **DEFENDANT SKYWEST AIRLINES, INC.'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFFS** was served via email on counsel for Plaintiff as follows:

John J. Grunert,
Jeffrey A. Bartos
GUERRIERI, BARTOS & ROMA, PC
1717 K Street, NW, Suite 900
Washington, DC 20006
jgrunert@geclaw.com
jbartos@geclaw.com

R. Scott Young
Christopher W. Droubay
SPENCER FANE LLP
10 Exchange Place 11th Floor
PO Box 45000
Salt Lake City, UT 84145-5000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

Erik A. Christiansen
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
EChristiansen@parsonsbehle.com

Gregg M. Formella
GREGG M. FORMELLA JD
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

/s/ Emily Howe

33029666_v1

16