**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY; <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SKYWEST AIRLINES, INC.; and SKYWEST INFLIGHT ASSOCIATION, <br><br> Defendants/Counterclaim Plaintiffs. | Case No. 2:23-cv-00723-DBB-DBP <br><br> Judge: David Barlow <br> Magistrate Judge: Dustin B. Pead |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANT SIA'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Association of Flight

Attendants-CWA, AFL-CIO ("AFA"), Shane Price, Tresa Grange, and Brandon Finley,

collectively "Plaintiffs", hereby provide the following Responses and Objections to SkyWest

Inflight Association's ("SIA") First Set of Requests for Production, dated December 23, 2024.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Produce all communications between, among or including AFA and the Plaintiff Flight
Attendants (Mr. Price, Ms. Grange, and Mr. Finley), from January 2021 through the present.

> **RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome,
> irrelevant, and disproportionate to the needs of the case. Plaintiffs object on the ground
> that the Request seeks information covered by the attorney client privilege or work
> product doctrine. Plaintiffs object to the Request for "all communications between,
> among or including" Plaintiffs for over a four year period as it would require a
> burdensome and disproportionate search of all means of communication. Plaintiffs
> further object on the ground that the Request seeks information relating to the AFA's
> organizing campaign at SkyWest without limitations as to time or specificity and because
> the general disclosure of such would interfere with the exercise of rights protected by

Section 2, Third and Fourth of the Railway Labor Act. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act.

2. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Mr. Price and/or between Mr. Price and anyone on AFA's behalf or in its stead, from January 2021 through the present.

> **RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs are reviewing their records and responsive documents outside the scope of the objection will be produced.

3. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Ms. Grange, and/or between Ms. Grange and anyone on AFA's behalf or in its stead, from January 2021 through the present.

> **RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs are reviewing their records and responsive documents outside the scope of the objection will be produced.

4. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Mr. Finley, and/or between Mr. Finley and anyone acting on AFA's behalf or in its stead, from January 2021 through to the present.

> **RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs are reviewing their records and responsive documents outside the scope of the objection will be produced.

5. Produce all communications to, from, between and/or among any of the Plaintiffs regarding SIA's website (including, without limitation, any of its webpages, content, functions, functionality, technical aspects, security features, perceived security vulnerability, etc.) in August 2023 and/or its current website including, without limitation, all such communications

2

referring to or involving any aspects, features, content, or ability to access any part of such website or any webpage thereof.

**RESPONSE:**  Plaintiffs object on the ground that the Request seeks documents covered by the attorney client privilege or work product doctrine. Plaintiffs object to the Request to the extent it concerns SIA's current website as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. The access of or status of SIA's website outside of a specific period in 2023 is irrelevant to any claim or counterclaim. Responsive documents outside the scope of the objections will be produced. See AFA 003626 and 004881-004980.

6. Produce all documents relating to any and all contemplated, planned, promised and/or actual support and/or promotion of the AFA by any of the Flight Attendant Plaintiffs since January 2021 and up through the present.

**RESPONSE:**  Plaintiffs object to the Request as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks documents covered by the attorney client privilege or work product doctrine. Plaintiffs further objects to the Request as vague and ambiguous. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Request is also objectionable because it seeks all documents relating to Plaintiff Finley, Grange, or Price's support for the AFA's organizing campaign at SkyWest Airlines without any limitations as to time or specificity, and because the disclosure of signed union authorization cards, documents relating to the solicitation of union authorization cards, documents regarding AFA strategy for the union campaign, and documents revealing associated activity would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act.

7. Produce all documents and information regarding (a) Mr. Price's discovery or awareness of folders, files, partitions, pages and/or data (including, without limitation, PII of SkyWest Flight Attendants) contained within SIA's website as alleged in Complaint ¶ 43; (b) his discovery or awareness of any technical vulnerabilities concerning the security of such folders, files, partitions, pages and/or data; (c) his actions in regard to accessing of such folders, files, partitions, pages and/or data; (d) his actions in regard to recording, copying or procuring such folders, files, partitions and/or data; and (e) his actions in regard to providing, sharing or disseminating to anyone (including, without limitation, Ms. Grange).

3

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 003636, 003649-004880, and 004894-004978.

8. Produce all documents related to Mr. Price seeking or obtaining access to, and/or use or manipulation of any functionality of, any VoteNow platform, system, folder, as alleged in Complaint ¶ 47.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 003626, 003649-004878, and 004980.

