# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

|  |  |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SKYWEST AIRLINES, INC., *et al.*, <br><br> Defendants/Counterclaim Plaintiffs. | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)(1)(G)** <br><br> Case No.2:23-cv-00723-DBB-DBP <br> Judge David Barlow <br> Magistrate Judge Dustin B. Pead |

Before the Court is Plaintiffs Association of Flight Attendants-CWA AFL-CIO, Shane Price, Tresa Grange, and Brandon Finley, and Counterclaim Defendants Jacque Crossley and Gailen David's (collectively "Plaintiffs") Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G). Plaintiffs seek protection from disclosing to Defendants and Counterclaim Plaintiffs SkyWest Inflight Association ("SIA") and SkyWest Airlines, Inc. ("SkyWest"), three categories of information and documents which Plaintiffs assert to be confidential commercial information: (1) the names and personal identifying information of SkyWest Flight Attendants whose support for AFA has not been made public (except as to any individual names in any Parties' Initial Disclosures, which will be designated AEO); (2) National Mediation Board election authorization cards collected by AFA (as well as the names of signatories or number of cards); and (3) AFA financial information, outside the scope of the AFA's federally-filed financial reports (and those of its subsidiaries), the AFA's financial support provided to the individual Plaintiffs, information regarding payments made to the AFA and its officers by other carriers, and a general description of expenditures regarding the AFA campaign at SkyWest.

Upon review of the briefing and the record as whole, the Court finds that good cause exists under Fed. R. Civ. P. 26(c)(1)(G) to grant the Motion for a Protective Order.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for a Protective Order is GRANTED.

2. The Plaintiffs need not produce in discovery the following information:

    a. The names and personal identifying information of SkyWest Flight Attendants whose support for AFA has not been made public (except as to any individual names in any Parties' Initial Disclosures, which will be designated AEO);

    b. National Mediation Board election authorization cards collected by AFA (as well as the names of signatories or number of cards); and

    c. AFA financial information, outside the scope of the AFA's federally-filed financial reports (and those of its subsidiaries), the AFA's financial support provided to the individual Plaintiffs, information regarding payments made to AFA and its officers by other carriers, and a general description of expenditures regarding the AFA campaign at SkyWest.

DATED:  September __, 2025.                    BY THE COURT


_____
Judge Dustin B. Pead
United States Magistrate Judge

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

|  |  |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>SKYWEST AIRLINES, INC., *et al.*,<br><br>    Defendants/Counterclaim Plaintiffs. | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)(1)(G)**<br><br>Case No.2:23-cv-00723-DBB-DBP<br>Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

Before the Court is Plaintiffs Association of Flight Attendants-CWA AFL-CIO, Shane Price, Tresa Grange, and Brandon Finley, and Counterclaim Defendants Jacque Crossley and Gailen David's (collectively "Plaintiffs") Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G). Plaintiffs seek protection from disclosing to Defendants and Counterclaim Plaintiffs SkyWest Inflight Association ("SIA") and SkyWest Airlines, Inc. ("SkyWest"), three categories of information and documents which Plaintiffs assert to be confidential commercial information: (1) the names and personal identifying information of SkyWest Flight Attendants whose support for AFA has not been made public (except as to any individual names in any Parties' Initial Disclosures, which will be designated AEO); (2) National Mediation Board election authorization cards collected by AFA (as well as the names of signatories or number of cards); and (3) AFA financial information, outside the scope of the AFA's federally-filed financial reports (and those of its subsidiaries), ~~or~~ regarding the AFA's financial support provided to the individual ~~to other~~ Plaintiffs, information regarding payments made the AFA and

its officers by other carriers, and a general description of expenditures regarding the AFA campaign at SkyWest. .

Upon review of the briefing and the record as whole, the Court finds that good cause exists under Fed. R. Civ. P. 26(c)(1)(G) to grant the Motion for a Protective Order.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for a Protective Order is GRANTED.

2. The Plaintiffs need not produce in discovery the following information:

   a. The names and personal identifying information of SkyWest Flight Attendants whose support for AFA has not been made public (except as to any individual names in any Parties' Initial Disclosures, which will be designated AEO);

   b. National Mediation Board election authorization cards collected by AFA (as well as the names of signatories or number of cards); and

   c. AFA financial information, outside the scope of the AFA's federally-filed financial reports (and those of its subsidiaries), or regarding AFA's financial support provided to the individual other Plaintiffs, information regarding payments made to AFA and its officers by other carriers, and a general description of expenditures regarding the AFA campaign at SkyWest.

DATED: SeptemberAugust __, 2025.                    ——————BY THE COURT

                                                    _____
                                                    Judge Dustin B. Pead
                                                    United States Magistrate Judge

2