SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA SHIFFRIN, *pro hac vice*
GRACE RYBAK, *pro hac vice*
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
grybak@bredhoff.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-CWA AFL-CIO, Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, and Gailen David*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*,<br><br>　　Plaintiffs/Counterclaim Defendants,<br><br>　　v.<br><br>SKYWEST AIRLINES, INC., *et al.*,<br><br>　　Defendants/Counterclaim Plaintiffs. | **ANSWER TO SKYWEST INFLIGHT ASSOCIATION'S AMENDED COUNTERCLAIMS**<br><br>Case No. 2:23-cv-00723-DBB-DBP<br><br>Judge: David Barlow<br>Magistrate Judge: Dustin B. Pead |

Plaintiffs the Association of Flight Attendants-CWA AFL-CIO ("AFA"), Shane Price,

Tresa Grange, and Brandon Finley, and Counterclaim Defendants Jacque Crossley and Gailen

David (collectively "Plaintiffs"), through undersigned counsel, answer Defendant and

Counterclaim Plaintiff SkyWest Inflight Association's ("SIA's") Amended Counterclaims (Doc. 110) as follows:

The first un-numbered paragraph of the Counterclaim consists of introductory remarks and legal conclusions to which no response is required, but to the extent a response is required, Plaintiffs deny the allegations.

## INTRODUCTION

1.      Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 1, and/or the allegations of paragraph 1 consist of legal conclusions to which no response is required, therefore Plaintiffs deny the allegations.

2.      Plaintiffs admit that AFA is campaigning to become the labor representative for SkyWest Flight Attendants. Plaintiffs lack information sufficient to form a belief about the truth of the allegations regarding the current number of SkyWest Flight Attendants, and therefore deny those allegations. Plaintiffs deny the remainder of the allegations of paragraph 2.

3.      Plaintiffs deny the allegations of paragraph 3.

4.      Plaintiffs admit that the State of Utah brought, and then dismissed, criminal charges against Price and Grange. Plaintiffs deny the remainder of the allegations of paragraph 4.

## PARTIES

5.      Plaintiffs admit that SIA is based in Utah. Plaintiffs lack information sufficient to form a belief about the truth of the allegations regarding the current number of SkyWest Flight Attendants, and therefore deny those allegations. The remainder of the allegations of paragraph 2 are legal conclusions to which no response is required, to the extent a response is required, Plaintiffs deny the allegations.

6.      Plaintiffs admit the allegations of paragraph 6.

7.    Plaintiffs admit the allegations of paragraph 7

8.    Plaintiffs admit the allegations of paragraph 8.

9.    Plaintiffs admit the allegations of paragraph 9.

10.    Plaintiffs admit the allegations of paragraph 10.

## JURISDICTION AND VENUE

11.    Plaintiffs admit that certain acts are alleged to have occurred in Utah. Plaintiffs deny the remainder of the allegations of paragraph 11.

12.    The allegations of paragraph 12 are legal conclusions to which no response is required, to the extent a response is required, Plaintiffs deny the allegations.

13.    The allegations of paragraph 13 are legal conclusions to which no response is required, to the extent a response is required, Plaintiffs deny the allegations.

## FACTS

**AFA Openly Campaigns to Replace SIA**[1]

14.    Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 14, and therefore deny the allegations.

15.    Plaintiffs admit the allegations of paragraph 15.

16.    Plaintiffs deny the allegations of paragraph 16.

17.    The allegations of paragraph 17 are legal conclusions to which no response is required, to the extent a response is required, Plaintiffs deny the allegations.

18.    The allegations of paragraph 18 are legal conclusions to which no response is required, to the extent a response is required, Plaintiffs deny the allegations.

---

[1] The unnumbered heading that precedes paragraph 14 does not require a response. To the extent a response is required, Plaintiffs admit the heading.

19.     Plaintiffs deny the allegations of paragraph 19.

20.     Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 20, and therefore deny the allegations.

