Gregory M. Saylin (9648)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5800
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com
*Attorneys for SkyWest Airlines Inc.*

Patricia T. Stambelos (*Admitted Pro Hac Vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>        Plaintiffs,<br>v.<br><br>SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>        Defendants. | **REDACTED SHORT FORM DISCOVERY MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH THE COURT'S PROTECTIVE ORDER (DKT. 157) AND TO REMOVE IMPROPER REDACTIONS**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

SkyWest seeks an order compelling Plaintiffs to comply with the Protective Order and remove improper redactions.

With limited exceptions, the Court permitted Plaintiffs to redact "[t]he names and personal identifying information of SkyWest Flight Attendants who have not publicly supported AFA." Order, Dkt. 157 at 2, attached as Exhibit A. Plaintiffs did not seek, nor did the Court

permit, redacting names of *former* SkyWest employees or non-employees. *Id.*; Mot., Dkt. 131 at 2.

Plaintiffs' redactions exceed the Order and include names of non-employees and former employees. These over-redactions render Plaintiffs' production "evasive or incomplete" and therefore "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Worst yet, Plaintiffs redacted names without identifying which are employees and which are non-employees, leaving SkyWest in the dark.

Plaintiffs, as the party redacting information, bear the burden to establish the redactions are proper and warranted under Rule 26(c)(1)(G) and corresponding caselaw. *See* Fed. R. Civ. P. 26(c)(1)(G); *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-cv-00754, 2020 U.S. Dist. LEXIS 159452, at *5-6 (D. Utah Aug. 31, 2020). Plaintiffs did not meet, nor attempt to meet, this burden for non-employees and former employees.

It is clear the redactions are improper, relevant, and harmful to SkyWest's defense. For example, Plaintiffs alleged SkyWest disrupted "AFA communications with Flight Attendants" to "undermine and interfere with" AFA's unionizing efforts and SkyWest flight attendants' right "to choose a labor organization of their choice," in violation of the RLA. Am. Compl. ¶ 87, Dkt. 68. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – all under the guise of protecting employees from retaliation by SkyWest for AFA involvement. This individual has relevant information regarding Plaintiffs' sixth cause of action and SkyWest's defense. ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Redacting the name obstructs SkyWest's ability to investigate and defend against Plaintiffs' claim.[1]

Plaintiffs refuse to correct the redactions, citing "burden." But, Plaintiffs cannot unilaterally expand the scope of the Order, based on an alleged burden.

Plaintiffs' proposal has been for SkyWest to identify which redactions it challenges so that Plaintiffs can figure out who has been redacted. However, SkyWest is blind as to whether Plaintiffs have improperly redacted non-employees because it cannot see the names and most documents do not provide context as to employment-status.

Accordingly, SkyWest requests an order compelling Plaintiffs to comply with the Court's Order and remove improper redactions.[2] At the very least, the unredacted versions should be produced AEO.

DATED this 17th day of April, 2026.

HOLLAND & HART LLP

*/s/ Emily T. Howe*
Gregory M. Saylin
Emily T. Howe

JONES DAY
Douglas W. Hall
Thomas R. Chiavetta

STAMBELOS LAW OFFICE
Patricia T. Stambelos
*Attorneys for SkyWest Airlines Inc.*

37641151

---

[1] This is not the only instance where Plaintiffs redact a non-employee or former employee. SkyWest will provide additional information if the Court requests, however space does not permit SkyWest to do so here.

[2] On March 9 at 9 am, Emily Howe, John Grunert, and Faaris Akremi conferred by videoconference, and exchanged written correspondences, but despite reasonable efforts were unable to resolve the dispute.