Gregory M. Saylin (9648)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5800
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com
*Attorneys for SkyWest Airlines Inc.*

Patricia T. Stambelos (*Admitted Pro Hac Vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>        Plaintiffs,<br><br>v.<br><br>SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>        Defendants. | **SHORT FORM DISCOVERY MOTION TO COMPEL TRESA GRANGE TO FULLY RESPOND TO INTERROGATORY NO. 7**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

SkyWest seeks an order compelling Tresa Grange to fully respond to Interrogatory 7:

"[i]dentify all individuals to whom you sent or showed Price's Video and all websites or social

media sites on which you posted Price's Video."[1]  Exhibit A. Grange responded she "sent the video to SIA Board Member Debbie Burt and to SkyWest supervisor Jenny Nicolay" and "posted the video on the SIA Facebook Group page and on the SkyWest 2.0 Facebook Group page."  Exhibit B.  By posting Price's Video on those groups, Grange "sent or showed" the video to every member.[2] But Grange refuses to identify the members of those Facebook groups.[3]

This information is directly relevant to SkyWest's counterclaim and Grange's defense. Fed. R. Civ. P. 26(b)(1). SkyWest's breach of contract counterclaim alleges Grange violated her Confidentiality Agreement by publicly disseminating confidential employee information. Countercl. ¶¶ 46-55, Dkt. 38. Price's Video displays this information for numerous flight attendants.

SkyWest is entitled to determine whether non-employees or former employees were members of these Facebook groups. Grange, in her termination meeting and review board submission, attempted to defend her actions, in part, on the grounds that she posted the video to "crewmember only" Facebook pages and that every flight attendant could already access the information she posted. The identity of group members will test that defense and establish the full extent of the breach.[4] The dissemination is also relevant to SkyWest's after-acquired evidence defense.

---

[1] Price's Video is the screen recording Price created demonstrating how to access confidential documents on SIA's website and use that information to login as others on the VoteNow platform. *See* Definitions § 16, Exhibit A.

[2] The definition of "show" is "to cause or permit to be seen." *Available at* http://merriam-webster.com/dictionary/show.

[3] Neither of these Facebook groups is administered by SkyWest.

[4] SkyWest maintains Grange's actions were in violation of her agreement even if the post was only to flight attendants, but is nevertheless entitled under Rule 26 to test the validity of Grange's defense.

The number of members in the groups does not excuse a blanket refusal to respond. For the SkyWest 2.0 Facebook Group, of which Grange may still be a member, she can identify current members from the group's membership list. That the current list may not perfectly mirror the August 2023 membership does not render it non-responsive; it provides a reasonable approximation that will allow SkyWest to assess the scope of dissemination as well as provide SkyWest a starting point to determine the August 2023 membership. For the SIA Facebook Group, where Grange was formerly a member, she should identify all members she can recall. A responding party cannot refuse to provide *any* information simply because she cannot provide *all* information.

Accordingly, SkyWest requests Grange supplement her response to Interrogatory 7 to identify the members of the Facebook Groups.[5]

DATED this 17th day of April, 2026.

HOLLAND & HART LLP

*/s/ Emily T. Howe*
Gregory M. Saylin
Emily T. Howe

JONES DAY
Douglas W. Hall
Thomas R. Chiavetta

STAMBELOS LAW OFFICE
Patricia T. Stambelos

*Attorneys for SkyWest Airlines Inc.*

37560046

---

[5] On March 9 at 9 am, Emily Howe, John Grunert, and Farris Akremi conferred by videoconference and exchanged written correspondences, but despite reasonable efforts were unable to resolve the dispute.