Gregory M. Saylin (9648)
Emily T. Howe (18294)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5973
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Patricia T. Stambelos (*Admitted Pro Hac Vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

Douglas W. Hall (*Admitted Pro Hac Vice*)
Thomas R. Chiavetta (*Admitted Pro Hac Vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com

*Attorneys for SkyWest Airlines Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY;<br><br>　　　Plaintiffs,<br>v.<br><br>SKYWEST INC.; SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>　　　Defendants. | **DEFENDANT SKYWEST AIRLINES, INC.'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFFS**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant SkyWest

Airlines, Inc. ("SkyWest") submits the following Requests for Production of Documents and



EXHIBIT
**A**

Interrogatories (collectively, "Discovery Requests") to Plaintiffs to be answered in writing within 30 days of service of these Discovery Requests.

## **INSTRUCTIONS**

1.      Separate Responses. Each Plaintiff must respond separately to all Discovery Requests, unless otherwise noted.

2.      Construction. The terms "and" and "or" shall be construed disjunctively or conjunctively so as to require the broadest possible production in response to any given request. The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive. Regardless of whether any of these Document Requests, instructions, and definitions use a term in plural or singular form, the term shall be construed in both singular and plural forms as is necessary to require the most inclusive response.

3.      Documents Requested. The requests set out herein call for all Documents and Communications in Plaintiffs' actual or constructive possession, control, or care, including but not limited to those Documents in the actual or constructive possession, custody, control or care of any attorney, agent, or other representative of Plaintiffs. In response to these requests, Plaintiffs are required to make a diligent search of all Documents, Communications, and information in Plaintiffs' possession or available to Plaintiffs or Plaintiffs' representatives. If Plaintiffs subsequently become aware of any Document or Communications called for by the requests set out herein, Plaintiffs are requested to provide a copy of that Document or Communication to Defendant or to identify it if is it expected to be in the Defendant's possession.

2

4.    Documents Withheld. If any Document is withheld under a claim of privilege or other protection, Plaintiffs are required to provide the following information for purposes of determining the validity of the claim of privilege.

a.    The title, heading, or caption of the Document, if any, including any identifying number(s), letter(s), or combination thereof;

b.    The identity of the Person(s) who prepared the Document, who signed the Document and/or over whose name the Document was sent or issued;

c.    The identity of the Person(s) to whom the Document was directed;

d.    A description of the general nature of the Document (e.g., whether it is a letter, memorandum, email, telephone log, etc.) and substance of the Document (with sufficient particularity to enable the Court and parties hereto to identify the Document);

e.    The date appearing on the Document or if no date appears thereon, the date or approximate date on which the Document was prepared;

f.    The identity of the Person who has custody of, or control over, the Document and each copy thereof;

g.    The identity of each Person to whom copies of the Document were furnished;

h.    The number of pages of the Document;

i.    The basis on which any privilege or other protection is claimed; and

j.    Whether any non-privileged matter is included in the Document.

3

5.     <u>Partial Production/ Response</u>. If Plaintiffs object to a particular request or interrogatory, or portion thereof, Plaintiffs must produce all Documents called for which are not subject to that objection and respond to all portions of the interrogatory that is not subject to that objection. Similarly, whenever a Document is not produced in full for some other reason, Plaintiffs must state with particularity the reason(s) it is not being produced in full, and describe, to the best of Plaintiffs' knowledge, information, and belief, and with as much particularity as possible, those portions of the Document which are not produced.

6.     <u>Documents Destroyed</u>. If any Documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each Document: (1) the type of Document; (2) a description of the nature and contents of the Document; (3) the identity of the author; (4) the circumstances under which it ceased to exist; (5) and the identity of all Person(s) who had knowledge of the contents.

7.     <u>Orderly Response</u>. Please produce the Documents called for herein in such a manner as will facilitate their identification with the particular request(s) to which they are responsive.

8.     <u>Diligent Search</u>. In answering these requests, you are required to make a diligent search of your records and other papers and materials in your possession or available to you or your representative.

