Erik A. Christiansen, USB #7372
Christina M. Jepson, USB #7301
Sarah Jenkins Dewey, USB #15640
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
EChristiansen@parsonsbehle.com
CJepson@parsonsbehle.com
SDewey@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (pro hac vice)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for SkyWest InFlight Association*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY,<br><br>        Plaintiffs,<br><br>v.<br><br>SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION,<br><br>        Defendants. | **SIA'S SHORT-FORM DISCOVERY MOTION SEEKING ADDITIONAL TIME TO DEPOSE PLAINTIFF/ COUNTERCLAIM DEFENDANT TRESA GRANGE**<br><br>Case No. 2:23-cv-723-DBB-DBP<br><br>Judge: Hon. David Barlow<br><br>Magistrate Judge: Hon. Dustin B. Pead |

4897-8922-5886.v5

| | |
|---|---|
| SKYWEST INFLIGHT ASSOCIATION,<br><br>     Counterclaimant,<br><br>v.<br><br>ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO; SHANE PRICE; TRESA GRANGE; JACQUE CROSSLEY; and GAILEN DAVID,<br><br>     Counterclaim Defendants. | |

SkyWest deposed Tresa Grange for roughly 8 hours on March 19, 2026. SIA did not start until 7:01 p.m., questioning Grange for not even 1.5 hours before adjourning. SIA moves under Rules 16(b)(4), 26(b)(1)–(2), 30(d)(1), and DUCivR 37-1 for leave to continue Grange's deposition for three hours.

## ARGUMENT

A court "must allow additional time" if needed to fairly examine the deponent consistent with Rule 26(b)(1)–(2). Fed. R. Civ. P. 30(d)(1). Good cause supports SIA's request.

Additional time is needed to fairly examine Grange, who is a key witness. *See McBride v. Medicalodges, Inc.*, No. 06-2535JWL-GLR, 2008 WL 1774674, at *2 (D. Kan. Apr. 16, 2008). Among other things, she distributed the video showing how to access confidential information taken from SIA's website, disrupting SIA's election and leading to her termination from SkyWest—conduct at the heart of many of this case's claims. There is much to cover—Grange's relevant history with SIA, including her involvement with elections and confidential information, extends as early as 2017, and Plaintiffs produced over 16,000 pages of documents, including many

2

communications involving Grange. *See Payan v. United Parcel Serv.*, No. 2:14-CV-00400-CW-DBP, 2015 WL 3397943, at *1 (D. Utah May 26, 2015) (800 documents; four years).

SIA and SkyWest coordinated beforehand. *See* Fed. R. Civ. P. 30(d)(1), 2000 advisory committee's note. SkyWest covered common issues including, e.g., Grange's involvement with information about SkyWest flight attendants, certain communications involving Grange (including her intended meaning and understanding of them), videos posted by Grange, damages and mitigation. SkyWest also questioned Grange about issues specific to SkyWest, such as the use of crew rooms. This all required considerable time, including because of the number of documents involved (SkyWest used 43 exhibits), and the need to ask Grange about numerous messages she deleted. SIA began its examination, but—apart from follow-up questions about her prior testimony and beginning to ask about her background with SIA—was unable to finish before reasonably adjourning just after 8:30 p.m. Without revealing unnecessary information, SIA must cover its designated common issues, plus SIA's unique issues, including, e.g., questions about discovery, allegations against SIA, SIA's election, Grange's duty of fair representation claim, and SIA's five counterclaims against Grange, most of which are unique to SIA.

This request is proportional. It is undisputed that more time is appropriate. Grange has agreed to reappear for two hours. SIA seeks only one hour beyond that. Grange initiated this action and is a Plaintiff or Defendant on 11 of this case's 14 active claims. *See Payan*, 2015 WL 3397943, at *2. The information sought is not duplicative and Grange is the best if not only source of this information. *See id.* The added burden of sitting for three hours instead of two is minimal and is significantly outweighed by the benefit and importance of the information sought.

4897-8922-5886.v5

## CERTIFICATION

The parties made reasonable efforts to resolve this dispute at 1:30 p.m. on March 24, 2026, via Teams. SIA: Christina Jepson. SkyWest: Greg Saylin. Plaintiffs: John Grunert, Faaris Akremi.

DATED April 20, 2026.

/s/ *Christina Jepson*
Erik A. Christiansen
Christina M. Jepson
Sarah Jenkins Dewey
PARSONS BEHLE & LATIMER

Gregg M. Formella
GREGG M. FORMELLA JD

*Attorneys for SkyWest InFlight Association*

4

## CERTIFICATE OF SERVICE

I certify that on April 20, 2026, I caused a true and correct copy of the foregoing **SIA'S SHORT-FORM DISCOVERY MOTION SEEKING ADDITIONAL TIME TO DEPOSE PLAINTIFF/COUNTERCLAIM DEFENDANT TRESA GRANGE** to be filed on the Court's CM/ECF system which served all counsel of record appearing thereon.

/s/ *Christina Jepson*

5

4897-8922-5886.v5