Erik A. Christiansen, USB #7372
Christina M. Jepson, USB #7301
Sarah Jenkins Dewey, USB #15640
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
EChristiansen@parsonsbehle.com
CJepson@parsonsbehle.com
SDewey@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (pro hac vice)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for SkyWest InFlight Association*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO; SHANE PRICE; TRESA GRANGE; and BRANDON FINLEY, <br><br> Plaintiffs, <br><br> v. <br><br> SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION, <br><br> Defendants. | **SIA'S SHORT-FORM DISCOVERY MOTION SEEKING ADDITIONAL TIME TO DEPOSE PLAINTIFF/COUNTERCLAIM DEFENDANT SHANE PRICE** <br><br> Case No. 2:23-cv-723-DBB-DBP <br><br> Judge: Hon. David Barlow <br><br> Magistrate Judge: Hon. Dustin B. Pead |

4938-7509-5453.v5

SKYWEST INFLIGHT ASSOCIATION,

     Counterclaimant,

v.

ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO; SHANE PRICE; TRESA GRANGE; JACQUE CROSSLEY; and GAILEN DAVID,

     Counterclaim Defendants.

SkyWest deposed Shane Price for roughly 8.5 hours on March 12, 2026. SIA did not have a reasonable opportunity to question Price before the deposition adjourned at 8:30 p.m. SIA moves under Rules 16(b)(4), 26(b)(1)–(2), 30(d)(1), and DUCivR 37-1 for leave to depose Price for four hours.

## ARGUMENT

A court "must allow additional time" if needed to fairly examine the deponent consistent with Rule 26(b)(1)–(2). Fed. R. Civ. P. 30(d)(1). Good cause supports SIA's request.

SIA needs time to begin and fairly conduct its own examination of Price. Because he accessed and distributed information from SIA's website—conduct at the heart of many claims—Price is a key witness. *See McBride v. Medicalodges, Inc.*, No. 06-2535JWL-GLR, 2008 WL 1774674, at *2 (D. Kan. Apr. 16, 2008). SIA and SkyWest coordinated beforehand. *See* Fed. R. Civ. P. 30(d)(1), 2000 advisory committee's note ("In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest."). SkyWest covered common issues including, e.g., Price's web-design

2

background; his access to, use of, and distribution of information about SkyWest Flight Attendants from SIA's website (including making videos); and certain emails and messages. That required substantial time because of the importance of details about how Price accessed the information and the scope of materials involved. Plaintiffs produced 16,000+ pages, including hundreds of messages, and SkyWest used 48 exhibits. *Cf. Payan v. United Parcel Serv.*, No. 2:14-CV-00400-CW-DBP, 2015 WL 3397943, at *1 (D. Utah May 26, 2015) (800 documents). SIA's share of unaddressed common issues include, e.g., Price's efforts to respond to discovery, his relationship with SIA and other labor organizations, and his appeal of his termination.

Unique issues also exist. SkyWest asked about Price's employment and discipline history at SkyWest; his SkyWest NDA; his termination; use of SkyWest crew rooms and alleged surveillance; clarification of allegations against SkyWest, responses to SkyWest's discovery, and numerous documents. SIA, without revealing too much, must ask about, e.g., Price's allegations against SIA, his duty of fair representation claim, and his conduct underlying SIA's counterclaims, which include unique counterclaims for conspiracy and tortious interference.

This request is proportional. It is undisputed that more time is appropriate. Price has agreed to reappear, but for two hours only. SIA seeks only two hours beyond that. Price initiated this action and is a Plaintiff or Defendant on 13 of this case's 14 active claims. *See Payan*, 2015 WL 3397943, at *2. The information sought is not duplicative, and Price is the best if not only source of this information. The added burden of sitting for four hours instead of two is minimal and significantly outweighed by the benefit and importance of the information sought.

## CERTIFICATION

The parties made reasonable efforts to resolve this dispute at 1:30 p.m. on March 24, 2026, via Teams. SIA: Christina Jepson. SkyWest: Greg Saylin. Plaintiffs: John Grunert, Faaris Akremi.

DATED April 20, 2026.

/s/ *Christina Jepson*

Erik A. Christiansen
Christina M. Jepson
Sarah Jenkins Dewey
PARSONS BEHLE & LATIMER

Gregg M. Formella
GREGG M. FORMELLA JD

*Attorneys for SkyWest InFlight Association*

4

4938-7509-5453.v5

## CERTIFICATE OF SERVICE

I certify that on April 20, 2026, I caused a true and correct copy of the foregoing SIA'S SHORT-FORM DISCOVERY MOTION SEEKING ADDITIONAL TIME TO DEPOSE PLAINTIFF/COUNTERCLAIM DEFENDANT SHANE PRICE to be filed on the Court's CM/ECF system which served all counsel of record appearing thereon.

/s/ *Christina Jepson*

4938-7509-5453.v5