SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA SHIFFRIN, *pro hac vice*
FAARIS AKREMI, *pro hac vice*
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
fakremi@bredhoff.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-CWA AFL-CIO, Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, and Gailen David*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SKYWEST AIRLINES, INC., *et al.*, <br><br> Defendants/Counterclaim Plaintiffs. | **PLAINTIFFS' OPPOSITION TO SKYWEST AIRLINES' SHORT FORM DISCOVERY MOTION REGARDING CERTAIN REDACTIONS** <br><br><br> Case No.2:23-cv-00723-DBB-DBP <br> Judge David Barlow <br> Magistrate Judge Dustin B. Pead |

The Court should deny SkyWest Airlines' Short Form Discovery Motion regarding certain redactions (Dkt. 165, 166). Under Paragraph 1(a) of the December 2025 Protective Order (Dkt. 157), Plaintiffs have redacted the "names and personal identifying information of SkyWest Flight Attendants who have not publicly supported AFA." SkyWest now claims that the redactions also include some "names of non-employees and former employees" but provides no evidence other than a single example of an apparent non-employee—and this without even a

Bates number. SkyWest claims there are additional instances of erroneous redactions, but it has not identified these instances to Plaintiffs. Because SkyWest has fallen short of its meet-and-confer obligations and of even identifying any improper redaction by page number, the Court should deny the Motion. Moreover, SkyWest's proposed resolution would impose an unwarranted burden on Plaintiffs without corresponding benefit to SkyWest.

Plaintiffs have produced 20,870 pages of documents with further productions in progress. Plaintiffs have sought to redact only material covered by Docket Order No. 157 or for which there is an independent basis for redacting, such as attorney-client privilege. Nevertheless, Plaintiffs acknowledge that there may be unintentional redactions, such as the name of a former SkyWest Flight Attendant or non-Flight Attendants. Plaintiffs have already offered to review and, if necessary, correct any redactions SkyWest believes in good faith to be erroneous. But SkyWest has not provided Plaintiffs with Bates numbers to check. It has thus fallen short of its meet-and-confer obligations. *See* Dkt. 152, ¶ 2 (Protective Order).

Given SkyWest's failure to meaningfully confer or to specifically identify redactions with which it takes issue, the Court should deny the Motion for at least two reasons.

First, the burden to Plaintiffs outweighs any benefit to SkyWest. Plaintiffs' document productions include emails, text messages, social media posts, WhatsApp messages, and other communications, as well as other documents. These materials—especially the numerous lengthy conversations by text or instant message—contain the names of many individuals, including individuals who are not participants in the communications. Plaintiffs should not be required to review every document again just because SkyWest is uncertain if any given redaction is correct. This is especially true where the subject matter of the particular communication is irrelevant or

non-responsive, regardless of the redacted material, or where SkyWest has no intention of utilizing the document.

Second, Plaintiffs lack complete knowledge of who is or is not a SkyWest Flight Attendant at any given time, due to resignations, retirements, promotions, or terminations. Only SkyWest possesses that information. SkyWest's approach would impose the Sisyphean burden on Plaintiffs of continuously reviewing their productions to reflect the changing employment status of SkyWest Flight Attendants (assuming SkyWest provided Plaintiffs with real-time lists of current employees). The Protective Order should not be read to impose such an impossible burden, particularly when more reasonable alternatives are readily available.

The resolution already proposed by Plaintiffs—reviewing and, if necessary, correcting any particular redaction SkyWest believes erroneous—is sufficient. The Motion should be denied.

Dated: April 24, 2026

/s/ *John J. Grunert*
John J. Grunert, *pro hac vice*
Jeffrey A. Bartos, *pro hac vice*
Guerrieri, Bartos & Roma, PC
1717 K Street, NW, Suite 900
Washington, DC  20006
(202) 624-7400
jgrunert@geclaw.com
jbartos@geclaw.com

*Counsel for Plaintiffs and Counterclaim Defendants*

## <u>CERTIFICATE OF SERVICE</u>

THIS CERTIFIES that on April 24, 2026, I electronically filed the foregoing Opposition to Defendant SkyWest Airlines' Short Form Discovery Motion regarding certain redactions with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.

 /s/ *John J. Grunert*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jgrunert@geclaw.com