SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA SHIFFRIN, *pro hac vice*
FAARIS AKREMI, *pro hac vice*
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
fakremi@bredhoff.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-CWA AFL-CIO, Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, and Gailen David*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>SKYWEST AIRLINES, INC., *et al.*,<br><br>Defendants/Counterclaim Plaintiffs. | **PLAINTIFF TRESA GRANGE'S OPPOSITION TO SKYWEST AIRLINES' SHORT FORM DISCOVERY MOTION REGARDING INTERROGATORY NO. 7**<br><br>Case No.2:23-cv-00723-DBB-DBP<br>Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

The Court should deny SkyWest Airlines' Short Form Discovery Motion regarding Interrogatory No. 7 (Dkt. 167). Interrogatory No. 7 states: "Identify all individuals to whom you sent or showed Price's Video and all websites or social media sites on which you posted Price's Video." Grange responded that she "sent the video to SIA Board Member Debbie Burt and to SkyWest supervisor Jenny Nicolay. Grange posted the video on the SIA Facebook Group page

and on the SkyWest 2.0 Facebook Group page." SkyWest now seeks to compel additional disclosures—namely, identification of the past and/or present members of the Facebook Groups.

First, Grange has already fully responded to Interrogatory No. 7. The Interrogatory differentiates between "individuals," "websites," and "social media sites." In responding, Grange identified two individuals and two Facebook Groups. The additional information SkyWest now seeks is simply not within the scope of Interrogatory No. 7.

Second, assuming arguendo that Interrogatory No. 7 encompasses lists of members of the social media groups, Grange does not possess or have a reasonable means of obtaining that information. When Grange posted the video to the Facebook Groups in August 2023, she did not contemporaneously record the members in each group. Grange does not know or have the means to reconstruct that information. It is likely that some previous members have since left and new members have joined. Upon information and belief, these Facebook Groups contained hundreds of members, too numerous for Grange to recall or reconstruct in any meaningful way. Further, Grange is neither an administrator nor a custodian of either Facebook Group, nor was she in 2023. Indeed, Grange is herself no longer a member of the SIA Facebook Group. Nor do members of Facebook Groups always use their real names, further limiting the usefulness of this exercise.

As to the SIA Facebook Group, from which Grange was removed in 2023, SkyWest seeks to compel her to "identify all members she can recall." But she has already done so. SkyWest deposed Ms. Grange on March 19, 2026, questioned her on this matter, and received an answer. To the extent SkyWest seeks discovery on this topic, it could request that information from Defendant SIA, the administrator of the SIA Facebook Group. As to the SkyWest 2.0 Facebook Group, SkyWest asks the Court to compel Grange to construct a list of the *2026* membership

based on whatever level of access she may have. Nevertheless, although Grange has now determined that she is still a member of the SkyWest 2.0 Facebook Group as of April 2026, she is unable to discern a full membership list, past or present, and is possibly limited by the level of access granted her. SkyWest also questioned Grange on the SkyWest 2.0 Facebook Group at her deposition and received an answer.

In sum, SkyWest seeks information outside the scope of Interrogatory No. 7, and the undertaking SkyWest asks to compel is unduly burdensome or even infeasible. The Court should deny the Motion.

Dated: April 24, 2026            /s/ *John J. Grunert*
                                 John J. Grunert, *pro hac vice*
                                 Jeffrey A. Bartos, *pro hac vice*
                                 Guerrieri, Bartos & Roma, PC
                                 1717 K Street, NW, Suite 900
                                 Washington, DC  20006
                                 (202) 624-7400
                                 jgrunert@geclaw.com
                                 jbartos@geclaw.com

                                 *Counsel for Plaintiffs and Counterclaim Defendants*

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on April 24, 2026, I electronically filed the foregoing Opposition to Defendant SkyWest Airlines' Short Form Discovery Motion regarding Tresa Grange's Response to Interrogatory No. 7 with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.

 /s/ *John J. Grunert*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jgrunert@geclaw.com