SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA SHIFFRIN, *pro hac vice*
FAARIS AKREMI, *pro hac vice*
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
fakremi@bredhoff.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-CWA AFL-CIO, Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, and Gailen David*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SKYWEST AIRLINES, INC., *et al.*, <br><br> Defendants/Counterclaim Plaintiffs. | **PLAINTIFF TRESA GRANGE'S OPPOSITION TO SIA'S MOTION FOR ADDITIONAL TIME TO DEPOSE** <br><br><br><br> Case No. 2:23-cv-00723-DBB-DBP <br> Judge David Barlow <br> Magistrate Judge Dustin B. Pead |

The Court should deny the SkyWest Inflight Association's ("SIA") Short Form Discovery Motion seeking additional time to depose Plaintiff and Counterclaim Defendant Tresa Grange (Dkt. 172). Fed. R. Civ. P. 30(d)(1) provides: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Defendants have more than exhausted the time allocated to them and now ask for even more hours.

Ms. Grange was deposed on March 19, 2026, from approximately 9:30 a.m. until 8:30 p.m. for a total time of about nine hours on the record. While she had the right to limit her deposition to the seven hour limit, she voluntarily agreed to be deposed for an additional two hours. Subsequently, she has agreed to return on a second day for an additional two hours, totaling 11 hours. Ms. Grange voluntarily offered these additional hours in recognition that there are two parties as defendants and the scope of material at issue. Nevertheless, SIA still seeks one more hour beyond that offered, for a total of 12 hours. While the dispute now may seem to be over only one hour of deposition time, Plaintiffs have already volunteered to significantly exceed the normal seven hours and must ultimately draw a limit. Despite Plaintiffs' existing extensions, SIA now involves the Court over the remaining deposition time.

SIA complains that SkyWest occupied most of the deposition time thus far. However, Ms. Grange is not responsible for Defendants' coordination of deposition time. Moreover, here Defendants SkyWest and SIA are not strangers to each other – indeed, SkyWest provides SIA's funding. They should certainly be able to coordinate their questioning. *See Payan v. United Parcel Serv.*, No. 2:14-CV-00400-CW-DBP, 2015 WL 3397943, *2 (D. Utah May 26, 2015) (noting that "the multi-party problem can be ameliorated by designating one attorney to ask questions for all parties with common interests").

Nor have Defendants' maximized their deposition hours so far. For instance, Defendants spent considerable time questioning Ms. Grange regarding her previous roles at SIA and prior SIA elections, events which pre-date the claims of the Complaint by years, are peripheral to the facts of this case at best, and include information likely obtainable from Defendants' own witnesses instead. Defendants should not receive more time because they did not use their first

day effectively. Defendants now have the benefit of the first day's transcript and can focus the remainder of their deposition.

Ms. Grange has offered Defendants two additional hours and they should conform their questioning to the time allocated. In any event, an order from the Court is unnecessary. To the extent SIA reaches the end of the additional two hours offered and has a good faith need to complete the questioning at hand, Plaintiffs will, within reason, not prevent SIA from concluding the instant questioning. The Motion should be denied.

Dated: April 27, 2026

/s/ *John J. Grunert*
John J. Grunert, *pro hac vice*
Jeffrey A. Bartos, *pro hac vice*
Guerrieri, Bartos & Roma, PC
1717 K Street, NW, Suite 900
Washington, DC  20006
(202) 624-7400
jgrunert@geclaw.com
jbartos@geclaw.com

*Counsel for Plaintiffs and Counterclaim Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

THIS CERTIFIES that on April 27, 2026, I electronically filed the foregoing Opposition to Defendant SIA's Short Form Discovery Motion regarding Additional Time to Depose Tresa Grange with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.

/s/ *John J. Grunert*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jgrunert@geclaw.com