SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA SHIFFRIN, *pro hac vice*
FAARIS AKREMI, *pro hac vice*
Bredhoff & Kaiser P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
fakremi@bredhoff.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-CWA AFL-CIO, Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, and Gailen David*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*, | ) ) ) | **PLAINTIFF SHANE PRICE'S OPPOSITION TO SIA'S MOTION FOR ADDITIONAL TIME TO DEPOSE** |
| Plaintiffs/Counterclaim Defendants, | ) ) | |
| v. | ) ) | Case No. 2:23-cv-00723-DBB-DBP |
| SKYWEST AIRLINES, INC., *et al.*, | ) ) | Judge David Barlow |
| Defendants/Counterclaim Plaintiffs. | ) ) | Magistrate Judge Dustin B. Pead |

The Court should deny the SkyWest Inflight Association's ("SIA") Short Form Discovery Motion seeking additional time to depose Plaintiff and Counterclaim Defendant Shane Price (Dkt. 173). Fed. R. Civ. P. 30(d)(1) provides: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Defendants have more than exhausted the time allocated to them and now ask for even more hours.

Mr. Price was deposed on March 12, 2026, from approximately 9:30 a.m. until 8:30 p.m. for a total time of about eight and a half hours on the record. While he had the right to limit his deposition to the seven hour limit, he voluntarily agreed to be deposed for an additional one and a half hours. Subsequently, he agreed to return on a second day for an additional two hours, totaling 10.5 hours. Mr. Price voluntarily offered these additional hours in recognition that there are two parties as defendants and the scope of material at issue. Nevertheless, SIA still seeks two more hours beyond that offered, for a total of 12.5 hours. While the dispute now may seem to be over only two hours of deposition time, Plaintiffs have already volunteered to significantly exceed the normal seven hours and must ultimately draw a limit. Despite Plaintiffs' existing extensions, SIA now involves the Court over the remaining deposition time.

SIA complains that SkyWest occupied the entire deposition time thus far. However, Mr. Price is not responsible for Defendants' coordination of deposition time. Moreover, here Defendants SkyWest and SIA are not strangers to each other – indeed, SkyWest provides SIA's funding. They should certainly be able to coordinate their questioning. *See Payan v. United Parcel Serv.*, No. 2:14-CV-00400-CW-DBP, 2015 WL 3397943, *2 (D. Utah May 26, 2015) (noting that "the multi-party problem can be ameliorated by designating one attorney to ask questions for all parties with common interests").

Nor have Defendants' maximized their deposition hours so far. For instance, SkyWest spent considerable time questioning Mr. Price about the course descriptions of his college classes, his educational background, his search for work activities, and his income since his termination, topics far removed from the facts of this case or which could have been covered more quickly. Defendants should not receive more time because they did not use their first day

effectively. Defendants now have the benefit of the first day's transcript and can focus the remainder of their deposition.

Mr. Price has offered Defendants two additional hours and they should conform their questioning to the time allocated. In any event, an order from the Court is unnecessary. To the extent SIA reaches the end of the additional two hours offered and has a good faith need to complete the questioning at hand, Plaintiffs will, within reason, not prevent SIA from concluding the instant questioning. The Motion should be denied.


Dated: April 27, 2026                 /s/ *John J. Grunert*
                                      John J. Grunert, *pro hac vice*
                                      Jeffrey A. Bartos, *pro hac vice*
                                      Guerrieri, Bartos & Roma, PC
                                      1717 K Street, NW, Suite 900
                                      Washington, DC  20006
                                      (202) 624-7400
                                      jgrunert@geclaw.com
                                      jbartos@geclaw.com

                                      *Counsel for Plaintiffs and Counterclaim Defendants*

## <u>CERTIFICATE OF SERVICE</u>

THIS CERTIFIES that on April 27, 2026, I electronically filed the foregoing Opposition to Defendant SIA's Short Form Discovery Motion regarding Additional Time to Depose Shane Price with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.

 /s/ *John J. Grunert*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
Email: jgrunert@geclaw.com