SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA SHIFFRIN, *pro hac vice*
FAARIS AKREMI, *pro hac vice*
Bredhoff & Kaiser, P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
fakremi@bredhoff.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Plaintiffs and Counterclaim Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SKYWEST AIRLINES, INC., *et al.*, <br><br> Defendants/Counterclaim Plaintiffs. | **PLAINTIFF ASSOCIATION OF FLIGHT ATTENDANTS' AND COUNTERCLAIM DEFENDANTS GAILEN DAVID AND JACQUE CROSSLEY'S SHORT-FORM DISCOVERY MOTION SEEKING GUIDANCE ON DEPOSITION LOCATIONS** <br><br> Case No.2:23-cv-00723-DBB-DBP <br> Judge David Barlow <br> Magistrate Judge Dustin B. Pead |

Plaintiff Association of Flight Attendants ("AFA") and Counterclaim Defendants Gailen David and Jacque Crossley ask the Court to resolve a dispute about the location for depositions of witnesses employed or otherwise within AFA's control. Movants believe such depositions should occur in the vicinity of the places where such witnesses reside (or at mutually agreeable locations), while Defendants insist that such depositions should occur in Salt Lake City.

"In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides[.]" *Metrex Rsch. Grp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993); *accord Bigpayout, LLC v. Mantex Enters., Ltd.*, 2015 WL 5970855, at *2 (D. Utah. Oct. 13, 2015); *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D.N.M. 2004). Under this general rule, depositions of AFA-affiliated witnesses should occur in locations convenient to the deponents, several of whom reside on the East Coast. *See Metrex*, 151 F.R.D. at 125; *O'Sullivan*, 229 F.R.D. at 189. For example, for AFA-employee and Counterclaim Defendant Gailen David, AFA has offered a deposition in Washington, D.C—where AFA is headquartered and, notably, where some of SkyWest's attorneys reside.[1] *Cf. Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995); *Stone v. Morton Int'l, Inc.*, 170 F.R.D. 498, 504 (D. Utah 1997).

Defendants demand more, insisting that AFA produce David, as well as all other AFA witnesses, in Salt Lake City. Defendants have cited *O'Neil v. Burton Group* for the proposition that Rule 30(b)(1) permits the deposing party "to choose its location." 2012 WL 5523819, at *2 (D. Utah Nov. 14, 2012). They have also asserted that, as a Counterclaim Defendant, David is not subject to Rule 45's separate geographic limits.

Defendants' position is unfounded. Plaintiffs have already agreed to make the named Plaintiffs available in Salt Lake City. The rule of *O'Neil* that plaintiffs may be deposed in the forum is irrelevant to non-plaintiff witnesses like David or other AFA employees and witnesses. Defendants' distinction of Rule 45 is, moreover, a non-sequitur—the proximity rule arises from

---

[1] This Motion also concerns Counterclaim-Defendant Crossley, who is not an AFA employee and resides in California.

Rule 30, not Rule 45. Nor have Defendants attempted to show circumstances that justify a departure. *See BigPayout*, 2015 WL 5970855, at *2.

Thus, although Movants will continue to cooperate with Defendants to find reasonable dates and locations, Movants respectfully request that the Court clarify that depositions of AFA employees, Counterclaim-Defendant Crossley, and other non-plaintiff witnesses should presumptively take place near where such witnesses reside.[2]

Dated: May 11, 2026

Respectfully submitted,

 /s/ *Faaris Akremi*
Joshua Shiffrin, *pro hac vice*
Faaris Akremi, *pro hac vice*
Bredhoff & Kaiser, P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
fakremi@bredhoff.com

John J. Grunert, *pro hac vice*
Jeffrey A. Bartos, *pro hac vice*
Guerrieri, Bartos & Roma, PC
1717 K Street, NW, Suite 900
Washington, DC  20006
(202) 624-7400
jgrunert@geclaw.com
jbartos@geclaw.com

*Counsel for Plaintiffs and Counterclaim Defendants*

---

[2] Should the Court conclude that AFA witnesses must appear in Salt Lake City, Plaintiffs alternatively request that Defendants be compelled to reimburse reasonable costs. *See Nat'l Cmty. Reinv. Coal. v. NovaStar Fin., Inc.*, 604 F. Supp. 2d 26, 32 (D.D.C. 2009).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37-1

I hereby certify that the parties have made reasonable efforts to reach agreement on question of default locations for non-plaintiff witnesses but have been unsuccessful. The parties met and conferred via Teams at 10:00 a.m. MDT on April 20, 2026 regarding deposition scheduling. In attendance were (1) John Grunert and Faaris Akremi for AFA and Counterclaim Defendants; (2) Christina Jepson and Sarah Jenkins Dewey for SIA; and (3) Emily Howe for SkyWest. During that call, AFA offered dates for various depositions, including May 7 or 8, 2026 for Gailen David in Washington, D.C. Counsel for SkyWest indicated that Skywest believes David and other non-plaintiff witnesses within AFA's control are obliged to travel to Salt Lake City.

The parties conferred further by email on this issue over the following weeks. On May 7, counsel for SkyWest provided a written response asserting that "the presumptive location for Mr. David's deposition is Salt Lake City." On May 8, SIA's counsel wrote to "join in SkyWest's position regarding depositions in Salt Lake City." Those emails are attached.

/s/ *Faaris Akremi*
FAARIS AKREMI, *pro hac vice*
Bredhoff & Kaiser, P.L.L.C.

*Counsel for Plaintiffs and Counterclaim Defendants*

**CERTIFICATE OF SERVICE**

THIS CERTIFIES that on May 11, 2026, I electronically filed the foregoing Short-Form Discovery Motion Seeking Guidance on Deposition Locations with the Clerk of the Court by using the CM/ECF system, thereby providing service upon all parties.

/s/ *Faaris Akremi*
FAARIS AKREMI, *pro hac vice*
Bredhoff & Kaiser, P.L.L.C.

*Counsel for Plaintiffs and Counterclaim Defendants*