# ATTACHMENT

## Faaris Akremi

| | |
|---|---|
| **From:** | Christina M. Jepson <CJepson@parsonsbehle.com> |
| **Sent:** | Friday, May 8, 2026 11:52 AM |
| **To:** | Emily T. Howe; Faaris Akremi; Sarah Jenkins Dewey |
| **Cc:** | Greg Saylin; Zach T. Burford; Gregg Formella; John Grunert; Jeff Bartos; Joshua Shiffrin; Justine Nguyen |
| **Subject:** | [EXTERNAL] RE: Dates for Robertson and Hurst Deposition [and Additional Deposition Issues] |

Hi everyone. We are not available on July 31.

We join in SkyWest's position regarding depositions in Salt Lake City especially with respect to David.

We are available to meet and confer today or next week.

Christina



**Christina M. Jepson**
Shareholder, Employment Law
Direct +1 801.536.6820

**From:** Emily T. Howe <ETHowe@hollandhart.com>
**Sent:** Thursday, May 7, 2026 4:37 PM
**To:** Faaris Akremi <fakremi@bredhoff.com>; Christina M. Jepson <CJepson@parsonsbehle.com>; Sarah Jenkins Dewey <SDewey@parsonsbehle.com>
**Cc:** Greg Saylin <GMSaylin@hollandhart.com>; Zach T. Burford <ZTBurford@hollandhart.com>; Gregg Formella <gregg.formella@gmail.com>; John Grunert <jgrunert@geclaw.com>; Jeff Bartos <jbartos@geclaw.com>; Joshua Shiffrin <jshiffrin@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>
**Subject:** RE: Dates for Robertson and Hurst Deposition [and Additional Deposition Issues]

All,

Thank you for your email. I'm writing to address deposition scheduling and the deposition-location issue for Mr. David's deposition.

Regarding dates – SkyWest is unavailable June 11 for the continuation of Price and Grange's depositions and is not a date I indicated we were available. For Robertson's deposition – SkyWest is unavailable July 17 and we are working to confirm if we can make July 31 work.

Regarding location, SkyWest's position is that depositions of Plaintiffs and their witnesses should presumptively occur in Salt Lake City—the forum district Plaintiffs chose. Rule 30(b)(1) requires only that notice "state the time and place of the deposition," and Utah law states "the party noticing the deposition has the right to choose its location." *O'Neil v. Burton Group*, 2012 U.S. Dist. LEXIS 163314, at *2 (D. Utah Nov. 14, 2012). Further, because Mr. David is a party, no subpoena is required for his deposition, and Rule 45's geographic limitations do not apply. *See* Fed. R. Civ. P. 30, Advisory Committee Notes to 2013 Amendments ("Depositions of parties, and officers, directors, and managing agents of parties need not involve use of a subpoena. . . . [T]he courts retain their authority to control the place of party depositions and impose

1

sanctions for failure to appear under Rule 37(b)."). SkyWest is therefore entitled to notice Mr. David's deposition in Salt Lake City.

We remain willing to discuss reasonable, case-by-case accommodations as scheduling arises. But the presumptive location for Mr. David's deposition is Salt Lake City. SkyWest will likewise work to make its witnesses available to be deposed in Salt Lake City.

We are available to meet and confer further this week if you think that would be helpful. If you still intend to seek guidance from the Court, we will respond in accordance with the Rules.

Best,

Emily

**Emily Howe**
**Associate, Holland & Hart LLP**

ethowe@hollandhart.com | **T:** 801-799-5887

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

2