Gregory M. Saylin
Emily T. Howe
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5973
gmsaylin@hollandhart.com
ethowe@hollandhart.com

Douglas W. Hall (*pro hac vice*)
Thomas R. Chiavetta (*pro hac vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com

Patricia T. Stambelos (*pro hac vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

*Attorneys for Defendant*
*SkyWest Airlines Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS; AFL-CIO, SHANE PRICE, TRESA GRANGE; and BRANDON FINLEY;<br><br>        Plaintiffs,<br><br>v.<br><br>SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>        Defendants. | **DEFENDANT SKYWEST'S RESPONSE TO PLAINTIFFS' SHORT-FORM DISCOVERY MOTION SEEKING GUIDANCE ON DEPOSITION LOCATIONS**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

SkyWest opposes Movants' motion to require depositions of counterclaim Defendants

Gailen David and Jacque Crossley to occur outside the District of Utah. SkyWest intends to

notice these depositions in Salt Lake City—the forum AFA chose—and Movants have not shown good cause to displace that choice.

Rule 30(b)(1) requires only that the notice "state the time and place of the deposition," and "the party noticing the deposition has the right to choose its location." *O'Neil v. Burton Grp.*, 2012 U.S. Dist. LEXIS 163314, at *5 (D. Utah Nov. 14, 2012). Defendants are therefore entitled to notice the depositions in Salt Lake City, and the burden falls on Movants to establish good cause for a protective order under Rule 26(c).

The cases Movants cite for a residence-vicinity default apply principally to nonparties— not to plaintiffs or those aligned or affiliated with them. Numerous courts have recognized that "if the party deposed is a plaintiff or its agent, deposition is generally appropriate at the litigation forum." *Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of N.M.*, 2010 U.S. Dist. LEXIS 146933, at *6 (D.N.M. Nov. 3, 2010). The rationale is straightforward—the plaintiff "selected the forum" and "should not be heard to complain about having to appear there for a deposition." *Asphalt Trader Ltd. v. Beall*, 2018 U.S. Dist. LEXIS 247454, at *3 (D. Utah Apr. 11, 2018). That presumption extends to a corporate plaintiff's "officers, employees, and agents." *Radian Asset*, 2010 U.S. Dist. LEXIS 146933, at *14; *Perdana Capital Inc. v. Chowdry*, 2010 U.S. Dist. LEXIS 153563, at *7–9 (N.D. Cal. Sept. 2, 2010) (same).

David is an AFA employee and agent represented by the same counsel that selected this forum. The residence-vicinity rule has far less force as applied to a party so situated. Moreover, Movants do not even adhere to the rule they ask this Court to impose—they demand David's deposition in Washington, D.C., not in Miami where he resides. Their preferred location appears

chosen solely for the convenience of AFA's headquarters and counsel, not their witnesses.[1]

Likewise, Crossley holds herself out as a Salt Lake City-based flight attendant and is represented by the same counsel that selected this forum.

Finally, Movants offer no particularized showing of cost, hardship, or other burden sufficient to overcome the forum presumption. David must travel from Miami regardless. Crossley represents she is based in this forum. Having invoked this Court's jurisdiction, AFA "must consider the costs of prosecuting [its] suit, rather than rely on shifting the cost onto defendants." *Perdana Capital*, 2010 U.S. Dist. LEXIS 153563, at *9.[2]

The Court should deny Movants' motion.

DATED this 18th day of May, 2026.

<div style="margin-left: 40%;">

HOLLAND & HART LLP


*/s/ Emily T. Howe*
Gregory M. Saylin
Emily T. Howe

JONES DAY
Douglas W. Hall
Thomas R. Chiavetta

STAMBELOS LAW OFFICE
Patricia T. Stambelos

*Attorneys for Defendant SkyWest Airlines Inc.*

</div>

37910085_v4

---

[1] Plaintiffs note that SkyWest has pro hac counsel in D.C., however Jones Day is not handling depositions.

[2] Movants also fail to show good cause for shifting travel costs to Defendants. *Wagner v. Apisson*, 2014 U.S. Dist. LEXIS 151496, at *7 (D. Utah Oct. 24, 2014) (travel costs are "ordinary litigation expenses" that should have been "reasonably anticipated" by party).