# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **ASSOCIATION OF FLIGHT ATTENDANTS AFL-CIO, et. al.,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**SKYWEST AIRLINES INC, and SKYWEST INFLIGHT ASSOCIATION,**<br><br>**Defendants.** | **RULING & ORDER DENYING MOTION FOR GUIDANCE**<br><br>**Case No. 2:23-cv-00723**<br><br>**United States District Judge David Barlow**<br><br>**Magistrate Judge Dustin B. Pead** |

This matter is referred to Magistrate Judge Dustin B. Pead by District Court Judge David Barlow pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Currently before the court is Plaintiff Association of Flight Attendants ("AFA") and Counterclaim Defendants Gailen David and Jacque Crossley's (collectively, "Movants") Short-Form Discovery Motion seeking "guidance" on deposition locations.[2] Movants assert the depositions of non-Plaintiff witnesses should occur where the witnesses reside and the depositions of Plaintiffs' employee witnesses should take place at the named party's principal place of business. Conversely, Defendants SkyWest Airlines Inc. and

---

[1] ECF No. 44, Notice of Non-Consent.

[2] ECF No. 184, Plaintiffs' Short-Form Discovery Motion Seeking Guidance On Deposition Locations.

SkyWest In Flight Association ("Defendants"), argue that the depositions of Plaintiffs and their witnesses should occur in Salt Lake City, Utah, the forum in which Plaintiffs bring their action.[3]

## RELEVANT AUTHORITY

In general, "the party noticing the deposition has the right to choose its location."[4] The court, however, maintains discretion to issue a protective order and designate a different location to prevent undue burden and expense.[5]

## DISCUSSION

Despite Movant's request for "guidance," this court does not issue advisory opinions.[6] Indeed without the ability to reference a specific notice of deposition that has been issued, the court is at a loss to determine: what individuals are being deposed and by whom, where the time and place of the deposition is currently scheduled, the deponent's relationship to the parties in the case, the location of the deposition preferred by Movants, and the factors that make travel to the noticed location an undue burden and expense for each specific deponent.

---

[3] ECF No. 185, Defendant SkyWest's Response to Plaintiff's Short-Form Discovery Motion Seeking Guidance on Deposition Locations; ECF No. 186, Defendant SIA's Response to Plaintiff's Short-Form Discovery Motion Seeking Guidance on Deposition Locations.

[4] *Cordero v. Olson Associates, P.C.,* 2025 U.S. Dist. LEXIS 91994, at *15 (D. Utah May 13, 2025); *see also* Fed. R. Civ. P. 30(b)(1) (deposing party must give notice of the "time and place of the deposition").

[5] *O'Neil v. Burton Group,* 2012 U.S. Dist. LEXIS 163314, at *5 (D. Utah. Nov. 4, 2012) (unpublished); *see also CitiMortgage, Inc. v. Sanders*, 2012 U.S. Dist. LEXIS 171709, at *8 (court can determine proper location of deposition based on "facts and equities of the case then before it.").

[6] *United States v. Fruehauf,* 365 U.S. 146, 157 81 S. Ct. 547, 5 L. Ed. 2d 476 (1961) (an advisory opinion is an "expression of legal judgment upon issues which remain unfocused because they are not pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests.").

Without a live dispute presenting all relevant facts and circumstances, the court is unable to effectively rule and the Motion for guidance is DENIED WITHOUT PREJUDICE.[7]

Dated this 19th day of May 2026.

BY THE COURT:

_____
Dustin B. Pead
U.S. District Magistrate Judge

_____

[7] ECF No. 184.