Gregory M. Saylin (9648)
Tyson C. Horrocks (12557)
Emily T. Howe (18294)
Jessica A. Ramirez (17593)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
(801) 799-5973
gmsaylin@hollandhart.com
tchorrocks@hollandhart.com
ethowe@hollandhart.com
jearamirez@hollandhart.com

Douglas W. Hall (*pro hac vice*)
Thomas R. Chiavetta (*pro hac vice*)
JONES DAY
51 Louisiana Ave N.W.
Washington, DC 20001
(202) 879-3939
dwhall@jonesday.com
tchiavetta@jonesday.com

Patricia T. Stambelos (*pro hac vice*)
STAMBELOS LAW OFFICE
543 Country Club Dr., Suite B209
Simi Valley, CA 93065
(805) 578-3474
patricia@patriciastambelos.com

*Attorneys for Defendant
SkyWest Airlines Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS; AFL-CIO, SHANE PRICE, TRESA GRANGE; and BRANDON FINLEY;<br><br>Plaintiffs,<br><br>v.<br><br>SKYWEST AIRLINES INC.; SKYWEST INFLIGHT ASSOCIATION;<br><br>Defendants. | **DEFENDANT SKYWEST AIRLINES INC.'S MOTION FOR LEAVE TO FILE OVERLENGTH MOTION FOR TERMINATING SANCTIONS FOR PLAINTIFFS' SPOLIATION**<br><br>Civil No. 2:23-cv-00723-DBB-DBP<br><br>Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 7-1(a)(7), Defendant SkyWest Airlines Inc. ("Defendant" or "SkyWest") respectfully moves the Court for leave to file an overlength Motion for Terminating Sanctions for Plaintiff's Spoliation (the "Motion"). SkyWest seeks leave to file a brief of 39 pages or 12,700 words, which exceeds the standard limits for motions not otherwise specified under DuCivR 7-1. Attached as **Exhibit A** is a redacted version of SkyWest's proposed motion demonstrating the complexity of the issues and the need for additional pages. The Motion is an extraordinary brief, covering matters of unusual import and requiring significant evidentiary support not likely contemplated by the "not otherwise specified" rule.

Good cause exists for the additional pages as courts have the flexibility to permit longer briefing under these circumstances to allow courts to consider and decide such significant issues on the merits. *See, e.g.*, *Fuja v. City of Woodland Hills*, 2026 U.S. Dist. LEXIS 15836, *8 (D. Utah 2026). Here, Plaintiffs have admitted to spoliation of vital evidence and for the very purpose of preventing it from being used against them. In order to justify the extraordinary remedy of terminating sanctions, SkyWest has included considerable quotations and screen shots to clearly set forth the evidence to the Court, along with providing the required case law, analysis and argument to assist the Court and ultimately help its analysis to be more efficient, rather than requiring the Court to marshal the evidence and figure out what has happened over the extensive history of this case. *See generally*, *Merce v. Greenwood*, 2006 U.S. Dist. LEXIS 109275, *2 (D. Utah Oct. 18, 2006); *Finneman v. Delta Airlines*, 2021 U.S. Dist. LEXIS 131517, *2 (D. Utah Mar. 11, 2026). For example, the Motion includes many quotations to the Plaintiffs' depositions where they give testimony about what they deleted and why. Additionally, the Motion includes screen shots from the exhibits that show evidence of where deletion took place, what is missing,

and even discussions amongst Plaintiffs and others planning the spoliation. Merely citing this information in the record would require significant Court time to review and find the needed evidence. These unique circumstances require complex legal analysis and evidentiary support, providing good cause for the requested relief.

Obviously, the Motion seeks a highly consequential remedy that warrants thorough presentation and consideration. The Motion requires additional pages for SkyWest to present its positions in detail so that Plaintiffs may understand and respond. Shorter briefing would likely lead to the need for additional, future briefing, and it is more efficient at this point to permit the parties the space needed to address the issues.

SkyWest has diligently sought to be as concise as possible, undertaking many, many drafts seeking to reduce and simplify the Motion. Notwithstanding its sincere efforts, it has found it impossible to present the needed argument, evidence and analysis within the designated page limitation. Accordingly, for these reasons, good cause exists for granting Defendant's request to file an overlength Motion up to 39 pages or 12,700 words. SkyWest respectfully, and with the Court's need for efficiency in mind, seeks approval for its overlength brief.

A proposed order granting SkyWest's request accompanies this motion.

DATED this 15th day of July, 2026.

HOLLAND & HART LLP

*/s/ Tyson C. Horrocks*
Gregory M. Saylin
Tyson C. Horrocks
Emily T. Howe
Jessica A. Ramirez

3

JONES DAY
Douglas W. Hall
Thomas R. Chiavetta

STAMBELOS LAW OFFICE
Patricia T. Stambelos

*Attorneys for Defendant SkyWest Airlines Inc.*

38283558

4