SCOTT YOUNG (10695)
CHRISTOPHER W. DROUBAY (12078)
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
cdroubay@spencerfane.com

JOSHUA B. SHIFFRIN, *pro hac vice*
FAARIS AKREMI, *pro hac vice*
Bredhoff & Kaiser, P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
fakremi@bredhoff.com

JEFFREY A. BARTOS, *pro hac vice*
JOHN J. GRUNERT, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 624-7400
jbartos@geclaw.com
jgrunert@geclaw.com

*Counsel for Association of Flight Attendants-CWA AFL-CIO, Shane Price, Tresa Grange, Brandon Finley, Jacque Crossley, and Gailen David*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA AFL-CIO, *et al.*, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SKYWEST AIRLINES, INC., *et al.*, <br><br> Defendants/Counterclaim Plaintiffs. | **PLAINTIFFS' MOTION TO SET A BRIEFING SCHEDULE FOR SKYWEST AIRLINES' MOTION FOR TERMINATING SANCTIONS AND TO EXCEED PAGE LIMITS** <br><br> Case No. 2:23-cv-00723-DBB-DBP <br> Judge David Barlow <br> Magistrate Judge Dustin B. Pead |

Plaintiffs Association of Flight Attendants (AFA), Shane Price, Tresa Grange, and Brandon Finley and Counterclaim Defendants Gailen David and Jacque Crossley (collectively, Plaintiffs) move to set a briefing schedule for Defendant SkyWest Airlines, Inc.'s Motion for Terminating Sanctions, ECF No. 196, and to exceed the default page limits.

Plaintiffs propose the following:

- Plaintiffs' Brief in Opposition to the Motion for Terminating Sanctions, not to exceed 12,700 words or 40 pages in length, shall be due 45 days after the parties receive Tresa Grange's complete deposition transcript; and

- SkyWest's Reply in Support of the Motion for Terminating Sanctions, if any, shall be due 14 days after Plaintiffs' Opposition.

That schedule and word limit are appropriate for three interrelated reasons: (1) in length and substance, the Motion for Sanctions is more akin to a motion for summary judgment than a discovery motion; (2) the key witness's deposition is still in progress and remains unfinished; and (3) Plaintiffs need adequate time and opportunity to conduct a thorough investigation.

*First*, in length and substance, SkyWest's Motion bears a much closer resemblance to a motion for summary judgment than a discovery motion. In terms of length, this Court's Local Rules set a 500-word limit for short form discovery motions and a 5-day response timeline, DUCivR 37-1(b); a 10-page or 3,100-word limit for other miscellaneous motions with a 14-day response turnaround, DUCivR 7-1(a)(4)(D); and a 40-page or 12,400-word limit for motions for summary judgment with a 28-day response deadline, *see* DUCivR 7-1(a)(4)(B). SkyWest's Motion, meanwhile, spans 12,700 words. It is accompanied, moreover, by more than two dozen exhibits and a declaration from an individual SkyWest apparently holds out as a technical expert on the WhatsApp platform. *See* Decl. of Jessica A. Ramirez at ¶¶ 4–29, ECF No. 194-1; Decl. of Bruce V. Hartley, ECF No. 194-28. Substantively, SkyWest's Motion seeks to have the entirety of Plaintiffs' case against SkyWest dismissed with prejudice based on factual materials in the record and their putative expert's testimony. *See* Mot. for Terminating Sanctions at 39.

Taking these considerations together, SkyWest's Motion essentially amounts to a mid-discovery motion for summary judgment. Plaintiffs should thus be granted *at least* the 28 days contemplated in the Local Rules for summary-judgment motions, DUCivR 7-1(a)(4)(B), and, as discussed further below, should be allotted additional time to conduct the factual investigation warranted by SkyWest's sweeping allegations and, if necessary, to retain an expert witness who may respond to SkyWest's declarant.[1]

*Second*, the 45-day deadline for Plaintiffs' response to SkyWest's Motion should begin only after Tresa Grange's deposition is completed and the full deposition transcript becomes available. SkyWest's Motion rests on disputed factual issues regarding intent—most significantly, Grange's. *See* Mot. for Terminating Sanctions at 32–37. SkyWest cites testimony from the beginning of Grange's March 19, 2026 deposition and extensively characterizes her conduct in modifying or deleting WhatsApp settings and messages. *See, e.g.*, Mot. for Termination Sanctions at 3, 7, 9, 11–12, 17–19, 27, 23 n.5, 31, 33 (citing T. Grange Dep. Tr. vol. I). Responding to SkyWest's Motion will thus require Plaintiffs to gather information and testimony from Grange.