9. Produce all documents related to AFA's knowledge of or involvement in Mr. Price and Ms. Grange's conduct as alleged in Complaint ¶¶ 47–48.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 004917-004979.

10. Produce a copy of the video (referenced in Complaint ¶ 47) including but not limited to the full video before it was edited for posting, as well as all materials produced as a result of the video containing, referencing or using any of its contents.

**RESPONSE:** Responsive documents will be produced. See AFA 003636, 004881-004892, 004894, 004899-004901, and 004917-004980.

11. Produce all documents related to AFA's knowledge of or involvement in Ms. Grange's conduct as alleged in Complaint ¶ 48.

**RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 003636 and 004917-004980.

12. Produce all documents related to the organizing campaign in crew rooms as set forth in Complaint ¶ 60 and any alleged unfair, unequal or discriminatory conduct regarding use of crew rooms.

4

**RESPONSE:**  Plaintiffs object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Responsive documents outside the scope of the objections will be produced. See AFA 003521-003525.

13. For the period from January 2021 to the present, produce all documents in the custody, control or possession of any and all Plaintiffs that relate in any way to SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's organizing campaign among the Flight Attendants of SkyWest Airlines (including without limitation any communication between, by or among any of the Plaintiffs and /or with any third party – e.g., without limitation, the U.S. Department of Labor, the Office of Labor Management Relations, the National Mediation Board, and any political or elected official of the U.S. Government) concerning any of the foregoing subjects.

**RESPONSE:**  Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Further, the Request encompasses all documents Plaintiffs Finley, Grange, and Price received in the ordinary course of their employment at SkyWest which relate to SIA and are therefore more easily obtainable from Defendants. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1 and 6.

14. For the period January 2021 and up the present, produce each document and communication made by, received by, or involving AFA President Sara Nelson that in any way references or concerns SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's actions and efforts to replace SIA as the labor representative of its Members at SkyWest Airlines.

**RESPONSE:**  Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1, 6, and 13.

5

DATED: March 14, 2025                    /s/ *John J. Grunert*

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*, | ) ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) |
| v. | ) ) ) |
| SKYWEST AIRLINES, INC., *et al.*, | ) ) ) |
| Defendants/Counterclaim Plaintiffs. | ) ) |

Case No.2:23-cv-00723-DBB-DBP
Judge David Barlow
Magistrate Judge Dustin B. Pead

**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO
DEFENDANT SIA'S FIRST AND SECOND SETS OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Association of Flight

Attendants-CWA, AFL-CIO ("AFA"), Shane Price, Tresa Grange, and Brandon Finley,

collectively "Plaintiffs", hereby provide the following Amended Responses and Objections to

SkyWest Inflight Association's ("SIA") First and Second Set of Requests for Production, dated

December 23, 2024 and February 18, 2025.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Produce all communications between, among or including AFA and the Plaintiff Flight
Attendants (Mr. Price, Ms. Grange, and Mr. Finley), from January 2021 through the present.

> **AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly
> burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiffs object on
> the ground that the Request seeks information covered by the attorney client privilege or
> work product doctrine. Plaintiffs object to the Request for "all communications between,
> among or including" Plaintiffs for over a four year period as it would require a
> burdensome and disproportionate search of all means of communication. Plaintiffs
> further object on the ground that the Request seeks information relating to the AFA's
> organizing campaign at SkyWest without limitations as to time or specificity and because
> the general disclosure of such would interfere with the exercise of rights protected by
> Section 2, Third and Fourth of the Railway Labor Act. There is no dispute that the
> individual Plaintiffs were engaged in an effort to obtain a representation election in which
> AFA was on the ballot, nor that AFA supported that effort. The details of that effort are,

with the exception of the specific claims and counterclaims, irrelevant to this litigation. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of F.R.C.P. 26(c)(1)(G).

Notwithstanding the foregoing objections and following a reasonable search, see AFA 004917-004979, 010935, 010940-011005, 011242-011249, 011253-011264, 011285-011286, 011397, 011496-011500, 011503-011504, 011592-011605, 011612-011614, 011653, 011982, 011748-011755, 011835-011851, 012047-012050, 012254-012260, 012264-012273, 012280-012282, 012293-012976.

2. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Mr. Price and/or between Mr. Price and anyone on AFA's behalf or in its stead, from January 2021 through the present.

**AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine.

Notwithstanding the foregoing objections and following a reasonable search, see AFA 010888-010922.

3. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Ms. Grange, and/or between Ms. Grange and anyone on AFA's behalf or in its stead, from January 2021 through the present.

**AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine.

Notwithstanding the foregoing objections and following a reasonable search, see AFA 010886-010887.

4. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Mr. Finley, and/or between Mr. Finley and anyone acting on AFA's behalf or in its stead, from January 2021 through to the present.

**AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine.

2

Notwithstanding the foregoing objections and following a reasonable search, see AFA 010887.

5. Produce all communications to, from, between and/or among any of the Plaintiffs regarding SIA's website (including, without limitation, any of its webpages, content, functions, functionality, technical aspects, security features, perceived security vulnerability, etc.) in August 2023 and/or its current website including, without limitation, all such communications referring to or involving any aspects, features, content, or ability to access any part of such website or any webpage thereof.

**AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks documents covered by the attorney client privilege or work product doctrine. Plaintiffs object to the Request to the extent it concerns SIA's current website as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. The access of or status of SIA's website outside of a specific period in 2023 is irrelevant to any claim or counterclaim. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). Responsive documents outside the scope of the objections will be produced. See AFA 003626 and 004881-004980.

Plaintiffs' document production, AFA 000001-012982 contains voluminous communications to, from, between and/or among the Plaintiffs, including emails, texts, and WhatsApp messages. Plaintiffs object to as unduly burdensome the Request that each communication be separately reviewed and tagged for potential responsiveness as relating to "SIA's website".

6. Produce all documents relating to any and all contemplated, planned, promised and/or actual support and/or promotion of the AFA by any of the Flight Attendant Plaintiffs since January 2021 and up through the present.

**AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks documents covered by the attorney client privilege or work product doctrine. Plaintiffs further objects to the Request as vague and ambiguous. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Request is also objectionable because it seeks all documents relating to Plaintiff Finley, Grange, or Price's support for the AFA's organizing campaign at SkyWest Airlines without any limitations as to time or specificity, and because the disclosure of signed union authorization cards, documents

3

**AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 004917-004979.

Notwithstanding the foregoing objections and following a reasonable search, see also AFA 012600-012665.

10. Produce a copy of the video (referenced in Complaint ¶ 47) including but not limited to the full video before it was edited for posting, as well as all materials produced as a result of the video containing, referencing or using any of its contents.

**RESPONSE:** Responsive documents will be produced. See AFA 003636, 004881-004892, 004894, 004899-004901, and 004917-004980.

11. Produce all documents related to AFA's knowledge of or involvement in Ms. Grange's conduct as alleged in Complaint ¶ 48.

**AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 003636 and 004917-004980.

Notwithstanding the foregoing objections and following a reasonable search, see also AFA 012600-012665.

12. Produce all documents related to the organizing campaign in crew rooms as set forth in Complaint ¶ 60 and any alleged unfair, unequal or discriminatory conduct regarding use of crew rooms.

**AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Responsive documents outside the scope of the objections will be produced. See AFA 003521-003525.

5

Notwithstanding the foregoing objections and following a reasonable search, see also AFA 011389-011402, 011423-011468, 011665-011666, 011672-011681, 011702, 011776-011777, 011852-011856, 011982, 012036-012046, 012098-012099, 012127-012133, 012146, 012150, 012153-012154, 012212-012213, 012251-012253.

13. For the period from January 2021 to the present, produce all documents in the custody, control or possession of any and all Plaintiffs that relate in any way to SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's organizing campaign among the Flight Attendants of SkyWest Airlines (including without limitation any communication between, by or among any of the Plaintiffs and /or with any third party – e.g., without limitation, the U.S. Department of Labor, the Office of Labor Management Relations, the National Mediation Board, and any political or elected official of the U.S. Government) concerning any of the foregoing subjects.

> **AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Further, the Request encompasses all documents Plaintiffs Finley, Grange, and Price received in the ordinary course of their employment at SkyWest which relate to SIA and are therefore more easily obtainable from Defendants. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1 and 6.
>
> Notwithstanding the foregoing objections and following a reasonable search, see AFA 000001-004980, 010630-010885, 010924-011254, 011266-012982.

14. For the period January 2021 and up the present, produce each document and communication made by, received by, or involving AFA President Sara Nelson that in any way references or concerns SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's actions and efforts to replace SIA as the labor representative of its Members at SkyWest Airlines.