**AFA, David, Price, and Crossley Unlawfully Access SIA's Confidential Member Information**[2]

21.     Plaintiffs lack information sufficient to form a belief about the truth of the allegations regarding what SIA was aware of or not, and therefore denies those allegations. Plaintiffs deny the remainder of the allegations of paragraph 21.

22.     Plaintiffs deny the allegations of paragraph 22.

23.     Plaintiffs deny the allegations of paragraph 23.

24.     Plaintiffs admit that the image following paragraph 24 is an excerpt of an email sent by Price on April 13, 2023. Plaintiffs deny the remainder of the allegations of paragraph 24.

25.     Plaintiffs admit that the text quoted in paragraph 25 was sent in an email by Crossley. Plaintiffs deny the remainder of the allegations of paragraph 25.

26.     Plaintiffs admit that the text quoted in paragraph 26 was sent in an email by David. Plaintiffs admit that the image following paragraph 26 is an excerpt of an email sent on April 14, 2023. Plaintiffs deny the remainder of the allegations of paragraph 26.

27.     Plaintiffs admit that the text quoted in paragraph 27 was sent in an email by Price. Plaintiffs deny the remainder of the allegations of paragraph 27.

---

[2] The unnumbered heading that precedes paragraph 21 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

28.     Plaintiffs admit that the text quoted in paragraph 28 was sent in an email by David. Plaintiffs admit that the image following paragraph 28 is an excerpt of an email sent by David on April 14, 2023. Plaintiffs deny the remainder of the allegations of paragraph 28.

**SIA Holds an Election in August 2023**[3]

29.     Plaintiffs deny the allegations of paragraph 29.

30.     Plaintiffs admit that SIA held an election on or about August 9-14, 2023. Plaintiffs deny the allegations of paragraph 30 to the extent they incorporate the allegations of paragraph 29.

31.     Plaintiffs admit that SIA utilized third-party vendor Vote-Now for the August 2023 election. Plaintiffs deny the remainder of the allegations of paragraph 31.

32.     Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 32, and therefore deny the allegations.

33.     Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 33, and therefore deny the allegations.

34.     Plaintiffs lack information sufficient to form a belief about the truth of the allegations regarding what was "known to SIA at the time", and therefore deny such allegations. Plaintiffs admit the remainder of the allegations of paragraph 34.

**During the August 2023 Election, Price, Grange, and Crossley Plan to "Expose" SIA**[4]

35.     Plaintiffs admit the allegations of paragraph 35.

---

[3] The unnumbered heading that precedes paragraph 29 does not require a response. To the extent a response is required, Plaintiffs admit the heading.
[4] The unnumbered heading that precedes paragraph 35 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

36.     Plaintiffs admit that the quoted text in paragraph 36 was sent by text by Price. Plaintiffs admit that the image following paragraph 36 is an excerpt of a text sent by Price. Plaintiffs deny the remainder of the allegations of paragraph 36.

37.     Plaintiffs admit the allegations of paragraph 37.

38.     Plaintiffs admit the quoted text in paragraph 38 was sent by text by Grange. Plaintiffs lack information sufficient to form a belief about the truth regarding which particular "link" is referenced in paragraph 38, and therefore deny the allegations. Plaintiffs deny the remainder of the allegations of paragraph 38.

39.     Plaintiffs admit that the quoted text in paragraph 39 was sent by text by Crossley and Grange, respectively. Plaintiffs deny the remainder of the allegations of paragraph 39.

40.     Plaintiffs admit the allegations of paragraph 40.

41.     Plaintiffs admit that Grange and Crossley provided Price with the names of other SIA members regarding the SIA election and admit that Price signed into Vote-Now multiple times. Plaintiffs deny the remainder of the allegations of paragraph 41.

42.     Plaintiffs admit that the quoted text in paragraph 42 was sent by text by Grange and Price, respectively. Plaintiffs deny the remainder of the allegations of paragraph 42.