9.     <u>Continuing Response</u>. These are continuing requests to the fullest extent provided for by Rule 26 of the Federal Rules of Civil Procedure. If, after answering these requests and before the completion of the trial of this matter, information or Documents are discovered by you, becomes known to you, or otherwise come into your possession, custody, or control that

4

would change or add to the answers or responses given any way, you shall supplement your previous answers or responses with such information or Document immediately upon any such matter coming to the attention of counsel without delay.

**<u>DEFINITIONS</u>**

For purposes of these requests, the following terms have the meanings set forth below, irrespective of capitalization.

1. The term "all" shall refer to the whole quantity or extent of a particular group or thing, the greatest possible amount, and shall be used interchangeably with "any."

2. Any request for "all Documents" is meant to include all Documents in your possession, custody, or control, whether the Documents were compiled by you or by any other person for any reason.

3. "AFA" shall refer to Plaintiff Association of Flight Attendants-CWA, AFL-CIO and each of its officers, directors, members, predecessors, subsidiaries, divisions, agents, and representatives and any person or entity acting or purporting to act on its behalf.

4. "Amended Complaint" shall refer to Plaintiffs' First Supplemental Complaint that was filed by Plaintiffs on July 10, 2024, in the United States District Court for the District of Utah, bearing Case Number 2:23-cv-00723-DBB-DBP.

5. The term "any" shall mean one or more and is to be used interchangeably with "all."

6. "Communication" shall refer to and include any contact between two or more persons or entities, or a person and a file, including without limitation, any written or oral expression, statement, or utterance of any nature whatsoever, including without limitation

correspondence, conversations, letters, memoranda, emails, iMessages, chat, postings, social media messages, internet communications, direct messages, SMS text messages, tweets, or facsimile, other electronic messages, and oral contact by such means as face-to-face meetings, telecommunications, voicemail, and electronic communications.

7.      "Document" shall mean a writing, as defined in Federal Rule of Civil Procedure 34(a), and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of Communication or representation, including letters, words, pictures, sounds or symbols, or combinations of them. The term "Document" means both internal and external documents. The term "Document" is not limited to paper Documents but includes electronically stored information ("ESI"), including without limitation all Communications transmitted by electronic mail, iMessage, chat, postings, internet communications, direct messages, SMS text messages, social media messages, tweets, or facsimile, and includes every other means of recording upon any tangible thing, regardless of the manner in which the record has been stored. Without limiting the scope of the foregoing, the word "Document" shall include all originals, copies and drafts of all notes, memoranda, correspondence, advertisements, affidavits, agreements, bills, books, brochures, business records, cables, calendars, checks, contracts, catalogs, circulars, communications, data compilations, desk calendars, diaries, diagnoses, drawings, emails, evaluations, expense accounts, invoices, journals, letters, ledgers, microfilm prints, minutes, manuals, notebooks, orders, periodicals, pictures, price lists, photographs, prescriptions, publications, recordings, records, reports, receipts, schedules, statements, studies, summaries, tapes, telegrams, teletypes, telephone slips, time sheets,

6

transcripts of records and recordings, transcripts, video or audiotapes, working papers, memoranda of telephone or other conversations by or with any Person(s), or any other written, recorded, transcribed, typed, or photographic matter, however produced or reproduced, translated if necessary through detection devices into reasonably usable form, and any other pertinent information set forth in written language or any electronic or magnetic representation thereof.  A non-identical draft or a copy altered in any way is a separate "Document" within the meaning of this term.

8.      "ESI" or "electronically stored information" shall mean and refer to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application associated in any way with social media, internet-based or cloud storage, forums or message boards, listing services, website comment sections, or any other electronic system of communication, including any real-time text, audio, picture, or video transmissions through the internet as well as any text, audio, picture, or video transmissions between mobile phones and/or fixed or portable devices, including server, network, desktop, laptop, or tablet computers whether private or public.  ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and ESI responsive to these Requests in your possession, custody, or control must be produced regardless of its origin, source, and/or past or present location.

9.      "Finley" shall refer to Plaintiff Brandon Finley and any person or entity acting or purporting to act on his behalf.

10. "Grange" shall refer to Plaintiff Tresa Grange and any person or entity acting or purporting to act on her behalf.