But Plaintiffs face a practical obstacle in gathering information from Grange relevant to responding to SkyWest's Motion: Grange's deposition was not completed in March 2026 and remains open. *See* Order Granting in Part SIA's Short-Form Discovery Motion Seeking Additional Time to Depose Plaintiff/Counterclaim Defendant Tresa Grange, ECF No. 180. She is thus essentially still on the stand, so Plaintiffs' counsel may be limited in their ability to discuss her

---

[1] Plaintiffs note that parties have discussed scheduling in this case multiple times in recent weeks, including in relation to the Fourth Stipulated Motion to Amend the Scheduling Order, ECF No. 188. The Motion for Sanctions did not come up during any of those conversations, nor has SkyWest sought to confer with Plaintiffs regarding any of the issues it raised in its Motion. SkyWest did not even serve the unredacted Motion or any of its accompanying exhibits until after this Court's order on the Motion to Exceed Page Limits.

testimony with her. *Cf.* DUCivR 30-1(c). Plaintiffs' response to SkyWest's Motion should not be impaired by having to rely on a partial transcript of an open deposition, especially where Plaintiffs' counsel has not had opportunity to conduct redirect examination.

Additionally, this proposed schedule is concrete and modest in duration. The parties have agreed to reconvene to conclude Grange's deposition on August 20, 2026.[2] Plaintiffs' deadline to respond should be 45 days after the parties receive the transcript from that second deposition day.

*Third*, additional time is necessary because SkyWest's Motion requires substantial factual investigation. To fully respond to SkyWest's allegations, Plaintiffs will need to obtain declarations from Plaintiff Brandon Finley and Counterclaim Defendants Jacque Crossley and Gailen David, among others. Relevant declarants may also include non-parties beyond Plaintiffs' control who may take additional time to contact, such as Kelly Frieders and Michelle White. *See* Mot. for Terminating Sanctions at 15, 28. Plaintiffs also need time to evaluate what steps may be necessary to respond to SkyWest's putative expert declarant. *See* Decl. of Bruce V. Hartley, ECF No. 194-28. And Plaintiffs must undertake all these steps to respond to the SkyWest's Motion for Terminating Sanctions while simultaneously working to complete all other outstanding discovery requests—including document productions, privilege logs, preparing for, taking, and defending depositions, and issuing and enforcing third-party subpoenas. Given these various obligations, additional time to respond to SkyWest's Motion is appropriate.

---

[2] Despite Plaintiffs' efforts to reconvene and conclude Grange's deposition "as early as practicable" after this Court's April 28, 2026 Order Granting SIA Short-Form Discovery Motion, *see* ECF No. 180, SkyWest and SIA repeatedly declined to make themselves available to conclude Grange's deposition on dates in May, June, and July.

The proposed schedule would neither prejudice SkyWest nor interfere with the recently amended Scheduling Order. To the contrary, the schedule proposed here would facilitate progress toward meeting the discovery deadlines under the Scheduling Order.

Plaintiffs have sought SkyWest and SIA's positions on this Motion. SkyWest indicated that it would consent to an additional 14 days beyond the 14 days permitted by default under DUCivR 7-1(a)(4)(D) for Plaintiffs to respond to SkyWest's Motion, which would make the Response due August 17, 2026 (just three days before resuming Grange's deposition), and that it would consider a further extension as needed. SkyWest refused, however, to defer the response deadline until after the parties receive the full transcript from the second day of Grange's deposition on August 20, 2026. As of this filing, SIA has not communicated its position on this Motion.[3]

In sum, Plaintiffs' response to the Motion should be due no sooner than 45 days after the parties receive the complete transcript from Grange's deposition, which is scheduled to proceed on August 20. Plaintiffs should not be forced to respond to SkyWest's Motion while that deposition remains open and pending, thereby limiting their ability to prepare a complete response. Plaintiffs should likewise be granted adequate time to conduct a full investigation of the allegations in SkyWest's Motion, which rests on dozens of exhibits and the testimony of a putative expert, before responding. And Plaintiffs should be given the same number of words granted to SkyWest to respond to its sweeping allegations.

For the foregoing reasons, the Court should grant this Motion to Set a Briefing Schedule for SkyWest's Motion for Terminating Sanctions and to Exceed Page Limits.

---

[3] Plaintiffs understand from SkyWest's counsel that SkyWest's Motion is solely on its own behalf and not on behalf of SIA.

Dated: July 23, 2026

Respectfully submitted,

 /s/ *Faaris Akremi*
Joshua B. Shiffrin, *pro hac vice*
Faaris Akremi, *pro hac vice*
Bredhoff & Kaiser, P.L.L.C.
805 15th Street NW, Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
jshiffrin@bredhoff.com
fakremi@bredhoff.com

John J. Grunert, *pro hac vice*
Jeffrey A. Bartos, *pro hac vice*
Guerrieri, Bartos & Roma, P.C.
1717 K Street NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 624-7400
jgrunert@geclaw.com
jbartos@geclaw.com

*Counsel for Plaintiffs and
Counterclaim Defendants*