> **AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as

6

to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1, 6, and 13.

Notwithstanding the foregoing objections and following a reasonable search, see AFA 003533-003534, 010805-010807, 011266, 011311, 011532-011533, 011537, 011543-011544, 0115500-11551, 011703-011740, 011795, 011815, 011834, 011991-011992.

15.   For the period beginning January 1, 2021 to the present, produce all Documents and Communications related to AFA's plan and/or campaign to replace SIA as the bargaining unit for SkyWest flight attendants, including, but not limited to

    a.      Communications between Plaintiffs
    b.      Communications between AFA Representatives
    c.      Communications between Plaintiffs and SIA Board Members
    d.      Communications between AFA Representatives and SIA Board Members
    e.      Communications between AFA Representatives and SkyWest flight attendants
    f.      Communications between Plaintiffs, AFA Representatives and the US Department of Labor and/or Office of Labor-Management Standards.

**AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Request is objectionable because it seeks all documents relating to the AFA's organizing campaign at SkyWest Airlines without any limitations as to time or specificity, and because the disclosure of signed union authorization cards, documents relating to the solicitation of union authorization cards, documents regarding AFA strategy for the union campaign, and documents revealing associated activity would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 003510-3520, 003526-003559, and 010630-010885.

7

Notwithstanding the foregoing objections and following a reasonable search, see the following:

a. **Communications between Plaintiffs**

In Response to Request No. 1, Plaintiffs have produced "communications between, among or including AFA and the Plaintiff Flight Attendants". The Response is voluminous, including emails, texts, and WhatsApp messages. Plaintiffs object to as unduly burdensome the Request that each communication by separately reviewed and tagged for potential responsiveness as relating to "AFA's plan and/or campaign to replace SIA".

b. **Communications between AFA Representatives**

See AFA 011287-011299, 011375-011376, 011399-011419, 011423-011468, 011489-011495, 011505-011507, 011527-011537, 011542-011553, 011555-011556, 011583-011590, 011618-011652, 011682-011701, 011703-011743, 011795, 011991, 012134, 012201-012211, 012279, 012977-012978.

c. **Communications between Plaintiffs and SIA Board Members**

See AFA 004881, 010931-010932, 011250-011251, 011653.

d. **Communications between AFA Representatives and SIA Board Members**

Plaintiffs do not possess any responsive documents.

e. **Communications between AFA Representatives and SkyWest flight attendants**

Plaintiffs have produced voluminous communications between the AFA and SkyWest Flight Attendants throughout their document production, including AFA 012293-012972. Plaintiffs object to as unduly burdensome the Request that each communication by separately reviewed and tagged for potential responsiveness as relating to "AFA's plan and/or campaign to replace SIA."

f. **Communications between Plaintiffs, AFA Representatives and the US Department of Labor and/or Office of Labor-Management Standards.**

Plaintiffs do not possess any responsive documents.

8

investigations or complaints which are not part of this action. To the extent there exists a separate DOL investigation or case regarding Defendant SIA, such documents are more appropriately obtained through the DOL itself. Plaintiffs further object to the Request to the extent disclosure of such documents would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 010924-010926.

Notwithstanding the foregoing objections and following a reasonable search, Plaintiffs are not aware of any responsive documents aside from AFA 010924-010926.

DATED: August 28, 2025

/s/ *John J. Grunert*

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| _____ )<br><br>ASSOCIATION OF FLIGHT<br><br>) ATTENDANTS-CWA AFL-CIO, *et al.,*<br><br>)<br>~~ATTENDANTS-CWA AFL-CIO;~~ )<br>~~SHANE PRICE; TRESA GRANGE; and~~ )<br>~~BRANDON FINLEY;~~ )<br>    )<br>    Plaintiffs/Counterclaim Defendants, )<br>    ~~Defendants,~~ )<br>    )<br>v.    )<br>    )<br>~~SKYWEST AIRLINES, INC.; and~~ )<br>Pead SKYWEST ~~INFLIGHT ASSOCIATION~~ AIRLINES, INC., *et al.,*    )<br>    )<br>    ~~Defendants/Counterclaim~~ )<br>    Defendants/Counterclaim Plaintiffs. )<br>_____ ) | Case No.2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br>~~Judge: David Barlow~~<br>Magistrate Judge: Dustin B. |

**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT SIA'S FIRST ~~SET~~ AND SECOND SETS OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Association of Flight Attendants-CWA, AFL-CIO ("AFA"), Shane Price, Tresa Grange, and Brandon Finley, collectively "Plaintiffs", hereby provide the following Amended Responses and Objections to SkyWest Inflight Association's ("SIA") First and Second Set of Requests for Production, dated December 23, 2024 and February 18, 2025.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Produce all communications between, among or including AFA and the Plaintiff Flight Attendants (Mr. Price, Ms. Grange, and Mr. Finley), from January 2021 through the present.