43.     Plaintiffs admit that the quoted text in paragraph 43 was sent by text by Price and that on August 14, 2023, Price created a video regarding the SIA election. Plaintiffs deny the remainder of the allegations of paragraph 43.

**Price, Grange, and Crossley Bring Their Plan to AFA, David, and Pro-AFA Flight Attendants**[5]

---

[5] The unnumbered heading that precedes paragraph 44 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

44.    Plaintiffs admit the allegations of paragraph 44.

45.    Plaintiffs admit the allegations of paragraph 45.

46.    Plaintiffs admit the allegations of paragraph 46.

47.    Plaintiffs admit that the quoted texted in paragraph 47 was sent in the Agents Message Thread by Crossley on August 14, 2023. Plaintiffs deny the remainder of the allegations of paragraph 47.

48.    Plaintiffs admit that the quoted text in paragraph 48 was sent in the Agents Message Thread by Frieders and Crossley, respectively. Plaintiffs deny the remainder of the allegations of paragraph 48.

49.    Plaintiffs admit that Price sent a certain screenshot. Plaintiffs deny the remainder of the allegations of paragraph 49.

50.    Plaintiffs admit that Price sent certain links and that the screenshot following paragraph 50 is an excerpt from the Agents Message Thread. Plaintiffs deny the remainder of the allegations of paragraph 50.

51.    Plaintiffs admit the allegations of paragraph 51.

52.    Plaintiffs admit the allegations of paragraph 52.

53.    Plaintiffs admit the allegations of paragraph 53.

54.    Plaintiffs admit the allegations of paragraph 54.

55.    Plaintiffs admit the allegations of paragraph 55.

56.    Plaintiffs admit that by "pro-union," Finley was referring to supporters of the AFA. Plaintiffs deny the remainder of the allegations of paragraph 56.

57.    Plaintiffs admit that David did not respond to the comments. Plaintiffs deny the remainder of the allegations of paragraph 57.

58.    Plaintiffs admit that the quoted text in paragraph 58 was sent in the Agents Message Thread by Price. Plaintiffs deny the remainder of the allegations of paragraph 58.

59.    Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 59, and therefore deny the allegations.

60.    Plaintiffs admit that the quoted text in paragraph 60 and a certain video was sent in the Agents Message Thread by Price. Plaintiffs deny the remainder of the allegations of paragraph 60.

61.    Plaintiffs admit that the quoted text in paragraph 61 was sent in the Agents Message Thread by Grange, but deny it is a complete quotation of the referenced text. Plaintiffs deny the remainder of the allegations of paragraph 61.

62.    Plaintiffs admit that the quoted text in paragraph 62 was sent in the Agents Message Thread by Price. Plaintiffs deny the remainder of the allegations of paragraph 62.

63.    Plaintiffs admit that the quoted text in paragraph 63 was sent in the Agents Message Thread by Grange, but deny it is a complete quotation of the referenced text. Plaintiffs deny the remainder of the allegations of paragraph 63.

64.    Plaintiffs admit the allegations of paragraph 64.

65.    Plaintiffs admit that the quoted text in paragraph 65 was sent in the Agents Message Thread by Grange. Plaintiffs deny the remainder of the allegations of paragraph 65.

66.    Plaintiffs admit the allegations of paragraph 66.

67.    Plaintiffs admit that the quoted text in paragraph 67 was sent in the Agents Message Thread by Price. Plaintiffs deny the remainder of the allegations of paragraph 67.

68.    Plaintiffs admit the quoted text in paragraph 68 was sent in the Agents Message Thread by Price. Plaintiffs deny the remainder of the allegations of paragraph 68.

**Grange Posts Price's Video with SIA's Confidential Member Information**[6]

69.     Plaintiffs admit that Grange posted a certain video on Facebook on August 15, 2023. Plaintiffs deny the remainder of the allegations of paragraph 69.