11. The term "identify" shall mean:

a. With respect to a person or persons, to state (a) full name; (b) occupation, title or job description and date(s) of employment; (c) present or last known business and home addresses and telephone numbers; and (d) personal and business e-mail address(es);

b. With respect to a corporation or other entity, to state its (a) full name; (b) form of entity (i.e., corporation, partnership, etc.); (c) type of business engaged in; (d) present business address and telephone number; and (e) any website, email address or other electronic means you used to communicate with it.

c. With respect to a document, to state (a) the date and type of document; (b) the identity of each author and each recipient; (c) the identity of each person or entity having custody of the document; (d) the identity of each person having knowledge of the document's contents; and (e) a description of the document's contents;

d. With respect to an oral communication or representation, to state (a) the time and place of the communication or representation; (b) the identity of the person or entity making the communication or representation; (c) the identity of each person or entity present at the time the communication or representation was made; (d) a description of the substance of the

8

communication or representation; and (e) the identity of any document reflecting, referring or relating to the communication or representation;

e.   With respect to any other act, transaction or meeting, to state (a) the date and place where the act, transaction or meeting took place; (b) the identity of each person present or participating in it; and (c) a description of its substance;

f.   With respect to any email account or telephone number, to state (a) the name of the company providing the service; (b) the company's present business address and telephone number; and (c) any website, email address or other electronic means you used to communicate with the company; and

g.   With respect to any information not included in (a) through (f) above, to describe it with particularity, providing all facts and information about it that relate to the subject matter of the Interrogatory.

12.   "Lawsuit" shall refer to the action filed by Plaintiffs in the United States District Court for the District of Utah, bearing the case number 2:23-cv-00723-DBB-DBP.

13.   The term "person" shall mean any and all individuals, corporations, proprietorships, partnerships, associations, limited liability companies, governmental bodies, governmental agencies, and other public or private entities, and shall include the plural as well as the singular.

14.   "Plaintiff" or "Plaintiffs" shall refer to the Plaintiffs in this Lawsuit – Price, Grange, Finley, and AFA – collectively and individually.

9

15.    "Price" shall refer to Plaintiff Shane Price and any person or entity acting or purporting to act on his behalf.

16.    "Price's Video" shall refer to the video and/or screen recording referred to in paragraph 47 of the Amended Complaint.

17.    The terms "relating to," or "relate to," "regarding," or "evidencing"  means, without limitation, referring to, alluding to, responding to, arising out of, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, or pertaining to, directly or indirectly, in whole or in part, in the broadest possible sense.

18.    "SIA" shall refer to Defendant SkyWest Inflight Association and each of its officers, directors, members, predecessors, subsidiaries, divisions, agents, and representatives.

19.    "SIA Election" shall refer to the August 2023 SIA election for positions on SIA's board.

20.    "SkyWest" shall refer to Defendant SkyWest Airlines, Inc., and each of its officers, directors, shareholders, predecessors, subsidiaries, divisions, agents, and representatives.

21.    The terms "you," and/or "your" shall mean the individual or entity that these requests are directed to, and any entity or person acting or purporting to act on his/her/its behalf.

22.    "VoteNow" shall refer to the third-party vendor used in the SIA Election as referenced in Paragraph 41 of the Amended Complaint.

10

became the representative of such employees; (2) the means by which AFA became the representative of such employees (i.e., whether by election or voluntary recognition); and (3) whether AFA has ever been certified as the representative of such employees and, if so, when.

**Directed To and To Be Answered By Grange and Price, Separately, Only:**

**INTERROGATORY NO. 6:** For the time period from September 1, 2020 to the present, excluding SkyWest, identify all work you have had, including but not limited to as an employee, independent contractor, or consultant, regardless of length, including the person/ entity worked for, the position, the dates of work, and all compensation, including benefits, received from the work, as well as all potential work you have sought, including without limitation, the position applied for, how you learned of the position, whether you interviewed for the position, and whether you were hired.

**INTERROGATORY NO. 7:** Identify all individuals to whom you sent or showed Price's Video and all websites or social media sites on which you posted Price's Video.

DATED this 24th day of September, 2024.

HOLLAND & HART LLP


/s/ Emily T. Howe
Gregory M. Saylin
Emily T. Howe

Douglas W. Hall
Thomas R. Chiavetta
JONES DAY

Patricia T. Stambelos
STAMBELOS LAW OFFICE

*Attorneys for SkyWest Airlines Inc.*

15