> **AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or

work product doctrine. Plaintiffs object to the Request for "all communications between, among or including" Plaintiffs for over a four year period as it would require a burdensome and disproportionate search of all means of communication. Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by

Section 2, Third and Fourth of the Railway Labor Act. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are,

with the exception of the specific claims and counterclaims, irrelevant to this litigation. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of F.R.C.P. 26(c)(1)(G).

Notwithstanding the foregoing objections and following a reasonable search, see AFA 004917-004979, 010935, 010940-011005, 011242-011249, 011253-011264, 011285-011286, 011397, 011496-011500, 011503-011504, 011592-011605, 011612-011614, 011653, 011982, 011748-011755, 011835-011851, 012047-012050, 012254-012260, 012264-012273, 012280-012282, 012293-012976.

2. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Mr. Price and/or between Mr. Price and anyone on AFA's behalf or in its stead, from January 2021 through the present.

> **AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. ~~Plaintiffs are reviewing their records and responsive documents outside the scope of the objection will be produced.~~
>
> Notwithstanding the foregoing objections and following a reasonable search, see AFA 010888-010922.

3. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Ms. Grange, and/or between Ms. Grange and anyone on AFA's behalf or in its stead, from January 2021 through the present.

> **AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. ~~Plaintiffs are reviewing their records and responsive documents outside the scope of the objection will be produced.~~
>
> Notwithstanding the foregoing objections and following a reasonable search, see AFA 010886-010887.

4. Produce all documents relating to gifts, payments, reimbursements of expenses, transfer of funds, compensation, or exchange of anything of value, between AFA and Mr. Finley, and/or between Mr. Finley and anyone acting on AFA's behalf or in its stead, from January 2021 through to the present.

2

Notwithstanding the foregoing objections and following a reasonable search, see AFA 010887.

5. Produce all communications to, from, between and/or among any of the Plaintiffs regarding SIA's website (including, without limitation, any of its webpages, content, functions, functionality, technical aspects, security features, perceived security vulnerability, etc.) in August 2023 and/or its current website including, without limitation, all such communications

2

referring to or involving any aspects, features, content, or ability to access any part of such website or any webpage thereof.

> **AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks documents covered by the attorney client privilege or work product doctrine. Plaintiffs object to the Request to the extent it concerns SIA's current website as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. The access of or status of SIA's website outside of a specific period in 2023 is irrelevant to any claim or counterclaim. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). Responsive documents outside the scope of the objections will be produced. See AFA 003626 and ~~004881-004980~~004881- 004980.
>
> Plaintiffs' document production, AFA 000001-012982 contains voluminous communications to, from, between and/or among the Plaintiffs, including emails, texts, and WhatsApp messages. Plaintiffs object to as unduly burdensome the Request that each communication be separately reviewed and tagged for potential responsiveness as relating to "SIA's website".

6. Produce all documents relating to any and all contemplated, planned, promised and/or actual support and/or promotion of the AFA by any of the Flight Attendant Plaintiffs since January 2021 and up through the present.

> **AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks documents covered by the attorney client privilege or work product doctrine. Plaintiffs further objects to the Request as vague and ambiguous. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Request is also objectionable because it seeks all documents relating to Plaintiff Finley, Grange, or Price's support for the AFA's organizing campaign at SkyWest Airlines without any limitations as to time or specificity, and because the disclosure of signed union authorization cards, documents relating to the solicitation of union authorization cards, documents regarding AFA strategy for the union campaign, and documents revealing associated activity would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act.
>
> In Response to Request No. 1, Plaintiffs have produced "communications between, among or including AFA and the Plaintiff Flight Attendants". The Response is voluminous, including emails, texts, and WhatsApp messages. Plaintiffs object to as

3

10. Produce a copy of the video (referenced in Complaint ¶ 47) including but not limited to the full video before it was edited for posting, as well as all materials produced as a result of the 10. video containing, referencing or using any of its contents.