70.     Plaintiffs admit the allegations of paragraph 70.

71.     Plaintiffs admit the quoted text in paragraph 71 was sent by text by Price and that Grange posted a certain link on SkyWest's online forum. Plaintiffs lack information sufficient to form a belief about the truth regarding which particular "link" is referenced in paragraph 71, and therefore deny the allegations.

72.     Plaintiffs deny the allegations of paragraph 72.

73.     Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 73, and therefore deny the allegations.

**SIA's August 2023 Election Is Compromised**[7]

74.     Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 74, and therefore deny the allegations.

75.     Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 75, and therefore deny the allegations.

76.     Plaintiffs lack information sufficient to form a belief about the truth of the allegations of paragraph 76, and therefore deny the allegations.

---

[6] The unnumbered heading that precedes paragraph 69 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

[7] The unnumbered heading that precedes paragraph 73 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

77.     Plaintiffs admit that now-former Flight Attendant Erika Robertson (or someone using her IP address) fraudulently utilized other Flight Attendants' login credentials to access and cast ballots on Vote-Now. Plaintiffs deny the remainder of the allegations of paragraph 77.

78.     Plaintiffs admit that SkyWest interviewed Price, Grange, and Robertson. Plaintiffs deny the remainder of the allegations of paragraph 78.

79.     Plaintiffs admit that SkyWest terminated Price and Grange on September 14, 2023, and that SkyWest also terminated Robertson. Plaintiffs deny the remainder of the allegations of paragraph 79.

80.     Plaintiffs admit that the quoted text in paragraph 80 was stated by AFA President Sara Nelson before the United States Senate Committee on Health, Education, Labor, and Pensions on November 14, 2023. Plaintiffs deny the remainder of the allegations of paragraph 80.

81.     Plaintiffs admit that AFA President Sara Nelson did not make the statements described in paragraph 81.

82.     Plaintiffs admit that SIA held a new election due to the fraudulent votes believed to be cast by Robertson. Plaintiffs deny the remainder of the allegations of paragraph 82.

83.     Plaintiffs admit that on about January 13, 2025, the State of Utah charged Price with criminal counts. Plaintiffs deny the remainder of the allegations of paragraph 83, including to the extent that paragraph 83 incorporates the allegations of any preceding paragraphs. Plaintiffs further state that all charges have been dismissed.

84.     Plaintiffs admit that on about January 13, 2025, the State of Utah charged Grange with criminal counts. Plaintiffs deny the remainder of the allegations of paragraph 84, including

to the extent that paragraph 84 incorporates the allegations of any preceding paragraphs. Plaintiffs further state that all charges have been dismissed.

**FIRST CAUSE OF ACTION**
(Computer Fraud and Abuse Act – AFA, David, Price, Grange, and Crossley)[8]

85.    Plaintiffs hereby restate and incorporate their responses to the allegations contained in the above paragraphs as if fully set forth herein.

86.    Plaintiffs deny the allegations of paragraph 86.

87.    Plaintiffs deny the allegations of paragraph 87.

88.    Plaintiffs deny the allegations of paragraph 88.

**SECOND CAUSE OF ACTION**
(Stored Communications Act – Price and Grange)[9]

89.    Plaintiffs hereby restate and incorporate their responses to the allegations contained in the above paragraphs as if fully set forth herein.

90.    Count 2 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

91.    Count 2 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

---

[8] The unnumbered heading that precedes paragraph 85 does not require a response. To the extent a response is required, Plaintiffs deny the heading.
[9] The unnumbered heading that precedes paragraph 89 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

92.     Count 2 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

93.     Count 2 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

### THIRD CAUSE OF ACTION
(Computer Abuse and Data Recovery Act, Utah Code Ann. – against Price and Grange)[10]

94.     Plaintiffs hereby restate and incorporate their responses to the allegations contained in the above paragraphs as if fully set forth herein.