> **RESPONSE:** Responsive documents will be produced. See AFA 003636, 004881-004892, 004894, 004899-004901, and 004917-004980.

11. Produce all documents related to AFA's knowledge of or involvement in Ms. Grange's conduct as alleged in Complaint ¶ 48.

> **AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine. Responsive documents outside the scope of the objection will be produced. See AFA 003636 and 004917-004980.

> Notwithstanding the foregoing objections and following a reasonable search, see also AFA 012600-012665.

12. Produce all documents related to the organizing campaign in crew rooms as set forth in Complaint ¶ 60 and any alleged unfair, unequal or discriminatory conduct regarding use of crew rooms.

> **AMENDED RESPONSE:** Plaintiffs object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest which would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Responsive documents outside the scope of the objections will be produced. See AFA 003521-003525003521- 003525.

> Notwithstanding the foregoing objections and following a reasonable search, see also AFA 011389-011402, 011423-011468, 011665-011666, 011672-011681, 011702, 011776-011777, 011852-011856, 011982, 012036-012046, 012098-012099, 012127-012133, 012146, 012150, 012153-012154, 012212-012213, 012251-012253.

13. For the period from January 2021 to the present, produce all documents in the custody, control or possession of any and all Plaintiffs that relate in any way to SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's organizing campaign among the Flight Attendants of SkyWest Airlines (including without limitation any communication between, by or among any of the Plaintiffs and /or with any third party – e.g., without limitation, the U.S. Department of

Labor, the Office of Labor Management Relations, the National Mediation Board, and any political or elected official of the U.S. Government) concerning any of the foregoing subjects.

> **AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine.
>
> Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Further, the Request encompasses all documents Plaintiffs Finley, Grange, and Price received in the ordinary course of their employment at SkyWest which relate to SIA and are therefore more easily obtainable from Defendants. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1 and 6.
>
> Notwithstanding the foregoing objections and following a reasonable search, see AFA 000001-004980, 010630-010885, 010924-011254, 011266-012982.

14. For the period January 2021 and up the present, produce each document and communication made by, received by, or involving AFA President Sara Nelson that in any way references or concerns SIA, the Flight Attendants of SkyWest Airlines, and/or AFA's actions and efforts to replace SIA as the labor representative of its Members at SkyWest Airlines.

> **AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object on the ground that the Request seeks information covered by the attorney client privilege or work product doctrine.
>
> Plaintiffs further object on the ground that the Request seeks information relating to the AFA's organizing campaign at SkyWest without limitations as
>
> to time or specificity and because the general disclosure of such would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. This Request is objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. The Request is also objectionable on the same grounds as asserted in Response to Requests Nos. 1, 6, and 13.
>
> Notwithstanding the foregoing objections and following a reasonable search, see AFA 003533-003534, 010805-010807, 011266, 011311, 011532-011533, 011537, 011543-011544, 0115500-11551, 011703-011740, 011795, 011815, 011834, 011991-011992.

15. For the period beginning January 1, 2021 to the present, produce all Documents and

6

Communications related to AFA's plan and/or campaign to replace SIA as the bargaining unit for SkyWest flight attendants, including, but not limited to

    a.    Communications between Plaintiffs

    b.    Communications between AFA Representatives

    c.    Communications between Plaintiffs and SIA Board Members

    d.    Communications between AFA Representatives and SIA Board Members

    e.    Communications between AFA Representatives and SkyWest flight attendants

    f.    Communications between Plaintiffs, AFA Representatives and the US Department of Labor and/or Office of Labor-Management Standards.

**AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. There is no dispute that the individual Plaintiffs were engaged in an effort to obtain a representation election in which AFA was on the ballot, nor that AFA supported that effort. The details of that effort are, with the exception of the specific claims and counterclaims, irrelevant to this litigation. The Request is objectionable because it seeks all documents relating to the AFA's organizing campaign at SkyWest Airlines without any limitations as to time or specificity, and because the disclosure of signed union authorization cards, documents relating to the solicitation of union authorization cards, documents regarding AFA strategy for the union campaign, and documents revealing associated activity would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. To the extent that disclosing responsive communications requires disclosing the names of non-public AFA supporters, Plaintiffs object that those names are confidential commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Request is also objectionable as an attempt to surveil protected activity under Section 2, Third and Fourth of the Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 003510-3520, 003526-003559, and 010630-010885.