95.     Plaintiffs Price and Grange deny the allegations of paragraph 95. The allegations of paragraph 95 are not directed at the AFA, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Crossley, and David deny the allegations.

96.     Plaintiffs Price and Grange deny the allegations of paragraph 96. The allegations of paragraph 96 are not directed at the AFA, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Crossley, and David deny the allegations.

97.     Plaintiffs Price and Grange deny the allegations of paragraph 97. The allegations of paragraph 97 are not directed at the AFA, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Crossley, and David deny the allegations.

---

[10] The unnumbered heading that precedes paragraph 94 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

98.    Plaintiffs Price and Grange deny the allegations of paragraph 98. The allegations of paragraph 98 are not directed at the AFA, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Crossley, and David deny the allegations.

99.    Plaintiffs Price and Grange deny the allegations of paragraph 99. The allegations of paragraph 99 are not directed at the AFA, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Crossley, and David deny the allegations.

## FOURTH CAUSE OF ACTION
(Breach of Contract – against Grange)

100.    Plaintiffs hereby restate and incorporate their responses to the allegations contained in the above paragraphs as if fully set forth herein.

101.    Grange denies the allegations of paragraph 101. The allegations of paragraph 101 are not directed at the AFA, Price, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Price, Crossley, and David deny the allegations.

102.    Grange denies the allegations of paragraph 102. The allegations of paragraph 102 are not directed at the AFA, Price, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Price, Crossley, and David deny the allegations.

103.    Grange denies the allegations of paragraph 103. The allegations of paragraph 103 are not directed at the AFA, Price, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Price, Crossley, and David deny the allegations.

104.    Grange denies the allegations of paragraph 104. The allegations of paragraph 104 are not directed at the AFA, Price, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Price, Crossley, and David deny the allegations.

105.    Grange denies the allegations of paragraph 105. The allegations of paragraph 105 are not directed at the AFA, Price, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Price, Crossley, and David deny the allegations.

106.    Grange denies the allegations of paragraph 106. The allegations of paragraph 106 are not directed at the AFA, Price, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Price, Crossley, and David deny the allegations.

107.    Grange denies the allegations of paragraph 107. The allegations of paragraph 107 are not directed at the AFA, Price, Crossley, or David and thus no response is required. To the extent a response is required, the AFA, Price, Crossley, and David deny the allegations.

**FIFTH CAUSE OF ACTION**
(Conversion against AFA, David, and Price)[11]

108.    Plaintiffs hereby restate and incorporate their responses to the allegations contained in the above paragraphs as if fully set forth herein.

109.    Count 5 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

110.    Count 5 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

---

[11] The unnumbered heading that precedes paragraph 108 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

111.    Count 5 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

112.    Count 5 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

113.    Count 5 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

## SIXTH CAUSE OF ACTION
(Trespass to Chattels against AFA, David, and Price)[12]

114.    Plaintiffs hereby restate and incorporate their responses to the allegations contained in the above paragraphs as if fully set forth herein.

115.    Count 6 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

116.    Count 6 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

---

[12] The unnumbered heading that precedes paragraph 114 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

117.    Count 6 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

118.    Count 6 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

119.    Count 6 of SIA's Amended Counterclaims was dismissed pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required. To the extent a response is required, Plaintiffs deny the allegations.

## SEVENTH CAUSE OF ACTION
(Civil Conspiracy against AFA, David, Price, Grange, and Crossley)[13]

120.    Plaintiffs hereby restate and incorporate their responses to the allegations contained in the above paragraphs as if fully set forth herein.

121.    Plaintiffs deny the allegations of paragraph 121.

122.    Plaintiffs deny the allegations of paragraph 122.

123.    Plaintiffs deny the allegations of paragraph 123.

## EIGHTH CAUSE OF ACTION
(Tortious Interference with Contractual Relationships
against AFA, David, Price, Grange, and Crossley)[14]

124.    Plaintiffs hereby restate and incorporate their responses to the allegations contained in the above paragraphs as if fully set forth herein.