Notwithstanding the foregoing objections and following a reasonable search, see the following:

    a.    **Communications between Plaintiffs**

    In Response to Request No. 1, Plaintiffs have produced "communications between, among or including AFA and the Plaintiff Flight Attendants". The Response is voluminous, including emails, texts, and WhatsApp messages. Plaintiffs object to as unduly burdensome the Request that each communication by separately reviewed and tagged for potential responsiveness as relating to "AFA's plan and/or campaign to replace SIA".

    b.    **Communications between AFA Representatives**

    See AFA 011287-011299, 011375-011376, 011399-011419, 011423-

011468, 011489-011495, 011505-011507, 011527-011537, 011542-011553, 011555-011556, 011583-011590, 011618-011652, 011682-011701, 011703-011743, 011795, 011991, 012134, 012201-012211, 012279, 012977-012978.

c.  **Communications between Plaintiffs and SIA Board Members**

See AFA 004881, 010931-010932, 011250-011251, 011653.

d.  **Communications between AFA Representatives and SIA Board Members**

Plaintiffs do not possess any responsive documents.

e.  **Communications between AFA Representatives and SkyWest flight attendants**

Plaintiffs have produced voluminous communications between the AFA and SkyWest Flight Attendants throughout their document production, including AFA 012293-012972. Plaintiffs object to as unduly burdensome the Request that each communication by separately reviewed and tagged for potential responsiveness as relating to "AFA's plan and/or campaign to replace SIA."

f.  **Communications between Plaintiffs, AFA Representatives and the US Department of Labor and/or Office of Labor-Management Standards.**

Plaintiffs do not possess any responsive documents.

16.  Produce all Documents and Communications between Plaintiffs (individually or collectively), including any AFA Representative, and the Department of Labor ("DOL") or Office of Labor-Management Standards ("OLMS") regarding SIA from 2021 to the present.

**AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. The Request seeks documents regarding potential or actual DOL investigations or complaints which are not part of this action. To the extent there exists a separate DOL investigation or case regarding Defendant SIA, such documents are more appropriately obtained through the DOL itself. Plaintiffs further object to the Request to the extent disclosure of such documents would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 010924-010926.

Notwithstanding the foregoing objections and following a reasonable search, Plaintiffs are not aware of any responsive documents aside from AFA 010924-010926.

**AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. The production of non-public material regarding any strategy, plan, and/or campaign to unionize the SkyWest Flight Attendants would interfere with protected activity under Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs object to the use of the term "'How to Hack the Election' video" as vague and ambiguous. Plaintiffs object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 003510-3520, 003526-003559, and 010630-010885.

Notwithstanding the foregoing objections and following a reasonable search, see also AFA 011287-011299, 011317-011339, 011375-011376, 011403-011422, 011505-011562, 011583-011643, 011656-011664, 011667-011671, 011685-011701, 011703-011747, 011756-011775, 011858-011981, 012016-012035, 012047-012080, 012830-012097, 012134-012145, 012155-012211, 012214-012245, 012254-012263, 012274-012278.

21.   Produce all Communications and related Documents from Plaintiffs to DOL or OLMS regarding complaints against SIA, possible or actual DOL investigation(s) of SIA, including in regard to interviews requested or conducted by DOL in connection with any possible or actual DOL investigation(s) of SIA.

**AMENDED RESPONSE:** Plaintiffs object to the Request as overly broad, unduly burdensome, not relevant to any claim or counterclaim, and disproportionate to the needs of the case. The Request seeks documents regarding potential or actual DOL investigations or complaints which are not part of this action. To the extent there exists a separate DOL investigation or case regarding Defendant SIA, such documents are more appropriately obtained through the DOL itself. Plaintiffs further object to the Request to the extent disclosure of such documents would interfere with the exercise of rights protected by Section 2, Third and Fourth of the Railway Labor Act. Plaintiffs also object to the Request to the extent it seeks documents protected by the attorney-client privilege or the attorney work product doctrine. Responsive documents outside the scope of those objections will be produced. See AFA 010924-010926.

Notwithstanding the foregoing objections and following a reasonable search, Plaintiffs are not aware of any responsive documents aside from AFA 010924-010926.

DATED: ~~March 14~~August 28, 2025          /s/ *John J. Grunert*

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006

10

Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com