---

[13] The unnumbered heading that precedes paragraph 120 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

[14] The unnumbered heading that precedes paragraph 124 does not require a response. To the extent a response is required, Plaintiffs deny the heading.

125.    The allegations of paragraph 125 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs Price, Grange, and Crossley deny the allegations. Count 8 of SIA's Amended Counterclaims was dismissed as to the AFA and David pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required from the AFA and David. To the extent a response is required, the AFA and David deny the allegations.

126.    Plaintiffs Price, Grange, and Crossley lack information sufficient to form a belief about the truth of the allegations of paragraph 126, and thus deny the allegations. Count 8 of SIA's Amended Counterclaims was dismissed as to the AFA and David pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required from the AFA and David. To the extent a response is required, the AFA and David deny the allegations.

127.    Plaintiffs Price, Grange, and Crossley deny the allegations of paragraph 127. Count 8 of SIA's Amended Counterclaims was dismissed as to the AFA and David pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required from the AFA and David. To the extent a response is required, the AFA and David deny the allegations.

128.    Plaintiffs Price, Grange, and Crossley deny the allegations of paragraph 128. Count 8 of SIA's Amended Counterclaims was dismissed as to the AFA and David pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required from the AFA and David. To the extent a response is required, the AFA and David deny the allegations.

129.    Plaintiffs Price, Grange, and Crossley deny the allegations of paragraph 129. Count 8 of SIA's Amended Counterclaims was dismissed as to the AFA and David pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required from the AFA and David. To the extent a response is required, the AFA and David deny the allegations.

17

130.    Plaintiffs Price, Grange, and Crossley deny the allegations of paragraph 130. Count 8 of SIA's Amended Counterclaims was dismissed as to the AFA and David pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required from the AFA and David. To the extent a response is required, the AFA and David deny the allegations.

131.    Plaintiffs Price, Grange, and Crossley deny the allegations of paragraph 131. Count 8 of SIA's Amended Counterclaims was dismissed as to the AFA and David pursuant to the Court's Memorandum Decision (Dkt. 154), and thus no response is required from the AFA and David. To the extent a response is required, the AFA and David deny the allegations.

Plaintiffs deny the allegations of the "PRAYER FOR RELIEF" paragraph and further deny that Counterclaim Plaintiff SIA is entitled to judgment or any recovery whatsoever in this matter.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Counterclaim Plaintiff SIA fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Counterclaim Plaintiff SIA's request for relief is barred by the equitable doctrine of unclean hands.

### Third Affirmative Defense

Counterclaim Plaintiff SIA has failed to exhaust available contractual and/or internal remedies.

### Fourth Affirmative Defense

Plaintiffs shall rely upon all lawfully available proper defenses that the evidence reveals, and reserve the right to assert such additional affirmative defenses as may become apparent through discovery hereinafter.

WHEREFORE, Plaintiffs respectfully request that the Court dismiss SIA's Amended Counterclaims with prejudice, award Plaintiffs their costs in this matter, and allow Plaintiffs such other and further relief as this Court deems just and proper.

DATED: December 23, 2025

Respectfully submitted,

/s/ *John J. Grunert*
JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jbartos@geclaw.com
Email: jgrunert@geclaw.com

SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA SHIFFRIN, *pro hac vice*
GRACE RYBAK, *pro hac vice*
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
grybak@bredhoff.com

19

*Counsel for Association of Flight Attendants-CWA
AFL-CIO, Shane Price, Tresa Grange, Brandon
Finley, Jacque Crossley, and Gailen David*

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on December 23, 2025, I electronically filed the foregoing Answer to SkyWest Inflight Association's Amended Counterclaims with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.

Respectfully submitted,

 /s/ *John J. Grunert*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jgrunert@geclaw.com

*Counsel for Plaintiffs and Counterclaim Defendants*